Jeffrey M. Eilender
Partner

212 612-1212
jeilender@schlamstone.com

SCHLAM STONE & DOLAN LLP

26 Broadway, New York, NY 10004
Main: 212 344-5400   Fax: 212 344-7677
schlamstone.com

September 24, 2020

BY ECF
Hon. Lorna G. Schofield
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:     *Erdman v. Victor et al.*, 20-CV-04162-LGS

Dear Judge Schofield:

This firm represents Defendant Adam Victor in the above-captioned defamation action brought by *Pro Se* Plaintiff Tyler Erdman. I write pursuant to ¶¶ 2.C and 5.A of Your Honor's Special Rules and Practices in Civil *Pro Se* Cases to state the basis for a motion to dismiss Mr. Victor intends to make, and to request an extension of time for the aforementioned motion.

**I. Relevant Background to Plaintiff's Complaint; Basis for Motion to Dismiss**
Defendants Adam Victor and Manhattan Place Condominium ("MPC") are also Defendants in *Khatskevich v. Victor*, Index No. 151658/2014 (Sup. Ct. N.Y. Co.)"), brought by non-party Yevgeniya Khatskevich (a former employee of Transgas Energy Systems LLC, owned by Mr. Victor) against MPC (of which Mr. Victor was President of the Board during the relevant time period), Mr. Victor, and several of Mr. Victor's companies for, among other things, sexual harassment, immigration status discrimination, and retaliation under the New York City Human Rights Law arising out of her alleged employment by each of the Defendants. Among the Defendants' defenses in the action is the doctrine of unclean hands. Specifically, Defendants have plead in their Answer that Ms. Khatskevich "engaged in a scheme to extort Defendants, assisted by her boyfriend, Tyler Erdman, and cannot complain now that Defendants finally discovered Plaintiffs' [*sic*] nefarious scheme." (NY St Cts Elec Filing [NYSCEF] Doc No. 410, Verified Answer and Affirmative Defenses, at ¶¶ 264 – 265.) Defendants have also denied that Ms. Khatskevich was employed by any Defendant except Transgas Energy Systems LLC (*Id*. at ¶ 262.)

*Pro Se* Plaintiff Tyler Erdman, Defendants Adam Victor and Manhattan Place Condominium ("MPC"), and non-party Yevgeniya Khatskevich are also parties to *Victor v. Khatskevich*, Index No. 158981/2014 (Sup. Ct. N.Y. Co.) in which Mr. Erdman is represented by counsel. Mr. Victor and several of his companies (except MPC) are Plaintiffs, with claims against Ms. Khatskevich and Mr. Erdman for, among other things, Conversion, Chattel, and Replevin of electronically stored privileged, proprietary and highly sensitive information; Mr. Erdman is a Defendant/Counterclaim-Plaintiff, with

Hon. Lorna G. Schofield
September 24, 2020
Page 2 of 3 Pages

counterclaims against MPC, Mr. Victor, and Mr. Victor's companies for retaliation under New York City Human Rights Law arising out of his alleged employment with the Counterclaim Defendants. In defense to Mr. Erdman's counter-claims, Mr. Victor and MPC have also asserted the doctrine of unclean hands. Specifically, Mr. Victor, MPC, and the other Counterclaim Defendants have alleged that Mr. Erdman stole files and contacted media outlines in furtherance of an "extortion scheme." (NYSCEF Doc. No. 111, Answer to Counterclaims, at p. 3.). Mr. Victor and MPC have also denied that Mr. Erdman was employed by any of the Counterclaim-Defendants.

The pertinent allegations of Plaintiff's Complaint in the instant action are as follows: Mr. Erdman had direct discussions with MPC unit owners and board members about "Victor's improprieties" and settling Plaintiff's claims against MPC. (Complaint, ¶ 60.) On May 23, 2019, Mr. Victor obtained an injunction preventing Plaintiff from contacting MPC Board members. (*Id*. at ¶ 73.) On May 31, 2019, Mr. Victor sent a letter to MPC's unit owners, signed by him as a member of the Board, which stated in relevant part: " . . . I have been accused of using building funds to defend two lawsuits against me, my companies, and MPC, by two people--boyfriend and girlfriend--both falsely claiming to have been "employees" of MPC in 2012-2013. Neither were ever employees of MPC. MPC was named in these lawsuits as an extortionate money grab . . ." (*Id*. at ¶ 75.)

