

Steven Landy | slandy@landywolf.com

September 24, 2020

**VIA ECF**
Hon. Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Tyler Erdman v. Adam Victor and The Board of Managers of the Manhattan*
      *Place Condominium*, S.D.N.Y. Case No. 20-cv-4162

Dear Judge Schofield,

We represent the defendant Board of Managers of Manhattan Place Condominium (the "Board") in the above-referenced action and we are writing pursuant to Your Honor's Individual Rules of Practice in Civil Cases and Civil *Pro Se* Cases to inform the Court that we plan to file a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the FRCP.

**Summary of Complaint**

The Complaint alleges that co-defendant Adam Victor ("Victor") made certain defamatory statements about plaintiff in a letter he circulated to other residents of the Manhattan Place Condominium (the "Condominium") in May 2019. Plaintiff contends that Victor's statements are attributable to the Board because he was serving as Board President at the time, although the entire Board, including Victor, was removed and replaced in June 2019.[1] As alleged in the Complaint, plaintiff and his girlfriend were previously employed by Victor and have been litigating various claims against him in New York and Delaware state courts for years. In the letter, Victor allegedly described Plaintiff's lawsuit as "an extortionate money grab," and accused plaintiff of stealing documents, distributing stolen information to unit owners, and committing perjury. Plaintiff also contends that several current members of the Board either repeated the statements set forth in Victor's letter or made other related statements which prevented plaintiff from settling the state court lawsuits.[2]

---

[1] None of the current Board members ever served with Victor or were in office when the allegedly defamatory letter was circulated.
[2] Plaintiff does not allege any actual damages other than the inability to settle the state court lawsuits. Such subjective, speculative and attenuated damages are not recoverable under New York law.

Hon. Lorna G. Schofield, U.S.D.J.
September 24, 2020
Page 2 of 3

**Grounds For Dismissal**

      The Board plans to file a motion to dismiss the complaint on several different grounds which are outlined below.

      *First*, under New York law, statements of opinion are not actionable as defamation. Numerous courts applying this standard have held that statements describing a lawsuit as a form of "extortion" are not actionable.  See Melius v. Glacken, 94 A.D.3d 959, 959–60 (2d Dep't 2012); Trustco Bank of N.Y. v. Capital Newspaper Div. of Hearst Corp., 213 A.D.2d 940, 942–943 (3d Dep't 1995).  Likewise, New York Courts have consistently held that statements describing someone as a criminal are not actionable as defamation in this context.  See Galasso v. Saltzman, 42 A.D.3d 310 (2007)(statement that plaintiff was "no good" and "a criminal" constituted opinion and were not actionable as a matter of law); Polish American Immigration Relief Committee v. Relax, 189 A.D.2d 370 (1993)(calling plaintiffs "thieves" was pure opinion and not actionable). Plaintiff fails to state a cause of action for defamation because a reasonable person reading the letter would understand that it included "rhetorical hyperbole" and "vigorous epithets".  See Greenbelt Publ. Assn. v. Bresler, 398 U.S. 6 (1970)(describing real estate developer's bargaining position as "blackmail" not actionable).

      *Second*, the alleged statements are all protected by various common law and statutory privileges.  Because all of the allegedly defamatory statements in issue were made in the course of pending litigation by plaintiff against Victor and the Board[3], the statements are subject to the judicial reporting privilege and they are also protected by Civil Rights Law § 74.  Under New York law, a statement made in the course of litigation is privileged "if it is at all pertinent to the litigation." Lacher v. Engel, 33 A.D.3d 10, 13 (1st Dep't 2006).  The Complaint is also barred by the common interest privilege because plaintiff alleges that Victor and the Board members defamed him to other unit owners.[4]  Plaintiff does not allege that any defamatory statements were made to anyone outside the Condominium.  Since the unit owners share a common interest in defeating the state court lawsuits, the alleged statements are protected by the common interest privilege.  Liberman v. Gelstein, 80 N.Y.2d 429, 437 (1992)(statement by members of tenant's association accusing landlord of bribery and illegal conduct subject to common interest privilege).

      *Third*, to the extent the Complaint is based on allegedly defamatory statements other than those set forth in the May 31, 2019 letter, it is deficient because plaintiff fails to specifically allege the time, place, and manner of the false statement and identify to whom the false statements were made. See Vardi v. Mut. Life Ins. Co. of New York, 136 A.D.2d 453, 455 (1st Dep't 1988).  Unlike the first two grounds for dismissal, this particular defect is potentially capable of being remedied through an amendment to the Complaint.

**Proposed Briefing Schedule**

      We understand that Victor plans on moving to dismiss on substantially similar grounds but that, due to scheduling conflicts and the Jewish holidays, his attorneys plan to ask for a briefing

---

[3] The Condominium is a defendant to plaintiff's counterclaims in at least one of the state court actions.
[4] Erdman is not and has never been a unit owner, resident or tenant of the Condominium.

Hon. Lorna G. Schofield, U.S.D.J.
September 24, 2020
Page 3 of 3


schedule where their motion to dismiss would be filed on November 9, 2020.  We believe that synchronizing the motions would be efficient for the parties and beneficial for the Court.  As such, we respectfully request permission to serve our motion on November 9, with plaintiff's opposition due on December 7, and the Board's reply due on December 21.  However, if the Court is not inclined to grant the lengthy briefing schedule requested by Victor, or if the Court does not want the two motions to be synchronized, we could file the motion as early as October 9.[5]  As a reminder, the initial conference is presently scheduled for November 5, 2020.

Thank you for Your Honor's time and attention to the matters raised herein.

Respectfully,

*/s/ Steven Landy*
Steven Landy

cc:   Mr. Tyler Erdman (via ECF)
       Jeffrey M. Eilender, Esq. (via ECF)
       John F. Whelan, Esq. (via ECF)
       David A. Wolf, Esq. (via ECF)

---

[5] In such a scenario, we would propose Erdman serves his opposition on November 5, and the Board file its reply on November 19.