October 29, 2020

**BY ECF**
The Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

> Re:   *Tyler Erdman v. Adam Victor, et al.*
>        No. 20 Civ. 4162 (LGS)

Dear Judge Schofield:

Pursuant to the Court's Initial Conference Order, dated, September 23, 2020 in the above-captioned action, *Pro Se* Plaintiff Tyler Erdman ("Erdman") and Defendants Adam Victor ("Victor") and ~~Manhattan Place Condominium ("MPC")~~ respectfully submit this joint letter, in advance of the initial pretrial conference, which is scheduled for 10:50 a.m. on November 5, 2020. A copy of a joint Proposed Civil Case Management Plan and Scheduling Order is attached hereto.

### 1.  Dial In Information

The dial in number for this conference is 203-680-8472. No pin is required.

### 2.    Nature of case, principle claims and defenses, and major legal and factual issues

This is an action for defamation by Plaintiff against the Defendants.

Plaintiff and Defendants are parties to two separate actions pending in New York State Supreme Court.  On or about May 31, 2019, Victor sent a letter to unit owners In the letter, Victor describes Plaintiff as a perjurer and an extortionist.  Plaintiff alleges that other MPC board members orally made substantially similar statements in June 2019.  Plaintiff contends that these statements constitute defamation per se and that they caused him damage by preventing him from settling the State Court actions.  Defendants contend that the statements are not actionable as defamation because they are subject to various privileges.

Defendants assert that their principal defenses are:

   I. The statement was immunized under New York law by absolute immunity under the fair reporting privilege and/or the judicial proceedings privilege.
  II. The statement would be protected under the common law judicial proceeding privilege.
 III. The statement is protected under the qualified common interest privilege.
  IV. That the statement "extortionate money grab" is a non-actionable statement of opinion.
   V. The complaint should be dismissed because it was allegedly filed after the lapse of statute of limitations.
  VI. Plaintiff does not adequately plead defamation per se or special damages.
 VII. The allegedly defamatory statements are protected examples of rhetorical hyperbole and vigorous epithets.
VIII. The statements are truthful.

The major legal and factual issues are:

   I.Whether plaintiff was an employee of MPC;
  II.If plaintiff had extorted MPC;
 III.If false statements were made, were they known to be false;
IV.If the statements have any privilege;
  V.Were Defendants malicious when defaming Plaintiff;
VI.Were Defendants statements defamatory per se.

### 3. <u>Venue and jurisdiction</u>

Plaintiff alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that Plaintiff is a citizen of the State of Connecticut and Defendants operate in or are citizens of the State of New York. The Court has original subject matter jurisdiction with respect to this action because there exists complete diversity of citizenship between Plaintiff and Defendants.

Defendants assert that they do not have sufficient knowledge or information to form a belief as to the allegation that Plaintiff resides in Connecticut.

### 4. <u>Motions</u>

Pursuant to the Court's order, the Defendants intend to file a consolidated motion to dismiss that is due to be filed on November 9th, 2020. As further explained in Mr. Victor and MPC's respective letters to the Court, each dated September 24, 2020, the anticipated bases for the motion to dismiss include, among other things, that the statements are protected by various privileges, including the fair reporting privilege and/or the judicial proceedings privilege (conferring absolute immunity) and the qualified common interest privilege, and that the statements constitute non-actionable statements of opinion. Plaintiffs believe that such privileges are inapplicable due to the conflicting interests of MPC and Mr. Victor, relating to Mr. Victor's domination of the Board of Managers and abuses of power he undertook during that time, and that Defendants actual malice in making the defamatory statements similarly nullify the privileges invoked by Defendants.

Defendants are also considering making an alternative motion to strike certain portions of Plaintiff's Amended Complaint (added in when Plaintiff filed the amendment on October 26, 2020) under Rule 12(f). Such portions include, for example, developments in a foreclosure action between brought by MPC against Adam Victor, after the alleged statements were made. Plaintiff submits that the allegations regarding the foreclosure action brought by MPC against Victor is pertinent because it related to Victor stopping to pay common charges to MPC after he was voted out of office the day after the letter at issue was circulated. Plaintiff also notes that this is just one of a multitude of litigation between MPC and Victor.

