UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
    Tyler Erdman,

                        Plaintiff(s),         20 Civ. 4165 (LGS)
           -v-

                                        CIVIL CASE
    Adam Victor, et al.,                        MANAGEMENT PLAN
                      Defendant(s).        AND SCHEDULING
                                         ORDER
------------------------------------------------------------------ X

LORNA G. SCHOFIELD, United States District Judge:

       This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.     All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial.  *See* 28 U.S.C. § 636(c).  The parties are free to withhold consent without adverse substantive consequences.  *[If all parties consent, the remaining paragraphs need not be completed.]*

2.     The parties **have not** conferred pursuant to Fed. R. Civ. P. 26(f).

3.     This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

    a.     An employment case governed by the Initial Discovery Protocols for Employment cases?  https://nysd.uscourts.gov/hon-lorna-g-schofield.
    **No**

    b.     A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York?  https://nysd.uscourts.gov/rules.
    **No**

    c.     A patent case subject to the Local Patent Rules and the Court's Individual Rules?  https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-g-schofield
    **No**

    d.     A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act?  https://nysd.uscourts.gov/hon-lorna-g-schofield.
    **No**

Revised November 9, 2018

4. Alternative Dispute Resolution/Settlement

    a. Settlement discussions **have not** taken place.

    b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:
<u>Defendants do not believe that an informal exchange of information prior to a ruling on Defendants' anticipated motion to dismiss would be appropriate.</u>

    c. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
<u>The parties have not discussed which one of the alternate dispute resolution mechanisms would be appropriate.</u>

    d. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):
<u>Defendants submit that should an alternative dispute mechanism be employed, it be employed after their anticipated motion to dismiss be decided.</u>

    e. **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5. No additional parties may be joined up to 30 days after the Court rules on the motion to dismiss without leave of Court. However, Defendants oppose that Plaintiff be allowed to add any additional parties without leave of court, considering that Plaintiff already amended his Complaint once on October 26, 2020.

6. Amended pleadings may be filed without leave of Court up to 30 days after the Court rules on the motion to dismiss for Plaintiff, and per the Fed. R. Civ. P. for Defendants. However, Defendants oppose that Plaintiff be allowed any additional amendments without leave of court, considering that Plaintiff already amended his Complaint once on October 26, 2020.

7. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than November 19, 2020.

    a.    Plaintiff submits a stay of initial disclosures depending a decision of the motion to dismiss is improper under the Court's rules which explicitly deny such a stay, and that any discovery in this action is related to a 2019 defamation claim and not related to Plaintiff's 2013 employment claims involving the Defendants. However, Defendants submit that initial disclosures before a ruling on Defendants' motion to dismiss in inappropriate, given Defendants' proposed motion to dismiss and that discovery generally is duplicative of discovery in the related state actions.

8. Fact Discovery

    a.    All fact discovery shall be completed no later than March 5, 2021.
           i.    Plaintiff submits that all fact discovery should continue pursuant to the court's rules which specifically does not grant any stay of discovery pending a motion to dismiss, and this action is about 2019 defamation claims, not the 2013 employment issues at issue in the state cases. However, Defendants submit that commencement of discovery before a ruling on Defendants' motion to dismiss in inappropriate, given Defendants' proposed motion to dismiss and that discovery generally is duplicative of discovery in the related state actions. Due to this disagreement the parties also cannot agree on what dates should be even if a stay of discovery was not granted. Defendants submit that the various deadlines for discovery, as well as status conferences and letters, should generally be pushed back by approximately three months from the dates listed here.
    b.    Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by December 1, 2021.
    c.    Responsive documents shall be produced by January 8, 2021.
Do the parties anticipate e-discovery?   **Yes**

    d.    Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by December 9, 2021.

    e.    Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by March 4, 2021.

    f.    Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by March 4, 2021.

    g.    **Any of the deadlines in paragraphs 8(b) through 8(f) may be modified by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9. Expert Discovery [if applicable]

    a.    Anticipated types of experts if any:

       None

b. If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than _____.
*[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* <u>Omit</u> if you have not identified types of experts.

c. If you have identified types of experts in question 9(a), by _____ *[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10. This case **is** to be tried to a jury.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is one week.

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:
Defendants consolidated motion to dismiss, Plaintiffs proposed motion to disqualify Defendant Victor's counsel.

13. Status Letters and Conferences

a. By January 10, 2021 *[60 days after the commencement of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

b. By March 19, 2021 *[14 days after the close of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

c. On March 19, 2021 at 11 A.M. *[usually 14 days after the close of all discovery]*, a pre-motion conference will be held for any anticipated dispositive motions, provided:

    i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter **at least two weeks before the conference** and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference.

    ii. **If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar.** The parties

> will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions.  The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(f)) or by further Order of this Court for good cause shown.  Any application to modify or extend the dates herein, except as provided in paragraph 8(f), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

SO ORDERED.

Dated: _____
 New York, New York

_____
LORNA G. SCHOFIELD
United States District Judge

Counsel for the Parties:

By: /s/ John F. Whelan
Jeffrey M. Eilender
John F. Whelan
Schlam Stone & Dolan LLP
26 Broadway
New York, New York 10004
Telephone: (212) 344-5400
Facsimile: (212) 344-7677
jeilender@schlamstone.com
jwhelan@schlamstone.com
Attorneys for Defendant Adam Victor

Insert MPC Signature Block Here

/s/ Tyler Erdman
Tyler Erdman
Plaintiff Pro Se
20 Old Farm Road,
Weston, CT 06883
Tel: 917-301-0401
tyler@erdman.it