# Exhibit 3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

YEVGENIYA KHATSKEVICH,

    Plaintiff,

-against-

ADAM VICTOR, TRANSGAS ENERGY SYSTEMS LLC, TRANSGAS DEVELOPMENT SYSTEMS LLC, GAS ALTERNATIVE SYSTEMS, INC., PROJECT ORANGE ASSOCIATES LLC, GAS ORANGE DEVELOPMENT, INC., TRANSNATIONAL ENERGY LLC, TRANSNATIONAL MANAGEMENT SYSTEMS, LLC, TRANSNATIONAL MANAGEMENT SYSTEMS II, LLC, MANHATTAN PLACE CONDOMINIUM, ADAM VICTOR & SON STABLE LLC and ADAM VICTOR GRANTOR TRUST,

    Defendants.

**AMENDED VERIFIED COMPLAINT**

Index No. 151658/2014

YEVGENIYA KHATSKEVICH ("Ms. Khatskevich" or "Plaintiff"), by and through her counsel, alleges for her complaint as follows:

## NATURE OF THIS ACTION

1.    Plaintiff asserts claims for sexual harassment and related statutory and common law claims arising out of her employment by the Defendants. Defendant, Adam H. Victor ("Victor") and the other Defendants, whom he controls, directly or indirectly, have subjected Plaintiff to numerous acts of sexual assault and indignity. In doing so, Defendants have created and nurtured a hostile work environment. Specifically, and as explained in more detail below, Victor and the other Defendants have, through a pattern of acts that have isolated, intimidated and humiliated Plaintiff, terrorized her not only in the work place, but throughout her daily life.

12. Upon information and belief, Manhattan Place Condominium ("MPC") is a condominium organized in the State of New York. MPC operates out of the MPC Office and the Park Avenue Office. Upon information and belief, Defendant Victor is the Chairman of the Board of Managers and President of MPC and is *de facto* in control of MPC's operations.

13. Adam Victor & Son Stable LLC ("AVSS") is, upon information and belief, a limited liability company organized in the State of New York. AVSS operates out of the MPC Office and the Park Avenue Office. Upon information and belief, AVSS is completely controlled by Defendant Victor, who is its sole member.

14. Upon information and belief, the Adam Victor Grantor Trust (("AVGT") (and collectively with TGES, TGDS, GAS, POA, GOD, TNE, TNMS, TNMSII, MPC, and AVSS ("the Entity Defendants")) is a trust established pursuant to the laws of the State of New York. AVGT operates out of the MPC Office and the Park Avenue Office. Upon information and belief, AVGT holds title to many of Victor's assets, including stock and/or ownership interests in various of the corporations and limited liability companies through which Victor does business. Upon information and belief, Defendant Victor is the sole trustee of AVGT and is *de facto* in control of its operations.

## JURISDICTION & VENUE

15. This Court has jurisdiction over the causes of action raised herein as many of them arise under the New York City Human Rights Law ("NYCHRL") or the common law of the State of New York and many of the operative facts underlying each cause of action occurred in New York County.

16. This Court has jurisdiction over Victor as he resides in New York County, operates two offices in New York County, and conducts business in New York County.

17. This Court has jurisdiction over the Entity Defendants as each of them is headquartered, located, and does business within New York County.

18. Venue is proper in New York County pursuant to CPLR § 506.

**FACTS COMMON TO ALL CAUSES OF ACTION**

19. Upon information and belief, Victor is a promoter/developer in the alternative energy field. Specifically, he has developed co-generation facilities – *i.e.,* power plants that capture and use the thermal energy generated in the production of electricity. He also is involved in attempts to develop facilities to convert coal into a product somewhat similar to gasoline.

20. Upon information and belief, Victor engages in these activities through the various Entity Defendants, as well as various other corporations, limited liability companies and trusts, which he owns and controls.

