# Exhibit 5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| ADAM VICTOR, TRANSGAS ENERGY SYSTEMS CORPORATION, TRANSGAS DEVELOPMENT SYSTEMS LLC, GAS ALTERNATIVE SYSTEMS, INC., PROJECT ORANGE ASSOCIATES LLC, GAS ORANGE DEVELOPMENT, INC., TRANSGAS ENERGY SYSTEMS LLC and TRANSNATIONAL ENERGY LLC,<br><br>    Plaintiffs,<br><br>        -against-<br><br>YEVGENIYA KHATSKEVICH and TYLER ERDMAN,<br><br>    Defendants. | Index No. 158981/2014<br><br>IAS Part 17<br><br>Hon. Shlomo S. Hagler |
| TYLER ERDMAN,<br><br>    Counterclaim-Plaintiff,<br><br>        -against-<br><br>ADAM VICTOR, TRANSGAS ENERGY SYSTEMS CORPORATION, TRANSGAS DEVELOPMENT SYSTEMS LLC, GAS ALTERNATIVE SYSTEMS, INC., PROJECT ORANGE ASSOCIATES LLC, GAS ORANGE DEVELOPMENT, INC., TRANSGAS ENERGY SYSTEMS LLC, TRANSNATIONAL ENERGY LLC, TRANSNATIONAL MANAGEMENT SYSTEMS, LLC, TRANSNATIONAL MANAGEMENT SYSTEMS II, LLC, and MANHATTAN PLACE CONDOMINIUM,<br><br>    Counterclaim-Defendants. | **AMENDED ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS OF <u>TYLER ERDMAN</u>** |

Tyler Erdman ("Erdman") hereby submits his Amended Answer with

Counterclaims against Adam H. Victor ("Victor") and Transgas Energy Systems Corporation

("TGESC"), Transgas Development Systems LLC ("TGDS"), Gas Alternative Systems, Inc. ("GAS"), Project Orange Associates LLC ("POA"), Gas Orange Development, Inc. ("GOD"), Transgas Energy Systems LLC ("TGES") and Transnational Energy LLC ("TNE") (collectively, the aforementioned entities are referred to as "the Entity Plaintiffs", and collectively with Victor, they are referred to as "Plaintiffs"), as well as Transnational Management Systems, LLC ("TNMS"), Transnational Management Systems II, LLC ("TNMSII") and Manhattan Place Condominium ("MPC") (collectively, with Plaintiffs, the "Counterclaim Defendants" or "Victor and the Victor Entities"). Erdman's counterclaims are for retaliation pursuant to the New York City Human Rights Law ("NYCHRL").

## ANSWER

### Nature of the claim

1. Erdman admits that Defendant Yevgeniya Khatskevich ("Khatskevich") was employed by TGES. Erdman denies the remaining allegations set forth in Paragraph 1 of the Amended Complaint.

2. Erdman admits that Khatskevich ceased working for TGES and her other Victor-related employers on or about October 18, 2013. Erdman denies the remaining allegations set forth in Paragraph 2 of the Amended Complaint.

3. Erdman admits that he was a computer services vendor and that he used to provide IT services to Victor and the Victor Entities. Erdman denies the remaining allegations set forth in Paragraph 3 of the Amended Complaint.

4. Erdman denies the allegations contained in Paragraph 4 of the Amended Complaint.

117. Victor filed this lawsuit to, in his words, "get back at [Erdman]" and "ruin him."

118. As a result, Erdman has suffered damages, including out of pocket expenses, loss of time at his work and aggravation and anxiety.

### AS AND FOR A FIRST COUNTERCLAIM
### FOR RETALIATION IN VIOLATION OF NYCHRL § 8-107(7)
### AGAINST VICTOR AND THE VICTOR ENTITIES

119. Erdman repeats and realleges ¶¶ 1-118 as if set forth at this point.

120. Victor attempted to impose an unfair, illegal and highly intrusive condition of employment on his female employees – *i.e.,* that they were not allowed to engage in heterosexual relationships unless they submitted to Victor's sexual demands.

121. Erdman, Victor's employee, opposed this policy by violating it and commencing a relationship with Khatskevich. In opposing Victor's policy, Erdman was engaging in protected activity.

122. When Victor found out about the relationship, he retaliated against Erdman by, among other things, harassing Erdman with disgusting discussions of Khatskevich and harassing phone calls and texts.

123. As a result of Victor's retaliation, Erdman has suffered damages in an amount to be determined, but reasonably believed to exceed $25,000.

### AS AND FOR A SECOND COUNTERCLAIM
### FOR RETALIATION IN VIOLATION OF NYCHRL § 8-107(7)
### AGAINST VICTOR AND THE VICTOR ENTITIES

124. Erdman repeats and realleges ¶¶ 1-123 as if set forth at this point.

125. Erdman assisted Khatskevich in her lawsuit for sexual harassment and other claims against Victor and numerous of the entities that he controls.

126. In doing so, Erdman engaged in protected activity.

127. When Victor found out about this activity, he vowed to retaliate against Erdman.

128. Eventually, he did so by filing the instant lawsuit against Erdman.

129. As a result of Victor's retaliation, Erdman has suffered damages in an amount to be determined, but reasonably believed to exceed $25,000.

WHEREFORE, Erdman respectfully prays this honorable Court grant him the following relief:

A. Dismissal of the remaining claims against him in their entirety;

B. Damages sufficient to compensate him for all damages, losses and injuries he has suffered;

C. Punitive and damages;

D. Prejudgment interest;

E. His costs, including reasonable attorneys' fees; and

F. Such other relief as the Court may deem just and proper.

Dated: New York, New York
September 8, 2015

LAW OFFICES OF JOHN T. BRENNAN

_____
John T. Brennan
The Law Offices of John T. Brennan
151 E. 4th Street, No. 1-A
Brooklyn, New York 11218
(347) 785-3005
lawoffjtb@gmail.com

*Counsel for Defendant and Counterclaim Plaintiff, Tyler Erdman*

18