# Exhibit 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| ADAM VICTOR, TRANSGAS ENERGY SYSTEMS CORPORATION, TRANSGAS DEVELOPMENT SYSTEMS LLC, GAS ALTERNATIVE SYSTEMS, INC., PROJECT ORANGE ASSOCIATES LLC, GAS ORANGE DEVELOPMENT, INC., TRANSGAS ENERGY SYSTEMS LLC and TRANSNATIONAL ENERGY LLC,<br><br>                        Plaintiffs,<br><br>    -against-<br><br>YEVGENIYA KHATSKEVICH, and TYLER ERDMAN,<br><br>                        Defendants. | Index No. 158981/2014<br><br>IAS Part 17<br><br>Hon. Shlomo S. Hagler<br><br>**ANSWER TO COUNTERCLAIMS** |
| TYLER ERDMAN,<br><br>                        Counterclaim-Plaintiff,<br><br>    -against-<br><br>ADAM VICTOR, TRANSGAS ENERGY SYSTEMS CORPORATION, TRANSGAS DEVELOPMENT SYSTEMS LLC, GAS ALTERNATIVE SYSTEMS, INC., PROJECT ORANGE ASSOCIATES LLC, GAS ORANGE DEVELOPMENT, INC., TRANSGAS ENERGY SYSTEMS LLC, TRANSNATIONAL ENERGY LLC, TRANSNATIONAL MANAGEMENT SYSTEMS, LLC, TRANSNATIONAL MANAGEMENT SYSTEMS II, LLC, and MANHATTAN PLACE CONDOMINIUM,<br><br>                        Counterclaim-Defendants. | |

Counterclaim Defendants ADAM VICTOR, TRANSGAS ENERGY SYSTEMS CORPORATION, TRANSGAS DEVELOPMENT SYSTEMS LLC, GAS ALTERNATIVE SYSTEMS, INC., PROJECT ORANGE ASSOCIATES LLC, GAS ORANGE DEVELOPMENT, INC., TRANSGAS ENERGY SYSTEMS LLC, TRANSNATIONAL ENERGY LLC, TRANSNATIONAL MANAGEMENT SYSTEMS, LLC, TRANSNATIONAL

528774v.1

MANAGEMENT SYSTEMS II, LLC, and MANHATTAN PLACE CONDOMINIUM (collectively, the "Counterclaim Defendants"), by their attorneys, Davidoff Hutcher & Citron LLP, as and for their answer to the counterclaims (the "Counterclaims") by counterclaim plaintiff TYLER ERDMAN ("Erdman"), dated September 8, 2015, allege as follows:

1. Counterclaim Defendants admit the allegations contained in paragraph 49 of the Counterclaims, except deny that Erdman states a claim.

2. Counterclaim Defendants deny the allegations contained in paragraphs 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 77, 78, 79, 80, 81, 82, 83, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 115, 116, 117, 118, 120, 121, 122, 123, 126, 127, 128, and 129 of the Counterclaims.

3. Counterclaim Defendants admit the allegations contained in paragraphs 76, 114, and 125 of the Counterclaims.

4. Counterclaim Defendants deny knowledge or information sufficient to admit or deny the allegations contained in paragraph 84 of the Counterclaims.

5. In response to the allegations contained in paragraphs 119 and 124 of the Counterclaims, Counterclaim Defendants repeat and reallege each of the foregoing paragraphs as though fully set forth herein.

**Affirmative Defenses**

FIRST AFFIRMATIVE DEFENSE

The Counterclaims, and each cause of action alleged therein, fails to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part by documentary evidence. Documentary evidence establishes that Erdman was never employed by any of the Counterclaim Defendants. Documentary evidence also establishes than none of the Counterclaim Defendants (other than Manhattan Place Condominiums) had more than 4 employees at any relevant time period.

THIRD AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part on account of Erdman's unclean hands. Erdman hacked into Counterclaim Defendants' computer networks, and stole confidential and sensitive files in furtherance of his scheme to extort Counterclaim Defendants. Erdman also illegally hacked into Counterclaim Defendants' mobile device in order to physically track Adam Victor. Erdman has also contacted various media outlets in an effort to publicize certain allegations that would be detrimental to Adam Victor, also in furtherance of Erdman's extortion scheme. Erdman has also communicated with adversaries of Adam Victor in an unrelated litigation in California in furtherance of Erdman's extortion scheme.

