**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- X
:
TYLER ERDMAN, :
:
                      Plaintiff, :
:
        -against- :
:
ADAM VICTOR et al., :
:
                    Defendants. :
:
:
---------------------------------------------------------------- X

**Case No. 20-cv-04162-LGS**

---

**DEFENDANT ADAM VICTOR'S MEMORANDUM OF LAW**
**IN SUPPORT OF HIS MOTION TO SEAL**

---

**SCHLAM STONE & DOLAN LLP**
26 Broadway
New York, New York 10004
Tel.: (212) 344-5400
Fax: (212) 344-7677
Jeffrey M. Eilender, Esq.
John F. Whelan, Esq.
jeilender@schlamstone.com
jwhelan@schlamstone.com

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

FACTUAL BACKGROUND .................................................................................................... 1

ARGUMENT ............................................................................................................................. 5

I. THE APPLICABLE LEGAL STANDARD ...................................................................... 5

II. INTERESTS OUTWEIGH THE PRESUMPTION OF PUBLIC ACCESS TO THE
REDACTED PORTIONS OF THE AMENDED COMPLAINT ...................................... 6

CONCLUSION .......................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                       **Page(s)**

*Lugosch v. Pyramid Co. of Onodaga,*
    435 F.3d 110 (2d Cir. 2006) ........................................................................................ 5, 6

*In re New York Times Co.,*
    828 F.2d 110, 116 (2d Cir. 1987) ....................................................................................6

*Press-Enterprise Co. v. Superior Court,*
    478 U.S. 1, (1986) ............................................................................................................ 5

*Refco Group Ltd., LLC v Cantor Fitzgerald, L.P.,*
    2015 WL 4298572, 2015 US Dist LEXIS 92301 (SDNY July 15, 2015, 13 Civ. 1654
    (RA)(HBP)) ..................................................................................................................... 7

*United States v. Amodeo,*
    44 F.3d 141 (2d Cir. 1995) ............................................................................................. 7

*United States v. Amodeo,*
    71 F.3d 1044 (2d Cir. 1995) ........................................................................................ 5, 7

*United States v. Aref,*
    533 F.3d 72 (2d Cir. 2008) ............................................................................................. 7

**Other Authorities**

█████████████████████████████████████ ........................................................ 7

Pursuant to the Court's November 5, 2020, Order, Defendant Adam Victor ("Victor") respectfully submits this Memorandum of Law in support of his application for an order sealing Paragraph 48 of the Amended Complaint of Plaintiff Tyler Erdman ("Plaintiff" or "Erdman"). In support of this application, Erdman also relies on the Declaration of John F. Whelan, Esq., dated November 18, 2020 ("Whelan Decl."), and exhibits thereto. Pursuant to Rule I.D.3 of this Court's Individual Rules and Procedures for Civil Cases, a copy of the Amended Complaint with proposed redactions is attached to the Whelan Decl. as Exhibit 1, and an unredacted copy of the Amended Complaint with proposed redactions highlighted is attached to the Whelan Decl. as Exhibit 2.

## PRELIMINARY STATEMENT

Paragraph 48 of the Amended Complaint quotes directly from a document that was recently sealed in another action pending in the Supreme Court of the State of New York against Victor by another party. ███████████████████████████████████████████████████████████████████████████████████████████████████████████ A similar result should occur here. The conduct in ¶ 48 does not involve Plaintiff Tyler Erdman, and is stated to have occurred long before the time period relevant to Plaintiff's claim. Paragraph 48 thus bears little relevance to Plaintiff's claim and plays a negligible role in the Court's Article III duties. Therefore, there is a low presumption of access to this particular portion of the Amended Complaint. The ███████████████████████████████ on the other hand, easily outweighs the presumption of access such that redaction of the Amended Complaint is warranted.

## FACTUAL BACKGROUND

Defendant Adam Victor is a defendant in *Khatskevich v. Victor et al.*, Index No. 151658/2014 (the "Khatskevich Action") in the Supreme Court of the State of New York, New York County, before Justice Shlomo Hagler. (Whelan Decl. ¶ 3.) In the Khatskevich Action,

plaintiff Yevgeniya Khatskevich is suing Victor and several of Victor's companies for, among other things, sexual harassment, immigration status discrimination, and retaliation under the New York City Human Rights Law arising out of her alleged employment by Victor and his companies. Ms. Khatskevich is not a party to the instant action. (*Id*. ¶ 4.) *Pro Se* Plaintiff Tyler Erdman is not a party to the Khatskevich Action. (*Id*. ¶ 4.)

