Jeffrey M. Eilender
Partner

212 612-1212
jeilender@schlamstone.com

SCHLAM STONE & DOLAN LLP

26 Broadway, New York, NY 10004
Main: 212 344-5400   Fax: 212 344-7677
schlamstone.com

December 14, 2020

BY ECF
Hon. Lorna G. Schofield
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:     *Erdman v. Victor et al.*, 20-CV-04162-LGS

Dear Judge Schofield:

This firm represents Defendant Adam Victor in the above-captioned defamation action brought by *Pro Se* Plaintiff Tyler Erdman. I write in response to Mr. Erdman's letter, dated December 11, 2020, which requests leave to file a motion to disqualify my firm, Schlam Stone & Dolan LLP ("SSD"). Mr. Victor opposes Mr. Erdman's request for leave because: 1) Mr. Erdman has no standing to bring such a motion; 2) Mr. Erdman fails to show how the purported conflicts cited by Mr. Erdman are sufficient to disqualify SSD in this action; and 3) leave for such a motion is better suited for after resolution of Defendants' motion to dismiss, for which Defendants' reply is due this Saturday, December 19.

**I. Standing**

Plaintiff completely ignores that a party with whom the attorney has never had an attorney-client relationship lacks standing to seek the disqualification of that attorney due to a conflict of interest. *Turner v. Owens Funeral Home, Inc.*, 140 A.D.3d 632, 634 (1st Dept. 2016). Mr. Erdman has never had an attorney-client relationship with SSD. Thus, he has no standing to bring a motion to disqualify.

There are many good reasons why courts strictly adhere to the standing requirement for motions to disqualify. First, the basis of a motion to disqualify is that the attorney breached (or is in danger of breaching) a duty to his current or former client. *See Develop Don't Destroy Brooklyn v. Empire State Dev. Corp.*, 31 A.D.3d 144, 150 (1st Dept. 2006). Where there was never any such duty owed, there can be no breach. *See id*. Since SSD never owed any duty to the Plaintiff, and he cannot therefore claim that its representation of Mr. Victor breaches any duty owed to him. *Id*.

Second, disqualification is a shield to protect the confidences that the former client may have conveyed to the attorney, not a sword to obtain a tactical advantage. *See Bauerle v. Bauerle*, 161 Misc. 2d 973, 975, aff'd, 206 A.D.2d 937 (4th Dept. 1994); *Mayers v. Stone Castle Partners, LLC*, 126 A.D.3d 1, 6 (1st Dept. 2015) (disqualification motions made for tactical reasons should be denied). The standing requirement ensures that motions to

disqualify are not made by an opportunistic adversary to procure such a tactical advantage. Here, disqualification is not necessary to shield SSD's disclosure of Plaintiff's confidences because he never conveyed those confidences to SSD. His motivation in making this motion is purely tactical, likely made in order to deprive Mr. Victor the benefit of having counsel who is well-qualified to represent him in this action, given SSD's experience in the two related actions in New York State Supreme Court.

Third, allowing any party to move to disqualify an attorney based upon a purported conflict of interest would produce absurd results, like the circumstances here: Plaintiff, whose personal animus against Mr. Victor is apparent from his Amended Complaint, is effectively asking to be an advocate for the interest of Mr. Victor in this action against the interest of counsel to whom Mr. Victor still consents to representation by. Yet, Plaintiff cannot even identify with particularity what the conflict of interest is or how SSD's interest inhibits effective representation of Mr. Victor's interest in this action.

## II. Purported Conflicts

Plaintiff asserts three bases for his motion, all of which relate to *Transnational Management Systems, LLC et al v. Pegasus Elite Aviation*, Case No. LC 100724 ("*Pegasus*"), pending in the Superior Court of the State of California for the County of Los Angeles, Northwest Division, in which, until, recently, SSD represented Transnational Management Systems, LLC, and Transnational Management Systems II, LLC (collectively, "TNMS") (each owned by Mr. Victor) as Plaintiffs.[1]

The first basis is the judgment referenced in Plaintiff's letter, which was confessed by Mr. Victor in favor of SSD. The related Affidavit of Confession of Judgment by Mr. Victor is attached hereto as Exhibit 1. Mr. Victor confessed judgment in order to induce SSD to pay outstanding and future invoices owed to TNMS' damages expert. (Ex. 1, ¶ 4 –5.)

A confession of judgment between an attorney and client relating to legal fees and disbursements owed from another matter does not create a conflict of interest. *See Harris v Harris*, 84 Misc 2d 893, 896 (Sup. Ct, Kings County 1976) (denying disqualification motion by wife in divorce action of attorney who took confession of judgment from husband for legal fees from prior criminal matter). Plaintiff cites no authority to the contrary. Indeed, to accept Plaintiff's contention would produce the absurd result that a conflict of interest is created whenever a client fails to timely pay his or her attorney.

The second and third bases cited by Plaintiff is SSD's assertion on a motion to withdraw in *Pegasus* that conflicts had arisen between it and TNMS which made continued

---

[1] In *Pegasus*, TNMS are asserting breach of contract claims pertaining to airplane lease agreements against a charter company. Plaintiff is not a party to *Pegasus*.

Hon. Lorna G. Schofield
December 14, 2020
Page 3 of 3 Pages

representation impossible and Mr. Victor's purported response to that motion accusing SSD of "fraud" and "malpractice.". Each relates only to *Pegasus*, which bears no relation to the instant action. As the party seeking disqualification, Plaintiff bears the burden to show how the events relating to the motion to withdraw in *Pegasus* create conflicts in the instant action. Since Plaintiff makes no attempt to do so, he fails to meet his burden.

### III. Timing of the Motion to Disqualify

Finally, Mr. Victor submits that, as explained further in Mr. Victor's September 24, 2020, pre-motion letter to the Court, it is highly likely that Defendants' motion to dismiss will be granted. If the motion to dismiss is granted, any motion to disqualify would be made moot. *See Mehmet v Gautier*, 2019 WL 4805859, 2019 US Dist LEXIS 170184, at *1 (SDNY Sep. 30, 2019, No. 18-CV-9090 (VSB)). Especially given that Defendants' reply on their motion to dismiss is due this Saturday, December 19, and consistent with this Court's decision to stay discovery pending the motion to dismiss, this issue should therefore not be revisited until the Court rules on the motion to dismiss.

Moreover, since Defendants' joint memorandum of law on the motion to dismiss was primarily authored by counsel for Co-Defendant Manhattan Place Condominium, there is surely no harm in consideration of the motion to dismiss while SSD represents Mr. Victor.

Respectfully submitted,

Jeffrey M. Eilender

Copies To:
*Pro Se* Plaintiff Tyler Erdman (by ECF)
Steven Landy, Counsel for Manhattan Place Condominium (by ECF)