**BY ECF**                                                                      December 14, 2020

The Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *Tyler Erdman v. Adam Victor, et al.* No. 20 Civ. 4162 (LGS):
        <u>Supplement Opposition to Defendant's Motion to Seal</u>

      Pursuant to the Court's December 7, 2020 order, Tyler Erdman ("Erdman" or "Plaintiff")

submits this opposition to Adam Victor's ("Victor") December 7, 2020 motion to seal a

paragraph of the Amended Complaint, which quotes an affidavit submitted by Victor (the

"Victor Aff.") in a sexual harassment action (the "Khatskevich Action") pending against him in

the New York Supreme Court.[1]

      Victor's motion to seal should be denied on both procedural and substantive grounds.

Procedurally, it is intrinsically unfair for Victor to move to seal a paragraph of Plaintiff's

complaint without providing Plaintiff the grounds for doing so. *See Lugosch v. Pyramid Co. of*

*Onondaga,* 435 F.3d 110, 119 (2d Cir. 2006) ("The common law right of public access to

judicial documents is firmly rooted in our nation's history.") All of the documents at issue on

this motion -- Victor's motion papers, the Amended Complaint, and the Victor Aff. itself -- are

indisputably "judicial documents," *i.e.*, documents filed with the court that are "relevant to the

judicial function and useful in the judicial process." *Id.* Victor also should not be rewarded for

bringing  a motion with Ex parte redcations and exhibits without asking the Court for permission

to do so.

---

[1]  This submission does not include any material sealed in this action or in any of New York state court actions to
which Victor is a party.

Substantively, Victor's motion is futile because: (1) the unredacted Amended Complaint is freely available on the internet via websites that host copies of court filings, such as Court Listener or Pacer Monitor; (2) Victor's claimed "espionage activities" were a prominent hook of the New York Post's 2015 coverage of Khatskevich Action titled "Energy titan posed as CIA spy to pressure women into sex: suit"[2]; (3) the Victor Aff. was prominently discussed in a November 17, 2020 Daily Beast article shortly after the Complaint was sealed[3]; and (4) multiple other news organizations have a copy of Victor Aff., which they obtained in the more than three-and-a-half years it remained unsealed:

At this late stage, the cat is already out of the bag and Victor's motion to seal is futile:

> While this Court has the power to seal the record at this late date, such a sealing order could not be enforced against anyone who had copied it prior to the sealing, and who would remain free to circulate or publish the opinion. Also, such an order would not limit the power or right of any participant to know about it, tell about it, or write about it.

*Johns v. International Business Machines Corp.*, 361 F.Supp.2d 184,192 (S.D.N.Y. 2005).

Websites such as Court Listener or Pacer Monitor, save copies of filing made on PACER and make them publicly accessible. A Google search shows that in the week between the Amended Complaint being filed and Victor bringing his motion to seal, those websites downloaded and made the Amended Complaint accessible, where it remains available.

Further, Victor himself has repeatedly publicized his supposed relationship with the FBI/CIA and that relationship is at issue in two sexual harassment actions pending in New York state court in which two of his former employees assert that he threatened them with retaliation from the FBI/CIA if they did not accede to his demands. *See* Khatskevich Complaint at ¶¶

---

[2] https://nypost.com/2015/10/31/energy-titan-posed-as-cia-spy-to-pressure-women-into-sex-suit/
[3] https://www.thedailybeast.com/alleged-creep-claims-he-used-steaks-and-ponies-to-spy-on-north-korea

147-162[4], Toktassynova Complaint at ¶¶ 531-562[5]. Victor's counsel in the Khatskevich Action acknowledged in open court in 2016 that Victor's supposed work for the CIA and FBI "is now in public record:"

> Ms. Khatskevich has instead decided to apply pressure to Mr. Victor in the press, outing him as an asset for U.S. Intelligence because Mr. Victor works in the information industry and he's provided information to the CIA and FBI and he's not anymore because Ms. Khatskevich has outed him. This is now in public record.

Dkt. Entry No. 901 at 4:13-18.[6]

Despite the crocodile tears shed in the quotation above, as set forth in the Khatskevich and Toktassynova complaints, Victor eagerly interjects his alleged relationship to the CIA/FBI on all manner of inappropriate occasions. Indeed, the day before he got around to filing the motion to seal, Victor filed an Affidavit in an action arising from his default on mortgages for his Manhattan Place Condominium units and one of his Gulfstream jets[7]. Victor asserted that he should not be bound by his contractual commitments because his lawyers were to blame and volunteered to tell the court how the criminal investigation against him for violations of federal campaign finance law was somehow related to "National Security" :

> It should be noted, that during this entire period, DHC knew that I was under a stressful FEC investigation for having my four children and 3 friends buy $2500 tickets to campaign dinners. This amount rarely is prosecuted, and never with asking for a 5-year penalty, and was solely because of extending non-related [sic] circumstances, which I can explain in camera to the Court, as they involve National Security. No matter how sophisticated an individual can be, one's focus would always be on fighting these types of charges rather than focusing on whether a previously trusted lawyer was taking

---

[4] https://bit.ly/YkComplaint
[5] https://bit.ly/NtComplaint
[6] https://bit.ly/YkDk901
[7] *Transnational Management Systems II, LLC et. al. v. Derby Copeland Capital, LLC et. al.* Index No. 652190/2020 Supreme Court of the State of New York County of New York

advantage. Alternatively, I am prepared to submit a second
Affidavit UNDER SEAL about these issues, if the Court so desires.

Dkt. Entry No. 98[8]

    The "stressful FEC investigation" Victor references resulted in him being fined over
$50,000 by the FEC.[9] Separately, he pled guilty to a felony.[10] While the mortgage default action
does not have the faintest national security connection, Victor insisted on importuning the Court
with his purported spycraft in a debt collection action.

    Since the motion to seal does little to actually remove the Amended Complaint from the
public domain, sealing it now will do little more than drawing attention to it. Indeed, that is
exactly what Victor appears to have done to himself in the process of making this sealing
application. The Daily Beast article stated that they had been in possession of the Victor
Affidavit since 2018. However, The Daily Beast did not publish on the matter until it saw the
November 3, 2020 letter Victor's attorney submitted in this action. That apparently led The Daily
Beast to infer that a portion of the Victor Aff. might be truthful:. "But there are signs that at least
parts of the claims may be true...Victor's request to seal the affidavit was granted, as Victor's
attorneys noted in a November filing in a separate defamation lawsuit filed against him."

    For the foregoing reasons, Plaintiff respectfully submits that Victor's application to seal
be denied.

          Respectfully submitted,


          s/Tyler Erdman
          Tyler Erdman

---

[8] https://bit.ly/DefaultAff
[9] https://www.fec.gov/files/legal/murs/current/100486767.pdf
[10]

https://www.justice.gov/opa/pr/new-york-businessman-pleads-guilty-making-illegal-campaign-contributions-candid
ates-us

Plaintiff Pro Se
917-301-0401
Tyler@Erdman.it