UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYLER ERDMAN,

                *Plaintiff*,                Case No. 20-cv-4162

        v.                                    Hon. Lorna G. Schofield

ADAM VICTOR and the BOARD
OF MANAGERS OF MANHATTAN
PLACE CONDOMINIUM

                *Defendant.*

---

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

**SCHLAM STONE & DOLAN LLP**

Jeffrey M. Eilender
John F. Whelan
26 Broadway, 19th Floor
New York, NY 10004
Phone: (212) 344-5400
Fax: (212) 344-7677
jeilender@schlamstone.com
jwhelan@schlamstone.com

       *Attorneys for Defendant Adam Victor*

**LANDY WOLF PLLC**

Steven Landy
David Wolf
270 Madison Avenue, Suite 1400
New York, NY 10016
Phone: (212) 682-8510
Fax: (212) 682-8514
slandy@landylaw.com
dwolf@landywolf.com

       *Attorneys for Defendant Board of Managers*

# **TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ................................................................................................... 1

**ARGUMENT** ................................................................................................................................ 2

**I. THE MAY 31, 2019 LETTER WAS NOT DEFAMATORY**............................................... 2

    A.     The Letter Is Absolutely Privileged Under New York Civil Rights Law § 74....... 2

    B.     The Letter Is Also Protected By The Common Interest Privilege ......................... 4

    C.     The Letter Is Not Defamatory Because It Expresses Defendants' Opinions .......... 6

    D.     Loose, Hyperbolic Statements In The Letter Are Not Defamatory ....................... 7

    E.     Plaintiff Did Not Adequately Plead Defamation Per Se Or Special Damages ....... 8

**II.    PLAINTIFF ABANDONED HIS SLANDER CLAIMS AGAINST THE CURRENT BOARD MEMBERS** ................................................................................................. 9

**III.   IN THE ALTERNATIVE, THE MOTION TO STRIKE SHOULD BE GRANTED**
................................................................................................................................................ 10

**CONCLUSION** ........................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**          **Page(s)**

*Aguirre v Best Care Agency, Inc.*,
961 F Supp 2d 427 (E.D.N.Y. 2013) ................................................................................. 4

*Bernstein v. O'Reilly*,
2019 WL 10995110, 2019 U.S. Dist LEXIS 167144 (S.D.N.Y. September 26, 2019, 17-CV-9483 (DAB)) ............................................................................................................................. 8

*Bonilla v. Smithfield Associates LLC*,
  2009 WL 4457304 (S.D.N.Y. 2009) .................................................................................. 9

*Brandon v. City of New York*,
  705 F.Supp.2d 261 (S.D.N.Y. 2010) .................................................................................. 9

*Cummings v. City of New York*,
  2020 WL 882335 (S.D.N.Y. Feb. 24, 2020) .................................................................. 1, n.1

*FCRC Modular, LLC v Skanska Modular LLC*,
  159 AD3d 413 (1st Dept. 2018) ........................................................................................ 3

*Flomenhaft v Finkelstein*,
  44 Misc. 3d 1215(A), 997 N.Y.S.2d 668 (Sup. Ct. NY County 2014) .................................... 4

*Fuji Photo Film U.S.A., Inc. v McNulty*,
  669 F Supp 2d 405, 414-415 (S.D.N.Y. 2009) .............................................................. 3, 5

*Galasso v. Saltzman*,
  42 A.D.3d 310 (1st Dep't 2007) ........................................................................................ 7

*Gillings v New York Post*,
  166 A.D.3d 584 (2d Dept. 2018) ................................................................................. 1-2, 3

*Halperin v. Salvan*,
  117 A.D.2d 544 (1st Dept. 1986) ...................................................................................... 4

*Klig v Harper's Mag. Found.*,
  2011 NY Slip Op 31173[U], *8 (Sup Ct. Nassau County 2011) .............................................. 3

*Kuczinski v. City of New York*,
  352 F. Supp. 3d 314 (S.D.N.Y. 2019) ............................................................................ 1, n.1

*Lacher v Engel*,
  33 AD3d 10 (1st Dept 2006) ........................................................................................ 4, n.5

*Lan Sang v. Ming Hai*,
  951 F.Supp.2d 504 (S.D.N.Y. 2013) .................................................................................. 4

