Jeffrey M. Eilender
Partner

212 612-1212
jeilender@schlamstone.com

**SCHLAM STONE & DOLAN LLP**

26 Broadway, New York, NY 10004
Main: 212 344-5400   Fax: 212 344-7677
schlamstone.com

February 10, 2021

BY ECF
Hon. Gabriel W. Gorenstein
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Erdman v. Victor et al.*, 20-CV-04162-LGS

Dear Judge Gorenstein:

This firm represents Defendant Adam Victor in the above-captioned defamation action brought by *Pro Se* Plaintiff Tyler Erdman. I write in response to Mr. Erdman's letter, dated February 9, 2021, in which Mr. Erdman requests a pre-motion conference regarding a motion to disqualify my firm, Schlam Stone & Dolan LLP ("SSD").

Plaintiff previously made a letter-motion for leave to disqualify SSD in December 2020. In his letter-motion (ECF No. 40), Plaintiff argued that there was a conflict because: 1) Mr. Victor confessed a judgment to SSD relating to fees for expert services advanced by SSD in *Transnational Management Systems, LLC et al v. Pegasus Elite Aviation*, Case No. LC 100724, pending in California Superior Court ("*Pegasus*"); 2) SSD cited a conflict in its motion to withdraw in *Pegasus*; and 3) Mr. Victor accused SSD of fraud and malpractice in *Pegasus*. In response (ECF No. 42), SSD argued, among other things, that Plaintiff lacked standing to bring a motion to disqualify, that the confession of judgment did not create a conflict of interest, that Mr. Victor's accusations of fraud were specific to *Pegasus*, and that it would be more efficient to address the issue after the Court rules on Defendants' fully-briefed motion to dismiss. Judge Schofield denied Plaintiff's request for leave "without prejudice to renewal *after* the Court's decision on Defendants' motion to dismiss." (ECF No. 44.) (emphasis added).

Plaintiff's new letter, which seeks the same relief that Judge Schofield denied, suggests that SSD's motions to withdraw from representing Mr. Victor in other actions are tacit admissions that his contentions about a conflict of interest between SSD and Mr. Victor are true. However, Plaintiff fails to address the Court's entire point about judicial efficiency—there will be no need for this Court to address this issue if the motion to dismiss is granted, and there is no possible prejudice to any party. Plaintiff also ignores that the reason for withdrawal cited in the actions in New York State Supreme Court are not that there is a conflict of interest, but rather that SSD's representation of Mr. Victor has been made "unreasonably difficult" and that the relationship between our firm and

Hon. Gabriel W. Gorenstein
February 10, 2021
Page 2 of 2 Pages

Mr. Victor has irretrievably broken down pursuant to N.Y. Comp. Codes R. & Regs. Tit. 22, § 1200.0 [Rule 1.16(c)(7)].

SSD respectfully submits that there is no reason to revisit Judge Schofield's decision to defer consideration of these issues until after the Court rules on Defendants' motion to dismiss. Alternatively, if Your Honor is inclined that this issue be addressed sooner, we respectfully request leave to move to withdraw in lieu of having a pre-motion conference.

Respectfully submitted,

Jeffrey M. Eilender

Copies To:
*Pro Se* Plaintiff Tyler Erdman (by ECF)
Steven Landy, Counsel for Manhattan Place Condominium (by ECF)