# MEMORANDUM ENDORSEMENT

**BY ECF** February 9, 2020

The Honorable Gabriel W. Gorenstein
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, New York 10007

      Re: *Tyler Erdman v. Adam Victor, et al.* No. 20 Civ. 4162 (LGS):
        <u>Request for Pre-motion Conference</u>

Dear Magistrate Judge Gorenstein:

  I write to seek a pre-motion conference regarding a motion to disqualify Defendant Adam Victor's ("Victor") counsel, Schlam Stone & Dolan ("SSD"). In December 2020 I had made an application for the same and the Court deferred it until after it ruled on Defendants' Motion to Dismiss. In the time since, the situation regarding SSD has changed dramatically with Courts in New York and the District of Columbia ruling on the topic. Accordingly I believe the current facts require that such a motion be made as soon as possible.

  My previous application noted that SSD had obtained a $166,000 Judgment against Victor, and had withdrawn from representing Victor in California asserting that a conflict had arisen. Victor explained the conflict as such in opposition to one of their motions to withdraw:

> *"My issue with Schlam was with Jon Mazer and Niall, rising out of my California case - where Jon Mazer, in my opinion, fraudulently induced me to hire a purported "expert" in aviation (which resulted in the $166,000 Confession of Judgement in question in the first place) - when that purported "expert," in fact had **no** knowledge of aviation. As long as Schlam Stone has personal* [sic] *other than Jon Mazer and Niall on this case, I see no conflict and would want your continued representation."*[1]

  SSD had told this Court that their conflict was limited to that Californian action, since making that claim they withdrew from three additional actions in which they represented Victor. This action is the sole remnant of their attorney client relationship. In all of those three actions SSD has claimed that they had no issue continuing their representation, until they face a motion to disqualify which then made them move to withdraw.

  SSD was representing Victor in the District of Columbia in a defamation action filed against one of Plaintiff's former coworkers, Yevgenia Khatskevich. Victor claimed that he was defamed when she wrote a letter to the Judge that was sentencing him for a felony[2]. There is currently a motion to dismiss and for SLAAP penalties pending. Last December SSD asked for an adjournment saying that Niall (whom Victor accused of fraud) would be replaced by another lawyer at the firm.

  Khatskevich wrote SSD on December 23, 2020 asking them to voluntarily withdraw rather than her having to move to disqualify them. SSD declined stating there was "no basis for you to move to disqualify this firm, and certainly no basis for you to demand sanctions if we do not move to withdraw on your schedule". After that discussion, Victor's local counsel moved to withdraw from the action. Khtaskevhcih filed a motion to disqualify on January 8, 2021. On

---

[1] http://bit.ly/VictorWithdrawlEmail
[2] http://bit.ly/VictorDOJpressRelease

January 13th, SSD offered to withdraw the action if Khtaskevich would not pursue SLAAP sanctions. After she declined their offer, they moved to withdraw on January 19th. The next day they opposed Khtasketcich's motion claiming it was now moot and offered no further defenses. Victor did not oppose either withdrawal motion. The Judge in that action granted all of Victor's attorneys leave to withdraw stating:

> *"The last section of Ms. Khatskevich's brief is entitled "SSD Has to Exit This Litigation," and SSD has now done so...The timing of SSD's withdrawal motion understandably frustrates Ms. Khatskevich. But even if SSD should have decided to withdraw before Ms. Khtaskevich filed her disqualification motion, it is better for wisdom to come late than not at all."*

While SSD claims that their conflict in this action can be dealt with later, in the exact same scenario prior to a ruling on a motion to dismiss that has yet to be argued, their conflict still managed to create unnecessary delay by postponing a status conference for the fifth time, forcing unnecessary motion practice, only for them to withdraw anyway.

