UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
   TYLER ERDMAN,
                            Plaintiff

                       20 Civ. 4162 (LGS)
        -against-

                       ORDER
   ADAM VICTOR, et al.,
                            Defendants.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, Defendant Adam Victor filed a motion to seal or redact paragraph 48 of the Amended Complaint (Dkt. Nos. 33).

      WHEREAS, Plaintiff filed responses opposing Defendant Victor's request (Dkt. Nos. 29 & 43).

      WHEREAS, a three-part inquiry determines whether to seal a document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *accord Saadeh v. Kagan*, No. 20 Civ. 1945, 2021 WL 965334, at *2 (S.D.N.Y. March 15, 2021). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119 (internal quotation marks omitted). The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* The third step is to balance against the presumption any "competing considerations" such as "impairing law enforcement[,] judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* at 120. In weighing the presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents only "if specific, on the record findings are

made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, the presumption of public access applies. The paragraph Defendant Victor seeks to seal is part of the Amended Complaint filed by Plaintiff. A complaint is subject to the common law presumption of access. *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 140 (2d Cir. 2016) (holding that a complaint is a judicial record subject to a presumption of public access); *accord Saadeh*, 2021 WL 965334, at *2.

WHEREAS, the weight of the presumption is very low because paragraph 48 plays a negligible role in the exercise of Article III judicial power. Paragraph 48 is entirely redundant of other allegations in the Amended Complaint. Paragraph 48 is also immaterial to Plaintiff's defamation claim. Paragraph 48 relates to conduct distant in time from the alleged defamatory statements and has no bearing whatsoever on the merits of Plaintiff's claim. Because paragraph 48 is immaterial and redundant it plays a negligible role in the exercise of Article III judicial power. *See United States v. Gatto*, No. 17 Crim. 686, 2019 WL 4194569, at *8 (S.D.N.Y. Sept. 3, 2019) (holding that immaterial documents play "a negligible if any role in the exercise of Article III judicial power").

WHEREAS, paragraph 48 relates to domestic law enforcement activity and matters of national security. Those interests outweigh the presumption of access to paragraph 48. *See Lugosch*, 435 F.3d at 120 (law enforcement); *United States v. Aref*, 533 F.3d 72, 83 (2d Cir. 2008) (national security).

WHEREAS, the First Amendment presumption of access applies to the Amended Complaint. *See Bernstein*, 814 F.3d at 141; *accord Saadeh*, 2021 WL 965334, at *2. But the presumption is outweighed by specific countervailing factors. Sealing is essential to preserving

the higher interests of law enforcement activity and national security.  Sealing a single paragraph of the 167-paragraph Amended Complaint is narrowly tailored to serving those interests.  It is hereby

**ORDERED** that Defendant Victor's application to seal paragraph 48 of the Amended Complaint is GRANTED.  All materials submitted with redactions or under seal in relation to Defendant Victor's application will remain under seal.  The parties are directed to confer and then publicly file a redacted version of the Amended Complaint consistent with this Order by May 3, 2021.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. No. 33 and to mail a copy of this Order to pro se Plaintiff.

Dated: April 26, 2021
      New York, New York

                                        **LORNA G. SCHOFIELD**
                                      **UNITED STATES DISTRICT JUDGE**