UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
TYLER ERDMAN,                                               :
                        Plaintiff,  :
                                                            :   20 Civ. 4162 (LGS)
              -against-                            :
                                                            :   **OPINION AND ORDER**
ADAM VICTOR, et al.,                                        :
                       Defendants.  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Pro se Plaintiff Tyler Erdman brings this defamation action against Defendants Adam Victor and the Board of Managers ("Board") of Manhattan Place Condominium ("MPC"). Defendants move to dismiss the Amended Complaint (the "Complaint") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion is granted.

**I.    BACKGROUND**

      The following facts are taken from the Complaint and are assumed to be true for purposes of this motion. *See R.M. Bacon, LLC v. Saint-Gobain Performance Plastics Corp.*, 959 F.3d 509, 512 (2d Cir. 2020).

      Defendant Adam Victor served as the President of the Board of MPC for several decades. Plaintiff worked for Victor for several years until the summer of 2013. In 2014, Plaintiff assisted his then-girlfriend in bringing a lawsuit against Victor and MPC. Plaintiff and Defendants then engaged in litigation in state courts in New York and Delaware. Victor made efforts to conceal the litigation from the Board.

In 2019, unit owners at MPC and Board members became aware of the litigation involving Plaintiff. Plaintiff met with Board members to discuss the litigation and potential settlement. Victor took steps to prevent Plaintiff from speaking with Board members.

On May 31, 2019, Victor sent a letter, as a member of the Board, related to the litigation and other matters. The letter stated, in part:

> Additionally, I have been accused of using building funds to defend two lawsuits against me, my companies, and MPC, by two people -- boyfriend and girlfriend -- both falsely claiming to have been "employees" of MPC in 2012-2013. Neither were ever employees of MPC. MPC was named in these lawsuits as an extortionate money grab. Nonetheless, while I was President, I have funded 100% of the costs of defending these lawsuits. Our Independent Audits have shown that, while I have been President, MPC has never paid any legal fees for these or any other lawsuits I have been involved in.

"[B]oyfriend and girlfriend" refer to Plaintiff and his former girlfriend.

On June 18, 2019, MPC unit owners elected a new Board (the "2019 Board"). In early July 2019, members of the 2019 Board, including two who are named in the Complaint, made statements to unit owners that Plaintiff stole documents, distributed stolen information to unit owners, committed perjury and extorted MPC.

When Defendants made the statements, Plaintiff was seeking to settle his litigation with MPC. The statements extinguished the possibility of a settlement between Plaintiff and MPC.

## II. STANDARD

### A. Sufficiency of the Pleading

On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party, *Montero v. City of Yonkers*, 890 F.3d 386, 391 (2d Cir. 2018), but gives "no effect to legal conclusions couched as factual allegations." *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017) (internal quotation marks omitted). To withstand a motion to dismiss, a pleading "must contain sufficient factual

2

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[]" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Further, a pro se litigant's papers must be construed "liberally to raise the strongest arguments that they suggest." *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (internal quotation marks omitted); *accord Greene v. Sampson*, No. 18 Civ. 6103, 2021 WL 355477, at *3 (S.D.N.Y. Feb. 2, 2021) (internal quotation marks omitted).

### C. Defamation

Defamation is "the making of a false statement which tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of [plaintiff] in the minds of right-thinking persons, and to deprive [plaintiff] of their friendly intercourse in society." *3P-733, LLC v. Davis*, 135 N.Y.S.3d 27, 29-30 (1st Dep't 2020) (alterations in original) (quoting *Foster v. Churchill*, 665 N.E.2d 153, 157 (N.Y. 1996)).[1] "To prove a claim for

---

[1] Even though the Complaint asserts one claim for defamation under New York and Connecticut law, all parties cite New York law in their motion papers and the parties' apparent agreement is a sufficient reason to apply New York law. *See Arch Ins. Co. v. Precision Stone, Inc.*, 584 F.3d 33, 39 (2d Cir. 2009) (applying New York law where the parties' memoranda of law assume that New York law governed the issues); *accord N.Y. Marine & Gen. Ins. Co. v. Travelers Prop. Cas. Co. of Am.*, 485 F. Supp. 3d 398, 404 n.5 (S.D.N.Y. 2020). In any event, the parties do not

defamation, a plaintiff must show: (1) a false statement that is (2) published to a third party (3) without privilege or authorization, and that (4) causes harm, unless the statement is one of the types of publications actionable regardless of harm." *Id.* at 30 (quoting *Stepanov v. Dow Jones & Co.*, 987 N.Y.S.2d 37 (1st Dep't 2014)).

