

**THE LAW OFFICES OF POLIZZOTTO & POLIZZOTTO, LLC**

**6911 18ᵀᴴ Avenue**
**Brooklyn, New York 11204**
**Telephone (718) 232-1250**
**Fax (718) 256-0966**

removeALFRED POLIZZOTTO (1935-2001)
ALFRED POLIZZOTTO III*
_____

EMILIO RODRIGUEZ, JR.
_____
*(ADMITTED NEW YORK, NEW JERSEY)

LONG ISLAND OFFICE
1129 Northern Boulevard Ste 404
Manhasset, New York  11030

*Plaintiff shall file a letter response not to exceed three pages by September 7, 2021.  So Ordered.*

August 30, 2021

Honorable Lorna G. Schofield
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

*Dated: August 31, 2021*
*New York, New York*

_____
**Lorna G. Schofield**
**United States District Judge**

Re:  *Erdman v. Victor,* 20-CV-04162-LGS

Dear Judge Schofield:

This firm represents Defendant Adam Victor in the above-captioned defamation action brought by *Pro Se* Plaintiff Tyler Erdman. I write pursuant to ¶¶ 2.C and 5.A of Your Honor's Special Rules and Practices in Civil *Pro Se* Cases to state the basis for a motion to dismiss Mr. Victor intends to make..

**I. Relevant Background to Plaintiff's Complaint; Basis for Motion to Dismiss**

Defendant Adam Victor is also a Defendant in *Khatskevich v. Victor*, Index No. 151658/2014 (Sup. Ct. N.Y. Co.)"), brought by non-party Yevgeniya Khatskevich (a former employee of Transgas Energy Systems LLC, owned by Mr. Victor) against Manhattan Place Condominium ("MPC") (of which Mr. Victor was President of the Board during the relevant time period and a previous Defendant in this action), Mr. Victor, and several of Mr. Victor's companies for, among other things, sexual harassment, immigration status discrimination, and retaliation under the New York City Human Rights Law arising out of her alleged employment by the Defendant . Among the Defendant's defenses in the action is
the doctrine of unclean hands. Specifically, Defendant has plead in his Answer that
Ms. Khatskevich "engaged in a scheme to extort Defendants, assisted by her boyfriend,

Tyler Erdman, and cannot complain now that Defendants finally discovered Plaintiffs' [*sic*] nefarious scheme." (NY St Cts Elec Filing [NYSCEF] Doc No. 410, Verified Answer and Affirmative Defenses, at ¶¶ 264 – 265.) Defendant has also denied that Ms. Khatskevich was employed by any Defendant except Transgas Energy Systems LLC (*Id*. at ¶ 262.)

*Pro Se* Plaintiff Tyler Erdman, Defendants Adam Victor and Manhattan Place Condominium ("MPC"), and non-party Yevgeniya Khatskevich are also parties to *Victor v. Khatskevich*, Index No. 158981/2014 (Sup. Ct. N.Y. Co.) in which Mr. Erdman is represented by counsel. Mr. Victor and several of his companies (except MPC) are Plaintiffs, with claims against Ms. Khatskevich and Mr. Erdman for, among other things, Conversion, Chattel, and Replevin of electronically stored privileged, proprietary and highly sensitive information; Mr. Erdman is a Defendant/Counterclaim-Plaintiff, with counterclaims against MPC, Mr. Victor, and Mr. Victor's companies for retaliation under New York City Human Rights Law arising out of his alleged employment with the Counterclaim Defendants. In defense to Mr. Erdman's counter-claims, Mr. Victor and MPC have also asserted the doctrine of unclean hands. Specifically, Mr. Victor, MPC, and the other Counterclaim Defendants have alleged that Mr. Erdman stole files and contacted media outlines in furtherance of an "extortion scheme." (NYSCEF Doc. No. 111, Answer to Counterclaims, at p. 3.). Mr. Victor and MPC have also denied that Mr. Erdman was employed by any of the Counterclaim-Defendants.

