# Exhibit 4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| YEVGENIYA KHATSKEVICH,<br><br>Plaintiff,<br><br>-against-<br><br>ADAM VICTOR, TRANSGAS ENERGY SYSTEMS LLC, TRANSGAS DEVELOPMENT SYSTEMS LLC, GAS ALTERNATIVE SYSTEMS, INC., PROJECT ORANGE ASSOCIATES LLC, GAS ORANGE DEVELOPMENT, INC., TRANSNATIONAL ENERGY LLC, TRANSNATIONAL MANAGEMENT SYSTEMS, LLC, TRANSNATIONAL MANAGEMENT SYSTEMS II, LLC, MANHATTAN PLACE CONDOMINIUM, ADAM VICTOR & SON STABLE LLC and ADAM VICTOR GRANTOR TRUST,<br><br>Defendants. | Index No. 151658/2014<br><br>IAS Part 17<br><br>Hon. Shlomo S. Hagler<br><br>**VERIFIED ANSWER AND AFFIRMATIVE DEFENSES TO VERIFIED AMENDED COMPLAINT** |

Defendants ADAM VICTOR ("Victor"), TRANSGAS ENERGY SYSTEMS LLC, TRANSGAS DEVELOPMENT SYSTEMS LLC ("TGDS"), GAS ALTERNATIVE SYSTEMS, INC. ("GAS"), PROJECT ORANGE ASSOCIATES LLC ("POA"), GAS ORANGE DEVELOPMENT, INC. ("GOD"), TRANSNATIONAL ENERGY LLC ("TNE"), TRANSNATIONAL MANAGEMENT SYSTEMS, LLC ("TMS I"), TRANSNATIONAL MANAGEMENT SYSTEMS II, LLC ("TMS II"), MANHATTAN PLACE CONDOMINIUM ("MPC"), ADAM VICTOR & SON STABLE LLC and ADAM VICTOR GRANTOR TRUST ("AVGT") (collectively, the "Defendants"), by their attorneys, Davidoff Hutcher & Citron LLP, as and for their answer to the amended verified amended complaint (the "Complaint") by plaintiff YEVGENIYA KHATSKEVICH ("Plaintiff"), dated September 1, 2016, allege as follows:

1.      Defendants admit that Plaintiff asserts claims for sexual harassment and related claims and otherwise deny the allegations in paragraph 1 of the Complaint.

1

2. Admit except deny that Plaintiff was an administrative assistant.

3. Admit.

4. Admit, except deny that TGES operated out of the Park Avenue Office.

5. Admit.

6. Admit, except deny that GAS operated out of the Park Avenue Office.

7. Admit, except deny that POA operated out of the Park Avenue Office.

8. Admit, except deny that GOD operated out of the Park Avenue Office.

9. Admit, except deny that TNE operated out of the Park Avenue Office.

10. Admit.

11. Admit.

12. Denied, except admit that MPC is a condominium organized in the State of New York.

13. Denied, except admit that AVSS is a New York LLC and operates out of the MPC Office.

14. Denied, except admit that AVGT is a New York trust and Victor is the sole trustee of AVGT and is *de facto* in control of its operations.

15. Admit.

16. Admit.

17. Admit.

18. Deny.

19. Admit, except deny that it is a product similar to gasoline.

20. Deny.

21. Deny.

2

554418v.1

251. Deny.

252. Deny.

253. Deny.

254. Deny.

255. Deny.

256. Deny.

257. Deny.

258. Deny

259. Paragraphs 259 through 263 of the Complaint concern a cause of action that was dismissed and thus require no response.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

260. The Complaint, and each cause of action alleged therein, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

261. The Complaint is barred in whole or in part by documentary evidence.

262. Documentary evidence establishes that Plaintiff was employed only by TGES, and never by any other entity.

263. Documentary evidence also establishes than none of the Defendants (other than MPC) had more than 4 employees at any relevant time period.

### THIRD AFFIRMATIVE DEFENSE

264. The Complaint is barred in whole or in part on account of Plaintiff's unclean hands.

17

265. Plaintiff engaged in a scheme to extort Defendants, assisted by her boyfriend, Tyler Erdman, and cannot complain now that Defendants finally discovered Plaintiffs' nefarious scheme.

### FOURTH AFFIRMATIVE DEFENSE

266. Any recovery by Plaintiffs must be offset by amounts Plaintiffs owes to Defendants, as detailed in the separate lawsuit commenced against Plaintiff, captioned *Victor v. Khatskevich*, Index No. 158981/2014 [Sup Ct NY Co].

### FIFTH AFFIRMATIVE DEFENSE

267. Defendants have at all times acted in good faith and with reasonable grounds for believing that their conduct was entirely lawful. Plaintiff is precluded by her own misconduct, acts and omissions from maintaining this action.

### SIXTH AFFIRMATIVE DEFENSE

268. The actions of Defendants were not wrongful.

### SEVENTH AFFIRMATIVE DEFENSE

269. The losses and damages complained of in the Complaint were caused by Plaintiff's acts of misconduct and omissions.

### EIGHTH AFFIRMATIVE DEFENSE

270. Plaintiff's claim for breach of oral contract is barred by the parol evidence rule.

### NINTH AFFIRMATIVE DEFENSE

271. Plaintiff may not assert civil claims for violations of criminal statutes.

### TENTH AFFIRMATIVE DEFENSE

272. This Court lacks jurisdiction to hear disputes concerning violation of foreign states' criminal statutes.