**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TYLER ERDMAN,

                *Plaintiff,*            Case No. 20-cv-4162

       v.                       Hon. Lorna G. Schofield

ADAM VICTOR,

                *Defendant.*

---

## DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S SECONDSECOND AMENDED COMPLAINT

**POLIZZOTTO & POLIZZOTTO LLC**

Alfred Polizzotto
69-11 18th Avenue
Brooklyn, NY 11204
Phone: (718) 232-1250
Fax: (718) 256-0966
ap3@polizzotto.com

          *Attorneys for Defendant Adam Victor*

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT**..................................................................................................... 1

**ARGUMENT**............................................................................................................................... 2

**I. THE MAY 31, 2019 LETTER WAS NOT DEFAMATORY** ............................................... 2

    A.    The Letter Is Absolutely Privileged Under New York Civil Rights Law § 74 ....... 2

    B.    The Letter Is Also Protected By The Common Interest Privilege............................ 4

    C.    The Letter Is Not Defamatory Because It Expresses Defendant's Opinions .......... 5

    D.    Loose, Hyperbolic Statements In The Letter Are Not Defamatory ........................ 6

    E.    Plaintiff Did Not Adequately Plead Defamation Per Se Or Special Damages........ 7

    F.    The Court Has Already Ruled The Alleged Defamatory Statements To Be Opinions and Therefore Not Defamatory……………………………………………………8

**II.**    **IN THE ALTERNATIVE, THE MOTION TO STRIKE SHOULD BE GRANTED**……………………………………………………………………………9

**CONCLUSION**………………………………………………………………………………9

# TABLE OF AUTHORITIES

**Cases**                                                                                                      **Page(s)**

*Aguirre v Best Care Agency, Inc.*,
961 F Supp 2d 427 (E.D.N.Y. 2013) ...................................................................................4

*Bernstein v. O'Reilly*,
2019 WL 10995110, 2019 U.S. Dist LEXIS 167144 (S.D.N.Y. September 26, 2019, 17-CV-9483 (DAB)) ....................................................................................................................................7

*Cummings v. City of New York*,
2020 WL 882335 (S.D.N.Y. Feb. 24, 2020) ...................................................... 1, n.1

*FCRC Modular, LLC v Skanska Modular LLC*,
159 AD3d 413 (1st Dept. 2018) .........................................................................................3

*Flomenhaft v Finkelstein*,
44 Misc. 3d 1215(A), 997 N.Y.S.2d 668 (Sup. Ct. NY County 2014) ......................................4

*Fuji Photo Film U.S.A., Inc. v McNulty*,
669 F Supp 2d 405, 414-415 (S.D.N.Y. 2009) ......................................................................3, 5

*Galasso v. Saltzman*,
42 A.D.3d 310 (1st Dep't 2007) ..........................................................................................6

*Gillings v New York Post*,
166 A.D.3d 584 (2d Dept. 2018) ................................................................................. 1-2, 3

*Halperin v. Salvan*,
117 A.D.2d 544 (1st Dept. 1986) ........................................................................................4

*Klig v Harper's Mag. Found.*,
2011 NY Slip Op 31173[U], *8 (Sup Ct. Nassau County 2011) ................................................3

*Kuczinski v. City of New York*,
352 F. Supp. 3d 314 (S.D.N.Y. 2019) ........................................................................ 1, n.1

*Lacher v Engel*,
33 AD3d 10 (1st Dept 2006) ................................................................................... 4, n.5

*Lan Sang v. Ming Hai*
951 F.Supp.2d 504 (S.D.N.Y. 2013) ...................................................................................4

*Mann v. Abel*,
   10 N.Y.3d 271 (2008) ..................................................................................................5

*McRedmond v Sutton Place Rest. & Bar, Inc.*,
   48 AD3d 258 (1st Dept. 2008) ....................................................................................3

*Melius v. Glacken*,
   94 A.D.3d 959 (2d Dep't 2012…………………………………………………….5,6

*Mulder v. Donaldson, Lufkin & Jenrette*,
   208 A.D.2d 301 (1st Dep't 1995) ........................................................................ 4, n.5

*Pecile v Titan Capital Group, LLC*,
   96 A.D.3d 543 (1st Dep't 2012) ................................................................................ 6

*Ram v. Moritt*,
   205 A.D.2d 516, (2nd Dep't 1994) ............................................................................ 6

