**BY ECF**  
The Honorable Lorna G. Schofield  
United States District Judge  
Thurgood Marshall United States Courthouse  
40 Foley Square  
New York, New York 10007

October 26, 2021

Defendant shall file a response not to exceed three pages by **November 1, 2021**. So Ordered.

Dated: October 27, 2021
New York, New York

Lorna G. Schofield
UNITED STATES DISTRICT JUDGE

Re: **Request for Pre-Motion Conference**
*Tyler Erdman v. Adam Victor, et al.*, **No. 20 Civ. 4162 (LGS)**

Judge Schofiled,

  I would like to request a Pre-Motion Conference to seek leave to move for Sanctions under 28 U.S.C .§ 1927 and Fed. R. Civ. P. 11(b) in regards Defendant's Motion to Dismiss the Second Amended Complaint ("SAC"). The Defendant has nearly entirely reused his Motion and Reply from his previous Motion to Dismiss effectively moving against the First Amended Complaint ("FAC") instead of the SAC. The substantial changes made to the SAC go unaddressed and even the Court's order on the prior Motion doesn't get referenced in his Brief. His Reply, mistakes or ignores the contents of Plaintiff's Opposition ("Opp "). Reusing a Motion that ignores the papers at issue, is the epitome of a frivolous Motion.

  Plaintiff is well equipped to handle Defendant's arguments. The SAC and Opp were both designed to address the issues raised in the previous Motion and the Court's order. Over a dozen new cases were cited in Opposition, while Defendant did not add one. He attributes quotes and citations to the SAC and Opp while there are no such things in Plaintiff's papers.

  The Preliminary Statement is rife with examples such as claiming that Plaintiff did not account for Southern District decisions, even though he did (Opp at 13, 18). It cites page 14 of the Opp, claiming it relates to an argument regarding Affirmative Defenses. There is no such argument anywhere in the Opp. It ends claiming Plaintiff did not respond to the Board's argument and as such has abandoned his claims (Reply at 2). The Board is no longer a party, there are no such claims, and Defendant made no such argument in his opening Brief.

  Defendant claims Plaintiff had not addressed how stealing documents could be considered a serious crime and as such "..his claims should be deemed abandoned" (Reply at 9). The Opp has nearly 3 pages addressing this point, including quotes from Defendant telling the NYPD that he "believes a serious crime has been committed" (Opp at 9) and how the alleged theft could cause hundreds of millions of dollars in damages. Ignoring an argument is not objectionable, but falsely claiming an argument to be abandoned to avoid answering it is.

  In another instance, Defendant falsely claimed that Plaintiff had cited *Halperin v. Salvan*, 117 A.D.2d 544, 578 (1st Dept. 1986). He cites *Flomenhaft v. Finkelstein* claiming that *Halpern* "waned in precedential value, and when it is cited, it is distinguished." Plaintiff had not cited *Halperin* but he did address this exact argument (Opp at 17). Plaintiff cited *Flomenhaft v. Finkelstein* 127 A.D.3d. 634 (N.Y. App. Div. 2015) where the Appellate Court stated that the privilege Defendant is attempting to claim is subject to abuse and is not absolute. "Accordingly,

we disagree with Supreme Court's statement that Halperin has "waned in precedential value"." Defendant even reused a footnote claiming "Critically, Plaintiff is not contenting that the claims by Victor were made for the sole purpose of defaming him" (Reply at 4). Plaintiff specifically addressed that (Opp at 16-17) and explained how the SAC alleges exactly that. Again Defendant claims that Plaintiff did not make arguments to avoid editing his Motion.

  The Defendant also seeks to strike various allegations. He attempts to strike the same paragraphs using the same descriptions as his prior Motion. He seeks to strike ¶ 48 claiming that it "references conduct by Victor over thirty years ago", despite it beginning with "In or around March 2019". He described ¶ 141, 144-149 as referencing other Litigations, when they instead quote Victor's plan to go after Plaintiff "for all types of things, and so he's gonna be sued. So he's gonna have to spend, you know, a hundred thousand dollars in legal fees to defend himself. And I'm gonna sue him for my reputation - a hundred million dollars."; It also quotes Defendant's attorney telling a Court he wanted to counterbalance Plaintiff's allegations so they "aren't the only ones out there". Defendant is either trying to mislead the Court into striking allegations that he has no basis to strike or he is asking to seal random paragraphs because he forgot to delete that portion of his argument when he copied it. In either event its frivolous and sanctionable conduct.

