**VIA ELECTRONIC FILING**  November 9th, 2021

The Honorable Gabriel W. Gorenstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

                Re:    Request to Compel Production and Deposition
                     *Tyler Erdman v. Adam Victor, et al.*, No. 20 Civ. 4162

Dear Judge Gorenstein:

      I write in response to Defendant's November 5th and 8th letters to the Court. The Plaintiff and Defendent's counsel Emilio Rodriguez spoke for approximately 50 minutes at 2 pm on November 4th related to the issues herein, as well as having other telephone and email correspondence.

      I respectfully request that the Court order Defendant to complete his document production by November 12, 2021 and appear for deposition on November 19, 2021.

      The Defendant has chronically tried to delay discovery in this action and several others pending in New York and Washington, D.C.. In this action, he made a serious misrepresentation to me in order to get me to agree to give him a one-week extension on his document production and then included that same misrepresentation in his November 5, 2021 letter to the Court. The Court has found those statements to be materially inaccurate. In an effort to remedy his inaccuracies, he simply changed his justification for a protective order and asked for the same relief despite much different circumstances. He has refused to explain to Plaintiff why he had premised the majority of the parties discussions around those inaccuracies, claiming that the matter is concluded. It is clear that he is inventing excuses to justify delay.

      Requiring the parties to complete their document productions by November 12 is reasonable. First, Defendant's assertion that it will take him 27 days to make his production cannot be credited. Apparently, the vendor already has the documents, so it should simply be a matter of days, not weeks, to complete production. I also note that Mr. Rodriguez relayed the same 27 day estimate to me -- four days before his latest letter was filled -- so it is disappointing to see Defendant's production goal is still receding into the future. Further, the parties submitted a joint status letter to the Court on November 1, 2021. At that time, Defendant did not indicate that he would have any problem completing his production in a timely fashion. It is extraordinary that he claims a surprise month-long extension for document production is needed now. If the Court orders the Defendant to complete production by November 12 he will have succeeded in

getting both the extra week he wrangled from me on false pretenses and then some. For my part, I am ready, willing, and able to produce on the current due date of November 11 or any other date the Court selects for the parties to make their productions.

The Plaintiff informed the Defendant that he would be seeking this relief as the Defendant made clear that he was unable to complete production in a timely manner and wanted a delay for production followed by further delay for review that would exceed the time allotted for fact discovery.

Despite the Court's order to arrange for Mr. Victor's Deposition, he has refused to negotiate with Plaintiff as he tried to use his misrepresentations to convince Platinff to consent to delay. Defendant only provided availability on the day of the deposition cut off and refused to accommodate Plaintiff's schedule, explaining that he had no expectation of appearing on that day. Defendant claimed that he believed that Plaintiff would have no basis for relief since he did the bare minimum and offered a single date even if it didn't fit Plaintiff's availability.

Plaintiff informed the Defendant that they had reached an impasse since the Defendant made clear that his goal was to get an agreement to delay the deposition cut off rather than comply with the Court's order. The Defendant justified his position based on his material inaccuracies, and as such there is no reason for Plaintiff to believe that further discussions will be able to resolve the issue or that Defendant will appear without being ordered to do so.

Requiring Mr. Victor to appear for his deposition on November 19 is also reasonable. That date was selected because it is a date that both Mr. Victor and his counsel acknowledged they were available for deposition in certain matters pending in New York Supreme Court in Manhattan. Mr. Victor stated that he would not make himself available on that date for Plaintiff because he was only available because he wished to accommodate the State Court. Due to a conflict with other parties' schedules, Mr. Victor's deposition will not be occurring on that date in those actions. There is no reason his deposition in this action cannot go forward on that date and by doing so it can proceed the same week in which he was originally noticed to appear.

His claims regarding the volume of production and its burden should be discounted. The materials he claims to now be so voluminous appear to be duplicative of production Plaintiff had produced years ago in another action. In that action, he claimed similar hardship only to reproduce documents produced by Plaintiff and the other parties. The Defendant stated that his production is solely based on a database compiled for other actions. It has been used for approximately four other productions thus far this year, and each was deficient. He knows how to produce; he simply refuses to do so. He will tell the Court he needs a lengthy schedule, then not comply to create as much delay as possible. This request is no different from the others he has made in other actions, and the end result will be the same.

Similarly his request for a protective order is designed to justify further delaying production. The Defendant has sought several protective orders relating to Plaintiff since 2014

and continually failed to justify them. He has no trade secrets, nor confidential information. His only proprietary process is how he delays litigation.

His excuses have entirely failed to be consistent. His most serious misrepresentation was only raised after your Honor's November 2nd Order. The day before his production was due he claimed to need an extension because of an insurance dispute, that dispute being that he did not have insurance. The next day it was because of his vendor, who has been a constant scapegoat in other actions. After Plaintiff agreed to his extension, the week-long delay became a month. Any extensions granted will only allow him to further corrupt the discovery schedule.

The Case Management Plan agreed to by the parties called for document production on November 4th, 2021 and party depositions to be complete by December 6, 2021. The Court's November 2nd order recently re-emphasized that the parties were to follow that Plan. The Defendant, although not having moved yet, clearly has no intention of complying with the schedule -- forecasting the need for an additional 27 days for production and then a month after that before proceeding with depositions, is impossible given that fact discovery is ordered to be completed by December 30th. There is no excuse for Defendant realizing this only after he was due to produce.

Ordering production to be completed this week, will allow Plaintiff time to review it and prepare to conduct the Defendant's Deposition. Any further delays will continue to chip away at the possibility of adhering to the Case Management Plan. The Defendant has lied to Plaintiff and the Court, he should not be rewarded with any further delay.

Plaintiff respectfully submits that the dates he has requested for requiring the parties to complete their document productions and for the Defendant's deposition are consistent with the agreed Case Management Schedule ordered by the Court. In the alternative, Plaintiff requests that the Court hold a pre-motion conference so that the Plaintiff can move to compel and the Defendant can explain his material inaccuracies.

Thank you for your consideration.

Respectfully submitted,

Tyler Erdman

Cc: Alfred Polizzotto III
    Emilio Rodriguez