

**6911 18ᵀᴴ Avenue**
**Brooklyn, New York 11204**
**Telephone (718) 232-1250**
**Fax (718) 256-0966**

ALFRED POLIZZOTTO III*
_____

EMILIO RODRIGUEZ, JR.
_____
*(ADMITTED NEW YORK, NEW JERSEY)

LONG ISLAND OFFICE
1129 Northern Boulevard Ste 404
Manhasset, New York  11030

November 12, 2021

**VIA ELECTRONIC FILING**
The Honorable Lorna G. Schofield
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:**   *Erdman v. Victor,* **20-CV-04162-LGS-GWG**

Dear Judge Schofield:

This firm represents Defendant Adam Victor in the above-captioned defamation action brought by *Pro Se* Plaintiff Tyler Erdman. We write pursuant to your Individual Rules of Practice, in particular Section 2A regarding discovery motions, and are requesting a pre-motion conference with the Court for the purpose of obtaining permission to file a motion to stay the depositions pending a decision on the motion to dismiss the Second Amended Complaint, the request of an extension of the deadlines contained in the Case Management Plan dated September 2, 2021, and a motion for a protective order to deem certain documents as confidential.

This district has recognized that a court may stay discovery for "good cause." Fed. R. Civ. P. 26(c).  In the case of <u>Arapaha View Ltd. v. Prodigy Network LLC, 2021 U.S. Dist. LEXIS 89789,</u> the court recognized the factors involved in determining whether to stay discovery, including: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay.

*PLEASE RESPOND TO BROOKLYN OFFICE*

In the instant case, the Second Amended Complaint accuses the Defendant of committing defamation via the same statements made in the Amended Complaint, statements that were already determined by the Court in its Opinion and Order dated June 17, 2021 as not constituting defamation per se, describing opinions which are protected under the law, and protected under the common interest privilege. The Second Amended Complaint also fails to plead special damages, as it failed to do so in the Amended Complaint. Therefore, there is a high probability of success on the part of Defendant's dispositive motion.

Secondly, the breadth of discovery requested by the Plaintiff is burdensome on both the Defendant and non-party witnesses. Plaintiff has issued five non-party subpoenas, again requesting documents going as far back as ten years. This will result in a total of seven depositions – two of the parties and five of non-party witnesses. In terms of the time spent gathering and producing hundreds of thousands of pages, counsel's time in organizing the productions and prepping for the seven depositions, and overall cost, we are talking of a heavy burden on the Defendant.

I spoke to the Plaintiff for approximately 50 minutes on November 4, 2021, about extending discovery and other issues. Plaintiff indicated he would only consent to extend the deadline for the production of documents from November 4, 2021 to November 11, 2021, claiming as he did in his letter of response on November 9, 2021, that he felt we were making excuses and seeking to delay the process. He also claims in his letter we are creating difficulties in the document production process that do not exist. Our document vendor is in the possession of hundreds of thousands of pages. In fact, we had expressed to Plaintiff that the size of our production would be approximately 328,000 pages. This turns out to be incorrect as I was just informed it is actually over 328,000 *documents*. This mean the actual production looks like it will turn out to be over 500,000 pages. It takes a great deal of time to conduct searches, image the documents, generate metadata, isolate privileged and confidential documents, properly label them, and provide all of that in a package accessible by the Plaintiff. We deal with the documents as the vendor presents them to us, meaning since they are the ones who know how to conduct the process described above, they provide us with the necessary information which is then relayed to the Plaintiff. It is unfortunate he concludes that there must be some type of subterfuge or obfuscation on our part; it is simply the reality of a document production of this size.

The documents requested encompass a period of time potentially of more than ten years, meanwhile the defamatory statements were made in 2019. It will result in a production on the Defendant's part of over 500,000 pages, which just by its prodigious size will require more time than indicated in the Case Management Plan. In terms of his document production, Plaintiff has indicated he will be making a production of over 30,000 pages. As stated in our letter of November 5, 2021, it is going to take this office more time to review those documents than what is indicated in the Plan. Considering the size of the productions involved, and the number of non-party witnesses so far, there is a sizeable burden on both parties in responding to these

requests.  Our vendor informed me on November 4 that a minimum of 27 days would be needed to complete the document production.  In fact, as of this writing, Plaintiff himself has not produced his document responses by yesterday's deadline, although he vociferously complained of how begrudgingly he extended our deadline by a week.  It is obvious the deadlines for the productions should be extended as they have already been shown to be burdensome and impracticable to the parties.

Thirdly, it can hardly be said there exists an unfair prejudice to Plaintiff in approving our stay.  As stated before, due to the size of document productions involved, Plaintiff has missed the very deadline he reluctantly granted to us.  It is therefore apparent he could also benefit from a stay, or at least an extension of the discovery deadlines.

Finally, this office wishes to also move for a protective order.  The documents requested will result in the production of trade secrets, bidding practices, and other such confidential documents.  We wish for these documents to be marked as confidential so Plaintiff can only use them for purposes of this litigation.  It would be a travesty of justice to allow Plaintiff to eviscerate that order by allowing him to obtain documents freely that were deemed confidential otherwise, and be able to use them without compunction.  Therefore, we are also asking for a conference to obtain permission to file a motion for a protective order to deem certain documents as confidential.

Yours faithfully
**Polizzotto & Polizzotto, LLC**

**/s/ Emilio Rodriguez**
Emilio Rodriguez (ER2526)