**VIA ELECTRONIC FILING**  November 15th, 2021

The Honorable Gabriel W. Gorenstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

                **Re:  Opposition to Defendant's Request for a Stay**
                *Tyler Erdman v. Adam Victor, et al.*, No. 20 Civ. 4162

Dear Judge Gorenstein:

      The Defendant's eleventh hour request for a stay should be denied. The Defendant agreed to the Case Management Plan without objection. He did not seek a stay when submitting the Joint Status Letter on November 1, 2021, when the Court made its November 2nd order to schedule his Deposition, or when requesting an extension of the discovery schedule on November 8th. He only raises it now in an attempt to excuse his complete failure to produce documents, even after Plaintiff agreed to give him a week-long extension. It is simply an attempt to delay discovery as he has done in a multitude of actions.

      The Defendant's belated motion ignores this Court's explicit rules: "Absent extraordinary circumstances, the Court does not stay discovery or any other case management deadlines during the pendency of a motion to dismiss" (Local Rules III(C)(2)). He does not even pretend there are extraordinary circumstances here, as he simply cites run-of-the-mill items in the discovery process to justify a stay. If he believed that a stay was merited, , he should have raised the issue months ago, not after he failed to comply with his discovery obligations.

      When the parties were discussing the Case Management Plan, the Defendant failed to raise any issues, but rather agreed to the plan provided by Plaintiff without any changes. The Defendant had his opportunity to make changes to the schedule and argue for a stay but he entirely failed to do so. He agreed to the present discovery schedule, and the Court has ordered it to be followed. He has waived any argument he might have raised by accepting the current schedule.

      The Defendant also failed to raise any issues with his production in the Joint Status Letter on November 1st. The only issue addressed was his refusal to provide dates for Deposition. The Court quickly ruled that the Defendant was to follow the deposition schedule as ordered, making it clear that the schedule is to be followed.

      After your Honor's order, Defendant began to claim that any deposition would be delayed because of reasons which this Court has found to be materially inaccurate. In his request to strike he claims that it was an opinion, rather than a fact. Despite that he presented it to the Court as a fact to justify the delay he has been seeking. His inaccuracies would have gone unchallenged if not for Plaintiff fact-checking them. Using those inaccurate statements simply to create delay,

showed that he is willing to do anything that would buy him additional delay regardless of the repercussions.

Only after the Joint Status Letter was filed, did the Defendant begin to raise discovery issues. At first he had an insurance dispute, that dispute being that he did not have insurance coverage. The next day that changed to issues with his eDiscovery vendor. His request for a week-long extension quickly turned into a month. It would appear unlikely that the Defendant was unaware that his production was weeks behind schedule when filling the Joint Status Letter 3 days before his production was due. Blaming his vendor is a common tactic for the Defendant when he has failed to produce as he should in other actions. Inexplicably he continues to use them despite their chronic inability to adhere to deadlines.

The Defendant has made clear that his primary objective is delay in his Letter requesting an extension of the Discovery schedule. When his attempt to use his inaccurate statements to justify his request failed, he continued to ask for the same relief despite entirely different circumstances. He had decided what outcome he wanted, and was willing to misrepresent the facts in order to justify it. Beyond his apparent t motives for his requested extension, it's improper as he has failed to provide the Court with dates for other items as required under Section 1(E) of this Court's rules.

The Defendant's claims of being burdened by document production are unfounded. Defendant stated that his production is based on a database compiled for other actions. Discovery in those other actions has been ongoing since 2014, and he has made at least three productions from that database just this year. The time frame that he claims is burdensome is nearly identical to the time frame at issue with those other actions and should require little beyond what was done in those actions. Similarly his claims of needing time for a privilege review are at odds with his statements to Plaintiff where he claimed that he would not need to conduct such a review like he had in other actions. The only apparent change was that when he made that statement he was attempting to convince Plaintiff he would be providing Discovery, now that he wants delay it is suddenly required.

The Defendant attempts to portray his production as voluminous, when in reality its size is very near to the size of a production Plaintiff had given the Defendant in one of those other actions. In one of those other actions, Defendant argued that review of audio records required delay as it was very time consuming. When those recordings were produced, all of them were recordings he received from the Plaintiffs in those actions with new Bates stamps attached. It is highly likely that something similar is going to happen in this action.

The Defendant miscounts the amount of non-party depositions, claiming that there are five rather than four. Those non-party depositions are needed since Defendant in other actions has made clear that his agents are in possession of documents but that he will not produce them and that he has deleted evidence. In the absence of a proper document production, Plaintiff must rely on non-parties in order to prove the facts at issue. The non-parties all have knowledge of facts related to the claims in this action, and the requests are narrowly targeted. Two of those witnesses were directly involved with Defendant's efforts to falsely accuse Plaintiff of extortion.

The Defendant claims that Plaintiff fabricated claims of employment by Manhattan Place Condominium as part of an extortion plot. The other two non-party witnesses have knowledge related to those claims. Manhattan Place Condominium has claimed that they do not have records relating to Plaintiff's employment despite having them in 2019. Depositions are the only way in which Plaintiff can support his claims in the absence of documentary evidence. Plaintiff will be moving to compel all four witnesses later this week and will provide further details for the Court. In any event the Defendant cannot claim to be burdened by Depositions as if they are unexpected during discovery.

The Defendant also states that he will be moving for a protective order. Yet again this issue should have been raised long ago. Defendant has tried unsuccessfully to get similar orders in other actions. On multiple occasions other Court's have allowed him to justify why he would require such an order, and he has declined to do so. In State Court there have been four separate motions relating to confidentiality as the Defendant has not complied. The Defendant marked each page of his production confidential, and was ordered to reproduce with a confidentiality log justifying each designation. Despite multiple orders, no such log has been provided. The reason is simple, the Defendant portrays himself as the CEO of a large multinational company, when in reality his entities conduct little, if any, business. They have no trade secrets, he just wants to use a protective order as an excuse to delay discovery. Allowing him to make such a motion, will be nothing more than an exercise in futility that will waste this Court's time as he has others.

Lastly the Defendant claims that Plaintiff would also benefit from a stay as he did not produce documents according to the agreed to extension. That statement is false, as Plaintiff has provided his document production as required by the schedule. Granting a stay of Discovery after the Plaintiff has produced documents would be inequitable as he has already incurred the costs of that production and a stay or extension would provide the Defendant with far more time to review the production then Platinff will be allotted to review his.

The Defendant's request is an attempt to delay discovery that the Court should not indulge. For the reasons outlined, the Plaintiff requests that the Defendant's request for a stay and extension be denied in its entirety as it is untimely, unjustified and against the Court's Rules and Orders. It is an issue that should have been addressed at the onset of the action rather than after he has already failed to produce as ordered. Similarly his request for a protective order should be denied as it is also untimely and unjustified. In the alternative, if Court grants Defendant permission to move for a protective order, Plaintiff requests that it be done with full briefing as the record is too voluminous to be argued in a Letter Motion.

Respectfully submitted,

/s/Tyler Erdman
Plaintiff Pro Se
917-301-0401
Tyler@Erdman.it