```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
TYLER ERDMAN,                                               :
                                    Plaintiff,              :
                                                            :      20 Civ. 4162 (LGS)
             -against-                                      :
                                                            :      OPINION AND ORDER
ADAM VICTOR,                                                :
                                    Defendant.              :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Pro se Plaintiff Tyler Erdman brings this defamation action against Defendant Adam Victor. Defendant moves to dismiss the Second Amended Complaint (the "Complaint") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and, in the alternative, to strike certain allegations from the Complaint. For the reasons stated below, the motion to dismiss is denied in part and granted in part, and the motion to strike is denied.

**I.    BACKGROUND**

   **A.    Relevant Facts**

The following facts are taken from the Complaint and are assumed to be true for purposes of this motion. *See R.M. Bacon, LLC v. Saint-Gobain Performance Plastics Corp.*, 959 F.3d 509, 512 (2d Cir. 2020).

Defendant Adam Victor served as the President of the Board of Manhattan Place Condominium ("MPC") for several decades. Plaintiff worked for Victor for several years until the summer of 2013. In 2014, Plaintiff assisted his then-girlfriend in bringing a lawsuit against Victor and MPC. Plaintiff, Defendant and MPC then engaged in litigation in state courts in New York and Delaware.

Defendant sought to conceal the litigation from the Board of MPC. In 2019, unit owners at MPC and Board members became aware of the litigation involving Plaintiff. Defendant then attempted to prevent Plaintiff from speaking with Board members about a possible settlement of Plaintiff's lawsuit against MPC.

During the course of the litigation in state court, Defendant made statements accusing Plaintiff of criminal activity, including theft of documents and computer hacking, extortion and trespass, among others. Defendant made similar allegations about Plaintiff to the Department of Justice ("DOJ"), Federal Elections Commission ("FEC"), members of New York Police Department ("NYPD") and Immigration and Customs Enforcement ("ICE").

On May 31, 2019, Victor sent a letter to the Unit Owners of MPC (the "Letter"), as a member of the Board, related to the litigation and other matters. The Letter states, in part:

> Additionally, I have been accused of using building funds to defend two lawsuits against me, my companies, and MPC, by two people -- boyfriend and girlfriend -- both falsely claiming to have been "employees" of MPC in 2012-2013. Neither were ever employees of MPC. MPC was named in these lawsuits as an extortionate money grab. Nonetheless, while I was President, I have funded 100% of the costs of defending these lawsuits. Our Independent Audits have shown that, while I have been President, MPC has never paid any legal fees for these or any other lawsuits I have been involved in.

"[B]oyfriend and girlfriend" refer to Plaintiff and his former girlfriend, Yevgenia Khatskevich.

Plaintiff alleges that Victor made false statements in the Letter. When the statements were made, Plaintiff was seeking to settle his litigation with MPC. Plaintiff alleges that the statements extinguished the possibility of a settlement between Plaintiff and MPC.

B.     **Procedural History**

On June 17, 2021, Plaintiff's First Amended Complaint was dismissed for failure to state a claim pursuant to Rule 12(b)(6). The First Amended Complaint's allegations focused primarily on the Letter and statements made by members of the MPC Board. After the dismissal

2

of the First Amended Complaint, Plaintiff sought leave to replead, which was granted as unopposed.  The Complaint dropped all claims against the MPC Board, repleaded claims against Victor based on the Letter and added additional allegations against Victor related to Victor's communications with government and law enforcement officials.

## II.   STANDARD

### A.  Sufficiency of the Pleading

On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party but does not consider "conclusory allegations or legal conclusions couched as factual allegations." *Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021) (internal quotation marks omitted).  To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *accord Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 189 (2d Cir. 2020).  It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[] [plaintiff's] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (first alteration in original); *accord Bensch v. Est. of Umar*, 2 F.4th 70, 80 (2d Cir. 2021).  To survive dismissal, "plaintiffs must provide the grounds upon which [their] claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Rich v. Fox News Network, LLC*, 939 F.3d 112, 121 (2d Cir. 2019) (alteration in original) (internal quotation marks omitted).  Further, a pro se litigant's papers must be construed "liberally to raise the strongest arguments that they suggest." *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (internal quotation marks omitted); *accord Greene v.*

*Sampson*, No. 18 Civ. 6103, 2021 WL 355477, at *3 (S.D.N.Y. Feb. 2, 2021) (internal quotation marks omitted).

