

**6911 18TH AVENUE**
**BROOKLYN, NEW YORK 11204**
**TELEPHONE (718) 232-1250**
**FAX (718) 256-0966**

ALFRED POLIZZOTTO (1935-2001)
ALFRED POLIZZOTTO III*
_____

EMILIO RODRIGUEZ, JR.
_____
*(ADMITTED NEW YORK, NEW JERSEY)

LONG ISLAND OFFICE
1129 Northern Boulevard Ste 404
Manhasset, New York 11030

November 22, 2021

**VIA ECF**
Magistrate Judge Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:    Erdman v. Victor**
         **1:20-cv-04162**

Dear Magistrate Judge Gorenstein:

    I have been retained by Nana Wolfe, an individual who has been subpoenaed by the plaintiff in the above-referenced action to produce documents and testimony. The date set forth in the Subpoena is presently set for December 1, 2021 @ 9:00 am,

    Ms. Wolfe objects to the deposition pursuant to Rule 45(c) of the Federal Rules of Civil Procedure under subsection (iv) as it subjects her to an undue burden.

    **Rule 45(c)(iv) – Undue Burden**

    Presuming that this Court finds that the information sought by the Plaintiff is relevant to his cause of action in defamation, the Court in determining whether a subpoena imposes an undue burden "requires a court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it," which "calls upon the trial court to consider whether the information is necessary and whether it is available from any other

*PLEASE RESPOND TO BROOKLYN OFFICE*

source." *Alcon Vision, LLC v. Allied Vision Grp., Inc. 2019 U.S. Dist. LEXIS 152073, citing Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams., 262 F.R.D. 293, 300 (S.D.N.Y. 2009)..*

The information sought by the Plaintiff herein consists of the following:

Any documents or communications related to Tyler Erdman, Yevgeniya Khatskevich, and/or Nazym Toktassynova including any litigations in which they were a party. Any documents or communications relating to the Federal Election Commission and/or money you had given to any politicians, including but not limited to any discussion with Adam Victor and his agents relating to same.

Ms. Wolfe worked for the Defendant from approximately 2003 through 2015 performing clerical work for the Defendant. Following her employment with the Defendant, she was notified by the Federal Election Commission of a potential violation of the Federal Election Campaign Act of 1971 covering a period of time within which she worked with the Defendant. In or about February 15, 2019, the Federal Election Commission notified her counsel that the complaint in which she was named was dismissed.

At the time of the dismissal of the Complaint, Ms. Wolfe indicated that she has not seen nor is she aware of the location of any the hard copies of files that she possessed except for the dismissal letter which she still possesses.

With respect to the documents sought by the Plaintiff, those requests are extremely broad in nature without any specificity whatsoever (other than those relating to the FEC) seeking documents from anywhere between 6 and 18 years old including potentially anything including routine correspondence and personal communications having no bearing on any issue in this matter.

The witness is now an artist and has no capability to undertake such a large search for the documents sought over such a long period of time. The amount of time and potential expense which this would cause the witness to incur are disproportionate to the interests served in complying with the request of the Plaintiff.

In addition to the burden this would pose to the witness, many of the document sought can be obtained by other sources (such as the Federal Election Commission, the plaintiff's own documents, Ms. Khatskevich and/or Ms. Toktassynova or the Defendant.) and in fact many of not all of the documents have been demanded from the Defendant.

When applying the balancing test for determining an undue burden on a non-party witness, since (1.) the document requests herein are duplicative of those made to the Defendant and other witnesses; (2.) seek a broad scope of documents covering such a large period of time;

and (3.) would cause the witness to incur potentially a great deal of time and expense in attempting to comply with the requests, it is respectfully submitted that the witness not be required to comply with the subpoena from the Plaintiff.  The witness respectfully requests that the subpoena be evaluated by your Honor to evaluate the aforesaid objections.

Yours faithfully
**Polizzotto & Polizzotto, LLC**

__/s/ Alfred Polizzotto, III____

Alfred Polizzotto, III