**VIA ELECTRONIC FILING**                                                  December 7th, 2021
The Honorable Gabriel W. Gorenstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street                                              MEMORANDUM ENDORSED
New York, NY 10007

        Re:    Request to compel Interrogatory Responses
              *Tyler Erdman v. Adam Victor, et al.*, No. 20 Civ. 4162

Dear Judge Gorenstein:

      I write to compel the Defendant Adam Victor to produce responses to Plaintiff's First Set of Interrogatories. The parties exchanged Interrogatory responses on November 22nd. The response provided was not signed by the Defendant, nor are the responses within it full and complete answers.

      Plaintiff asked Mr. Rodreiguez to provide a signed response to interrogatories on November 23rd, to which he responded that he would update Plaintiff. Further follow ups on November 24th and December 1st received no response. On December 2nd Plaintiff again emailed Mr. Rodreiguez requesting that he provide a signed response as well as outlining deficiencies in the responses provided. In that email Plaintiff also requested a time to discuss the matter in order to comply with paragraph 2.A of the Court's Individual Practices. That request went unanswered. While the parties have exchanged correspondence on other discovery matters, Defendant has seemed to purposely avoid discussing this topic.

### Defendant must provide signed Interrogatory Responses

      Defendant's responses were not signed by Defendant in violation of FRCP Rule 33(b)(5). They were signed only by counsel, however as counsel's signature is only required for objections and no objections were made, Counsel's signature was entirely superfluous. The Defendant's verification of his responses is required. He has had two weeks to simply sign his response but he has not done so. Case law holds that the absence of such a verification should be treated as if no response was provided. As such Plaintiff requests the Court to compel the Defendant to provide signed Interrogatories.

### Defendant's Interrogatory Responses are Improper and should be reanswered

      The responses provided in the unsigned Interrogatory response are clearly deficient, even if they had been signed.

For many interrogatories Plaintiff requested that Defendant identify certain persons. However, Defendant failed to identify any of the individuals or corporations listed beyond their name. In other instances Defendant refers to attorneys both "former and current" generically, without even providing names or otherwise defining who those persons or firms are. As Defendant has had more than half a dozen attorneys who have represented him in regards to this action and related claims, his catch-all identification is confusing and unhelpful.  He should be ordered to fully identify any such referenced persons or entities in his response in accordance with standard practice in this district. Defendant's refusal to provide  that information substantially defeats the purpose of the interrogatories and does nothing to further discovery.

The primary claims in this action relate to Mr. Victor's contact with Government entities regarding Plaintiff accusing him of criminal activity. Interrogatory #2 asks him to identify the Government entities whom he had contacted, to which he responded "Government representatives and other third parties identified as to whom Victor made allegedly defamatory statements contained in Plaintiff's Second Amended Complaint. Answer to be filed December 1st." While the Defendant acknowledges that the Government representatives Plaintiff alleged he had contacted would be knowledgeable regarding the allegations, he points to his forthcoming answer in which he denied those allegations, many of which quote his own emails.

This evasion appears to be a systematic attempt to hide responsive materials. Plaintiff is only aware of many of the communications at issue in this action, because of a third party response to a subpoena in a State Court action. Defendant in those actions failed to produce those communications and testified that he never even recalled them. In this action, the Defendant again is trying to hide responsive documents and persons with knowledge. Plaintiff has several emails that were produced by that third party, that are nowhere to be seen in the Defendant's production, even those quoted in this action's complaint.

In one instance, Defendant is asserting privilege in regards to an email he sent to a Chief Public Information Officer at a Government agency. That Letter clearly lays out how Defendant purportedly believes Plaintiff committed certain criminal acts and encouraging the deportation of Plaintiff's then girlfriend. The document is clearly not privileged and highly relevant to this action. Defendant acknowledges that person would have knowledge, fails to identify them, denies the allegations quoting their email (¶121-122 of the Second Amended Complaint), and then claims privilege to avoid production. Given the current state of Defendant's interrogatories, he has effectively hidden the acts at issue in this action. While Plaintiff by chance happened to discover them, the Defendant must clearly answer questions that would allow for effective discovery.

Defendant claims that he has no knowledge of lawsuit that he had brought against Plaintiff in the state of Delaware claiming $10 million in damages that was voluntarily withdrawn after a motion to dismiss was made. The suit details a multitude of criminal acts that Plaintiff had allegedly committed. Interrogatory 6 asks to "Fully identify all documents or

persons with knowledge related to the claim made related to extortion, theft or any crimes as described in the Delaware Complaint". Defendant answered "Defendant possesses no knowledge of the whereabouts of the lawyer who handled the case." Defendant had two separate law firms representing him in that action, and he fails to even differentiate which one he is referencing. His responses were repeated in response to interrogatories seeking information regarding specific paragraphs of the complaint as well as Defendant's damage calculations in that action.

Interrogatory #10 asks for Defendant to fully identify persons or documents with knowledge related to a case Defendant brought in the District of Columbia against Plaintiff's former girlfriend. That action which is ongoing, also alleges Plaintiff committed criminal acts. Defendant responded only that "Defendant can supplement this response upon obtaining a copy of the Summons and Complaint from court". There was nothing to supplement. Both of Defendant's attorneys in this action appeared in District of Columbia action. Between their representation, the Defendant appeared pro se. While pro se, Defendant managed to respond to interrogatories in that action. That response had its own issues and deficiencies such stating opposing counsel's brain was "pickled by alcohol". However it did outline several individuals with knowledge that he declined to identify in this action. Defendant just months ago clearly had knowledge, there should be no issue for him to properly answer that interrogatory or any other.

The Defendant has failed to respond to the Interrogatories since he has failed to provide signed responses. As his responses are facially deficient and he has raised no objections, Plaintiff requests that the Court compel the Defendant to provide full, complete, and signed responses to Plaintiff's Interrogatories.

Respectfully submitted,

/s/Tyler Erdman
Plaintiff Pro Se
917-301-0401
Tyler@Erdman.it

Application denied for failure to comply with paragraph 2.A of the Court's Individual Practices. Both Mr. Polizzotto and Mr. Rodriguez are directed to contact Mr. Erdman immediately to arrange for a time to discuss this matter by telephone. The Court reminds all parties that under paragraph 2.A of the Court's Individual Practices: "A party must respond within one business day to any request from another party to confer unless an emergency prevents such a response."

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

December 8, 2021