**VIA ELECTRONIC FILING**                                              December 8th, 2021

The Honorable Gabriel W. Gorenstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

                Re:    Request to compel Interrogatory Responses
                    *Tyler Erdman v. Adam Victor, et al.*, No. 20 Civ. 4162

Dear Judge Gorenstein:

      I write to request a conference regarding a motion to compel the Defendant to produce complete responses to Plaintiff's First Set of Interrogatories. The parties exchanged Interrogatory responses on November 22nd. The response provided was not signed by the Defendant, nor are the responses within it full and complete answers.

      Plaintiff asked Mr. Rodreiguez to provide a signed response to interrogatories on November 23rd, to which he responded that he would update Plaintiff. Further follow ups on November 24th and December 1st received no response. On December 2nd Plaintiff again emailed Mr. Rodreiguez requesting that he provide a signed response as well as outlining deficiencies in the responses provided. That email also received no response.

      After the Court's order earlier today, Defendant sent a signed copy of his response. He then sent a "supplemented response" which added objections when there were previously none but did not address the issues raised by Plaintiff.

      Plaintiff spoke Mr. Rodreiguez on December 8th at 12:35 PM for approximately 30 minutes regarding this matter and other discovery issues. They also had brief conversations at 8:45 PM, 9:00 PM, and 9:20 PM. Plaintiff's position was that Defendant's "supplemented response" did nothing to fix the issues Plaintiff identified. Additionally it raised objections more then two weeks after the response was initially provided and accordingly he had waived any objections. Defendant's position is that his objections were proper and his responses sufficient. Plaintiff informed Mr. Rodriguez that he would be raising the issue with the Court as it appeared that the parties would be unable to agree on a resolution.

### **Defendant failed to raise objections in a timely manner**

      The Defendant's response to interrogatories was provided on November 22nd, and it contained no objections. Defendant produced a verified response with his signature and counsels on December 8th, however it was dated as of December 3rd.

      Despite providing two responses he then produced a "supplemented response" which only introduced objections to the responses already provided. So little effort was put into the supplement, it references "...the Answer in this action to be filled December 1st" three times.

That statement is identical to the original response despite the referenced answer being filled a week ago. While it claims to be a supplement it clearly does nothing to live up to that name.

Per FRCP Rule 33(b) answers and objections to interrogatories should be served together and that if a timely objection is not made, those objections are waived unless good cause is proven. As the Defendant failed to serve his objections both on November 22nd and again when providing a verified answer on December 8th, he has plainly failed to make his objections in a timely manner. All of the responses were signed by counsel as would be required if objections were being made, underscoring that it was a conscious choice to not raise them.

Beyond the untimely raising of objections, the objections raised are insufficient under FRCP 33(b)(4) as they are entirely lacking any specificity. The Southern District has made it abundantly clear that the specificity requirement is to be adhered to and boilerplate objections are not sufficient. The general objections raised are far too broad to comply with FRCP 33(b)(4). Some are nonsensical such as stating that records are in the Defendant's own business records and that Plaintiff could just as easily if not more so access them himself. Others reference the need for confidentiality. The Defendant raised that issue last month with the Court, and was ordered to negotiate such an agreement with Plaintiff or submit his own to the Court if no agreement could be reached. He has let nearly a month pass since he was directed to make that application, and has made no efforts whatsoever to discuss that matter with Plaintiff. His own inaction created his objections, and waived them when he failed to make his application as ordered.

The Defendant's objections to individual interrogatories are repeated boilerplate as well. His objections repeat for each response claiming that the interrogatories are "overbroad and unduly burdensome", and that under FRCP 33(d) Plaintiff should somehow be able to access documents as easily as the Defendant. How the Defendant expects Plaintiff to get documents that he admits are in the possession of his own attorneys is unexplained. Similarly he fails to explain how Plaintiff is supposed to be able to have access to Defendant's contacts with law enforcement that are at issue in this action.

In one instance his response states "Defendant states there were no efforts to retaliate against anyone". Despite that denial he still goes on to state that Plaintiff should be able to access that information more easily than him, despite him denying it exists.

For the reasons outlined above the Defendant's objections are irrelevant as they have been waived by untimeliness as well as noncompliance with the FRCP 33(b)(4). As such Plaintiff submits that those objections should be disregarded.

### **Defendant's Interrogatory Responses are Improper and should be reanswered**

Beyond the improper objections, the responses given are plainly incomplete and must be fully answered.

