

**6911 18ᵀᴴ A**VENUE
**B**ROOKLYN**, N**EW **Y**ORK **11204**
**T**ELEPHONE **(718) 232-1250**
**F**AX **(718) 256-0966**

ALFRED POLIZZOTTO III*
_____

LONG ISLAND OFFICE
1129 Northern Boulevard Ste 404
Manhasset, New York  11030

EMILIO RODRIGUEZ, JR.
_____
*(ADMITTED NEW YORK, NEW JERSEY)

December 8, 2021

**VIA ELECTRONIC FILING**
The Honorable Gabriel W. Gorenstein
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:**   *Erdman v. Victor,* **20-CV-04162-LGS-GWG**

Dear Judge Gorenstein:

This firm represents Defendant Adam Victor in the above-captioned defamation action brought by *Pro Se* Plaintiff Tyler Erdman and we write this letter as an objection to the Notice of Limited Scope Appearance of Pro Bono Counsel filed by John T. Brennan.  This Notice was filed so Mr. Brennan could represent the Plaintiff at his deposition scheduled for December 10, 2021.  Plaintiff and I spoke at 12:35 pm for over twenty minutes regarding this and other subjects and he informed me Mr. Brennan would be doing so.

Neither the Federal Rules nor the Local Rules of the Southern and Eastern Districts contain any rule governing limited appearances.  Therefore, the inquiry of whether a limited appearance is proper becomes one that extends to the locality where a federal case is pending to see if it is allowed.  The local rules of the Supreme and County Courts of the State of New York are silent as to these types of appearances.  The only place they are mentioned at the state level are in the Civil Practice Law and Rules (CPLR), particularly sections 314 and 320.  Section 320 discusses a limited appearance as one in cases involving *quasi in rem* jurisdiction in which a court exerts its *in rem* jurisdiction over property to "force" a litigant to appear.  A litigant may make a limited appearance in such a case without the state being able to confer personal jurisdiction upon him solely for the purposes of deciding the issues involved with the subject property.

*PLEASE RESPOND TO BROOKLYN OFFICE*

As stated before, the present case is a defamation action and not one involving property or the exertion of *in rem* jurisdiction.  In fact, Mr. Brennan has even altered the downloadable form that exists in the Southern District known as a Notice of Limited Appearance of Pro Bono Counsel to suit his improper purpose.  He has termed his submission a Notice of Limited Scope Appearance of *Pro Bono* Counsel for the purpose of representing the Plaintiff only at his deposition.  This is unheard of and highly improper.  The only parties that should be allowed to attend the deposition are the Plaintiff, Defendant, and any counsel of the parties that have properly appeared in the action.  A copy of the downloadable form has been attached as an exhibit.

Yours faithfully
**Polizzotto & Polizzotto, LLC**

**/s/ Emilio Rodriguez**
Emilio Rodriguez (ER2526)