**VIA ELECTRONIC FILING**                                                                December 8th, 2021

The Honorable Gabriel W. Gorenstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

                Re:    Reply to Defendant's December 8th Letter
                      *Tyler Erdman v. Adam Victor, et al.*, No. 20 Civ. 4162

Dear Judge Gorenstein:

      I write in response to the Defendant's December 8th Letter objecting to a Notice of Limited Scope Appearance of Pro Bono Counsel. The Defendant's request should be denied as it does not comply with paragraph 2.A. of the Court's Individual Practices. Not only does it not comply, it misrepresents the parties conversations.

      Plaintiff spoke Mr. Rodreiguez on December 8th at 12:35 PM for approximately 30 minutes regarding discovery issues. We also had brief conversations at 8:45 PM, 9:00 PM, and 9:20 PM. Plaintiff informed Mr. Rodriguez that he had arranged for counsel to represent him solely for purposes of his December 10th Deposition. Mr. Rodriguez stated that he had no objection to that representation provided a notice of appearance was filed. He went on to state that Plaintiff had every right to counsel, outlining how it would be beneficial as Plaintiff could run into issues defending that deposition while representing himself. Mr. Rodriguez stated that he himself would retain a lawyer of similar skills to the one retained by Platinff if in a similar situation. Mr. Rodriguez also expressed concerns that if an attorney were to appear for Plaintiff that the Court might force them to remain in the action and expand their scope of representation. Plaintiff replied that the scope of the representation will be limited solely to the deposition and that he did not share his concern. The parties also discussed how Plaintiff's counsel would help ensure compliance with agreements the parties are subject to. Plaintiff stated that he would file a notice of appearance and believed that the issue was resolved amicably.

      The Defendant never mentioned that he intended to contact the Court regarding this issue, and as such is not in compliance with paragraph 2.A. This literal midnight objection is clearly engineered to maximize the difficulty for Plaintiff to respond before his deposition is scheduled to begin. The Defendant's deposition is due to begin within hours, and Plaintiff is due to be deposed the next day. The Defendant has successfully forced Plaintiff to respond to his plainly deficient application at 1:30 AM rather than preparing to conduct Defendant's deposition, as it would be impossible to respond during it.

      Plaintiff has informed the Defendant that he is starting a new job this Monday and delayed the start date a week specifically to make time to conduct depositions. Plaintiff is unsure as to his availability going forward and the Defendant is well aware of that. By raising this objection on such short notice he is attempting to make Plaintiff choose between appearing

without counsel present, or making Plaintiff postpone it to create scheduling difficulties. His attempt to take advantage of Platinff's pro se status should not be tolerated.

      As the Court is aware, the parties have been engaged in various litigations for several years. Plaintiff has been represented in those litigations by Mr. Brennan who is also representing two of Plaintiff's former coworkers who are also involved in litigation with Defendant. Just days ago Defendant at another deposition testified as to how he was attempting to have Mr. Brennan removed from those other actions because he believed that by doing so he would gain a litigation advantage. While Defendant has been represented by around half a dozen different attorneys in those actions, he has continually attempted to attack Mr. Brennan. He has fabricated allegations, opposed pro hac applications, and even threatened to depose Mr. Brennan. This application is another attempt to gain an advantage by trying to deprive Plaintiff of representation.

      Beyond his attacks on Mr. Brennan, the Defendant has spent years outlining all manners of fantasies regarding Plaintiff's testimony. Just days ago, Defendant testified that he has plans to provide Plaintiff's testimony to law enforcement in an attempt to convince them Plaintiff perjured himself. Despite Plaintiff not having yet given any testimony, he appeared convinced that he knows a law enforcement official that has been waiting years to take on the case. He further explained that he plans to use the deposition to question Plaintiff in regards to those other actions in which he is represented. He should not be permitted to try and deny Plaintiff representation to further his goals.

      As the Defendant's application is improper and designed to gain an advantage in this litigation, it should be denied in its entirety. Plaintiff respectfully requests that the Court clarify that Mr. Brenann is permitted to appear at Plaintiff's deposition. If there are any deficiencies in the notice of appearance filed, Plaintiff is happy to remedy them immediately.

      Additional Plaintiff requests that the Court grant him an additional day to depose the Defendant. He has misrepresented the record and violated the Court's rules to create a sideshow. In doing so he has forced Plaintiff to choose between working to ensure he has proper representation or efficiently preparing for and conducting the Defendant's deposition. He should not be allowed to reap the benefits of wasting Plaintiff and the Court's time.

      Respectfully submitted,

/s/Tyler Erdman
Plaintiff Pro Se
917-301-0401
Tyler@Erdman.it