

# THE LAW OFFICES OF
# POLIZZOTTO & POLIZZOTTO, LLC

**6911 18TH AVENUE**
**BROOKLYN, NEW YORK 11204**
**TELEPHONE (718) 232-1250**
**FAX (718) 256-0966**

ALFRED POLIZZOTTO III*
_____

EMILIO RODRIGUEZ, JR.
_____
*(ADMITTED NEW YORK, NEW JERSEY)

LONG ISLAND OFFICE
1129 Northern Boulevard Ste 404
Manhasset, New York  11030

February 1, 2022

**VIA ELECTRONIC FILING**
The Honorable Gabriel W. Gorenstein
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:**   *Erdman v. Victor,* **20-CV-04162-LGS-GWG**

Dear Judge Gorenstein:

This firm represents Defendant Adam Victor in the above-captioned defamation action brought by *Pro Se* Plaintiff Tyler Erdman and we write this letter as a response to the letter of Tyler Erdman dated January 31, 2022.

The first issue raised by the letter was regarding the insufficiency of the latest set of responses to his interrogatories.  Rule 33 of the Federal Rules requires 1) they be answered by the party to whom they are directed; 2) response delivered in a timely fashion; 3) they be answered separately and fully in writing under oath; 4) and that it be signed by the party making the answers.  Attached is a copy of the Supplemental Answers which clearly show they meet the criteria laid out in the Rule.

Plaintiff proceeds to compel production of a supplemented privilege log.  We do not oppose this request.  Quite the opposite: we have been in contact with our document vendor to satisfy his request, and yet do so in a way that saves the Defendant as much money as possible.  Supplementing the log involves providing additional information on over 17,600 documents.  We have attempted certain methods to avoid the onerous alternative of hiring a team of reviewers to go through the batch of documents.  Our methods have unfortunately been

unsuccessful.  The alternative has proven to be unavoidable.  It will take three to four weeks according to the vendor (five days to put together a team, 10 to 14 days for the review, and an additional week to complete the log), for a team of reviewers to review all 17,600 documents and provide the requisite information, a measure which will bear a cost numbering in the six figures.  We therefore request sufficient time within which to complete this task.

Finally, Plaintiff raises an issue with the lack of specificity regarding responses to his requests for documents.  Rule 34 requires a timely response to the requests and that the responding party must state it will produce copies of documents instead of permitting inspection.  The rule also states if a request does not specify a form for producing electronically stored information, "a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms."  That is exactly how the documents were produced to the Plaintiff.  They were timely served in accordance with the Court's Order dated November 17, 2021.  The documents were also electronically produced on two hard drives which were delivered to the Plaintiff.  He was also informed he would be receiving all documents held by the Plaintiff not subject to privilege, therefore he would be receiving everything he requested, and much more, that was not subject to privilege, and in the Defendant's possession.

Our position is there is no need for a conference.  As such, we object to the relief requested by the Plaintiff, except we ask the Court for sufficient time within which to provide the supplemented privilege log.

Yours faithfully
**Polizzotto & Polizzotto, LLC**

**/s/ Emilio Rodriguez**
Emilio Rodriguez (ER2526)