UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TYLER ERDMAN                                      :

                                                  :        ORDER
                        Plaintiff,                         20 Civ. 4162 (LGS) (GWG)
                                                  :

        -v.-

                                                  :

ADAM VICTOR et al.,                               :

                                                  :

                        Defendants.               :
------------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

        Plaintiff Tyler Erdman has filed a "Request to compel discovery."  See Docket # 129
("Jan. 31 Letter").  We rule on the application as follows.

Interrogatory Responses

        Erdman seeks to correct alleged deficiencies in defendant's interrogatory responses.  See
Jan 31 Letter at 1-3.  Specifically, Erdman contends that defendant's responses fail to identify
persons and documents in conformance with the Court's Local Civil Rules.  See id.  Local Civil
Rule 26.3(c)(3) requires a party asked to identify a person "to give, to the extent known, the
person's full name, present or last known address, and when referring to a natural person,
additionally, the present or last known place of employment."  Defendant's responses provide no
addresses and few places of employment.  See Docket # 130-1, at 1-9.  In the case of requests to
identify documents, Local Civil Rule 26.3(c)(4) requires a party "to give, to the extent known,
the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s),
addressee(s) and recipient(s).  In the alternative, the responding party may produce the
documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d)."
Defendant's responses do not appear to conform to the requirements of this rule either.  See
Docket # 130-1, at 1-9.

        Defendant is hereby ordered to file new responses that conform with the requirements of
these rules on or before February 11, 2022.  The responses must of course be sworn under oath.
See Fed. R. Civ. P. 33(b)(3).  If defendant lacks any of the information required by these rules,
he shall instead state in his response that he lacks the information.  As to the request to identify
documents, if defendants have already produced the document required to be identified,
defendants may instead refer by "Bates number" or some other specific identifier to a document
produced to plaintiff, as is explicitly permitted by Local Civil Rule 26.3(c)(4).

We are aware of plaintiff's assertion that he finds defendant's lack of knowledge about certain documents and information to be not credible.  See Jan. 31 Letter at 3.  That is not a matter that can be resolved in the context of the current application, however.  If a party does not have documents or information, an order requiring production will not change that fact.

Rule 34 Response

Erdman argues that defendant has failed to provide a written response to Erdman's Rule 34 request for production, as required by Fed. R. Civ. P. 34(b)(2).  See Jan. 31 Letter at 4-5.  Defendant's insistence that no response is necessary because production has taken place is frivolous.  See Docket # 130 ("Feb. 1 Letter"), at 2.  A party receiving a Rule 34 request "must respond in writing."  Fed. R. Civ. P. 34(b)(2)(A).  This requirement is not optional.  Defendant shall provide a written response to each of Erdman's document requests that conforms with Fed. R. Civ. P. 34(b)(2) on or before February 11, 2022.

Privilege Log

Erdman contends that defendant's privilege log is inadequate.  See id. at 3-4.  Erdman argues both that the log is overinclusive in that it lists non-privileged documents, and that it is underinclusive because it "clearly omits relevant communications."  Id.  The Court has not been provided with the privilege log and thus cannot make judgments about it.  Nonetheless, the defendant has agreed to produce a supplemental privilege log, but requests three to four weeks to do so.  See Feb. 1 Letter at 1-2.  Defendant is hereby ordered to produce a supplemental privilege log on or before February 25, 2022.  Thereafter, if Erdman believes the supplemental log is incomplete or seeks to challenge defendant's privilege claims, he may do so in compliance with the Federal Rules of Civil Procedure and the Court's Individual Practices.

SO ORDERED.

Dated: February 4, 2022
       New York, New York

_____          _____
GABRIEL W. GORENSTEIN
United States Magistrate Judge