**VIA ELECTRONIC FILING**                                              April 4th, 2022
The Honorable Gabriel W. Gorenstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

                Re:  Request to compel privilege log and production
                      *Tyler Erdman v. Adam Victor, et al.*, No. 20 Civ. 4162

Dear Judge Gorenstein:

    I write to request a Conference seeking leave to move to order the Defendant to comply with the Court's February 4th order, as he has failed to produce a revised privilege log and supplemental document production.

**Background**

    The Defendant had served a privilege log on December 6th. Shortly thereafter Plaintiff raised issues with how the log ended in 2019 rather than going to the present day, that 9,400 entries were without description, no basis for the privilege asserted was provided and that responsive documents such as communications between Defendant and law enforcement were claimed to have been privileged without proper cause. The Defendant had agreed to remedy those deficiencies and had stated that a new privilege log was to be provided around the New Year.
    That updated log was not provided and Plaintiff was forced to bring the issue to the Court's attention on January 31, (See docket number 129). Yet again Defendant did not dispute the issues with the log but instead on February 1st he said that he would comply (See docket 130).

> "We do not oppose this request. Quite the opposite: we have been in contact with our document vendor to satisfy his request, and yet do so in a way that saves the Defendant as much money as possible. Supplementing the log involves providing additional information on over 17,600 documents. We have attempted certain methods to avoid the onerous alternative of hiring a team of reviewers to go through the batch of documents. Our methods have unfortunately been unsuccessful. The alternative has proven to be unavoidable. It will take three to four weeks according to the vendor (five days to put together a team, 10 to 14 days for the review, and an additional week to complete the log), for a team of reviewers to review all 17,600 documents and provide the requisite information, a measure which will bear a cost numbering in the six figures. We therefore request sufficient time within which to complete this task."

The Defendant again failed to provide any supplement in that promised time frame. Defendant asked for an extension of time to produce his log again on February 25th stating that:

> "Various types of remote searches were engaged to avoid the time, labor and cost of a full document review, but the results proved to be inadequate. It will take approximately three to four weeks to complete the task at a six-figure cost. The review has already begun but it needs the extra time to be completed"

The Court then granted an extension to March 18th. Only on March 24th was the revised log finally provided[1]. That log failed to address the issues the Defendant has agreed to and has been ordered to remedy. It has regressed to the point where it does not even contain a date field as the first version had.

Plaintiff on March 24th raised the issue of the missing date field, lack of supplemental production of de-privileged documents, and the continued improper assertion of privilege on documents such as those with law enforcement.

The parties had a discussion on March 28th in which the Defendant stated that he had a revised privilege log that addressed the missing date field as well as a production of approximately 600 documents that had been deemed non-privileged that would be provided in short order.
   Plaintiff informed him that his analysis of the logs indicated that approximately 5,000 documents were de-privileged and should be produced. Plaintiff also raised other issues of non-compliance with the Court's order. Defendant had agreed to provide an updated log and produce the de-privileged documents. Plaintiff informed him that as the log provided was already later then ordered that he will be forced to move if this issue could not be addressed in a timely fashion. Plaintiff has made further requests for production since to no avail.
   As of filing of this letter, Plaintiff has not received an updated log nor a single page of supplemental production, despite the Defendant stating he already had documents and another revised log already in his possession. Through the months-long effort to acquire this log the Defendant has frequently stated that he is "working on" providing it or that it would be coming soon. Defendant has claimed to be incurring a "six figure" expense to provide a log and has twice received the exact extensions he has claimed would be enough to provide it. The deficient log was provided 6 days later then it should have been, and Plaintiff has since given the Defendant an additional week since. In that time the Defendant has been unable to provide anything beyond empty promises.

---

[1] Defendant's log is difficult to provide in a usable PDF due to formatting issues. A copy of the Defendant's log as produced in CSV format is available at: https://bit.ly/32422logCSV

2

Defendant has agreed to remedy the issues raised but has continually failed to deliver on his promises or comply with this Court's order. Further delay will only serve to delay discovery more than it already has been.

### Documents removed from the Privilege log must be produced

The latest privilege log from the Defendant consists of the same documents as the first but with the removal of 5,203 documents. As the privilege log would only contain otherwise responsive documents, the Defendant should be providing a production of all 5,203 documents that his review deemed to be non-privileged. During the parties discussion, Defendant agreed to provide those documents but thus far has not.

Plaintiff conducted a review and compiled a list of the control numbers for the de-privileged documents. It is attached as Exhibit 1 and available in CSV format so that it can be provided to Defendant's ediscovery vendor[2]. Defendant has claimed to have been working on this issue for a week already. Plaintiff requests that he be ordered to produce the 5,203 documents as outlined by Plaintiff by April 8th.

### Defendant's omission of dates is intentional and prejudicial

The Defendant's supplemental log entirely omits dates for its entries. Plaintiff had previously raised the issue that the privilege log failed to include entries beyond 2019. The Defendant had agreed to remedy this issue as well as having been ordered to do so.

Defendant has made clear that he is undertaking a strategy that will involve raising a Statute of limitations defense. The sudden cut off of the privilege log appears designed to prevent Plaintiffs from finding relevant evidence related to that defense.

The total omission of dates from the second privilege log would appear to either indicate a complete lack of a review of the log before serving it, or an attempt to further hide evidence.

As the Defendant agreed to provide date information but has failed to do so, Plaintiff requests that he also be ordered to do so by April 8th.

### Summary

There is simply no excuse for the Defendant not having addressed the deficiencies. He has received every extension he asked for and has had months of extra time in which to provide a proper log. He has claimed to have retained a large team to work on the issue and incurred a six figure cost, yet the apparent fruits of their labor have resulted in a log without even a date for a single entry.

---

[2] https://bit.ly/5203docs

**Request for relief**

The Defendant has agreed to provide a privilege log in compliance with the Court's February 4th order as well as a supplemental production of the 5,203 items removed from the latest version of the privilege log as listed by Plaintiff in Exhibit 1 but thus far as not provided it.

While the parties have no disagreement on what should be done, Plaintiff requests that the Court order Defendant to comply by producing the supplemental privilege log and the 5,203 documents by April 8th. Plaintiff also requests that if the Defendant is unable to comply by then that he be ordered to provide a certification detailing his efforts and expenses in complying with the Court's February 4th Order.

Respectfully submitted,

/s/Tyler Erdman
Plaintiff Pro Se
917-301-0401
Tyler@Erdman.it