# Exhibit 1

POLIZZOTTO & POLIZZOTTO, LLC
Alfred J. Polizzotto
6911 18th Avenue
Brooklyn, New York 11204
Telephone: (718) 232-1250
Facsimile: (718) 256-0966
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

TYLER ERDMAN,

        *Plaintiff*,

against

ADAM VICTOR,

        *Defendant*.

Case No.: 1:20-cv-04162 (LGS)

**Defendant's Response to Plaintiff's First Request for Production of Documents**

---

## GENERAL OBJECTIONS TO DOCUMENT REQUESTS

Defendants incorporate each of the objections below (the General Objections) into each and every response to Plaintiffs' Requests (including without limitation the "Definitions and Instructions" included therein) as may be applicable. Defendants submit these responses without conceding the relevance of any answer, or the materiality of the subject matter of the Request. Defendants supply these responses and objections without prejudice to his right to object to further discovery, to object to the admissibility of any document(s) requested by the Plaintiffs, or to object to any and all proceedings in this action. Plaintiffs waive no defenses in this matter by answering these Demands. All responses set forth herein are subject to and without waiver of any of these General Objections:

1.     Defendants generally object to Plaintiffs' Requests to the extent they seek to impose burdens or obligations on Defendants beyond that required by the Federal Rules of Civil Procedure ("Federal Rules" or "FRCP") and the Local Rules of the Eastern District of New York ("Local Rules"). The Defendant responds to Plaintiffs' Requests in accordance with the Federal Rules and the Local Rules.

2.     Defendants generally object to Plaintiffs' Requests to the extent they seek the disclosure of information which is subject to one or more privileges or protections from disclosure. They include, but are not limited to: confidential communications between attorney and client on the grounds that such information is protected from disclosure by the attorney client privilege and/or the work product doctrine, confidential materials

prepared by or for counsel in anticipation of litigation, the self-investigation privilege, or any other privilege or protections available under applicable law. The Defendant assumes that the Requests are limited in time in that they do not seek attorney–client or attorney work product material produced or garnered or generated after the commencement of litigation. Accordingly, the Defendant will not identify any such material in any privilege log generated in response to these, or subsequent Requests.

3. Defendants generally object to the Requests on the grounds that they are not limited to a relevant time period and/or are otherwise overbroad as to time or scope as concerns the facts alleged in the Complaint, or leading up to the Complaint.

4. Defendants generally object to the Requests to the extent the Plaintiffs' Demands seek information that can be found in the pleadings in this action, or may be found in the Defendants' or Plaintiffs' Initial Disclosures under Federal Rule 26.

5. Defendants generally object to the Requests to the extent the information they seek may be ascertained by Plaintiffs with substantially the same burden as Defendant from public records.

6. Defendants generally object to the Requests to the extent they fail to state with sufficient particularity or clarity the information and categories of information to be provided, or are otherwise vague or ambiguous requests.

7. Defendants generally object to the Requests to the extent that they call for a legal conclusion, a legal argument or constitute a contention discovery request that is premature at this stage of the litigation.

8. Defendants generally object to the Requests to the extent that they seek information that is protected by each and every Defendant's right to financial privacy and/or seek information that may be protected by the right to privacy recognized under the United States Constitution, or any other applicable law. Any such information which is otherwise non-privileged and relevant to the subject matter of this litigation which may reasonably be calculated to the discovery of admissible evidence will be produced subject to the execution of a mutually acceptable confidentiality agreement.

9. Defendants generally object to the Requests to the extent they are unduly burdensome, or seek information neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

10. Defendants generally object to the Requests to the extent they are so broad, ambiguous, complex, or confusing as to make a meaningful or complete response impossible.

11. Defendants make these objections and responses without waiver of any right

or privilege to object to the introduction in evidence, in this or any other action or proceeding, of any information contained in any of the documents or the introduction of any of the documents themselves, upon the grounds of competency, relevancy, hearsay, lack of foundation, authenticity or any other proper ground.

12.     A representation that non-privileged responsive documents will be produced in response to any particular request shall not be construed as a representation that any such documents actually exist, but only that such documents shall be produced to the extent that they can be located and identified after reasonable efforts in accordance with the Federal Rules.

