UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TYLER ERDMAN                                        :

                                                  :     <u>ORDER</u>
                Plaintiff,                        20 Civ. 4162 (LGS) (GWG)
                                                  :

    -v.-

                                                  :
ADAM VICTOR et al.,
                                                   :

                Defendants.               :
-------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      The Court issues this Order with respect to Docket # 150.

      Defendant's opposition letter (Docket # 152) fails to respond to the issues raised by plaintiff in Docket # 150. The fact that there remains time left to complete discovery is irrelevant to whether defendant has timely produced documents, which must be produced within 30 days under Fed. R. Civ. P. 34(b)(2)(A). We therefore deem plaintiff's arguments unopposed.

      Accordingly, defendant is hereby ordered to produce all responsive documents within his "possession, custody, or control," Fed. R. Civ. P. 34(a)(1), which shall include documents on defendant's office computers and systems including documents on what plaintiff refers to as the "P-Drive," "office email accounts," "any devices that underwent forensic analysis," and defendant's cell phone.

      The Court notes that the phrase "possession, custody, or control," Fed. R. Civ. P. 34(a)(1), "has been construed broadly." <u>Coventry Cap. US LLC v. EEA Life Settlements Inc.</u>, 334 F.R.D. 68, 72 (S.D.N.Y. 2020) (quoting <u>In re: Flag Telecom Holdings, Ltd. Secs. Litig.</u>, 236 F.R.D. 177, 180 (S.D.N.Y. 2006)). Rule 34(a)(1) "does not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control <u>when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action.</u>" <u>Id.</u> (quoting <u>Bank of N.Y. v. Meridian BIAO Bank Tanzania Ltd.</u>, 171 F.R.D. 135, 146-47 (S.D.N.Y. 1997)) (emphasis added).

      On or before August 3, 2022, defendant shall produce all responsive documents up to the present day that are in his custody and control.

      Defendant shall search all documents in repositories under his custody and control, including his office computers and systems including but not limited to the "P-Drive," office email accounts, any devices that underwent forensic analysis, and his cell phone.

      At the time he produces the documents, defendant shall provide plaintiff a sworn statement detailing his efforts to comply with this Order, including what systems and repositories defendant has searched, what custodians were involved, and what efforts defendant made to obtain documents from that custodian.

      SO ORDERED.

Dated: July 26, 2022
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge