**VIA ELECTRONIC FILING**                                                                August 19, 2022

The Honorable Gabriel W. Gorenstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

                Re:     Request to compel compliance
                         *Tyler Erdman v. Adam Victor.*, **No. 20 Civ. 4162**

Dear Judge Gorenstein:

     I write to request that the Court compel the Defendant's compliance with the Court's July 26th order. Even having received a two week extension to file a certification with the Court, Defendant has not done so nor have any of the required documents been produced in the 3 weeks since the Court'sorder.
     Plaintiff and Mr. Rodriguez had a discussion on August 18th at 11:10 AM for 45 minutes regarding his compliance with the order and other discovery issues. Ultimately, Plaintiff informed him that he would be making this application as he did not believe that Defendant would properly or timely comply with the Court's order.

     Mr. Rodriguez explained that he chose not to file a certification as ordered on August 17th due to the press of other business as well as family medical issues that he had raised with the Court in his August 4th application. During the call, Mr. Rodriguez promised that he would have the certification ready within days rather than weeks but could not provide a firmer estimate. Plaintiff asked questions regarding his efforts and the lack of specificity in his answers did not appear to indicate that a certification or production was anywhere near completion. As Defendant has made numerous claims that compliance with various orders is just a few days or weeks away only for months to go by, Plaintiff informed him that he is unable to consent to an extension as it would likely be another in a long line of extensions that would not result in compliance.
     Plaintiff has no doubt as to the sincerity of Mr. Rodriguez's family medical issues but has concerns as he described how he is "prioritizing what is due immediately" and "doing the minimum" with the limited time he has available. As such he stated that he has not allocated time with which to comply with the Court's July 26th order. Plaintiff inquired as to why the other attorney at his firm, Alfred Polizzotto has been unable to assist him. Mr. Polizzotto has already appeared in this action and functions as general counsel for Defendant (Dkt. 60, 62, 63). Mr. Rodrigeuz stated that Mr. Polizzotto was busy with other matters and did not have time for this one, and that even if he assisted, Mr. Polizzotto would likely require a lengthy extension. Plaintiff informed Mr. Rodriguez that he intended to ask the Court to order Mr. Polizzotto to

1

assist in efforts to comply with the Court's order as he is of counsel in this action, and the Court's order, already extended, must be followed.

The parties also discussed in broad terms what is occurring to search for documents in Defendant's custody and control. Defendant's position is that he is reaching out to various custodians to request documents, but has not received any as of yet. Defendant stated that his interpretation of the Court's Order did not require him to produce documents that are in the possession of third parties but rather that he only contact them to ask them for such documents. Plaintiff's position was that the Court's order clearly outlined that he must search for and produce documents in his custody and control. If Defendant knows that a third party under his control has documents he must produce them immediately as ordered. He cannot give custodians documents he knows to be responsive then shrug when they are not available for production.

Defendant explained that as he is merely requesting that third parties provide documents that he does not expect those parties to do so in a timely manner, going as far to claim that many custodians are likely going to require substantial time to provide documents and that they are likely to not be produced before the current discovery cutoff. Defendant also claimed to not have knowledge as to what documents are in the possession of various custodians, despite having made representations in this Court and others regarding what documents they had in their possession. Defendant also expressed that he believes that certain custodians might have deleted or destroyed documents in their possession, despite the approximately dozen litigations involving Defendant that would have required them to be retained. Any of the custodians of documents would have been well aware of those litigations as many had active roles in them.

Plaintiff also inquired as to the status of searching repositories. Defendant explained that he did not conduct any searches for this action as his vendor has had "everything" and that was what was produced to me. As explained it did not appear that new repositories were being searched as ordered as Defendant was not able to provide any examples of what was being done. Plaintiff took the position that if "everything" was provided to his vendor, it was clearly insufficient as evidenced by the production cutting off around 2 years prior to requests having been made, and repositories were clearly omitted.

Plaintiff asked regarding the status of searching office email accounts as ordered, to which Defendant stated that he is no longer in possession of them. Plaintiff explained that was unlikely as they were related to a multitude of litigation going on since around 2013 that would have required him to retain the information, and that emails show he had data extracted for production in another action. Plaintiff further explained that he was able to determine that accounts were still in Defendant's custody and control. Defendant disagreed and suggested Plaintiff raise the issue with the Court.

Plaintiff was able to send emails to the accounts yevgeniya@tgds.com and nazym@tgds.com, both being repositories that would contain a multitude of responsive documents. When emails are sent to Defendant's email system, if they are not in active use they

2

respond with a status message. As of August 18th, both accounts reported that they were disabled, which means the original users would not be able to access them but that Defendant as an administrator of those addresses could easily login and export any data they contain.[1]
If those accounts were deleted as claimed they would respond with a message that the account does not exist. Plaintiff received such a response for the account tiffany@tgds.com that was deleted by Defendant at some point after he had data extracted for production. Defendant appears to have either misstated what is in his possession or has not conducted a good faith search, Plaintiff requests that the Court again reiterate Defendant's obligation to search.

      Plaintiff requests that the Court compel Defendant to comply with its July 26th order, as he has had three weeks in which to comply during which he seemingly has accomplished nothing that he was ordered to do. As Mr. Rodriguez is unable to devote the required time to comply, Plaintiff requests that Mr. Polizzotto be ordered to take an active role in compliance.

      As part of that, the Court should clarify for Defendant that he must search for and produce documents from custodians in a timely manner not merely ask for them, and that he must conduct a new and in depth search of any repositories not just assume that his vendor already possesses them.

      Plaintiff requests that the Court's ordered certification including "what systems and repositories defendant has searched, what custodians were involved, and what efforts defendant made to obtain documents from that custodian" be provided by Defendant Adam Victor, Mr. Rodriguez and Mr. Polozzito, and that such certifications be provided on a weekly basis until Defendant has fully complied with the Court's July 26th Order. Such certifications would make it easier to determine what is being accomplished and avoid unnecessary applications to the Court.

      Lastly, Defendant's never ending discovery delays are forcing Plaintiff to incur monthly eDiscovery costs totalling approximately $500. Constant promises that productions will be made necessitate that such services remain active to intake any such productions. FRCP 37(b)(2)(c) provides that a disobedient party can be ordered to pay "responsible expenses, including attorney's fees, caused by the failure". As Plaintiff cannot recover for his time as a pro se litigant, he requests that Defendant be ordered to reimburse him for his ongoing expense until he fully complies with the Court's Order.

      Respectfully submitted,

/s/Tyler Erdman
Plaintiff Pro Se
917-301-0401
Tyler@Erdman.it

---

[1] Exporting such information is trivial. Defendant simply needs to go to the following address and press "Start Export" and he will receive a copy of any data on his system.
https://admin.google.com/ac/customertakeout

3