

## THE LAW OFFICES OF
## POLIZZOTTO & POLIZZOTTO, LLC

**6911 18TH AVENUE**
**BROOKLYN, NEW YORK 11204**
**TELEPHONE (718) 232-1250**
**FAX (718) 256-0966**

ALFRED POLIZZOTTO (1935-2001)
ALFRED POLIZZOTTO III*

EMILIO RODRIGUEZ

*(ADMITTED NEW YORK, NEW JERSEY)

LONG ISLAND OFFICE
1129 Northern Boulevard, Ste 404
Manhasset, New York 11030

**VIA ELECTRONIC FILING**                                             August 22, 2022
The Honorable Gabriel W. Gorenstein
Daniel Patrick Moynihan
United States Courthouse                           **MEMORANDUM ENDORSED**
500 Pearl Street
New York, NY 10007

       Re:    **Response to Erdman letter dated August 19, 2022**
             ***Tyler Erdman v. Adam Victor, et al.*, No. 20 Civ. 4162**

Dear Judge Gorenstein,

      This letter is written in response to the letter of Tyler Erdman dated August 19, 2022. In numerous places, Mr. Erdman mischaracterizes things I said during our conversation, or just outright says things that are not true.

      I did not "choose" to tardily submit what was required in Your Honor's Order dated August 4, 2022. My father's second round of chemotherapy, along with his other needs, has been a great burden upon myself and my family. That being the case, I have been naturally prioritizing tasks at work like anyone else would who has a large caseload to manage. Even with that, I informed Mr. Erdman I would only need another couple of days to complete the task required by the Order. Not weeks, days. Mr. Erdman refused, insisting Mr. Polizzotto become personally involved. Our law firm being a two-person law firm, were he to become "personally involved", I informed Mr. Erdman he would naturally require a certain amount of time anyway to ensure compliance, not a "lengthy extension", and therefore he should just grant me the few days I was requesting. He again refused.

*PLEASE RESPOND TO BROOKLYN OFFICE*

      Another issue we discussed was that the obligation required of us was that we reach out to whomever was in possession of the required documents and request they produce them to Mr. Erdman. We were then to prepare a sworn statement indicating all the ways in which we complied with the Order of the Court, including the ways we complied with our obligation to produce the documents ourselves. Parties such as Schlam Stone and Davidoff Hutcher, who used to represent my client in various litigations, afterwards developed adversarial relationships with him as a result of subsequent litigation between them. As a result, they were not expected to just hand over the requested documents as soon as what was requested in the Order dated August 4, 2022, and I informed Mr. Erdman, for that matter, we did not know when anyone would be ready to hand over documents. They may be within our "control", meaning we can ask for and obtain them, but they are not in our possession and, therefore, we cannot predict with any certainty when they would be produced. Mr. Erdman expects all these parties will just drop whatever they are doing and hand them over immediately. Whereas we certainly hope they do so, we cannot expect they will do the same.

      We therefore request an additional two weeks in order to comply with the Court's Order dated August 4, 2022. It is not anticipated we will need more time to comply with the Court's Order. I wish to thank the Court for being considerate when it comes to what my family and I have been going through these last couple of months.

Yours faithfully
**Polizzotto & Polizzotto, LLC**

Emilio Rodriguez

The Court sympathizes with Mr. Rodriguez's personal circumstances. However, the accusatory tone of this letter is mystifying. There are two attorneys on this case and if a court order cannot be complied with, all counsel are responsible for seeking an extension rather than violating the Court's order. Additionally, if Mr. Rodriguez had the time to discuss the extension with plaintiff, he had the time either to seek an extension of the court-ordered deadline if no agreement could be reached or to simply ask co-counsel, Alfred J. Polizzotto, III, to do so. As an attorney of record, Mr. Polizzotto is in fact responsible for compliance with court orders in this case. Accordingly, Mr. Polizzotto, III is directed to file a letter on or before August 25, 2022, stating all efforts he has made to ensure that court orders in this case are complied with and to explain why he did not seek an extension of the Court-ordered deadline in this case (Docket # 153). The deadline in Docket # 153 is extended to August 30, 2022.

Finally, the Court agrees that a party does not have possession or control of documents that a former attorney refuses to produce or that can only be obtained by subpoena. That being said, the Court will note, in light of the threatening statement in the email from Schlam, Stone & Dolan (see Docket # 158), and plaintiff's pro se status, that (1) counsel from Schlam, Stone & Dolan presumably intends to refer to a "retaining lien" not a "charging lien"; (2) the case law counsel refers to relates to a subpoena from the former attorney's client and does not necessarily bar a subpoena from a non-party. See Tri-Ex Enterprises, Inc. v. Morgan Guar. Tr. Co. of New York, 583 F. Supp. 1116 (S.D.N.Y. 1984); and (3) it is unclear if Schlam, Stone & Dolan have a retaining lien (as opposed to a charging lien).

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

August 23, 2022