**azVIA ELECTRONIC FILING**                                            September 27, 2022

The Honorable Gabriel W. Gorenstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

                              **Re:    Request to compel compliance**
                              ***Tyler Erdman v. Adam Victor.*, No. 20 Civ. 4162**

Dear Judge Gorenstein:

      I write to update the Court on the lack of progress following Defendant's submission of the August 30, 2022 Affidavit of Adam Victor (Attached as Exhibit 1) and the August 25th Letter from Mr. Polizzotto (Dkt. 160). In short, they have utterly failed to Comply with the Court's July 26th, 2022 Order as they have accomplished absolutely nothing.

      Plaintiff and Mr. Rodriguez spoke regarding this application on September 1st, for approximately 45 minutes. Plaintiff's position was that Defendant had not properly complied with the Court's order. Defendant's position was that as Mr. Rodriguez and Mr. Polizoto had many years of experience as attorneys  "We have a better sense of the order" than Plaintiff and that they had complied with what they interpreted the order to require of them. Plaintiff informed Defendant that he would be moving for this relief; as he did not believe that Defendant's professional opinion accurately reflected the substance of the Court's order.

      Mr. Rodriguez stated that he would be providing an updated privilege log with entries he referenced in his previous letter by September 7th. That never occurred. Plaintiff has been on vacation for two weeks (returning September 24), and Mr. Rodriguez's only accomplishment during that time period was to send an email with a count of records from various privilege logs, which did not resolve any of the pending issues. Today he said he is still working on adding 4 entries to a privilege log despite him having promised those entries nearly a month ago. He appears totally incapable of even the most basic tasks.

      The Court's July 26th Order, was clear and unambiguous that Defendant "shall search all documents in repositories under his custody and control" and he "shall provide Plaintiff a sworn statement detailing his efforts to comply with this Order, including what systems and repositories defendant has searched, what custodians were involved, and what efforts defendant made to obtain documents from that custodian".  Defendant did neither.

1

Defendant's disobedience of the Court's order is contemptuous. After he received several extra weeks in which to comply with the order, he failed to produce any documents and admits he did not even attempt to search the repositories in his possession for documents.

He has obtained documents from only one custodian. Since he had provided his August 30th Letter, he has provided no documents or updates as to his efforts. Further, although he asserts that the documents he retrieved are privileged, he still has not logged them, despite promising to do so. Defendant's updated privilege log is now 9 months overdue, missing more than a dozen deadlines that plaintiff's own attorney set for delivery. At first Defendant claimed that he had plenty of time in the discovery schedule in which to provide the log, despite the Court already stating: "The fact that there remains time left to complete discovery is irrelevant". Yet again he has failed to do what he promised to do, necessitating yet another extension.

**Victor has not searched repositories**

Victor provides no explanation for how he searched various repositories as ordered. Instead, he states: "To the best of my knowledge and belief, all the documents in repositories under my direct custody and control were in hard drives in the possession of Setec, a forensics firm, and those documents have already been produced to Plaintiff". Plaintiff asked Defendant to clarify if a search was performed as he was very clearly ordered to do. Defendant responded that no new search had been conducted as he had already produced "everything" previously, and Mr. Victor told counsel that he had no additional documents beyond what was on hard drives in the possession of Setac. He also claimed, without search, that Victor's cell phone had no responsive documents. Claiming that there are no responsive documents in the unsearched repositories is clearly insufficient.

The Defendant was ordered to "produce all responsive documents up to the present day" and to search "his office computers and systems including but not limited to the "P-Drive", office email accounts, any devices that underwent forensic analysis, and his cell phone". Claiming that a forensics examination done years ago somehow had the contents of his email accounts and the cell phone in his hand up to the present day is clearly nonsensical. Similarly his description of repositories under "my direct custody and control" appears to be an attempt to ignore the Court's very clear definition of "possession, custody and control" and rehash his prior description of "possession".

Defendant should not be relying on "the best of [his] knowledge and belief," he should be searching repositories and producing from them. Mr. Rodriguez says that Victor told him that everything has been produced. I take Mr. Rodriguez at his word, but Victor is clearly lying. If he is unwilling to produce documents, he should be ordered to let someone more willing and capable to do it for him.

I configured Victor's email system. It is a service that Google provided free of charge until August 1st, 2022[1]. I have the same service and it was set to be cut off as of September 8th, if I did not provide billing information. Victor is required to do the same, otherwise his email would cease functioning and he would be unable to access it until the billing information is provided. The page in which that billing information can be entered is just a few clicks away from the button which Victor would use to export his information. The process would take only moments. If Victor does not take action, however, the data will be made inaccessible to him and may be destroyed. His continued contempt of the Court's order, could thus turn into spoliation of evidence.

