UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TYLER ERDMAN,

          *Plaintiff,*

against

ADAM VICTOR,

          *Defendant.*

Case No.: 1:20-cv-04162 (LGS)(GWG)

**AFFIDAVIT OF ADAM VICTOR**

---

STATE OF NEW YORK
                 ss:
COUNTY OF NEW YORK

    1.    I am the Defendant in the abovementioned action and I make this sworn statement in accordance with the Order of the Honorable Gabriel W. Gorenstein dated October 28, 2022 wherein I was directed to enumerate the efforts expended in obtaining documents from the custodians and drives listed in Your Honor's Order dated July 26, 2022.

    2.    To the best of my knowledge, all the documents in repositories under my direct custody and control were in hard drives in the possession of Setec, a forensics firm, and those documents have already been produced to the Plaintiff. The "P Drive" mentioned by Plaintiff consisted of multiple storage hard drives I had connected to my network, for redundancy. These were never reconnected to my Network, after given to the police in 2015, because they failed to function properly. A call was put in by my attorneys to Mr. Todd Stefan at Setec and he said he would check with Mike Kunkel, the Setec employee who worked more directly with my files, to verify if those documents had been forwarded to our

litigation services company, TransPerfect. We have not heard back from Mr. Stefan, even after another call was placed to him on Friday, November 4. We await his answer.

3. In the meantime, I have engaged the services of Silverseal, one of the top investigatory agencies in the country, to retrieve the copies of the hard drives still in the possession of the NYPD Property Clerk, which I believe to be copies of the P Drives. Mr. John J. Kelly, a director at Silverseal, was scheduled to pick it up from the clerk in Brooklyn on November 4, 2022. As of the writing of this affidavit, I have yet to hear back from Mr. Kelly to confirm he has the drive.

4. Your Honor's Order also directed me to check my cell phone for any records responsive to Plaintiff's discovery demands. The only documents in my phone are contained in apps I use, namely Adobe and Dropbox. When I reviewed my Adobe account, I found about fifty documents on my phone. After I reviewed those documents with my attorney, Mr. Emilio Rodriguez, we did not come across any document responsive to Plaintiff's discovery demands.

5. In terms of the Dropbox account, my attorneys forwarded the requisite passwords on November 3, 2022 to my document service provider, TransPerfect, so they could determine how many records were there and if they were duplicates of documents already part of previous productions. We were told a review would take several days and produce a result sometime next week.

6. On Thursday, November 3, 2022, TransPerfect was also sent the passwords for the email accounts mentioned in Plaintiff's document requests, namely nazym@tgds.com, yevgeniya@tgds.com. The ones for sonja@tgds.com and tiffany@tgds.com were replaced

by newer accounts over time, as I had a 10-account limit and had to recycle accounts to stay under the 10 account threshold. TransPerfect will undertake the download of email, if any remain in those accounts, and compare them to the documents already produced to the Plaintiff. I believe I was copied on all of those emails as that was the standard procedure for me to be copied on "TGDS" emails, and hence were already produced to the Plaintiff. It is possible those documents will require a team of people to review, but most probably will turn out to have already been produced, according to TransPerfect. They will need approximately a week to conduct such analysis.

7. According to Your Honor's Order, the persons mentioned in my discovery responses that possessed certain knowledge or responsive documents were Sonia Bozic, Oksana Chumanenko, Yigal Zohar, Francisco Filho, Steve Ingenito, Richard Bradish, Juan Perez, Ken Lazar, Pat Timlin, Viktor, Gil Kinderland, Louis Freeh, the firm of Schlam Stone, and the firm of Davidoff Hutcher.

8. To the best of my knowledge and belief, all of the documents in repositories under my direct custody and control were in either in hard drives in the possession of Setec, a forensics firm, or other hard drives from my home computer and email accounts already provided to TransPerfect and those documents have already been produced to the Plaintiff.

9. According to Your Honor's Order, the persons mentioned in my discovery responses that possessed certain knowledge or responsive documents were Sonia Bozic, Oksana Chumanenko, Yigal Zohar, Francisco Filho, Steve Ingenito, Richard Bradish, Juan Perez, Ken Lazar, Pat Timlin, Viktor, Gil Kinderland, Louis Freeh, the firm of Schlam Stone, and the firm of Davidoff Hutcher.

10. I reached out to Sonia Bozic through the school she was working at in Belgrade, Serbia. She produced about 12 documents of all she had concerning Tyler Erdman. Four of the documents are privileged and will be included in the updated privilege log. One is an Affidavit from Greg DeJong which was produced as part of pending litigation between the parties in the Supreme Court of the State of New York, Index No. 158981/14. The rest were non-responsive to the interrogatories and document requests.

11. Oksana Chumanenko was, to the best of my knowledge, living in the Ukraine. She was eight months pregnant when the Russians invaded Ukraine and she is now a refugee somewhere in Europe. She has not been responsive.

12. My attorneys sent a follow up email to Yigal Zohar requesting the documents in question, who lives in Romania. He confirmed to me today he has no documents.

13. My attorneys sent an email to Francisco Filho. The message was returned as "undeliverable"; therefore I have no further way of contacting him.

14. My attorneys sent a follow up email to Steve Ingenito requesting the documents in question. We have not received a response at this juncture.

15. My attorneys sent a follow up email to Richard Bradish requesting the documents in question. Today I spoke to him, and he said the only document in his possession is a voucher from the NYPD Property Clerk for the P drives mentioned above.

16. My attorneys reached out to Juan Perez via telephone. He refused to speak to them on the phone. I have no other way of reaching him.

17. I have fallen out of touch with Ken Lazar and have no way of presently reaching him.

18. My attorneys sent a follow up email to Pat Timlin requesting the documents in question. Mr. Timlin informed us he will be able to produce such documents in a week.

19. I have fallen out of touch with Viktor and have no way of presently reaching him.

20. My attorneys sent a follow up email to Gil Kinderland requesting the documents in question. We have not received a response at this juncture.

21. My attorneys sent a follow up email to Judge Eugene R. Sullivan, who is counsel at a firm in which the son of Louis Freeh is a partner. I spoke to Judge Sullivan at the end of August and he confirmed he has no files or documents pertaining to me.

22. My attorneys also sent an email to Louis Freeh at Alix Partners, an organization of which he is a member, and followed that up with a letter. We have not received a response at this juncture.

23. The court was already notified by the Plaintiff of the charging lien on my file imposed by Schlam Stone.

24. My attorneys reached out to Joshua Krakowsky at Davidoff Hutcher and were told he had already sent all of my documents to Jon Silveri, Esq. in September 2020, who then produced them to my current counsel. Most of those documents are privileged and have been included in the privilege log, and all other documents were included in what was previously provided to and searched by TransPerfect.

Dated: New York, New York
November 4, 2022

_____
ADAM VICTOR

Sworn to before me on
November 4, 2022

_____
NOTARY PUBLIC

**EMILIO RODRIGUEZ**
Notary Public, State of New York
Registration No. 02RO6321688
Qualified in Queens County
Commission Expires July 30, 2023