Plaintiff alleges that this statement was defamatory because it falsely stated that Plaintiff "has been engaging in extortionate conduct against MPC . . . " and that Plaintiff has committed perjury by claiming to be an employee of MPC. (*Id*. at ¶¶ 77 – 78.)

The basis for Mr. Victor's motion to dismiss the Complaint is that the statement in the May 31, 2019, letter is immunized under New York law by absolute immunity under the fair reporting privilege and/or the judicial proceedings privilege. Civil Rights Law § 74 absolutely protects the "publication of a fair and true report of any judicial proceeding . . ." In order to be "fair and true," the account given must be only "substantially accurate." *Lacher v. Engel*, 33 A.D.3d 10, 17 (1st Dep't 2006). The statement at issue falls under the protection of Civil Rights Law § 74 since it is just a summary of Victor and MPC's defense in the two New York State actions that Mr. Erdman has unclean hands and was not in fact an employee of MPC. The statement would also be protected under the common law judicial proceedings privilege, which protects statements pertinent to litigation. *See Sexter & Warmflash, P.C. v. Margrabe*, 38 A.D.3d 163, 174 (1st Dep't 2007).

The statement is also protected by the qualified common interest privilege, as it was directed to MPC's unit owners; this would allow the Complaint to be dismissed to the extent it relies upon conclusory allegations of actual malice. *See Galanova v Safir*, 138 AD3d 686, 687-688 (2d Dept 2016) (applying common interest privilege to "Shareholders in Arrears" flyers posted in the lobby of the Co-op building). Plaintiff's Complaint fails to state a claim for defamation insofar as Mr. Victor's statement about an

Hon. Lorna G. Schofield
September 24, 2020
Page 3 of 3 Pages

"extortionate money grab" is a non-actionable statement of opinion on Mr. Erdman's claims. *See Melius v Glacken*, 94 AD3d 959, 960 (2d Dept 2012).[1] Finally, the Complaint should dismissed because it was filed on June 1, 2020, more than one year after the statement was published, in violation of New York's one-year Statute of Limitation for defamation actions. C.P.L.R. § 215(3)

**II. Request for Extension of Time to Move to Dismiss**
The current deadline for Mr. Victor to answer or move to dismiss Plaintiff's Complaint is September 29, 2020. Mr. Victor respectfully requests that this deadline be extended to November 9, 2020, given Jewish holidays, an arbitration that I am concluding this week, as well a hearing and a trial on my schedule in October, and related preparation time for the hearing and trial.[2] This is Mr. Victor's first request for an extension.

Mr. Erdman did not agree to this request, but rather only agreed to extend the deadline by two or three weeks. Mr. Erdman's reasons for not agreeing to this request were that he had apparently e-mailed Mr. Victor a copy of the Complaint in June, and that other attorneys at my firm could respond to the Complaint instead.

Mr. Victor proposes that the briefing schedule follow the default briefing schedule provided under § 5A of Your Honor's Special Rules and Practices in Civil Pro Se Cases.

Sincerely,

*[signature]*

Jeffrey M. Eilender

Copies To:
*Pro Se* Plaintiff Tyler Erdman (by ECF)
David A. Wolf, Esq., Counsel for Manhattan Place Condominium (by e-mail)

---

[1] Mr. Erdman also alleges that in July 2019, new MPC President Amos Tamam told unit owners that Mr. Erdman committed a crime by stealing information from Mr. Victor, had committed perjury, and was extorting MPC. (Complaint, ¶¶ 88 – 90.) To the extent that Mr. Erdman's single count of Defamation includes this statement, it would fail to state a claim as to Mr. Victor, as Mr. Victor did not make this statement. In any event, it would also fail to state a claim for similar reasons as relates to the May 31, 2019, letter.

[2] The referenced arbitration is in *LG Chelsea LLC vs. Chelsea 24th Street Investor, LLC*, AAA Arbitration No. 02-19-003-6315 (taking place from September 22 through September 25); The referenced hearing is in *Greentechnologies, LLC v. Haarslev, Inc.*, Case No. 2019-CA-001420 (Fla. Clay Cty. Ct.) (taking place in Florida from October 15 through October 26); The referenced trial is in *Errant Gene Therapeutics, LLC v. Sloan-Kettering Inst. For Cancer Research*, Index No. (Sup. Ct. N.Y.Co.) (taking place by video conference from October 29 to November 6).