Plaintiff intends to file a motion to disqualify Defendant Adam Victor's counsel, Schlam Stone & Dolan ("SSD".). Mr. Victor confessed a judgment in favor of SSD in the sum of $166,000, in relation to *Transnational Management Systems, LLC et al v. Pegasus Elite Aviation*, Case No. LC 100724 in the Superior Court of the State of California for the County of Los Angeles, Northwest Division, a currently pending matter in which Plaintiff was a deponent and potential trial witness. Victor had brought a Defamation action in Delaware involving Plaintiff where Victor claimed Plaintiff had assisted Pegasus by providing them stolen materials, and

extorted Victor in the process. Mr. Victor submits that it is, in any event, and unrelated action. The Confession of Judgment was entered by the Clerk of New York County on October 15, 2020. SSD also recently made a motion to be relieved as counsel in the aforementioned action, weeks before trial, stating that a conflict had arisen that makes it impossible for them to continue their representation of Plaintiffs Transnational Management Systems, LLC and Transnational Management Systems II, LLC (owned by Mr. Victor) in that action. Plaintiff contends that there is an inherent conflict of interest that has arisen as a result of SSD trying to collect a substantial sum from their client as well as their admission that a conflict is present. Mr. Victor contends that any motion to disqualify made on either or both bases would be frivolous, and has reserved the right to recover attorney's fees in the event such a motion is made.

Plaintiff will also be moving to disqualify due to SSD's conflict with MPC. SSD was hired by Victor to represent MPC against the wishes of the other members of the Board of Managers. SSD revealed MPC's privileged information without their authorization in court fillings, in which they stated they resigned from their representation of MPC because of the Conflict that had arisen between them and Mr. Victor. Mr. Victor submits that a similar disqualification motion was denied in one of the two previously mentioned actions in New York State Supreme Court.

Mr. Victor reserves the right to challenge Mr. Erdman's ability to remain *pro se* in the event he makes a frivolous disqualification motion, given what Mr. Victor contends is Mr. Erdman's apparent willingness to bring frivolous motions.

There are no other motions that any party intends to seek or file at this time.

## 5.    Discovery

No discovery has taken place.

The discovery that is likely admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings are principally communications between the Defendants and others regarding Plaintiff and work he performed, documents regarding Plaintiff's work for Defendants, and documents related to Defendants' claims of extortion and perjury.

As further detailed in the attached Proposed Civil Case Management Plan and Scheduling Order, the parties also disagree as to whether there should be a stay of discovery pending the motion to dismiss, and what the discovery deadlines should be if such a stay is not granted.

## 6.    Damages

Plaintiff seeks nominal and actual damages, compensatory damages and reasonable costs.

## 7.    Settlement

Plaintiff believes that a settlement conference would be beneficial after the completion of discovery. Defendants do not believe that a settlement conference would be beneficial.

## 8.    Other information for the Court

Plaintiff and Defendants disagree regarding the scheduling of discovery in this matter. Plaintiff believes that the motion to dismiss does not delay discovery. Defendants believe that discovery should be stayed pending their motion to dismiss.

We thank the Court for its consideration of this matter.

Respectfully submitted,

/s/ Tyler Erdman

Tyler Erdman
Plaintiff Pro Se
20 Old Farm Road,
Weston, CT 06883
Tel: 917-301-0401
tyler@erdman.it
**-and-**
**Schlam Stone & Dolan LLP**
By: /s/ John F. Whelan
Jeffrey M. Eilender
John F. Whelan
26 Broadway
New York, New York 10004
Telephone: (212) 344-5400
Facsimile: (212) 344-7677
jeilender@schlamstone.com
jwhelan@schlamstone.com
*Attorneys    for    Defendant Adam Victor*
-and-
~~Landy Wolf PLLC~~

~~By:  Steven Landy~~
~~270 Madison Avenue, Suite 1400~~
~~New York, NY 10016~~
~~212.682.8510~~
~~slandy@landywolf.com~~
~~Attorneys for Board of Managers~~