21. At Victor's direction the Plaintiff was employed by TGES, TGDS, GAS, POA, GOD, TNE, TNMS, TNMSII, MPC, AVSS, and AVGT. Victor employed Plaintiff through the various Entity Defendants indiscriminately. For example, Victor has:

   a. Used GOD to bill work done, and expenses incurred, by Plaintiff, to MPC and has been reimbursed by either MPC or its insurance carrier, for that work and those expenses.

   b. Required Plaintiff to attend weekly meetings on behalf of MPC and liaise with contractors and potential contractors on behalf of MPC, and perform other work related to the renovation of the MPC lobby and facilities after damage caused by Hurricane Sandy.

   c. Required Plaintiff to go with him to stables he uses to house racehorses owned by AVSS, travel to horse races, including the 2013 Kentucky Derby, ostensibly to assist Victor in carrying out the business of TGES and TGDS.

   d. Required Plaintiff to travel with him in connection with his co-generation businesses, which are run out of GAS.

5

would "destroy" her. Victor menacingly explained, "one fucking phone call is all it takes, Eve, and your life is over."

165. Following numerous requests that she continue to work for him, Plaintiff began to receive messages from at least four (4) of her friends, who also knew Victor, telling her, in words or substance, that Victor would make her feel like she was "in hell" if she did not continue to work for Victor.

166. In December 2013, faced with Plaintiff's consistent and insistent rejections of his overtures and objections to his lewd and harassing behavior and statements, Victor took it upon himself to call Plaintiff's parents in Kazakhstan.

167. Plaintiff's parents do not speak English; they speak Russian.

168. Victor does not speak Russian.

169. Accordingly, Plaintiff's parents were visited with the – to say the least – unsettling experience of a phone call from New York, from a man with whom they had never spoken, during which, the only phrase they were able to discern was their daughter's name.

170. On December 15, 2013, Victor dispatched a mutual acquaintance to ring her door buzzer for twenty minutes. Later in the day the same acquaintance repeated the same harassing behavior while Victor lurked at the curb in one of his eight HUM-Vs.

171. Plaintiff felt threatened and afraid of Victor and believed that he was issuing threats of force against her and that he had the ability to follow through on those threats.

### AS FOR A FIRST CAUSE OF ACTION
### FOR ASSAULT
### (Against all Defendants)

172. Ms. Khatskevich repeats and realleges the facts outlined in ¶¶ 1 - 171 of her Complaint as if set forth fully at this point.

173. On several occasions, Defendant Victor has acted so as to cause Plaintiff to reasonably apprehend immediate harmful or offensive contact to Plaintiff's person.

174. With respect to these incidents, Defendant Victor intended to have Plaintiff apprehend his immediate harmful or offensive contact with her person.

175. With respect to these incidents, Defendant Victor's actions were the cause of Plaintiff's apprehension of his immediate harmful or offensive contact with her person.

176. Defendant Victor's tortious conduct in this regard was undertaken during and within the scope of his employment by the Entity Defendants.

177. Defendant Victor's tortious conduct in assaulting Plaintiff has caused her damages and injuries in an amount unknown at this time, but, nonetheless, far in excess of the jurisdictional prerequisites of this court.

## AS FOR A SECOND CAUSE OF ACTION
## FOR BATTERY
## (Against all Defendants)

178. Ms. Khatskevich repeats and realleges the facts outlined in ¶¶ 1 - 177 of her Complaint as if set forth fully at this point.

179. On several occasions, Victor has undertaken actions that caused harmful or offensive contact to the Plaintiff's person.

180. With respect to these instances, Victor intended to bring about the harmful or offensive contact with the Plaintiff's person.

181. With respect to these instances, Victor's actions were the cause of harmful or offensive contact with the Plaintiff's person.

182. Victor's tortious conduct in this regard was undertaken during and within the scope of his employment by the Entity Defendants.

34

34 of 51

183. Victor's tortious conduct in battering Plaintiff has caused her damages and injuries in an amount unknown at this time, but, nonetheless, far in excess of the jurisdictional prerequisites of this court.