FOURTH AFFIRMATIVE DEFENSE

Any recovery by Erdman must be offset by amounts Erdman owes to Counterclaim Defendants, as detailed in the amended complaint against Erdman in this action.

FIFTH AFFIRMATIVE DEFENSE

Counterclaim Defendants have at all times acted in good faith and with reasonable grounds for believing that their conduct was entirely lawful. Erdman is precluded by his own misconduct, acts and omissions from maintaining the Counterclaims.

3

### SIXTH AFFIRMATIVE DEFENSE

The actions of Counterclaim Defendants were not wrongful.

### SEVENTH AFFIRMATIVE DEFENSE

The losses and damages complained of in the Counterclaims were caused by Erdman's acts of misconduct and omissions.

### EIGHTH AFFIRMATIVE DEFENSE

Erdman's claim for "Punitive and damages," presumably referring to punitive damages, is barred in whole or in part because Counterclaim Defendants made good faith attempts to comply with applicable laws.

### NINTH AFFIRMATIVE DEFENSE

The Counterclaims should be dismissed for failure to allege any allegations that Counterclaim Defendants neglected Erdman's complaints.

### TENTH AFFIRMATIVE DEFENSE

Counterclaim Defendants did not retaliate against Erdman.

### ELEVENTH AFFIRMATIVE DEFENSE

The Counterclaims fail to state a claim upon which relief can be granted against Counterclaim Defendants under Title VII of the Civil Rights Act of 1964, as amended.

### TWELFTH AFFIRMATIVE DEFENSE

Erdman's claims for attorneys' fees and punitive damages are precluded by Counterclaim Defendants' good faith efforts to comply with federal, state and local anti-discrimination and anti-retaliation laws.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Counterclaims fail to state a claim upon which relief can be granted against Counterclaim Defendants under the New York City Administrative Code.

### FOURTEENTH AFFIRMATIVE DEFENSE

All of Erdman's claims should be dismissed to the extent that they were not asserted in a duly-filed administrative charge of discrimination.

### FIFTEENTH AFFIRMATIVE DEFENSE

Erdman's claims should be dismissed to the extent that Erdman did not satisfy all jurisdictional prerequisites or conditions precedent to suit.

### SIXTEENTH AFFIRMATIVE DEFENSE

Erdman's claims of retaliation, discrete acts of which occurred more than 300 days prior to his charge of discrimination with an administrative agency, are barred pursuant to the applicable statutes of limitations.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Even if it were shown that Erdman's engagement in any protected activity was the subject of any adverse personnel action, the same action(s) would have been taken with respect to Erdman without regard thereto and, as such, the Counterclaims should be dismissed for failure to state a claim upon which relief could be granted and/or any relief to Erdman.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Erdman's claims are barred in whole or in part, because Erdman failed to mitigate his alleged damages by using reasonable diligence to seek comparable employment elsewhere.

NINTEENTH AFFIRMATIVE DEFENSE

Assuming that Erdman experienced any retaliatory action, Erdman unreasonably failed to take advantage of preventive and/or corrective opportunities provided by Counterclaim Defendants and, accordingly, is barred in whole or in part from recovering damages from Counterclaim Defendants.

PRESERVATION OF DEFENSES

Counterclaim Defendants reserve the right to raise additional and other affirmative defenses that may subsequently become or may appear to be applicable to some or all of the causes of action in the Counterclaims.

## PRAYER FOR RELIEF

**WHEREFORE**, Counterclaim Defendants demand judgment dismissing the Counterclaims in their entirety, in addition to and such other and further relief as this Court may deem just and proper.

.

Dated: New York, New York  
       September 28, 2015

DAVIDOFF HUTCHER & CITRON LLP

By:    /s/ *Josh Krakowsky*     
       Larry Hutcher  
       Joshua Krakowsky  
*Attorneys for Plaintiffs*  
605 Third Avenue  
New York, New York 10158  
(212) 557-7200