In her Verified Complaint, dated March 18, 2014, Ms. Khatskevich alleges that Victor " . . . bragged about his supposed connections to the . . . " Federal Bureau of Investigation ("FBI") and the Central Intelligence Agency ("CIA"), and implied that he was working with and had "sway" with them. (Whelan Decl., Ex. 3, ¶¶ 147 – 149.) Ms. Khatskevich also makes certain other allegations regarding things Victor allegedly told her about the FBI and CIA, and Victor's interactions with certain foreign diplomats. (*Id*., ¶¶ 150 – 159.) Ms. Khatskevich alleges that Victor's boasts about his alleged connections to the CIA and FBI, among other things, were implied threats to her, and that Victor also told her that the FBI and CIA would assist in deporting her and otherwise retaliating against her. (*Id*., ¶¶ 160 – 162; 220(h).)

On October 6, 2014, Victor brought an order to show cause to have the aforementioned allegations struck from the Verified Complaint or, alternatively, sealed from the public record. (Whelan Decl. ¶ 7.) In connection with the motion, Victor asserted that the aforementioned allegations were intended to embarrass him into paying an unwarranted settlement, and that the allegations puts his safety and life in jeopardy when he travels to certain countries. (Whelan Decl., Ex. 4, ¶¶ 4, 8 – 10.) Justice Hagler denied Victor's motion without prejudice because " . . . there needed to be a 'fuller record' as to why Victor could not answer the allegations in question." (Whelan Decl., Ex. 5 at 6:14-20.) However, Justice Hagler also allowed Victor to make a new motion under seal. (*Id*. at 6: 21 – 23.)

██████████████ Due to the sensitive nature of the Affidavit, Mr. Victor will not discuss the substance of the Affidavit here, but rather will refer the Court to the Affidavit itself. ██████████████

On November 8, 2016, Ms. Khatskevich brought a motion to unseal certain documents relating to Victor's second motion to seal, including the Affidavit. (Whelan Decl. ¶ 12.) ██████████████ [2] Although the Affidavit was technically unsealed, it was not made accessible to the public on the electronic docket for the Khatskevich Action on the website for the New York State Unified Court System. (*Id.* ¶ 13.)

---

[1] ██████████████ All redactions within this Memorandum of Law and the related Whelan Decl. and exhibits are being submitted *ex parte* because they relate to documents sealed in the Khatskevich Action, to which Mr. Erdman is not a party.

[2] ██████████████

Plaintiff Tyler Erdman filed his Amended Complaint in the instant action on October 26, 2020. Paragraph 48 of the Amended Complaint quotes directly from the Affidavit. (Whelan Decl., Ex. 6 at ¶ 25.)

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████████████
    ████████████████████████████████████
████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

███████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████

## ARGUMENT

**I.     THE APPLICABLE LEGAL STANDARD**

The question of whether portions of a court record may be sealed is governed in this Circuit by the test set forth in *Lugosch v. Pyramid Co. of Onodaga*, 435 F.3d 110 (2d Cir. 2006). First, the Court must determine whether the document in question is a "judicial document subject to the [presumed] right of public access" meaning that "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id*. at 119. Second, the court must determine the weight of the presumption of public access:

> The weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.

*Id (*quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) ("*Amodeo II*") As a part of this inquiry, the Court may also consider whether a First Amendment right of access to the judicial documents exists, which "requires the court to consider both whether the documents 'have historically been open to the press and general public' and whether 'public access plays a significant positive role in the functioning of the particular process in question.'" *Id*. at 120 (quoting *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8, (1986). Third, the Court must balance the presumption of access against "competing considerations," which include "the danger of impairing law enforcement . . . and the privacy interests of those resisting disclosure." *Id*. at

119. (*quoting Amodeo II* at 1050.) Even if the First Amendment is implicated, documents "may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id*. at 120. (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987).