*Lipton v. County of Orange*,

    315 F. Supp. 2d 434 (S.D.N.Y. 2004) ............................................................................... 9

*Ltd.*,
    374 F. Supp. 3d 302 (SDNY 2019) ................................................................................... 9

*Mann v. Abel*,
    10 N.Y.3d 271 (2008) ....................................................................................................... 6

*McRedmond v Sutton Place Rest. & Bar, Inc.*,
    48 AD3d 258 (1st Dept. 2008) ......................................................................................... 3

*Melius v. Glacken*,
    94 A.D.3d 959 (2d Dep't 2012) ................................................................................. 6, 12

*Mulder v. Donaldson, Lufkin & Jenrette*,
    208 A.D.2d 301 (1st Dep't 1995) ............................................................................. 4, n.5

*Neal v. Asta Funding, Inc.*,
    2014 WL 3887760 (S.D.N.Y. 2014) ................................................................................. 9

*Pecile v Titan Capital Group, LLC*,
    96 A.D.3d 543 (1st Dep't 2012) ....................................................................................... 7

*Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*,
    813 F.Supp.2d 489 (S.D.N.Y. 2011) ................................................................................. 9

*Ram v. Moritt*,
    205 A.D.2d 516, (2nd Dep't 1994) ................................................................................... 7

*Rosner v. Star Gas Partners, L.P.*,
    344 Fed. Appx. 642 (2d Cir. 2009) ................................................................................... 9

*Ruotolo v. City of N.Y.*,
    514 F.3d 184 (2d Cir.2008) .............................................................................................. 9

*Shawe v Kramer Levin Naftalis & Frankel LLP*,
    167 A.D.3d 481, 482-483 (1st Dept 2018) ............................................................... 4, n.5

*Silverman v. Clarke*, 35 A.D.3d 1 (1st Dep't 2006) .......................................................... 5, n.11

*Simms v. Marquez*,
    2008 NY Slip Op 31689(U) (Sup. Ct. NY County 2008) ............................................... 5

*Thai v. Cayre Group, Ltd.*,
    726 F.Supp.2d 323 (S.D.N.Y. 2010) ...................................................................... 1, n. 1, 6

*Trustco Bank* of N.Y. *v. Capital Newspaper Div. of Hearst Corp.*,
    213 A.D.2d 940, 942–943 (3d Dep't 1995) .................................................................. 6, 7

*Wexler v. Allegion (UK) Ltd.*,
    374 F. Supp. 3d 302, 31 (S.D.N.Y. 2019) ........................................................................ 4

*Zappin v. NYP Holdings, Inc.*,
   2018 WL 1474414 (S.D.N.Y. Mar. 26, 2018), aff'd, 769 F. App'x 5 (2d Cir. 2019) ........ 1, n.1

**Statutes**

N.Y. C.P.L.R. 3211 ............................................................................................................. 7
N.Y. Civ. Rights Law § 74 ................................................................................................ 2
Fed. R. Civ. P. 12 ............................................................................................................ 1, 2

Defendants Adam Victor ("Victor"), by his attorneys, Schlam Stone & Dolan LLP, and The Board of Managers of the Manhattan Place Condominium (the "Board"), by its attorneys, Landy Wolf PLLC, respectfully submit this reply memorandum of law in further support of their joint motion to dismiss the amended complaint ("Am. Compl.") filed by *pro se* Plaintiff Tyler Erdman ("Plaintiff" or "Erdman"), or, in the alternative, to strike scandalous and impertinent statements which Erdman gratuitously inserted into the Amended Complaint.

## PRELIMINARY STATEMENT

Defendants' motion to dismiss the Amended Complaint pursuant to F.R.C.P. 12(b)(6) should be granted because Plaintiff does not and cannot state a claim upon which relief can be granted. As shown in Defendants' opening brief ("Br."), Erdman's defamation claim is barred by the judicial reporting privilege, the common interest privilege, the absolute privilege afforded to opinions, the privilege afforded to loose, hyperbolic language, and by Erdman's failure to plead either defamation *per se* or any cognizable damages. In response to Defendants' legal arguments, Plaintiff's opposition brief ("Opp.") just repeats the confusing and irrelevant accusations that are subject to Defendants' motion to strike scandalous and impertinent allegations.