Delay tactics are nothing new to Victor who is a serial litigant. His strategy is dependent on abusing whichever Court he is in front of to increase his adversaries' costs and defend himself through delay. Victor explained "how you fuck with people" on audio recordings as he spoke about how his tactics applied in Small Claims court:

> *"And you know what I would do, I'd basically immediately go down to small claims court right now and I'd sue for $5,000. It costs you $7 go sue for $5,000. They have to have a lawyer. And just say smoke damage from your clothes. And they have to show up with a lawyer, because it's a corporation. And if they show up without a lawyer, just say you honor, they're a corporation, they must be represented by a lawyer or it's a default judgment. ... You make them spend money. And they basically. It's going to be cheaper for them to give you $5,000 than to have a lawyer. And then when the lawyer shows up, you say 'oh, you know I wanted to have my own lawyer. So I basically want a postponement. And then you come back three weeks later and say my lawyer couldn't make it today. So they have to bring their lawyer down three times. They're gonna basically spend probably 15 hours, it's probably gonna be $1,000 an hour, close to $15,000 in legal fees. This is how you fuck with people... Go down to 111 Centre Street."*[3]

This has been Victor's strategy in New York State Court, where he has been delaying 2014 cases to the point they still haven't finished discovery, including one against Plaintiff. Shortly before a hearing was scheduled, SSD told the Court one of the attorneys, Niall was leaving the case and that they were not going to prepare for an in camera review as ordered. When the hearing began, attorneys for Manhattan Place Condominium told the Court of the ethical issues facing SSD, namely they cannot represent Victor while they have a $166,000 judgement against him. (SSD had previously also represented Manhattan Place in those state actions and others after Victor hired them unilaterally without Board approval. They withdrew citing a conflict after disclosing privileged information to the Court without authorization.)

The Court discussed the issue, with SSD arguing that they didn't have an ethical issue, attempting to frame their actual judgment as just a confession of judgment as they had in their previous letter to this Court. Justice Halger surmised that SSDs' efforts at judgment collection

---

[3] http://bit.ly/VictorSmallClaims

against a client they were currently representing was beyond the pale; akin to going after the "big gelt, not just the little Hanukkah gelt", adding that he was certain that Victor would be suing SSD in the near future. A briefing schedule regarding SSD's fitness to continue their representation was ordered. Shortly thereafter SSD moved to withdraw from both of the actions in front of that Court.

Victor opposed their withdrawal[4], claiming he would be unable to retain new attorneys until the end of the pandemic. "As someone who falls in the danger category of COVID...I will need 60 days from the date that the COVID emergency is over, and all trials resume in person to get competent counsel. As mentioned, this process requires in person meetings with prospective new counsel."

 Victor's sudden aversion to in person meetings is at odds with his actions in California. He was given the choice to conduct that trial remotely. Rather than doing so he tried to force SSD to conduct it in person. (They then went on to cite that as a factor in their withdrawal.) After replacing SSD, Victor as recently as December has been traveling to Los Angeles until he was forced to conduct the remaining proceedings remotely.

Victor previously testified that he had met at least two of his attorneys in person. Rather than finding them after a long thoughtful process, he instead said he met one at the gym and another at a Judo camp. If he could only find lawyers fortuitously, he would be just as likely to find one browsing Facebook or if he contacted the insurance company that assigned Schalm Stone to him and asked for a replacement.

While Victor's claims of needing the pandemic to end in order to find new attorneys is dubious, if taken at his word, it is vital to deal with any conflict between him and SSD to avoid causing unnecessary delays in this action. If his claims are taken in the context of Victor seeking to delay this action like he has others, it is equally vital to put this issue to rest to avoid giving Victor the opportunity to create further delay down the line.

Beyond that SSD has requested oral arguments despite the conflict they have with their own client. If oral arguments are granted, any issues with their representation would need to be dealt with prior to them occurring. In the event that dismissal is granted, Victor would suffer little predice if he has to retain new counsel only for them to wait for an ECF notification. Victor has three separate New York law firms representing him in various matters besides SSD. Two of them have even been attorney of record in a New York Supreme Court action involving Victor and Plaintiff.

Plaintiff has contacted SSD in an attempt to resolve this issue and received no response. Accordingly, Plaintiff respectfully requests a pre-motion conference regarding the disqualification of Schalm Stone as soon as possible. Plaintiff is prepared to file such a motion within two weeks. In the alternative if the Court does not wish to hold a conference, it should order Schalm Stone to affirm that they will remain as attorneys of record for Victor beyond the motion to dismiss to ensure proceedings can continue without delay.

**Judge Schofield has already ruled (in Docket # 44) that the contemplated motion should be made after the disposition of the motion to dismiss.   The Court adheres to that ruling.**

Respectfully submitted,

/s/Tyler Erdman
Tyler Erdman
Plaintiff Pro Se
917-301-0401
Tyler@Erdman.it

**SO ORDERED.
February 10, 2021**


GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[4] http://bit.ly/VictorWithdrawlEmail