### III. DISCUSSION

#### A. Statements Made by Members of the 2019 Board

The statements made by members of the 2019 Board are not defamatory. The statements are protected by the common interest privilege, and the Complaint does not sufficiently plead malice to overcome the privilege.

Statements between members of the 2019 Board and unit owners are protected by the common interest privilege. "[C]ommunication made by one person to another upon a subject in which both have an interest" is protected by the common interest privilege. *Liberman v. Gelstein*, 605 N.E.2d 344, 349 (N.Y. 1992) (quoting *Stillman v. Ford*, 238 N.E.2d 304, 306 (N.Y. 1968)); *accord Udeogalanya v. Kiho*, 94 N.Y.S.3d 367, 370 (2d Dep't 2019). Members of a condominium's board and the condominium's unit owners constitute a group with a common interest. *See Keeling v. Salvo*, 131 N.Y.S.3d 885, 886 (1st Dep't 2020). Because the allegedly defamatory statements by 2019 Board members were made to MPC unit owners and those individuals have a common interest in Plaintiff's litigation against MPC, the common interest privilege applies.

---

demonstrate any differences between defamation law in Connecticut and New York. *Zervos v. Trump*, 94 N.Y.S.3d 75, 88 (1st Dep't 2019) ("Absent a showing of a discernable difference in the laws of the two states, no choice of law analysis is necessary, and New York law is applicable." (citation omitted)).

Plaintiff's argument that the common interest privilege cannot be raised on a motion to dismiss is incorrect. A lack of privilege is an element of a defamation claim under New York law. *See, e.g.*, *3P-733, LLC*, 135 N.Y.S.3d at 30; *Stepanov*, 987 N.Y.S.2d at 41-42. It is Plaintiff's burden to plead each element of his claim, including the lack of privilege, and the Complaint's failure to meet this burden is reviewable on a motion to dismiss. *See Hillel v. Obvio Health USA, Inc.*, No. 20 Civ. 4647, 2021 WL 229967, at *10 (S.D.N.Y. Jan. 21, 2021) (applying New York law and holding that it is proper to consider a plaintiff's ability to overcome the common interest privilege on a motion to dismiss); *Hosain-Bhuiyan v. Barr Labs., Inc.*, No. 17 Civ. 114, 2017 WL 4122621, at *5 (S.D.N.Y. Sept. 13, 2017) ("[I]t is plaintiff's burden to plead a valid defamation claim, including an unauthorized and unprivileged publication.").

The Complaint does not sufficiently plead malice to defeat the common interest privilege. Malice has two meanings -- a constitutional meaning and a common law meaning. Either meaning "will suffice to defeat" common law privilege. *Liberman*, 605 N.E.2d at 350. Under the constitutional meaning, a statement is made with malice when it is made with a high degree of awareness of its probable falsity. *Id.* Under the common law meaning, a statement is made with malice when ill will is "the one and only cause for publication." *Id.* (internal quotation marks omitted). The Complaint does not plead facts that plausibly show that the MPC Board members made statements with a high degree of awareness of falsity. To the contrary, the Complaint is replete with allegations that the MPC Board members acted and formed beliefs based on the influence and "five-point plan" of Victor. Rather than pleading facts to show that ill will was the one and only cause for publication of the statements, the Complaint alleges that the statements were made to further MPC's goal of ending Plaintiff's litigation.

For these reasons, the claim against the Board is dismissed.

### B. Statements Made by Defendant Victor

The Complaint alleges that the Victor letter defamed Plaintiff by falsely stating that he was engaged in extortion and had committed perjury in the litigation against Victor and MPC; that these statements qualify as defamation per se because they accuse Plaintiff of crimes; and that, consequently, special damages are not required to state a claim. The Complaint does not sufficiently plead a claim for defamation because the Victor letter cannot reasonably be construed to accuse Plaintiff of a crime, and the Complaint does not plead special damages, which are required in the absence of a claim of defamation per se. *See Franklin v. Daily Holdings, Inc.*, 21 N.Y.S.3d 6, 11 (1st Dep't 2015) (holding that a complaint must plead special damages to state a claim for defamation based on a statement that it is not defamatory per se).