The pertinent allegations of Plaintiff's Complaint in the instant action are as follows: On May 31, 2019, Mr. Victor sent a letter to MPC's unit owners, signed by him as a member of the Board, which stated in relevant part: " . . .I have been accused of using building funds to defend two lawsuits against me, my companies, and MPC, by two people--boyfriend and girlfriend--both falsely claiming to have been "employees" of MPC in 2012-2013. Neither were ever employees of MPC. MPC was named in these lawsuits as an extortionate money grab . . ." (Complaint at ¶ 64.) Plaintiff alleges that this statement was defamatory because it falsely stated that Plaintiff "has been engaging in extortionate conduct against MPC . . . " and that Plaintiff has committed perjury by claiming to be an employee of MPC. (*Id*. at ¶¶ 66 – 67.)

The basis for Mr. Victor's motion to dismiss the Complaint is that the statement in the May 31, 2019, letter is protected by the qualified common interest privilege, as it was directed to MPC's unit owners; this would allow the Complaint to be dismissed to the extent it relies upon conclusory allegations of actual malice. *See Galanova v Safir*, 138 AD3d 686, 687-688 (2d Dept 2016) (applying common interest privilege to "Shareholders in Arrears" flyers posted in the lobby of the Co-op building). This Court has already determined in its prior Opinion and Order dated June 16, 2021 that the sstatements made were not defamatory under this privilege (Opinion and Order 6/16/2021, p. 4). Plaintiff's Complaint fails to state a claim for defamation insofar as Mr. Victor's statement about an

"extortionate money grab" is a non-actionable statement of opinion on Mr. Erdman's claims. *See Melius v Glacken*, 94 AD3d 959, 960 (2d Dept 2012). This Court has already ruled that "This statement is an expression of opinion that cannot be subject to a defamation action. "Expressions of opinion, as opposed to assertions of act, are deemed privileged and, no matter how offensive, cannot be the subject of an action for defamation." Mann v. Abel, 885 N.E.2d 884, 885-86 (N.Y. 2008), cert. denied, 555 U.S. 1170 (2009). Victor's characterization of the lawsuit as "extortionate", without more, is protected opinion and not an accusation of criminal conduct." (Opinion and Order, 6/16/2021, p.6). Furthermore, Plaintiff's assertion that Mr. Victor accused the Plaintiff of perjury was also rejected by this Court. "This statement is not an accusation of perjury because the statement does not assert that Plaintiff made the false claim under oath and in a proceeding. Defamation claims based on statements not "reasonably susceptible of a defamatory connotation" are subject to dismissal." (Opinion and Order, 6/16/2021, p.7). As such, this Court has already ruled that the alleged defamatory statements which are the basis for this Second Amended Complaint do not plead defamation per se, and special damages must be plead. (Opinion and Order, 6/16/2021, p.7). The Plaintiff has added no new allegations which would lead to this Court drawing any other conclusions that the ones previously made and determined in the prior Order of 6/16/2021. However, were that not enough of a basis for the motion to dismiss, the alleged defamatory statements are also immunized under New York law by absolute immunity under the fair reporting privilege and/or the judicial proceedings privilege. Civil Rights Law § 74 absolutely protects the "publication of a fair and true report of any judicial proceeding ." In order to be "fair and true," the account given must be only "substantially accurate." *Lacher v. Engel*, 33 A.D.3d 10, 17 (1st Dep't 2006). The statement at issue falls under the protection of Civil Rights Law § 74 since it is just a summary of Victor and MPC's defense in the two New York State actions that Mr. Erdman has unclean hands and was not in fact an employee of MPC. The statement would also be protected under the common law judicial proceedings privilege, which protects statements pertinent to litigation. *See Sexter & Warmflash, P.C. v. Margrabe*, 38 A.D.3d 163, 174 (1st Dep't 2007).

Finally, the Complaint should dismissed because it was filed on June 1, 2020, more than one year after the statement was published, in violation of New York's one-year Statute of Limitation for defamation actions. C.P.L.R. § 215(3). Mr. Victor proposes that the briefing schedule follow the default briefing schedule provided under § 5A of Your Honor's Special Rules and Practices in Civil Pro Se Cases.

Yours faithfully
**Polizzotto & Polizzotto, LLC**

**/s/ Alfred Polizzotto, III**

Alfred Polizzotto, III