*Shawe v Kramer Levin Naftalis & Frankel LLP*,
   167 A.D.3d 481, 482-483 (1st Dept 2018) ....................................................... 4, n.5

*Thai v. Cayre Group, Ltd.*,
   726 F.Supp.2d 323 (S.D.N.Y. 2010) ................................................................ 1, n. 1, 6

*Trustco Bank of N.Y. v. Capital Newspaper Div. of Hearst Corp.*,
   213 A.D.2d 940, 942–943 (3d Dep't 1995)…………………………………….…..5,6

*Wexler v. Allegion (UK) Ltd.*,
   374 F. Supp. 3d 302, 31 (S.D.N.Y. 2019) ................................................................ 4

*Zappin v. NYP Holdings, Inc.*,
   2018 WL 1474414 (S.D.N.Y. Mar. 26, 2018), aff'd, 769 F. App'x 5 (2d Cir. 2019) ..........1, n.1


**Statutes**

N.Y. Civ. Rights Law § 74 ................................................................................................2

Fed. R. Civ. P. 12……………………………………………………………………….....1

Defendant Adam Victor ("Victor"), by his attorneys, POLIZZOTTO & POLIZZOTTO LLC, respectfully submits this reply memorandum of law in further support of his motion to dismiss the Second Amended Complaint ("Sec. Am. Compl.") filed by *pro se* Plaintiff Tyler Erdman ("Plaintiff" or "Erdman").

## PRELIMINARY STATEMENT

Defendant's motion to dismiss the Second Amended Complaint pursuant to F.R.C.P. 12(b)(6) should be granted because Plaintiff does not and cannot state a claim upon which relief can be granted. As shown in Defendant's opening brief ("Br."), Erdman's defamation claim is barred by the judicial reporting privilege, the common interest privilege, the absolute privilege afforded to opinions, the privilege afforded to loose, hyperbolic language, and by Erdman's failure to plead either defamation *per se* or any cognizable damages.

In response to Defendant's legal arguments, Plaintiff's opposition brief ("Opp") consists primarily of Plaintiff's unsupported contention that the motion should be denied because it is based on the affirmative defense of privilege as opposed to omissions in the pleading itself. Plaintiff's interpretation of the law is wrong. Plaintiff notably fails to account for any of the four recent Southern District decisions cited by Defendants, including one which was affirmed by the Second Circuit, dismissing defamation claims under F.R.C.P. 12(b)(6) because the statements in issue were privileged.[1] Plaintiff even cites to *Gillings v New York Post*,

---
[1] *Cummings v. City of New York*, 2020 WL 882335 (S.D.N.Y. Feb. 24, 2020); *Kuczinski v. City of New York*, 352 F. Supp. 3d 314 (S.D.N.Y. 2019); *Zappin v. NYP Holdings, Inc.*, 2018 WL 1474414 (S.D.N.Y. Mar. 26, 2018), *aff'd*, 769 F. App'x 5 (2d Cir. 2019); and *Thai v. Cayre Group, Ltd.*, 726 F.Supp.2d 323 (S.D.N.Y. 2010).

166 A.D.3d 584 (2d Dept. 2018), where the Appellate Division affirmed the dismissal of a defamation action on the state court equivalent of F.R.C.P. 12(b)(6), because the statements at issue were privileged. (Opp. at 14.) Erdman's argument must also be rejected because the privileges upon which Defendants rely can be discerned directly from the four corners of the Second Amended Complaint itself, without the introduction of any additional material.

Plaintiff also ignores the argument that the Second Amended Complaint must be dismissed insofar as it is based upon allegedly slanderous oral statements made by other Board members, none of whom ever served with Victor. Even under the most lenient interpretation of the law, Erdman's inability to plead slander with specificity is fatal to his claim, and his total failure to respond to the Board's argument constitutes his abandonment of those claims.

## ARGUMENT

### I. THE MAY 31, 2019 LETTER WAS NOT DEFAMATORY

Under New York law[2], the May 31, 2019 letter (the "Letter") from Victor to his fellow Manhattan Place Condominium ("MPC") unit owners was subject to various absolute and qualified privileges. Accordingly, nothing in the Letter is actionable as defamation.