  Plaintiff had sent opposing counsel a Rule 11 Letter on October 1, 2021 pointing out the various issues with their Motion. They responded saying "Mr. Erdman, I laughed when I saw your letter…" and then "Tick tock. Your papers will be due soon." Plaintiff also asked that they comply with Local Civil Rule 7.2 and provide unpublished cases as required. They responded "Considering that we would provide those as a courtesy, you will get them as soon as I am able." Plaintiff informed him that they were a requirement rather than a courtesy and still did not receive the cases until 13 days after Defendants filed their Motion. Defendant has had the required notice and time to correct his violation of Fed. R. Civ. P. 11(b). His representations to the Court are inaccurate and his arguments frivolous. Rather than make an attempt to come into compliance he doubled down and filed a Reply that did the same.

  Beyond his inability to follow this Court's rules he simply is contemptuous towards his adversaries, telling Plaintiff "I realize you only work for lawyers and are not a lawyer...Hopefully your lack of legal knowledge will not impair us from filing it in a timely manner." Defendant's behavior has been in full display in the District of Columbia, where he recently submitted interrogatory responses stating Opposing Counsel's "brain was too pickled from alcohol", and that his client "was a drunk". He simply has no respect for this Court nor any other.

  Plaintiff warned in his pre-motion Letter that "In essence, Defendant seeks to dismiss the prior complaint and relitegate the arguments the Order has already addressed." He did exactly that, laughed at a Rule 11 notice, then couldn't even address Plaintiff's Opposition which argued against his Reply before it was filled. Still Defendant hasn't withdrawn his Motion to Strike, it remains in the Reply's table of contents even though it was not otherwise mentioned on Reply.

  Defendant has violated 28 U.S. Code § 1927, by multiplying "the proceedings in any case unreasonably and vexatiously". There is nothing reasonable about making a Motion based on a

different Complaint. The Court can impose those sanctions "against an attorney where that attorney has acted in an objectively unreasonable manner by engaging in a "serious and studied disregard for the orderly process of justice"...If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." *Walter v. Fiorenzo*, 840 F.2d 427 (7th Cir. 1988)

Clearly most reasonable attorneys would have made sure their Motion reflected the Complaint they are trying to dismiss and even more so that their Reply answers the arguments in Opposition. "Lawyers sometimes file first and think later. This may impose on the other party the costs of deciphering the pleading, running down the cases, informing the court, and putting things right...Section 1927 permits a court to insist that the attorney bear the costs of his own lack of care" *In Re Tci Limited, Debtor. Appeals of William L. Needler & Associates, Ltd., Marathon Oil Co. Chicago Title and Trust Company as Trustee Under Trust No. 1081800, and Constantine Drugas*, 769 F.2d 441 (7th Cir. 1985).

In *Leslie Greer v. Richardson Indep School Dist*, No. 11-10830 (5th Cir. 2012), the Court upheld § 1927 Sanctions, finding that a "paucity of citations" or lack of proofreading were not sanctionable, but the way in which arguments were asserted was. The Court found that Greer's "arguments reflected a reckless disregard for its duty to the Court" and how doing so multiplied the proceedings. The Court found that mischaracterizations, failure to cite the record and baseless arguments were grounds for Sanctions since the "Defendant was required to expend extensive attorney and paralegal time clarifying the record for the District Court ".

Plaintiff requests that Defendants be ordered to pay for the time spent responding to their frivolous Motion. Plaintiff submits that if he is unable to be compensated, an appropriate amount be given to the Connecticut Institute for Refugees and Immigrants, or the Lawyers' Fund for Client Protection of the State of New York would act as a suitable alternative.

Additionally Defendant's counsel Emilio Rodriguez stated that "I'm about to apply to be admitted in the Southern District, which should go through without an issue, but until then, Mr. Polizzotto has to sign off on the documents even though I'm the one working on them". If Mr. Rodriguez is in fact the author of this Motion to Dismiss the Court should consider whether his admission to the Southern District is appropriate.

Plaintiff requests that the pre-motion conference be scheduled for November 8th, 2021. Document production is due on November 4th, and Plaintiff expects that he will have issues to raise regarding the Defendant's production that can be raised at the conference as well.

Thank you for your attention to this matter,

**/s/ Tyler Erdman**
Tyler Erdman
Plaintiff Pro Se
20 Old Farm Road
Weston, CT 06883