### B. Defamation

Defamation is "the making of a false statement which tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of [plaintiff] in the minds of right-thinking persons, and to deprive [plaintiff] of their friendly intercourse in society." *3P-733, LLC v. Davis*, 135 N.Y.S.3d 27, 29-30 (1st Dep't 2020) (alterations in original) (quoting *Foster v. Churchill*, 665 N.E.2d 153, 157 (N.Y. 1996)). "The elements of a cause of action to recover damages for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se." *Braunstein v. Day*, 144 N.Y.S.3d 624, 625 (2d Dep't 2021) (internal quotation marks omitted). "An allegedly defamatory statement is subject to a qualified privilege when it is fairly made by a person in the discharge of some public or private duty, legal or moral, or in the conduct of his own affairs, in a matter where his [or her] interest is concerned." *Id.* (internal quotation marks omitted). "To defeat this qualified privilege, the plaintiff may show either common-law malice, i.e., spite or ill will, or may show actual malice, i.e., knowledge of falsehood of the statement or reckless disregard for the truth." *Id.* (internal quotation mark omitted).

### III. DISCUSSION

Plaintiff alleges that Defendant made defamatory statements against him in two contexts. First, Plaintiff alleges that Defendant defamed him by falsely claiming that Plaintiff committed several criminal acts, including perjury, theft of computer files and extortion. These allegations stem from court filings in previous litigation between Plaintiff and Defendant, complaints and

informal communications to law enforcement by Defendant about Plaintiff, audio recordings of Defendant and accusations made to colleagues of Defendant.  Second, Plaintiff alleges that the statements made in the Letter regarding the litigation in state court are defamatory.

      A.      **Allegations of Criminal Activity**

The Complaint sufficiently pleads a claim of defamation based on Defendant's accusing Plaintiff of criminal activity.  The Complaint alleges that Defendant made numerous statements to law enforcement agencies and government officials and in court filings, claiming that Plaintiff committed several criminal acts, including breach of national security, theft of computer files and extortion.

The Complaint alleges a sufficient claim of defamation per se based on Defendant's statements to law enforcement and government officials about Plaintiff's purported crimes.  The Complaint alleges that Defendant falsely claimed to third parties that Plaintiff committed crimes, such as theft and harm to national security.  Defendant does not argue that these statements were privileged.  Even if Defendant had, the Complaint sufficiently pleads common law and actual malice by alleging that Defendant acted out of spite and with reckless disregard for the truth. *See Braunstein*, 144 N.Y.S.3d at 625 (defining common law malice as "spite or ill will" and actual malice as "knowledge of falsehood of the statement or reckless disregard for the truth." (internal quotation marks omitted).  The Complaint alleges that Defendant's statements were motivated by Plaintiff's previous relationship with Khatskevich and Defendant's obsession with Khatskevich and by Defendant's desire to retaliate against Plaintiff for supporting Khatskevich in her lawsuits against Defendant for harassment and human trafficking.  The Complaint sufficiently alleges fault by claiming that Defendant intentionally made the allegedly defamatory statements.