For many interrogatories Plaintiff requested that Defendant identify certain persons. However, Defendant failed to identify any of the individuals or corporations listed beyond their

name. In other instances Defendant refers to attorneys both "former and current" generically, without even providing names or otherwise defining who those persons or firms are. As Defendant has had more than half a dozen attorneys who have represented him in regards to this action and related claims, his catch-all identification is confusing and unhelpful.  He should be ordered to fully identify any such referenced persons or entities in his response in accordance with standard practice in this district. Defendant's refusal to provide  that information substantially defeats the purpose of the interrogatories and does nothing to further discovery.

     The primary claims in this action relate to Mr. Victor's contact with Government entities regarding Plaintiff accusing him of criminal activity. Interrogatory #2 asks him to identify the Government entities whom he had contacted, to which he responded "Government representatives and other third parties identified as to whom Victor made allegedly defamatory statements contained in Plaintiff's Second Amended Complaint. Answer to be filed December 1st." While the Defendant acknowledges that the Government representatives Plaintiff alleged he had contacted would be knowledgeable regarding the allegations, he points to his forthcoming answer in which he denied those allegations, many of which quote his own emails.
     This evasion appears to be a systematic attempt to hide responsive materials. Plaintiff is only aware of many of the communications at issue in this action, because of a third party response to a subpoena in a State Court action. Defendant in those actions failed to produce those communications and testified that he never even recalled them. In this action, the Defendant again is trying to hide responsive documents and persons with knowledge. Plaintiff has several emails that were produced by that third party, that are nowhere to be seen in the Defendant's production, even those quoted in this action's complaint.
     In one instance, Defendant is asserting privilege in regards to an email he sent to a Chief Public Information Officer at a Government agency. That Letter clearly lays out how Defendant purportedly believes Plaintiff committed certain criminal acts and encouraging the deportation of Plaintiff's then girlfriend. The document is clearly not privileged and highly relevant to this action. Defendant acknowledges that person would have knowledge, fails to identify them, denies the allegations quoting their email (¶121-122 of the Second Amended Complaint), and then claims privilege to avoid production. Given the current state of Defendant's interrogatories, he has effectively hidden the acts at issue in this action. While Plaintiff by chance happened to discover them, the Defendant must clearly answer questions that would allow for effective discovery.

     Defendant claims that he has no knowledge of lawsuit that he had brought against Plaintiff in the state of Delaware claiming $10 million in damages that was voluntarily withdrawn after a motion to dismiss was made. The suit details a multitude of criminal acts that Plaintiff had allegedly committed. Interrogatory 6 asks to "Fully identify all documents or persons with knowledge related to the claim made related to extortion, theft or any crimes as described in the Delaware Complaint". Defendant answered "Defendant possesses no knowledge

of the whereabouts of the lawyer who handled the case." Defendant had two separate law firms representing him in that action, and he fails to even differentiate which one he is referencing. His responses were repeated in response to interrogatories seeking information regarding specific paragraphs of the complaint as well as Defendant's damage calculations in that action.

Interrogatory #10 asks for Defendant to fully identify persons or documents with knowledge related to a case Defendant brought in the District of Columbia against Plaintiff's former girlfriend. That action which is ongoing, also alleges Plaintiff committed criminal acts. Defendant responded only that "Defendant can supplement this response upon obtaining a copy of the Summons and Complaint from court". There was nothing to supplement. Both of Defendant's attorneys in this action appeared in District of Columbia action. Between their representation, the Defendant appeared pro se. While pro se, Defendant managed to respond to interrogatories in that action. That response had its own issues and deficiencies such stating opposing counsel's brain was "pickled by alcohol". However it did outline several individuals with knowledge that he declined to identify in this action. Defendant just months ago clearly had knowledge, there should be no issue for him to properly answer that interrogatory or any other.

The Defendant has provided incomplete responses and attempts to use untimely objections in order to avoid providing sufficient responses. The Defendant failed to even respond to Plaintiff until the Court's December 8th order was issued, and has steadfast declined requests to provide proper answers. Plaintiff requests a conference with the Court regarding a motion to compel the Defendant to provide full and complete responses to Plaintiff's Interrogatories.

Respectfully submitted,

/s/Tyler Erdman
Plaintiff Pro Se
917-301-0401
Tyler@Erdman.it