13.     Defendant objects generally to any request that demands production of documents "based upon which Defendants contend" followed by a legal allegation or argument, as impermissibly infringing upon the trial or litigation strategy of the Defendant's counsel's, and therefore not required to be produced under the FRCP, or local rules, and impermissibly seeking information protected by the attorney work product doctrine. Defendant does not produce anything herewith without the expressed reservation that Defendant does so without any representation as to any documents support for any legal argument or conclusion, as the documents speak for themselves.

14.     Defendant objects generally to any request that demands production of documents in lieu of "identification" of documents in response to interrogatories that call for a legal conclusion (as stated in general objection 13, above).

## SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

As stated above, each of Defendants' General Objections are incorporated into each of the following Specific Responses and Objections ("Specific Objections") to Plaintiffs' Document Requests:

### DOCUMENT REQUESTS

1. Any documents or communications regarding Plaintiff.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

2. Any documents or communications regarding Khatskevich or Toktasynnova.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

3. Any documents or communications relating to the allegations in the SAC.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

4. Any documents or communications relating to the May 31, 2019 Letter or the allegations therein.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

5. Any documents, or drafts thereof, relating to litigation against Plaintiff, Khatskevich or Toktasynnova.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

6. Any documents or drafts thereof submitted to any governmental entity relating to Plaintiff, Khatskevich or Toktasynnova.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

7. All documents or communications by or on behalf of Victor, or any of his Entities, with any department or agency of the Government concerning Plaintiff, Khatskevich or Toktasynnova.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

8. Any documents and communications between Victor or his agents and any law enforcement agency petitioning them to investigate, question, or take action against any individual including but not limited to Plaintiff, Khatskevich, or Toktasynnova.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

9. All documents relating to retaliation or adverse actions taken against Plaintiff by Victor or his agents.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

10. Any communications to and documents relating to Richard Bradish.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

11. Any documents relating to claims of criminal acts including, but not limited to, theft, extortion, perjury, and fraud relating to Plaintiff, Khatskevich or Toktasynnova.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

12. Any documents or communications between Victor and others regarding the possibility, existence or status of any Government investigation into Plaintiff, Khatskevich, or Toktasynnova.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

13. Any documents or communications between Victor and others regarding the possibility existence or status of any litigation Plaintiff, Khatskevich or Toktasynnova.

**Defendant objects to this request on the grounds that it is unduly burdensome,**

vague and/or overly broad ("all documents").

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

14. All documents or communications by or on behalf of Victor or any of his Entities, with private investigators including but not limited to investigative findings, background checks, surveillance reports, and other analysis done by such entities.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

15. All documents and communications concerning forensic examinations of computer, hard drives, and other electronic devices relating to Plaintiff, Khatskevich or Toktasynnova including but not limited to any reports, invoices, bills, statements or payments.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

16. All documents or communications relating to claims of stolen or misappropriated hard drives, data, computers, or electronic communication devices relating to Plaintiff, Khatskevich or Toktasynnova.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

17. Copies of data extracted, reports, and discussion of findings resulting as part of any forensic examination relating to Plaintiff, Khatskevich or Toktasynnova.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

18. All documents that concern any forensic examination, including, without limitation, any examination undertaken for the purpose of obtaining fingerprints involving Plaintiff or involving correspondence addressed to any person residing at MPC.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

19. Any financial records involving Plaintiff, Khatskevich, or Toktassynova including but not limited to canceled checks, accounting records, banking statements, and credit card statements.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

20. All communications or documents related to the Victor FEC actions including but not limited to statements made that reference Plaintiff and communications between Victor and other respondents of such actions.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

21. All documents concerning the examination, preservation or deletion of email accounts under the control of Victor or the Victor entities, including but not limited to the addresses nazym@tgds.com, yevgeniya@tgds.com, sonja@tgds.com, tiffany@tgds.com.

Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").

Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.

22. Any documents related to efforts to retrieve documents responsive to document requests in any litigation in which Victor had claimed were in the possession of his agents such as a former attorney.

Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").

Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.

23. Any documents or communications discussing any litigations involving Victor and or his entities in relation to meetings of the Board of Managers of MPC including but not limited to meeting minutes and notes.

Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").

Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.

24. Any documents, communications or financial records relating to payments made by MPC to Victor, Victor's entities, or any persons or entities who had also performed work for Victor or his entities.

Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").

Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.

25. Any documents or communications related to the disclosure or discussion of litigation involving Plaintiff, Khatskevich, or Toktassynova with

MPC including Board Members, Managing Agents, Unit Owners and insurance companies.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

26. Any documents or communications regarding any offers or agreements to indemnify MPC in litigation made by Victor including but not limited to indemnity agreement referenced in the March 26, 2015 letter from Davidoff Hutcher & Citron LLP to PKF O'Connor Davis.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

27. Any documents or communications with MPC relating to work performed by or proposed by Victor, Victor's entities, or affiliated persons or entities, including but not limited to Plaintiff, Khatskevich, Toktassynova, Len Shapiro, Marta Dani, Heinrich Kirschner, or Louis Castelar.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

28. Any documents or communications with insurance companies, brokers and related entities regarding litigation in which Victor is a party including but not limited to any claim submissions, denials of coverage, reservations of rights, investigation of claims, and investigations relating to the validity of claims.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection,**

**Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

29. Any documents or communications between Victor and employees of MPC including but not limited to Michael Rothschild, Greg DeJong and James Kellog relating to Plaintiff, Khatskevich, Toktassynova or any other litigation in which Victor is a party.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

30. Any documents or communications related to the retention, storage, moving, removal or destruction of hard copy and electronic documents or records from MPC.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

31. Any documents or communications regarding Victor's net worth, including but not limited to net worth statements, and similar valuations provided to third parties.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

32. Any documents or communications related to calculations of damages incurred by Victor and his entities relating to Plaintiff, Khatskevich, and or Toktassynova.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

33. Any documents or communications relating to the immigration status of any person conducting work for Victor or his entities.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

34. Documents identifying employees, interns or contractors providing services for Victor and his entities from the period of January 1, 2013 to the present.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

35. Any financial records relating to Len Shapiro, Nozomi Nakashima, Sonja Bozic, and Karla Castelar.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

36. All communications relating to Plaintiff, Khatskevich or Toktassynova between Victor and Sonja Bozic, Leonard Abruzzo, Len Shappiro, and Tiffany Takter.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

37. All documents and communications relating to affidavits drafted, executed or planned relating to Leonard Abruzzo, Sonja Bozic, Greg DeJong, Alia Victor, Nozomi Nakashima, Nana Yoshioko, Marta Dani, Karla Castelar, and Len Shapiro.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

38. Any documents or communications relating to offers of financial compensation or offsets relating to testimony, affidavits or cooperation as it relates to litigation or Government action in which Victor is a party.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

39. Documents and communications related to legal expenses paid by Victor or the Victor entities for litigation in which they were not parties including but not limited to James Kellogg, Karla Castelar, and Louis Castelar.

**Defendant objects to this request on the grounds that it is unduly burdensome, vague and/or overly broad ("all documents").**

**Notwithstanding and without waiving these Objections or the General Objection, Defendant has produced all non-privileged documents in his possession, if any, responsive to this request.**

Dated: February 11, 2022

*/s/ Alfred J. Polizzotto*
Alfred J. Polizzotto, Esq.
POLIZZOTTO & POLIZZOTTO, LLC
6911 18th Avenue
Brooklyn, New York 11204
(718) 232-1250 telephone
(718) 256-0966 facsimile
ap3@polizzotto.com
*Attorneys for Defendants*

## VERIFICATION

ADAM VICTOR, hereby affirms and verifies that he is a Defendant in this action; that he has reviewed the foregoing Responses and Objections to Plaintiff's First Set of Production Requests and he believes that, based upon matters within his personal knowledge and on information and documents that have been provided herein, the response to the interrogatories herein are true and correct to the best of his knowledge.

_____
ADAM VICTOR

Sworn to before me this
____ day of February, 2022

_____
NOTARY PUBLIC

EMILIO RODRIGUEZ
Notary Public, State of New York
Registration No. 02RO6321688
Qualified in Queens County
Commission Expires July 30, 2023