I respectfully request that Victor be ordered to provide administrative access to someone other than himself so that data can be exported and produced. Defendant has had repeated opportunities to comply and has failed to do so. He should be ordered to provide administrative login information to either Plaintiff or a third party so that any data can be extracted while it is still available. I can easily complete this process myself in minutes, or assist someone such as Mr. Rodriguez in doing so over a zoom call. In the alternative, Victor should be ordered to bear the expense of an expert to do so.

Similarly I also request that Victor be ordered to provide any devices and documents in his possession, custody or control to Plaintiff or a third party at his expense to conduct a proper search and production. Victor has amply demonstrated he has no intention of properly conducting a search. If he won't, someone else should do it for him.

### **Victor has produced nothing from Custodians**

Victor has failed to produce even a single page of documents from the custodians from whom he claims he sought production. Mr. Rodriguez admitted that some custodians were only contacted shortly before Victor provided his statement. However, even since then, no documents appear to have been collected.

Victor's conduct here is similar to how he has conducted himself in other litigations, where he refused to produce documents, claiming he had given them to others. Plaintiff's document request no. 22 requested all documents related to efforts to retrieve documents from custodians in any litigation. Although Victor agreed to produce responsive documents, none were produced. As Victor's statement lacks any detail as to when he communicated with custodians, Plaintiff requests that Victor be compelled to provide all documents responsive to Plaintiff's document request no. 22 to the present day.

---

[1] https://support.google.com/a/answer/2855120?product_name=UnuFlow&hl=en&visit_id=637986439196130079-458524192&rd=1&src=supportwidget0&hl=en

3

Defendant also tries to limit custodians to only those identified in his interrogatory responses. While that is a starting point for a search, he was ordered to search all documents in his custody and control, not just the custodians he admitted. The Defendant has provided similar responses in other actions, identifying other custodians. One example is an attorney, Brian Kennedy. Victor described Kennedy as one of the persons who was drafting memos and petitioning law enforcement to target Plaintiff and others. Victor responded to a request in another action that sought documents relating to him talking to law enforcement about Plaintiff, and he named Kennedy as a custodian of documents (excusing his failure to produce the documents). Yet in this action, he omitted Kennedy from discovery responses and has made no effort to contact him. The same is true of other lawyers who represented Victor and non-lawyer custodians as well.

For the custodians he does mention he seems to try and portray them as unreachable. His efforts to contact Sonia Bozic for instance attempts to give the appearance that she is in Serbia rather than in the United States. With others he claims that they are unreachable when a Google search easily finds their contact information.

It is implausible that Victor deleted his copy of all of the documents he provided these custodians. However, if Victor refuses to produce the documents from his own files, he is required to produce them from the custodians to whom he entrusted them. He has clearly not made good faith attempts to produce, and is actively trying to mislead the Court into believing they are somehow irrelevant - despite the Court's order that they be produced.

Victor has deliberatively flouted this Court's several orders requiring him to produce documents. Despite the Court's order that he search repositories and retrieve documents from Custodians, he has failed to do so. His attorneys have apparently abdicated their role in production and are relying entirely on Victor to voluntarily comply with the Court's orders. Mr. Polizzotto's August 25th Letter to the Court makes clear, that this matter is not being taken seriously, as he essentially said all he did was to ask Mr. Rodriguez to contact custodians and talked to his client about production. The Defendant should not be allowed to waste any more of the Court's time.

Therefore, Plaintiff respectfully requests that Defendant be ordered to: (i) provide administrative access to his email system to a third party to export and produce information; (ii) turn over all of his personal and business devices, including cell phones, to a third party to export and produce information; (iii) comply with all the entirety of the Court's July 26th Order; (iiii) produce documents relating to his efforts to contact custodians that are responsive to Plaintiff's request 22; (v) provide regular updates as to his efforts to comply with this order.

      Plaintiff requests that these conditions be accompanied with a conditional order of contempt and or sanctions if Defendant fails to comply with this order. Mr. Rodriguez stated that he would not give his client advice that would put him in jeopardy of being in Contempt of Court, of which Plaintiff has no doubt. However it appears that Defendant decided to ignore that advice, and is unlikely to change course if he does not suffer the repercussions of that choice.

      Lastly the parties agreed to again extend the discovery window to address these issues, and request that it be extended six additional weeks from September 22nd to November 3rd.

Respectfully submitted,

<u>/s/Tyler Erdman</u>
Plaintiff Pro Se
917-301-0401
Tyler@Erdman.it