### AS FOR A THIRD CAUSE OF ACTION
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against all Defendants)

184. Ms. Khatskevich repeats and realleges the facts outlined in ¶¶ 1 - 183 of her Complaint as if set forth fully at this point.

185. Constantly, throughout Plaintiff's employment by Defendants, Victor committed numerous and continuous extreme and outrageous acts directed at Plaintiff, including without limitation, acts of a grotesque sexual nature, instances of extraordinary verbal and mental abuse, and extortionate and cruel threats against Plaintiff and her family.

186. In perpetrating these extreme and outrageous acts against Plaintiff, Victor intended to cause Plaintiff to suffer severe emotional distress and/or he acted with recklessness as to the effect his conduct had on Plaintiff.

187. Victor's extreme and outrageous acts against Plaintiff have caused Plaintiff to suffer emotional distress.

188. Victor's tortious conduct in this regard was undertaken during and within the scope of his employment by the Entity Defendants.

189. Victor's tortious conduct in inflicting emotional distress on Plaintiff has caused her damage and injuries in an amount unknown at this time, but, nonetheless, far in excess of the jurisdictional prerequisites of this court.

## AS FOR A FOURTH CAUSE OF ACTION
## FOR BREACH OF CONTRACT
## (Against All Defendants)

190. Ms. Khatskevich repeats and realleges the facts outlined in ¶¶ 1 - 189 of her Complaint as if set forth fully at this point.

191. Plaintiff and Defendants had a valid oral contract whereby Plaintiff would work as Defendant Victor's administrative assistant and Defendants would, in turn, pay her an annual salary of $47,948.40 once her work visa issued. Plaintiff's work visa issued with an effective date of October 1, 2013.

192. Plaintiff fulfilled the obligations imposed on her pursuant to this oral contract by working for Defendants from approximately December 2012 to October 18, 2013.

193. Defendants repeatedly breached the obligations imposed on them pursuant to this oral contract by, among other things, creating a hostile work environment, which substantially changed the terms of Plaintiff's employment and necessitated her departure.

194. Defendants' breaches of their obligations frustrated Plaintiff's right to collect the promised project bonuses of $350,000 and $700,000, respectively, and constituted a breach of the covenant of good faith and fair dealing implicit in both of those bonus agreements.

195. Defendants' breaches of contract have caused Plaintiff damages in an amount unknown at this time, but, nonetheless, far in excess of the jurisdictional prerequisites of this court.

## AS FOR A FIFTH CAUSE OF ACTION
## SEXUAL HARASSMENT
## PURSUANT TO NYCHRL §§ 8-107(1)(a) & 8-502(a)
## (Against All Defendants)

196. Ms. Khatskevich repeats and realleges the facts outlined in ¶¶ 1 - 195 of her Complaint as if set forth fully at this point.

197. Defendant Victor and the other Defendants employed Plaintiff during the period from December 2012 to October 18, 2013.

198. Defendant Victor was Plaintiff's direct supervisor during this period.

199. During the course of Plaintiff's employment by Defendant Victor and the other Defendants, Defendant Victor directed numerous vile acts of sexual harassment at Plaintiff.

200. Defendant Victor directed these vile acts of sexual harassment at Plaintiff because she was a woman.

201. Defendant Victor's vile acts of sexual harassment created a hostile work environment.

202. Defendant Victor's vile acts of sexual harassment directed at Plaintiff have caused her damage and injuries in an amount unknown at this time, but, nonetheless, far in excess of the jurisdictional prerequisites of this court.

### AS FOR A SIXTH CAUSE OF ACTION
### IMMIGRATION STATUS DISCRIMINATION
### PURSUANT TO NYCHRL §§ 8-107(1)(a) & 8-502(a)
### (Against All Defendants)

203. Ms. Khatskevich repeats and realleges the facts outlined in ¶¶ 1 - 202 of her Complaint as if set forth fully at this point.

204. Defendant Victor and the other Defendants employed Plaintiff during the period from December 2012 to October 18, 2013.