## II. INTERESTS OUTWEIGH THE PRESUMPTION OF PUBLIC ACCESS TO THE REDACTED PORTIONS OF THE AMENDED COMPLAINT

Under the facts of this case, the presumption of public access to the redacted information is not substantial and is outweighed by ███████████████████████████████ ███████████████████████████████

Plaintiff's defamation claims concern, among other things, a statement in 2019 by Victor that Ms. Khatskevich and Mr. Erdman have made false claims in lawsuits that they were employees of Manhattan Place Condominium ("MPC") in 2012-2013, and that MPC was named in the lawsuits as an extortionate money grab. (Whelan Decl. Ex.1, ¶ 94.) Mr. Erdman alleges that this statement was defamatory because it falsely stated that Plaintiff "has been engaging in extortionate conduct against MPC . . . " and that Plaintiff has committed perjury by claiming to be employed by MPC (*Id*., ¶¶ 96 – 97).

The conduct referred to in ¶ 48 of the Amended Complaint involves neither Mr. Erdman nor Ms. Khatskevich, and is stated to have occurred long before the time period relevant to Plaintiff's claim, contrary to the assertion in Mr. Erdman's November 30, 2020, letter that ¶ 48 relates to whether Victor "entangled" Mr. Erdman and Mr. Victor's employees with Victor's "claimed involvement with the CIA/FBI." The paragraph thus bears little relevance to Plaintiff's actual claim. Therefore, even assuming that the Amended Complaint is a judicial document, the paragraph of the Amended Complaint sought to be redacted still plays only a negligible role in the performance of Article III duties, and thus the weight of presumption of access is very low. *See*

6

*Amodeo II*, 71 F.3d at 1050. ("Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason."); *see also Refco Group Ltd., LLC v Cantor Fitzgerald, L.P.*, 2015 WL 4298572, 2015 US Dist LEXIS 92301, at *13-14 (SDNY July 15, 2015, 13 Civ. 1654 (RA)(HBP)) ("Assuming the New Redactions are being made from judicial documents, the presumption of access to these documents is low, because the redacted information is minimally relevant to the parties' claims and does not appear necessary to or helpful in resolving the motion for leave to amend.")

The competing considerations against public access, on the other hand, are very high, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Whelan Decl., Ex. 11 ¶ 8.) *See, e.g.,* U*nited States v. Aref,* 533 F.3d 72, 83 (2d Cir. 2008) (holding district court appropriately sealed memorandum of law and court order, recognizing that "transparency must at times yield to more compelling interests," and noting that "[i]t is obvious and unarguable that no governmental interest is more compelling than the security of the Nation" (citation and quotation marks omitted)); *United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995) (recognizing that [t]he public has in the past been excluded, temporarily or permanently, from . . . the records of court proceedings to protect private as well as public interests," including "to guard against risks to national security interests" (citation and quotation marks omitted)). Although Mr. Erdman claims in his November 30, 2020, letter that there is a "significant public interest" in this action, that claim is entirely conclusory.

Mr. Erdman's November 30, 2020, letter relies upon several media reports. This reliance fails, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

7

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
██████████████

In any event, Mr. Erdman misstates or mischaracterizes Victor's statements in the various media reports. For example, nowhere in the November 17, 2012, *New York Daily News* article cited in footnote 5 to Mr. Erdman's letter does Victor say that he was involved with the FBI. Neither the fact that he wanted access to the then highly-celebrated Gen. David Petraeus, nor his idle speculation that Ms. Kelley might have been a CIA agent because of her obvious unfamiliarity with business norms, support Mr. Erdman's propositions in any way.[3] Similarly, the October 31, 2015, *New York Post* article simply reports on the mere allegations of the Khatskevich Action. Moreover, nowhere in the ICE e-mail does Victor acknowledge any relationship with the FBI.

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████████████████

---

[3] The sexual objectification Mr. Erdman tries to pin on Mr. Victor is similarly unsupported—it was the author of the piece who raised Ms. Kelley's looks by calling her "the attractive brunette," and Mr. Victor denied any sexual chemistry between the two in response to what was quite clearly a direct question by the author.

Finally, Mr. Erdman ignores that the Affidavit has never been publicly available on the electronic docket for the Khatskevich Action. (*Id.* ¶13.)

## CONCLUSION

For the foregoing reasons, Victor respectfully requests that the Court grant his application for an order sealing Paragraph 48 of the Amended Complaint of Plaintiff Tyler Erdman and replace it on the docket with appropriate redactions.

Dated: December 4, 2020
New York, NY

**SCHLAM STONE & DOLAN LLP**

/s/ John Whelan
Jeffrey M. Eilender
John F. Whelan
26 Broadway
New York, New York 10004
E-mail: jeilender@schlamstone.com
jwhelan@schlamstone.com
Tel: (212) 344-5400
Fax: (212) 344-7677