The opposition consists primarily of Plaintiff's unsupported contention that the motion should be denied because it is based on the affirmative defense of privilege as opposed to omissions in the pleading itself. Plaintiff's interpretation of the law is wrong. Plaintiff notably fails to account for any of the four recent Southern District decisions cited by Defendants, including one which was affirmed by the Second Circuit, dismissing defamation claims under F.R.C.P. 12(b)(6) because the statements in issue were privileged.[1] Plaintiff even cites to *Gillings v New York Post*,

---

[1] *Cummings v. City of New York*, 2020 WL 882335 (S.D.N.Y. Feb. 24, 2020); *Kuczinski v. City of New York*, 352 F. Supp. 3d 314 (S.D.N.Y. 2019); *Zappin v. NYP Holdings, Inc.*, 2018 WL 1474414 (S.D.N.Y. Mar. 26, 2018), *aff'd*, 769 F. App'x 5 (2d Cir. 2019); and *Thai v. Cayre Group, Ltd.*, 726 F.Supp.2d 323 (S.D.N.Y. 2010).

1

166 A.D.3d 584 (2d Dept. 2018), where the Appellate Division affirmed the dismissal of a defamation action on the state court equivalent of F.R.C.P. 12(b)(6), because the statements at issue were privileged. (Opp. at 14.) Erdman's argument must also be rejected because the privileges upon which Defendants rely can be discerned directly from the four corners of the Amended Complaint itself, without the introduction of any additional material.

Plaintiff also ignores the argument that the Amended Complaint must be dismissed insofar as it is based upon allegedly slanderous oral statements made by other Board members, none of whom ever served with Victor. Even under the most lenient interpretation of the law, Erdman's inability to plead slander with specificity is fatal to his claim, and his total failure to respond to the Board's argument constitutes his abandonment of those claims.

## ARGUMENT

### I. THE MAY 31, 2019 LETTER WAS NOT DEFAMATORY

Under New York law[2], the May 31, 2019 letter (the "Letter") from Victor to his fellow Manhattan Place Condominium ("MPC") unit owners was subject to various absolute and qualified privileges. Accordingly, nothing in the Letter is actionable as defamation.

    A.    <u>The Letter Is Absolutely Privileged Under New York Civil Rights Law § 74</u>

Plaintiff argues that the Letter is not a "report" about a judicial proceeding because it addresses ancillary issues, such as the use of MPC funds to defend the underlying lawsuits. However, the issue before the Court is not whether the entire Letter is a report on a judicial proceeding, but whether the two allegedly defamatory statements found in the Letter constitute a report on a judicial proceeding. The only two statements presently in issue are the statement that Erdman has been engaged in "extortionate" conduct by bringing the lawsuits, and the statement

---

[2] Erdman does not dispute or even address Defendants' contention that this action is governed by New York law. In the absence of any opposition on this point, the Court should adhere to the cases cited by Defendants. (Br. At 6.)

2

that he "falsely" claimed to be an MPC employee. (Am. Compl., ¶¶ 96–97.)[3] Those two discrete statements unquestionably constitute a report about the underlying lawsuits. The standard for determining whether a statement constitutes a protected report is extraordinarily broad and forgiving. The judicial reporting privilege applies unless it is "*impossible* for the ordinary…reader" to determine that the statements related to a judicial proceeding. *Gillings v New York Post*, 166 A.D.3d 584, 586 (2nd Dept. 2018) (emphasis added).

Plaintiff also argues that Victor does not explicitly refer to his statements as defenses that were actually pled in the underlying lawsuit. Erdman's argument ignores that, in deciding whether the privilege applies, "[t]he challenged language…should not be dissected and analyzed with a lexicographer's precision." *Fuji Photo Film U.S.A., Inc. v McNulty*, 669 F Supp 2d 405, 414-415 (S.D.N.Y. 2009) (applying privilege to memorandum distributed to employees) (internal citations omitted). Plaintiff's requirement would impose a level of precision that is not required. *See Klig v Harper's Mag. Found.*, 2011 NY Slip Op 31173[U], *8 (Sup Ct, Nassau County 2011) (ruling that use of word "alleged" is not necessary for privilege to apply).[4]