The Complaint alleges that Victor's letter defamed Plaintiff by stating that Plaintiff's lawsuit against MPC, Victor and Victor's companies is an "extortionate money grab." This statement is an expression of opinion that cannot be subject to a defamation action. "Expressions of opinion, as opposed to assertions of act, are deemed privileged and, no matter how offensive, cannot be the subject of an action for defamation." *Mann v. Abel*, 885 N.E.2d 884, 885-86 (N.Y. 2008), *cert. denied*, 555 U.S. 1170 (2009). Victor's characterization of the lawsuit as "extortionate", without more, is protected opinion and not an accusation of criminal conduct. *See Pecile v. Titan Capital Grp., LLC*, 947 N.Y.S.2d 66, 67 (1st Dep't 2012) (holding that a reference to a lawsuit as a "shakedown" did not suggest that defendants "were seriously accusing [plaintiffs] of committing the crime of extortion" (internal quotation marks omitted, alteration in the original)); *Melius v. Glacken*, 943 N.Y.S.2d 134, 136 (2d Dep't 2012) (stating that a reasonable listener would have believed that calling "the plaintiff an 'extortionist' who is seeking

'to extort money' was conveying the defendant's opinion as to the merits of the plaintiff's lawsuit").

The Complaint alleges that Victor's letter accused Plaintiff of perjury by stating that the letter accused him of "falsely claiming to have been 'employees' of MPC in 2012-2013." This statement is not an accusation of perjury because the statement does not assert that Plaintiff made the false claim under oath and in a proceeding. Defamation claims based on statements not "reasonably susceptible of a defamatory connotation" are subject to dismissal. *See Stepanov*, 987 N.Y.S.2d at 42; *see also Trustco Bank of N.Y. v. Capital Newspaper Div. of Hearst Corp.*, 624 N.Y.S.2d 291, 294 (3d Dep't 1995) (considering the context of an allegedly defamatory statement and concluding that "no reasonable reader could understand" the statement as saying that plaintiff committed a "criminal act"). Perjury requires a person to make a sworn false statement in a proceeding. *See* 18 U.S.C. § 1621; N.Y. Penal Law § 210.15.

Because the Victor letter does not accuse Plaintiff of crimes, it does not plead defamation per se, and must plead special damages. *See Franklin*, 21 N.Y.S.3d at 11. "Special damages consist of the loss of something having economic or pecuniary value, which must flow directly from the injury to reputation caused by the defamation and not from the effects of the defamation." *Id.* (internal quotation marks omitted). The Complaint alleges that Victor's statement, as a member of the MPC Board, injured Plaintiff's reputation among unit owners and caused Plaintiff to lose the chance of settlement with MPC. This allegation fails to plead that the loss of a settlement opportunity flowed directly from the injury to reputation. Instead the Complaint alleges other causes that prevented a settlement, including Victor's efforts to conceal the litigation and to prevent any settlement discussions from taking place.

7

Also, the alleged damages -- the lost chance of a settlement -- are too imprecise to constitute special damages. Special damages "must be fully and accurately stated" and more detailed than round figures without itemization. *Drug Research Corp. v. Curtis Publ'g Co.*, 166 N.E.2d 319, 322 (N.Y. 1960); *accord Franklin*, 21 N.Y.S.3d at 11-12. The Complaint alleges that Plaintiff is entitled to damages "in excess of $75,000 in an amount to be determined." This allegation is insufficient because it alleges a round figure without itemization or explanation. It is "precisely the sort of generalized, round number that is too speculative and conclusory to satisfy the requirement that special damages be stated in detail." *Bilinski v. Keith Haring Found., Inc.*, 632 F. App'x 637, 643 (2d Cir. 2015) (summary order). Because the Complaint does not plead facts alleging defamation per se by Defendant Victor, and does not plead special damages, the claim against Victor is dismissed.

### C. Leave to Replead

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a). If Plaintiff has additional facts that he believes would sustain a defamation claim consistent with this Opinion, he may file a letter asking to replead and attach a proposed amended complaint marked to show changes from the current Complaint by July 7, 2021. Plaintiff should refrain from including anything in his letter or proposed amended complaint that is currently under seal in this or any other proceeding. Within seven days of the filing of any letter motion seeking to replead, Defendants shall file a letter response not to exceed three pages.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. If Plaintiff wishes to replead, he shall seek leave by letter and attachment as set forth above by July 7, 2021.

The Clerk of Court is respectfully directed to close the motion at Docket No. 25, and to mail a copy of this Opinion and Order to pro se Plaintiff.

Dated: June 16, 2021
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**