    A.    <u>The Letter Is Absolutely Privileged Under New York Civil Rights Law § 74</u>

Plaintiff argues that the Letter is not a "report" about a judicial proceeding because it addresses ancillary issues, such as the use of MPC funds to defend the underlying lawsuits. However, the issue before the Court is not whether the entire Letter is a report on a judicial proceeding, but whether the two allegedly defamatory statements found in the Letter constitute a report on a judicial proceeding. The only two statements presently in issue are the statement that Erdman has been engaged in "extortionate" conduct by bringing the lawsuits, and the statement

---

[2] Erdman does not dispute or even address Defendant's contention that this action is governed by New York law. In the absence of any opposition on this point, the Court should adhere to the cases cited by Defendants. (Br. At 6.)

2

that he "falsely" claimed to be an MPC employee. (Sec. Am. Compl., ¶¶ 154.)[3] Those two discrete statements unquestionably constitute a report about the underlying lawsuits. The standard for determining whether a statement constitutes a protected report is extraordinarily broad and forgiving. The judicial reporting privilege applies unless it is "*impossible* for the ordinary…reader" to determine that the statements related to a judicial proceeding. *Gillings v New York Post*, 166 A.D.3d 584, 586 (2nd Dept. 2018) (emphasis added).

Plaintiff also argues that Victor does not explicitly refer to his statements as defenses that were actually pled in the underlying lawsuit. Erdman's argument ignores that, in deciding whether the privilege applies, "[t]he challenged language…should not be dissected and analyzed with a lexicographer's precision." *Fuji Photo Film U.S.A., Inc. v McNulty*, 669 F Supp 2d 405, 414-415 (S.D.N.Y. 2009) (applying privilege to memorandum distributed to employees) (internal citations omitted). Plaintiff's requirement would impose a level of precision that is not required. *See Klig v Harper's Mag. Found.*, 2011 NY Slip Op 31173[U], *8 (Sup Ct, Nassau County 2011) (ruling that use of word "alleged" is not necessary for privilege to apply).[4]

Plaintiff asserts that the Letter is not "fair and true" because he actually was an MPC employee. But the proper inquiry is whether the statements are substantially accurate characterization of the defenses asserted in the underlying action. *See FCRC Modular, LLC v Skanska Modular LLC*, 159 AD3d 413, 416 (1st Dept. 2018) (dismissing claim for libel since press release merely restated allegations of complaint); *McRedmond v Sutton Place Rest. & Bar, Inc.*, 48 AD3d 258, 259 (1st Dept. 2008) (dismissing defamation claim since statements essentially

---

[3] For similar reasons, this Court must also reject Plaintiff's argument that the letter is not "fair and true" because someone has challenged Victor's contentions concerning the funding of the lawsuits.

[4] Indeed, if a plaintiff in a lawsuit explicitly states that he or she is suing a defendant, and then went on to describe negative conduct by the defendant that was consistent with the allegations in his or her complaint, it would be obvious to an ordinary reader that plaintiff was summarizing the allegations of the lawsuit. It should be no less obvious whena defendant references that he or she is being sued, and then describes negative conduct concerning the plaintiff, that he or she is addressing the defenses to the suit.

summarize or restate the allegations of the complaint); *Aguirre v Best Care Agency, Inc.*, 961 F Supp 2d 427, 459 (E.D.N.Y. 2013) (protecting out of court statements made by Plaintiff and counsel as substantially accurate characterizations of the complaint). Whether the defenses have merit is not part of the calculus. A party's mere recitation of its contention in litigation is thus protected under the privilege.[5] Plaintiff's reliance on both *Lan Sang v. Ming Hai*, 951 F.Supp.2d 504, 524 (S.D.N.Y. 2013) (dismissing claims as to those statements actually challenged under the fair reporting privilege) and Victor's deposition testimony are misplaced.

Plaintiff also argues that the privilege is inapplicable because of Defendant's malice. However, the privilege "confers an absolute immunity, regardless of proof of malice or negligence, upon any person who publishes a 'fair and true report' of a judicial [proceeding]." *Wexler v. Allegion (UK) Ltd.*, 374 F. Supp. 3d 302, 311 (S.D.N.Y. 2019) (internal citation omitted). *Halperin v. Salvan*, 117 A.D.2d 544, 578 (1st Dept. 1986), cited by Plaintiff, has "waned in precedential value, and when it is cited, it is distinguished." *Flomenhaft v Finkelstein*, 44 Misc. 3d 1215(A), 997 N.Y.S.2d 668 (Sup. Ct. NY County 2014).[6]