5

The statements accusing Plaintiff of various crimes constitute defamation per se, satisfying the last element of a defamation claim. Imputing a serious crime to a person constitutes defamation per se, *Knutt v. Metro Int'l, S.A.*, 938 N.Y.S.2d 134, 137 (2d Dep't 2012) (citing *Geraci v. Probst*, 938 N.E.2d 917, 922 (N.Y. 2010)), including for example, physical assault and harassment, *Martino v. HV News, LLC*, 980 N.Y.S.2d 844, 845 (2d Dep't 2014), bribery, *Liberman v. Gelstein*, 605 N.E.2d 344, 436 (N.Y. 1992), and theft, *Epifani v. Johnson*, 882 N.Y.S.2d 234, 243 (2d Dep't 2009); *O'Diah v. Yogo Oasis*, 954 F. Supp. 2d 261, 275 (S.D.N.Y. 2013); *see also Geraci*, 938 N.E.2d at 923 (holding that accusations of a misdemeanor in violation of New York General Municipal Law constitute defamation per se). The statements made by Defendant to various law enforcement agencies and government officials accusing Plaintiff of breach of national security, theft of files from a computer and extortion impute a serious crime to Plaintiff and constitute defamation per se. *See Liberman*, 605 N.E.2d at 348 (citing Restatement (Second) of Torts §571, cmt. g (Am. L. Inst. 1977) (listing serious crimes that constitute defamation per se, including, treason, espionage, murder, burglary, larceny, perjury, malicious mischief and other crimes that involve moral turpitude)).

### B.   Statements in the Letter

Plaintiff's defamation claim based on the statements in the Letter was previously dismissed, *see Erdman v. Victor,* No. 20 Civ. 4162, 2021 WL 2481254, at *1 (S.D.N.Y. June 17, 2021), and the Complaint does not cure any of the deficiencies previously identified. The defamation claim based on the Letter was dismissed because the portion of the statement referring to the lawsuit as "an extortionate money grab" is protected opinion, the portion of the statement related to a false claim is not reasonably susceptible of a defamatory connotation, the Letter's statements do not constitute defamation per se and the First Amended Complaint failed

6

to allege special damages. *Erdman*, 2021 WL 2481254, at *3-4. The Complaint does not allege any new facts to alter those prior findings.

The Complaint's allegations that the Letter contains accusations of the crimes of perjury and extortion are factually incorrect. The Complaint alleges that the Letter accused Plaintiff of perjury by stating that Plaintiff "[f]alsely claimed to be an MPC employee when he made sworn statements in a proceeding." The Letter says nothing about sworn statements in a proceeding as would be necessary for an accusation of perjury, *see* 18 U.S.C. § 1621; N.Y. Penal Law § 210.15. As to extortion in relation to the Letter, the Complaint does not plead any new facts to suggest that the reference to Plaintiff's lawsuit against MPC and Victor as an "extortionate money grab" is anything other than protected opinion. *See Melius v. Glacken*, 943 N.Y.S.2d 134, 136 (2d Dep't 2012) (stating that a reasonable listener would have believed that calling "the plaintiff an 'extortionist' who is seeking 'to extort money' was conveying the defendant's opinion as to the merits of the plaintiff's lawsuit").

### C.     Request to Strike

Defendant's request to strike certain allegations is denied. "[M]otions to strike material solely 'on the ground that the matter is impertinent and immaterial' are disfavored," *Brown v. Maxwell*, 929 F.3d 41, 51 n.42 (2d Cir. 2019), and "courts should not tamper with the pleadings unless there is a strong reason for so doing." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976); *accord SEC v. Honig*, No. 18 Civ. 8175, 2020 WL 906383, at *5 (S.D.N.Y. Feb. 25, 2020). "In deciding whether to strike a Rule 12(f) motion on the ground that the matter is impertinent and immaterial, it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible." *Lipsky*, 551 F.2d at 893; *accord Honig*, 2020 WL 906383, at *5. Defendant Victor seeks to strike purportedly scandalous allegations about his conduct at MPC and his felony conviction related to political

7

contributions. These allegations are directly related to actual malice and are not impertinent or immaterial. Defendant also requests to strike paragraph 48 of the Complaint, but the request relates to paragraph 48 of the original compliant, which is no longer operative. The request to strike is denied.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is GRANTED IN PART, DENIED IN PART, and Defendant's motion to strike is DENIED. For clarity, the defamation claim related to Victor's accusations that Plaintiff committed certain crimes survives, but as related to the Letter is dismissed. The Clerk of Court is respectfully directed to close the motion at Docket No. 80.

Dated: November 17, 2021
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**