205. Defendant Victor was Plaintiff's direct supervisor during this period.

206. During the course of Plaintiff's employment by Defendant Victor and the other Defendants, Defendant Victor directed numerous acts of immigration status discrimination at Plaintiff.

207. Defendant Victor directed these vile acts of immigration status discrimination at Plaintiff because she was a recent immigrant to the United States and perceived that he could take advantage of this fact.

208. Defendant Victor's vile acts of immigration status discrimination directed at Plaintiff have caused her damage and injuries in an amount unknown at this time, but, nonetheless, far in excess of the jurisdictional prerequisites of this court.

### AS FOR A SEVENTH CAUSE OF ACTION
### AIDING AND ABETTING SEXUAL HARASSMENT
### PURSUANT TO NYCHRL §§ 8-107(6) & 8-502(a)
### (Against TGES, TGDS, GAS, POA, GOD,
### TNE, TNMS, TNMSII, MPC, AVSS and AVGT)

209. Ms. Khatskevich repeats and realleges the facts outlined in ¶¶ 1 - 208 of her Complaint as if set forth fully at this point.

210. Defendant Victor has perpetrated against Plaintiff numerous acts constituting violations of Chapter 1 of Title 8 of the New York City Administrative Code ("NYCAC §8-100, *et seq.*"), in that he has repeatedly sexually harassed Plaintiff.

211. In subjecting Plaintiff to this continuous stream of sexual harassment, Defendant Victor was significantly aided by the Entity Defendants.

212. As a result, the Defendants should be held jointly and severally liable for all damages suffered by Plaintiff.

### AS FOR AN EIGHTH CAUSE OF ACTION
### AIDING AND ABETTING IMMIGRATION STATUS DISCRIMINATION
### PURSUANT TO NYCHRL §§ 8-107(6) & 8-502(a)
### (Against TGES, TGDS, GAS, POA, GOD,
### TNE, TNMS, TNMSII, MPC, AVSS and AVGT)

213. Ms. Khatskevich repeats and realleges the facts outlined in ¶¶ 1 - 212 of her Complaint as if set forth fully at this point.

214. Defendant Victor has perpetrated against Plaintiff numerous acts constituting violations of Chapter 1 of Title 8 of the New York City Administrative Code ("NYCAC §8-100, *et seq.*"), in that he has repeatedly discriminated against Plaintiff due to her immigration status.

215. In subjecting Plaintiff to this continuous immigration status discrimination, Defendant Victor was significantly aided by the Entity Defendants.

216. As a result, the Defendants should be held jointly and severally liable for all damages suffered by Plaintiff.

## AS FOR A NINTH CAUSE OF ACTION
## RETALIATION PURSUANT TO
## NYCHRL §§ 8-107(7) & 8-502(a)
## (Against All Defendants)

217. Ms. Khatskevich repeats and realleges the facts outlined in ¶¶ 1 - 216 of her Complaint as if set forth fully at this point.

218. Defendant Victor has perpetrated against Plaintiff numerous acts constituting violations of Chapter 1 of Title 8 of the New York City Administrative Code ("NYCAC §8-100, *et seq.*").

219. Plaintiff opposed Victor's perpetration on her of these numerous acts forbidden pursuant to NYCAC §8-100, *et seq.*, by among other things, repeatedly complaining to Defendant Victor about his vile actions and statements and demanding that he cease this kind of behavior.