Plaintiff asserts that the Letter is not "fair and true" because he actually was an MPC employee. But the proper inquiry is whether the statements are substantially accurate characterization of the defenses asserted in the underlying action. *See FCRC Modular, LLC v Skanska Modular LLC*, 159 AD3d 413, 416 (1st Dept. 2018) (dismissing claim for libel since press release merely restated allegations of complaint); *McRedmond v Sutton Place Rest. & Bar, Inc.*, 48 AD3d 258, 259 (1st Dept. 2008) (dismissing defamation claim since statements essentially

---

[3] For similar reasons, this Court must also reject Plaintiff's argument that the letter is not "fair and true" because someone has challenged Victor's contentions concerning the funding of the lawsuits.

[4] Indeed, if a plaintiff in a lawsuit explicitly states that he or she is suing a defendant, and then went on to describe negative conduct by the defendant that was consistent with the allegations in his or her complaint, it would be obvious to an ordinary reader that plaintiff was summarizing the allegations of the lawsuit. It should be no less obvious when a defendant references that he or she is being sued, and then describes negative conduct concerning the plaintiff, that he or she is addressing the defenses to the suit.

3

summarize or restate the allegations of the complaint); *Aguirre v Best Care Agency, Inc.*, 961 F Supp 2d 427, 459 (E.D.N.Y. 2013) (protecting out of court statements made by Plaintiff and counsel as substantially accurate characterizations of the complaint). Whether the defenses have merit is not part of the calculus. A party's mere recitation of its contention in litigation is thus protected under the privilege.[5] Plaintiff's reliance on both *Lan Sang v. Ming Hai*, 951 F.Supp.2d 504, 524 (S.D.N.Y. 2013) (dismissing claims as to those statements actually challenged under the fair reporting privilege) and Victor's deposition testimony are misplaced. [6]

Plaintiff also argues that the privilege is inapplicable because of Defendants' malice. However, the privilege "confers an absolute immunity, regardless of proof of malice or negligence, upon any person who publishes a 'fair and true report' of a judicial [proceeding]." *Wexler v. Allegion (UK) Ltd.*, 374 F. Supp. 3d 302, 311 (S.D.N.Y. 2019) (internal citation omitted). *Halperin v. Salvan*, 117 A.D.2d 544, 578 (1st Dept. 1986), cited by Plaintiff, has "waned in precedential value, and when it is cited, it is distinguished." *Flomenhaft v Finkelstein*, 44 Misc. 3d 1215(A), 997 N.Y.S.2d 668 (Sup. Ct. NY County 2014).[7]

    B. <u>The Letter Is Also Protected By The Common Interest Privilege</u>

Erdman alleges that Victor published defamatory statements about him in a Letter he sent to other MPC unit owners, summarizing various matters of importance to the condo, including the underlying lawsuit by Erdman against MPC. Defendants and the other unit owners all share a common interest in the outcome of the underlying lawsuit, and Erdman does not allege publication

---

[5] *Shawe v Kramer Levin Naftalis & Frankel LLP*, 167 A.D.3d 481, 482-483 (1st Dept 2018) (protecting comment that plaintiff was "holding Elting hostage" as similar to language used by Court in summarizing Elting's position); *Lacher v Engel*, 33 AD3d 10, 17 (1st Dept 2006) (statement by attorney that clients were "very poorly served" by former attorney was protected as characterization of claim); *Mulder v. Donaldson, Lufkin & Jenrette*, 208 A.D.2d 301, 310 (1st Dep't 1995) (dismissing slander claim since party's statement in newspaper was a substantially accurate description of its position in the arbitration proceeding and thus privileged.)

[6] Victor was asked how Erdman attempted to extort him. His identification of the filing of the counterclaim itself, as well as the naming of MPC, is consistent with his defense of unclean hands. (Erdman Decl. Ex. 10 at 923:10-17.)