### B. The Letter Is Also Protected By The Common Interest Privilege

Erdman alleges that Victor published defamatory statements about him in a Letter he sent to other MPC unit owners, summarizing various matters of importance to the condo, including the underlying lawsuit by Erdman against MPC. Defendants and the other unit owners all share a common interest in the outcome of the underlying lawsuit, and Erdman does not allege publication

---

[5] *Shawe v Kramer Levin Naftalis & Frankel LLP*, 167 A.D.3d 481, 482-483 (1st Dept 2018) (protecting comment that plaintiff was "holding Elting hostage" as similar to language used by Court in summarizing Elting's position); *Lacher v Engel*, 33 AD3d 10, 17 (1st Dept 2006) (statement by attorney that clients were "very poorly served" by former attorney was protected as characterization of claim); *Mulder v. Donaldson, Lufkin & Jenrette*, 208 A.D.2d 301, 310 (1st Dep't 1995) (dismissing slander claim since party's statement in newspaper was a substantially accurate description of its position in the arbitration proceeding and thus privileged.)

[6] Critically, Plaintiff is not contending that the claims by Victor were made for the sole purpose of defaming him.

4

to anyone outside the condominium. Thus, the defense of the common interest privilege arises based on facts alleged within the four corners of the Second Amended Complaint. bookmark32

      C.      <u>The Letter Is Not Defamatory Because It Expresses Defendant's Opinions</u>

In Victor's opinion, Erdman's claims against MPC are false and a type of extortion. Such statements of opinion are protected under New York law. *See Melius v. Glacken*, 94 A.D.3d 959, 959–60 (2d Dep't 2012) (describing plaintiff as an "extortionist" was not defamatory because statement "was conveying the Defendant's opinion as to the merits of the plaintiff's lawsuit"); *Trustco Bank of N.Y. v. Capital Newspaper Div. of Hearst Corp.*, 213 A.D.2d 940, 942–943 (3d Dep't 1995) (same).

Erdman's opposition makes two basic arguments. First, Erdman concedes that the Letter is susceptible to a non-defamatory interpretation, but argues that the Court should not accept such an interpretation in light of the standards that apply on a motion to dismiss. (Opp. at 23.) Second, Erdman argues that determining whether the Letter includes statements of opinion, as opposed to statements of fact, presents an issue of fact that cannot be decided in Defendant's favor on this motion. *Id*. However, "[w]hether a particular statement constitutes an opinion or an objective fact is a question of law." *Mann v. Abel*, 10 N.Y.3d 271, 276 (2008). New York Courts have repeatedly

held that similar statements to those in the Letter are non-actionable statements of opinion. *See Melius*, 94 A.D.3d at 959–60; *Trustco Bank of N.Y.,* 213 A.D.2d at 942-943.

In support of his argument, Plaintiff cites a sentence from the Letter in which Victor repeated the well-known adage that people were entitled to their own opinions about him, not their own facts. (Sec. Am. Compl. ¶73 .) Plaintiff takes this phrase out of context and spins it to mean that the statements about Erdman were presented as fact, not opinion or hyperbole. When read in context, the adage is preceded by Victor's statement summarizing audit results showing that "*MPC has never paid any legal fees for these…lawsuits*." Thus, Victor is referring to the factual nature of the audit results; he is not instructing the reader to accept his opinions about Erdman as facts.

### D. Loose, Hyperbolic Statements In The Letter Are Not Defamatory

Under New York law, hyperbolic statements are not actionable as defamation. *See Pecile v Titan Capital Group, LLC*, 96 A.D.3d 543, 544 (1st Dep't 2012) (granting pre-answer motion to dismiss defamation claim because statement describing prior lawsuit as a "shakedown" was hyperbole and did not mean speaker was seriously accusing plaintiff of the crime of extortion). Calling someone a liar, a cheat, or a criminal in the context of a heated dispute does not constitute defamation. *See Galasso v. Saltzman*, 42 A.D.3d 310, 311 (1st Dep't 2007); *see also Ram v. Moritt*, 205 A.D.2d 516, 517 (2nd Dep't 1994) (calling plaintiff a "liar" and "cheat" constituted nonactionable rhetorical hyperbole). In opposition, Plaintiff argues that the statements in issue were not hyperbolic, and that on a motion to dismiss, the Court should not strain itself to read the Letter in a light most favorable to the Defendants. (Opp. at 23.) However, the *Pecile*, *Galasso* and *Ram* decisions, *supra*, all held that the statements in issue were not actionable as a matter of law, and either granted or affirmed the granting of pre-answer motions to dismiss brought under