220. In response to Plaintiff's opposition to Defendant Victor's vile actions and statements, Defendants retaliated against Plaintiff by, among other things:

  a. Continuing to subject Plaintiff to similar vile actions and statements;

b. Failing to fulfill the oral contract that Plaintiff had with Defendants by, among other things, failing to pay her at an annual rate of $47,948.40 following the issuance of her work visa;

c. Communicating with Plaintiff's family members in an effort to intimidate Plaintiff;

d. Voicing threats that, among other things, he would "ruin" Plaintiff, "destroy [her] reputation" and make sure that unflattering things about Plaintiff would be published in her home town in the Republic of Kazakhstan;

e. Threatening physical violence against Plaintiff;

f. Continuing to monitor her movements and stalk her, lurking outside of her home at night in a hired car or one of his eight HUM-Vs;

g. Continuing to flaunt his political connections to Plaintiff, telling her that he would get Senator Manchin to revoke her visa; and

h. Threatening Plaintiff, and intimating to her that the FBI and/or CIA would, at Victor's behest: (1) follow her and report back to Victor on her activities; (2) assist in deporting Plaintiff; and (3) otherwise retaliate against Plaintiff.

221. Defendant Victor's acts of retaliation directed at Plaintiff have caused her damage and injuries in an amount unknown at this time, but, nonetheless, far in excess of the jurisdictional prerequisites of this court.

### AS FOR A TENTH CAUSE OF ACTION
### AIDING AND ABETTING RETALIATION
### PURSUANT TO NYCHRL §§ 8-107(6) & 8-502(a)
### (Against All Defendants)

222. Ms. Khatskevich repeats and realleges the facts outlined in ¶¶ 1 - 221 of her Complaint as if set forth fully at this point.

223. Defendant Victor has perpetrated against Plaintiff numerous acts constituting violations of Chapter 1 of Title 8 of the New York City Administrative Code

("NYCAC § 8-100, *et seq.*"), in that he has retaliated against Plaintiff for opposing his vile acts of sexual harassment.

224. In subjecting Plaintiff to these acts of retaliation, Defendant Victor was significantly aided by the Entity Defendants.

225. As a result, the Defendants should be held jointly and severally liable for all damages suffered by Plaintiff.

### AS FOR AN ELEVENTH CAUSE OF ACTION
### DISCRIMINATORY HARASSMENT
### PURSUANT TO NYCHRL §§ 8-603(a) & 8-502(a)
### (Against Defendant Victor)

226. Ms. Khatskevich repeats and realleges the facts outlined in ¶¶ 1 - 225 of her Complaint as if set forth fully at this point.

227. As Plaintiff's work relationship with Defendants deteriorated, and she ultimately stopped working for them, Defendant Victor began to issue threats of force against Plaintiff.

228. Defendant Victor has told at least four third parties that unless Plaintiff comes back to work with him, he would ruin her and cause her years of pain and suffering.

229. Defendant Victor also voiced these threats directly to Plaintiff.

230. Plaintiff understood these statements by Defendant Victor to be threats of force.

231. As several of Defendant Victor's threats against Plaintiff came after Plaintiff's departure from employment with Defendants, and were issued in an attempt to coerce and intimidate Plaintiff into working with Defendants again, they were:

    a. Issued for the purpose of knowingly injuring, intimidating or interfering with, oppressing, or threatening Plaintiff in the free exercise or enjoyment of, among other things, her rights under the NYCHRL; and

    b.    Motivated, in whole or in part by the Plaintiff's gender and citizenship status.

    232.    Defendant Victor's threats against Plaintiff constitute violations of NYCAC § 8-603(a).

    233.    Each of Defendant Victor's threats, including those known to Plaintiff and those yet to be discovered, has caused Plaintiff injury and harm and should be punished with the assessment of a civil penalty upon Defendant Victor in the amount of $250,000.00 for each threat.

## AS FOR A TWELFTH CAUSE OF ACTION
## FOR UNLAWFUL SURVEILLANCE UNDER NEW YORK PL § 250.45(1)
## (Against All Defendants)

    234.    Ms. Khatskevich repeats and realleges the facts outlined in ¶¶ 1 - 233 of her Complaint as if set forth fully at this point.