[7] Critically, Plaintiff is not contending that the claims by Victor were made for the sole purpose of defaming him.

to anyone outside the condominium.[8] Thus, the defense of the common interest privilege arises based on facts alleged within the four corners of the Amended Complaint.[9]

Nevertheless, Erdman argues that the common interest privilege does not apply because Victor and the Board are "adversaries" in a "multitude of lawsuits between them" (Opp. at 18). Be that as it may, the common interest privilege applies to statements made between people "who share a common interest in the subject matter." *Fuji Photo Film U.S.A., Inc.*, 669 F.Supp.2d at 412.[10] Here, the subject matter of the Letter was Erdman's lawsuit against MPC, which is a matter of interest to all unit owners. *See, e.g., Simms v. Marquez*, 2008 NY Slip Op 31689(U) (Sup. Ct. NY County 2008) (holding common interest privilege applies to statements made between condominium unit owners). Plaintiff does not and cannot allege any factual basis for concluding that Victor and the other unit owners do not share a common interest in defeating Erdman's lawsuit against MPC, especially where, as here, MPC cannot be found liable in the lawsuits unless Victor is found liable. It is black-letter law that they have a common interest.[11]

Erdman also cites the *Fuji Photo Film U.S.A.* decision for the proposition that the common interest privilege is inapplicable because the statements in the Letter were motivated solely by malice. (Opp. at 21.) However, the *Fuji Photo* Court also held that "[m]ere conclusory allegations, or charges based upon surmise, conjecture, and suspicion are insufficient to defeat the qualified privilege." 669 F.Supp.2d at 412. Where, as here, the plaintiff fails to plead facts supporting the

---

[8] Erdman is not and never was a unit owner, tenant or resident of the Condominium.

[9] Erdman cites two cases ostensibly for the proposition that Defendants' affirmative defenses are raised prematurely on this motion. (Opp. at 13-14.) The two cases Plaintiff cites are distinguishable because the defenses in those two actions were fact-intensive and did not appear on the face of the complaint. All of the defenses raised on this motion are based on factual matters appearing in the four corners of the Am. Compl.

[10] Contrary to Erdman's fanciful position, there is no requirement that the proponent of the common interest privilege demonstrate a total unity of interest on any and all conceivable matters.

[11] By comparison, Erdman cites *Silverman v. Clarke*, 35 A.D.3d 1 (1st Dep't 2006), where the common interest privilege did not apply to statements made by an attorney to his former clients, which were disparaging of the plaintiff, his former employee. Here, unlike the unusual facts of *Silverman*, all of the unit owners, including Victor, share an interest in defeating Erdman's underlying claims against MPC and they should be afforded the privilege of speaking freely about Erdman's lawsuit.

inference of malice, the privilege cannot be defeated. *See Thai v. Cayre Group, Ltd.*, 726 F.Supp.2d 323, 334 (S.D.N.Y. 2010).[12]

### C. The Letter Is Not Defamatory Because It Expresses Defendants' Opinions

In Victor's opinion, Erdman's claims against MPC are false and a type of extortion. Such statements of opinion are protected under New York law. *See Melius v. Glacken*, 94 A.D.3d 959, 959–60 (2d Dep't 2012) (describing plaintiff as an "extortionist" was not defamatory because statement "was conveying the defendant's opinion as to the merits of the plaintiff's lawsuit"); *Trustco Bank of N.Y. v. Capital Newspaper Div. of Hearst Corp.*, 213 A.D.2d 940, 942–943 (3d Dep't 1995) (same). In opposition, Erdman cites to two factually distinguishable decisions by New York courts from the 1930's and 1960's, and a third court sitting in California. (Opp. at 23.) This Court should follow the recent, on-point New York authority cited in Defendants' brief, not Plaintiff's outdated, non-controlling authority.

Erdman's opposition makes two basic arguments. First, Erdman concedes that the Letter is susceptible to a non-defamatory interpretation, but argues that the Court should not accept such an interpretation in light of the standards that apply on a motion to dismiss. (Opp. at 23.) Second, Erdman argues that determining whether the Letter includes statements of opinion, as opposed to statements of fact, presents an issue of fact that cannot be decided in Defendants' favor on this motion. *Id*. However, "[w]hether a particular statement constitutes an opinion or an objective fact is a question of law." *Mann v. Abel*, 10 N.Y.3d 271, 276 (2008). New York Courts have repeatedly

---

[12] Defendants' opening brief explains that Plaintiff's allegations of malice also fail because he alleges other, non-malicious motives for sending the letter. (Br. at 10-11.) Although Erdman argues that Defendants are wrong, he notably fails to cite any authority for his position. (Opp. at 22.). Plaintiff's allegations of malice also ring particularly hollow because the Letter does not even identify him by name. If the Defendants were acting maliciously, they certainly would have identified Erdman by name.