C.P.L.R. 3211. The same is true here. Even on a motion to dismiss, the Letter cannot reasonably be interpreted as accusing the Plaintiff of committing the crime of extortion. *See also Bernstein v. O'Reilly*, 2019 WL 10995110, 2019 U.S. Dist. LEXIS 167144, *14-15 (S.D.N.Y. September 26, 2019, 17-CV-9483 (DAB)).

  E. <u>Plaintiff Did Not Adequately Plead Defamation Per Se Or Special Damages</u>

 Plaintiff argues that he has pled defamation *per se* because extortion is a felony under New York State's penal code and a serious offense under federal law. However, Defendant's accusations of extortion cannot be defamation per se, where, as explained directly above, they are loose and hyperbolic. *See Bernstein*, 2019 WL 10995110, 2019 U.S. Dist. LEXIS 167144, *14-15 (dismissing defamation claim on F.R.C.P. 12(b)(6) motion relating to statement that plaintiff was "an extortionate, 'politically- motivated' liar" because statements "…do not reasonably convey that Plaintiff committed the crime of extortion."). As detailed in Defendant's opening brief, the standard for pleading a "serious crime" is quite high and accusing Plaintiff of having stolen documents does not rise to the actionable level. Plaintiff failed to respond to this point and, therefore, to the extent his claims are based on allegations that he "stole" documents, his claims should be deemed abandoned. *See* Point I.D, *supra*.

 Plaintiff also does not respond with legal authority to Defendant's arguments regarding whether special damages have been adequately pled, but merely restates the same conclusory allegations concerning damages that are in his Second Amended Complaint. (Opp. at 24.) Plaintiff does not even address why his contention that Defendant's statements destroyed any possibility of settlement with MPC is not too speculative to qualify as special damages. Unit owners do not have the legal authority to settle a lawsuit against the condominium. (Br. at 14.) Simply put, Plaintiff has failed to adequately plead special damages.

F.  The Court Has Already Ruled the Allegedly Defamatory Statements to be Opinions and Therefore Not Defamatory

In its Opinion and Order dated June 17, 2021, this Court already ruled the same allegedly defamatory statements claimed by Plaintiff (Sec. Am. Compl. ¶154) in its Amended Complaint (Am. Compl. ¶157) to be opinions and therefore not actionable. The Court stated: "The Complaint alleges that Victor's letter defamed Plaintiff by stating that Plaintiff's lawsuit against…Victor…is an 'extortionate money grab.' This statement is an expression of opinion that cannot be subject to a defamation action." *Erdman v. Victor*, US Dist Ct, SDNY, June 17, 2021, Schofield, L.

The Opinion also states: "The Complaint alleges that Victor's letter accused Plaintiff of perjury by stating that the letter accused him of 'falsely claiming to have been "employees" of MPC in 2012-2013.' This statement is not an accusation of perjury because the *statement* (emphasis added) does not assert that Plaintiff made the false claim under oath and in a proceeding." *Id*. at 7.

The Second Amended Complaint attempts to introduce all sorts of extraneous information and yet alleges defamation by the very same statements it did in its previous Amended Complaint. The only difference here is that the Second Amended Complaint falsely claims the statement was made in a court proceeding (Sec.Am. Compl. ¶154), meanwhile previously the Second Amended Complaint contradicts itself and quotes the same passage from the same May 31, 2019 letter (Sec. Am. Compl. ¶64), a passage that does not say it was indeed made in a court proceeding. The Court already ruled on those very same statements and therefore should dismiss the Second Amended Complaint.

The Court should also deny any application to replead as it is patently obvious Plaintiff will simply regurgitate the same arguments regarding the same statements he has

9

already done.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss the Second Amended Complaint should be granted in its entirety.

Dated: October 22, 2021
      Brooklyn, NY

**POLIZZOTTO & POLIZZOTTO LLC**
By: /s/ Alfred Polizzotto III AP0891
69-11 18th Avenue
Brooklyn, NY 11204
Telephone: (718) 232-1250
Fax: (718) 256-0966
ap3@polizzotto.com