    235.    Defendant Victor has committed acts of unlawful surveillance, as defined in PL § 250.45(1), in that he:

    a.    For his own, or another person's amusement, entertainment, or for the purpose of degrading or abusing Plaintiff;

    b.    Intentionally used or installed, or permitted the utilization or installation of an imaging device;

    c.    To surreptitiously view, broadcast or record Plaintiff dressing, undressing and/or showering, which recording captured images of Plaintiff's sexual or other intimate parts;

    d.    At a place and time when Plaintiff had a reasonable expectation of privacy; and

    e.    Such acts occurred without Plaintiff's knowledge or consent.

    236.    Plaintiff's cause of action for unlawful surveillance is implied from PL § 250.45(1) given that:

    a.    Plaintiff is one of the class for whose benefit the statute was enacted;

    b.    Neither PL § 250.45(1) nor its legislative history evince a legislative intent to deny such a remedy; and

    c.    Such a cause of action is consistent with the legislative purpose underlying PL § 250.45(1).

237. Victor's unlawful surveillance of Plaintiff was undertaken during and within the scope of his employment by the Entity Defendants.

238. Victor's unlawful surveillance of Plaintiff has caused her damage and injuries in an amount unknown at this time, but, nonetheless, far in excess of the jurisdictional prerequisites of this court.

### AS FOR A THIRTEENTH CAUSE OF ACTION
### FOR UNLAWFUL SURVEILLANCE UNDER NEW YORK PL § 250.45(2)
### (Against All Defendants)

239. Ms. Khatskevich repeats and realleges the facts outlined in ¶¶ 1 - 238 of her Complaint as if set forth fully at this point.

240. Defendant Victor has committed acts of unlawful surveillance, as defined in PL § 250.45(2), in that he:

    a.    For his or her own, or another person's sexual arousal or sexual gratification;

    b.    Intentionally used or installed, or permitted the utilization or installation of an imaging device;

    c.    To surreptitiously view, broadcast or record Plaintiff dressing, undressing and/or showering, which recording captured images of Plaintiff's sexual or other intimate parts;

    d.    At a place and time when Plaintiff had a reasonable expectation of privacy; and

    e.    Such acts occurred without Plaintiff's knowledge or consent.

241. Plaintiff's cause of action for unlawful surveillance is implied from PL § 250.45(2) given that:

   a. Plaintiff is one of the class for whose benefit the statute was enacted;

   b. Neither PL § 250.45(2) nor its legislative history evince a legislative intent to deny such a remedy; and

   c. Such a cause of action is consistent with the legislative purpose underlying PL § 250.45(2).

242. Victor's unlawful surveillance of Plaintiff was undertaken during and within the scope of his employment by the Entity Defendants.

243. Victor's unlawful surveillance of Plaintiff has caused her damage and injuries in an amount unknown at this time, but, nonetheless, far in excess of the jurisdictional prerequisites of this court.

### AS FOR A FOURTEENTH CAUSE OF ACTION
### FOR UNLAWFUL SURVEILLANCE UNDER NEW YORK PL § 250.45(3)
### (Against All Defendants)

244. Ms. Khatskevich repeats and realleges the facts outlined in ¶¶ 1 - 243 of her Complaint as if set forth fully at this point.

245. Defendant Victor has committed acts of unlawful surveillance, as defined in PL § 250.45(3), in that he:

   a. For no legitimate purpose;

   b. Intentionally used or installed, or permitted the utilization or installation of an imaging device in an office bathroom/shower; and

   c. Such acts occurred without Plaintiff's knowledge or consent.

246. Plaintiff's cause of action for unlawful surveillance is implied from PL § 250.45(3) given that:

   a. Plaintiff is one of the class for whose benefit the statute was enacted;

b.  Neither PL § 250.45(3) nor its legislative history evince a legislative intent to deny such a remedy; and

c.  Such a cause of action is consistent with the legislative purpose underlying PL § 250.45(3).

247.  Victor's unlawful surveillance of Plaintiff was undertaken during and within the scope of his employment by the Entity Defendants.

248.  Victor's unlawful surveillance of Plaintiff has caused her damage and injuries in an amount unknown at this time, but, nonetheless, far in excess of the jurisdictional prerequisites of this court.