6

held that similar statements to those in the Letter are non-actionable statements of opinion. *See Melius*, 94 A.D.3d at 959–60; *Trustco Bank of N.Y.,* 213 A.D.2d at 942-943.

In support of his argument, Plaintiff cites a sentence from the Letter in which Victor repeated the well-known adage that people were entitled to their own opinions about him, not their own facts. (Opp. at 22.) Plaintiff takes this phrase out of context and spins it to mean that the statements about Erdman were presented as fact, not opinion or hyperbole. When read in context, the adage is preceded by Victor's statement summarizing audit results showing that "*MPC has never paid any legal fees for these...lawsuits*." (Whelan Decl. Ex. 2 at 3.) (italics in original). Thus, Victor is referring to the factual nature of the audit results; he is not instructing the reader to accept his opinions about Erdman as facts.

### D. Loose, Hyperbolic Statements In The Letter Are Not Defamatory

Under New York law, hyperbolic statements are not actionable as defamation. *See Pecile v Titan Capital Group, LLC*, 96 A.D.3d 543, 544 (1st Dep't 2012) (granting pre-answer motion to dismiss defamation claim because statement describing prior lawsuit as a "shakedown" was hyperbole and did not mean speaker was seriously accusing plaintiff of the crime of extortion). Calling someone a liar, a cheat, or a criminal in the context of a heated dispute does not constitute defamation. *See Galasso v. Saltzman*, 42 A.D.3d 310, 311 (1st Dep't 2007); *see also Ram v. Moritt*, 205 A.D.2d 516, 517 (2nd Dep't 1994) (calling plaintiff a "liar" and "cheat" constituted nonactionable rhetorical hyperbole). In opposition, Plaintiff argues that the statements in issue were not hyperbolic, and that on a motion to dismiss, the Court should not strain itself to read the Letter in a light most favorable to the Defendants. (Opp. at 23.) However, the *Pecile*, *Galasso* and *Ram* decisions, *supra*, all held that the statements in issue were not actionable as a matter of law, and either granted or affirmed the granting of pre-answer motions to dismiss brought under

7

C.P.L.R. 3211. The same is true here. Even on a motion to dismiss, the Letter cannot reasonably be interpreted as accusing the Plaintiff of committing the crime of extortion. *See also Bernstein v. O'Reilly*, 2019 WL 10995110, 2019 U.S. Dist. LEXIS 167144, *14-15 (S.D.N.Y. September 26, 2019, 17-CV-9483 (DAB)).

      E.      <u>Plaintiff Did Not Adequately Plead Defamation Per Se Or Special Damages</u>

Plaintiff argues that he has pled defamation *per se* because extortion is a felony under New York State's penal code and a serious offense under federal law. However, Defendants' accusations of extortion cannot be defamation per se, where, as explained directly above, they are loose and hyperbolic. *See Bernstein*, 2019 WL 10995110, 2019 U.S. Dist. LEXIS 167144, *14-15 (dismissing defamation claim on F.R.C.P. 12(b)(6) motion relating to statement that plaintiff was "an extortionate, 'politically-motivated' liar" because statements "…do not reasonably convey that Plaintiff committed the crime of extortion."). As detailed in Defendants' opening brief, the standard for pleading a "serious crime" is quite high and accusing Plaintiff of having stolen documents does not rise to the actionable level. Plaintiff failed to respond to this point and, therefore, to the extent his claims are based on allegations that he "stole" documents, his claims should be deemed abandoned. *See* Point I.D, *supra*.

Plaintiff also does not respond with legal authority to Defendants' arguments regarding whether special damages have been adequately pled, but merely restates the same conclusory allegations concerning damages that are in his Amended Complaint. (Opp. at 24.) Plaintiff does not even address why his contention that Defendants' statements destroyed any possibility of settlement with MPC is not too speculative to qualify as special damages. Unit owners do not have the legal authority to settle a lawsuit against the condominium. (Br. at 14.) Simply put, Plaintiff has failed to adequately plead special damages.