### AS FOR A FIFTEENTH CAUSE OF ACTION FOR UNLAWFUL CAPTURING OF IMAGES OF ANOTHER PERSON'S PRIVATE AREAS UNDER NEVADA REVISED STATUTES § 200.604
**(Against All Defendants)**

249.  Ms. Khatskevich repeats and realleges the facts outlined in ¶¶ 1 - 248 of her Complaint as if set forth fully at this point.

250.  Defendant Victor has knowingly and intentionally captured nude images of Plaintiff in violation of Nevada Revised Statutes ("NRS") § 200.604(1). That is, Victor has:

a.  Captured images of Plaintiff's private areas, as that term is defined in NRS § 200.604(8);

b.  Captured images of Plaintiff's private areas without her consent; and

c.  Captured images of Plaintiff's private areas under circumstances where Plaintiff had a reasonable expectation of privacy, as that term is defined under NRS § 200.604(8).

251.  Plaintiff's cause of action for Victor's unlawful capturing of images of her private areas is implied from NRS § 200.604 given that:

a.  Plaintiff is one of the class for whose benefit the statute was enacted;

45

b.  Neither NRS § 200.604 nor its legislative history evince a legislative intent to deny such a remedy; and

c.  Such a cause of action is consistent with the legislative purpose underlying NRS § 200.604.

252.  Victor unlawfully captured images of Plaintiff's private areas during and within the scope of his employment by the Entity Defendants.

253.  Victor's unlawful capturing images of Plaintiff's private areas has caused her damage and injuries in an amount unknown at this time, but, nonetheless, far in excess of the jurisdictional prerequisites of this court.

### AS FOR A SIXTEENTH CAUSE OF ACTION FOR UNLAWFUL SEXUAL ABUSE UNDER KENTUCKY REVISED STATUTES §§ 510.110(1)(b) & 446.070
### (Against All Defendants)

254.  Ms. Khatskevich repeats and realleges the facts outlined in ¶¶ 1 - 253 of her Complaint as if set forth fully at this point.

255.  Defendant Victor has violated Kentucky Revised Statutes ("KRS") § 510.110(1)(b) in that he:

a.  Subjected Plaintiff to sexual contact, as that term is defined in KRS § 510.010(7); and

b.  Such sexual contact occurred at a time when Plaintiff was incapable of consent because she was physically helpless.

256.  Plaintiff's cause of action for Defendant Victor's violation of KRS § 510.110(1)(b) is authorized, given that KRS § 446.070 provides that "a person injured by the violation of any statute may recover from the offender such damages a [s]he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation."

257.  Defendant Victor violated KRS § 510.110(1)(b) during and within the scope of his employment by the Entity Defendants.

258. Defendant Victor's violation of KRS § 510.110(1)(b) has caused Plaintiff damage and injuries in an amount unknown at this time, but, nonetheless, far in excess of the jurisdictional prerequisites of this court.

## AS FOR A SEVENTEENTH CAUSE OF ACTION
## PIERCING THE CORPORATE VEIL
## (Against All Defendants)

259. Ms. Khatskevich repeats and realleges the facts outlined in ¶¶ 1 - 258 of her Complaint as if set forth fully at this point.

260. Defendant Victor exercised complete control and domination of the finances, policy and business practices of the Entity Defendants to such an extent that the Entity Defendants had no separate mind, will or existence of their own.

261. Corporate formalities were not observed by the president or trustee or other officers, directors or members of the Entity Defendants, none of whom, other than Defendant Victor, played any functioning role with respect to the operations of the Entity Defendants.

262. In his position as dominant shareholder, member, president or trustee of the Entity Defendants, Defendant Victor treated the Entity Defendants' assets as his own.

263. The Entity Defendants were operated as alter egos of Defendant Victor, and their separate corporate, limited liability company, or trust entities should be disregarded and the Entity Defendants and Defendant Victor treated as one and the same person for purposes of liabilities incurred to Plaintiff.