## II. PLAINTIFF ABANDONED HIS SLANDER CLAIMS AGAINST THE CURRENT BOARD MEMBERS

In addition to claims based on the Letter, Plaintiff vaguely alleges that he was defamed by members of the current Board in various statements made at unspecified times to unspecified unit owners. Under New York law, the Amended Complaint is deficient because Plaintiff fails to identify the time the statements were allegedly made and to whom the statements were allegedly made. *Neal v. Asta Funding, Inc.*, 2014 WL 3887760 (S.D.N.Y. 2014); *Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*, 813 F.Supp.2d 489 (S.D.N.Y. 2011). Erdman did not respond to these arguments in Defendants' moving papers. (Br. At 15-17.) Accordingly, to the extent the Amended Complaint is based on these oral statements, it should dismissed as abandoned. *See Lipton v. County of Orange*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004) ("This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to . . . arguments that the claim should be dismissed."); *Bonilla v. Smithfield Associates LLC*, 2009 WL 4457304, at *4 (S.D.N.Y. 2009) (applying abandonment doctrine to F.R.C.P. 12(b)(6) motion); *Brandon v. City of New York*, 705 F.Supp.2d 261, 268 (S.D.N.Y. 2010) (collecting cases).

Plaintiff was warned about these deficiencies well before he amended his complaint, but failed to cure any of the defects in his Amended Complaint despite being on notice of the need to do so.[13] Under these circumstances, Erdman should not be granted leave to further amend. *See Ruotolo v. City of N.Y.*, 514 F.3d 184, 192 (2d Cir.2008) (courts may deny leave to amend when plaintiff had an opportunity to assert amendment earlier but waited until after dismissal to seek leave to amend); *Rosner v. Star Gas Partners, L.P.*, 344 Fed. Appx. 642, 645 (2d Cir. 2009)

---

[13] In its September 24, 2020 pre-motion letter to the Court (Dkt. No. 14), the Board suggested that this ground for dismissal could be obviated by an amendment to the Complaint. The parties then agreed to give Plaintiff until October 26, 2020 to amend. *See* Dkt. No. 16 (Oct. 2, 2020 Ltr. from Steven Landy, Esq. to the Court).

9

(holding district court properly dismissed with prejudice and without leave to amend where plaintiffs were given opportunity to amend in a pre-motion conference, but chose not to do so).

### III. IN THE ALTERNATIVE, THE MOTION TO STRIKE SHOULD BE GRANTED

Plaintiff insists that the paragraphs of his Amended Complaint subject to Defendants' motion to strike should not be struck since they relate to the "lack of a common interest between Victor and the Unit Owners…" (Opp. at 25.) However, none of the allegations at issue relate to whether Victor and MPC share a common interest in defeating the two lawsuits' underlying allegations. Allegations regarding things like water leaks go well beyond even the irrelevant issue of whether Victor and MPC have a common interest regarding the funding of the lawsuits' defenses. The other allegations subject to the motion to strike are even further removed from any purported lack of common interest regarding the two lawsuits.

### CONCLUSION

For the reasons set forth above, Defendants' joint motion to dismiss the Amended Complaint should be granted in its entirety. In the alternative, the Court should strike all impertinent and scandalous allegations from the Amended Complaint

Dated: December 29, 2020
New York, NY

**Schlam Stone & Dolan LLP**
By: /s/ John F. Whelan
Jeffrey M. Eilender
John F. Whelan
26 Broadway
New York, New York 10004     -and-
Telephone: (212) 344-5400
Facsimile: (212) 344-7677
jeilender@schlamstone.com
jwhelan@schlamstone.com
*Attorneys for Defendant Adam Victor*

**Landy Wolf PLLC**
By: /s/ Steven Landy
Steven Landy
David A. Wolf
270 Madison Ave., Suite 1400
New York, New York 10016
Tel. (212) 682-8510
Fax: (212) 682-8514
slandy@landywolf.com
dwolf@landywolf.com
*Attorneys for Defendant Board of Managers*