Case No. CV-20-4162 (LGS)(GWG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TYLER ERDMAN,

                            Plaintiff,

              against

ADAM VICTOR,

                            Defendant.

---

# DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO SANCTIONS PURSUANT TO FRCP 37(B)

**POLIZZOTTO & POLIZZOTTO, LLC**
*Attorneys for Defendants*
6911 18th Avenue
Brooklyn, New York 11204
(718) 232-1250

# **TABLE OF CONTENTS**

TABLE OF CONTENTS………………………………………………………………………….i

TABLE OF AUTHORITIES……………………………………………………………………..ii

PRELIMINARY STATEMENT……………………………………………………………….....1

ARGUMENT…………………………………………………………………………………….2A

DISTRICT COURT'S IMPOSITION OF SANCTIONS UNDER RULE 37 IS REVIEWED FOR VARIOUS FACTORS………………………………………………………….2

SANCTIONS ARE NOT WARRANTED WHERE NON-DISCLOSURE WAS SUBSTANTIALLY JUSTIFIED OR HARMLESS……………………………………3

CONCLUSION…………………………………………………………………………………...5

## TABLE OF AUTHORITIES

**Cases**

*Daval Steel Prods. V. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991)..........................2

*Design Strategy, Inc. v. Davis,* 469 F.3d 284, 297-98 (2d Cir. 2006)................................4

*Doug's Word Clocks.com Pty Ltd. v. Princess Int'l Inc.*, 323 F.R.D. 167, 172 (S.D.N.Y. 2017)....................................................................................................................4

*Feltenstein v. City of New Rochelle*, 2018 U.S. Dist. LEXIS 138393................................3

*Hart v. Westchester County Dep't of Soc. Servs.*, 160 F.Supp.2d 570................................2

*John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988)......2

*Preuss v. Kolmar Laboratories, Inc.*, 970 F. Supp. 2d 171,175 (S.D.N.Y. 2013).................................................................................................................4

*Vaccaro v. Waterfront Homes Marina*, No. 10 Civ. 4288(NRB), 2011 U.S. Dist. LEXIS 137036, 2011 WL 5980997...................................................................................................4

**Statutes**

Fed. R. Civ. P. 37(b).................................................................................2

## PRELIMINARY STATEMENT

Defendant Adam Victor ("Defendant"), by and through his attorneys, Polizzotto & Polizzotto, LLC, respectfully submit this Memorandum of Law in support of their opposition to sanctions pursuant to Fed. R. Civ. P. 37(b).

On July 26, 2022, the Honorable Gabriel W. Gorenstein issued an order finding Defendant's counsel's letter dated July 21, 2022 as not having opposed Plaintiff's letter dated July 13, 2002, and thereby directing the Defendant to produce all documents in his "possession, custody or control" on or about August 3, 2022, as well as a sworn statement detailing Defendant's efforts to produce such documents. After a couple of requests for extension of that deadline were granted, the Honorable Gabriel w. Gorenstein issued an order on August 23, 2022 extending the deadline for Defendant's submission to August 30, 2022.

Defendant submitted the requisite sworn statement on August 30, 2022 detailing his efforts, which included an explanation of how the documents in his actual possession were included in the document production that had been made earlier to the Plaintiff, and a listing of the efforts made to connect with the individuals identified in his document responses as possible custodians. Plaintiff then proceeded to file a letter on September 27, 2022 in which he expressed his belief as to the inadequacy of Defendant's efforts to produce the requested documents. Defendant's counsel submitted an opposition on September 28, 2022 discussing Defendant's belief in the efforts he had made to obtain the documents in question.

The Court then issued an Order on October 21, 2022 directing a conference to be held on October 26, 2022. After Defendant's counsel unfortunately had to submit an early morning request for the adjournment of this conference, due to a family illness, the Court

granted an adjournment of the conference until October 28, 2022. During that conference, a discussion was had as to the extent of Defendant's efforts to comply with the previous order of the court. Despite Defendant's efforts, explanations and rationales, it was ordered that Defendant submit another sworn statement due November 4, 2022 detailing further efforts to comply as well as the instant Memorandum of Law explaining why sanctions should not be issued pursuant to Fed. R. Civ. P. 37(b).

## ARGUMENT

### POINT I

### A DISTRICT COURT'S IMPOSITION OF SANCTIONS UNDER RULE 37 IS REVIEWED FOR VARIOUS FACTORS

The Southern District indicated the proper standard of review in the case of *Hart v. Westchester County Dep't of Soc. Servs.*, 160 F.Supp.2d 570: " A party's failure to comply with discovery orders may be sanctioned consistent with Rule 37(b)(2)(B), which authorizes courts to impose various sanctions, including the preclusion of evidence. Rule37(d) extends these sanctioning powers to parties who do not respond to discovery requests. However, the harsher remedies are only "justified . . . when the failure to comply with a court order is due to willfulness or bad faith, or is otherwise culpable." *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991); *see also John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988)(dismissal under Rule 37 is justified where party "fails to comply with the court's discovery orders willfully, in bad faith, or through fault").

The *Hart* case dealt with a discovery request for records documenting the food

stamps and housing payments made on Hart's behalf from 1989 through 1996. Hart complained the WCDSS only responded with records for 1995 and 1996. WCDSS responded that it provided all records relating to this request still in its possession, and that records prior to 1995 had been purged pursuant to department policy. The court held that Defendant did not merit sanctions for not preserving records for the three years before the complaint was filed and, notably, that Defendant did not act in the culpable manner necessary for sanctions.

The same lack of culpability and bad faith exists in the instant case. Defendant has already produced hundreds of thousands of pages to the Plaintiff, as well as providing complete and supplementary document responses indicating the possible custodians of all documents responsive to Plaintiff's requests. Defendant was ordered to supplement his responses, but these extra submissions did not even delay the case to a prejudicial degree, and definitely not a delay that would be considered willful or in bad faith. In fact, the only delay was one of just one month in a case where discovery has been extended numerous times out of necessity. The only delay was also one that was caused by requests for adjournment due to family emergencies that were unfortunately required to be backed by affidavits submitted under seal.

## POINT II

### SANCTIONS ARE NOT WARRANTED WHERE NON-DISCLOSURE WAS SUBSTANTIALLY JUSTIFIED OR HARMLESS

The District Court also indicated in *Feltenstein v. City of New Rochelle*, 2018 U.S.Dist. LEXIS 138393: "Under Rule 37(c)(1), a court may sanction a party that fails to

comply with their Rule 26(a) obligations. The range of sanctions available to a court pursuant to Rule 37 "includes—but is not limited to—orders deeming certain facts established; permitting an adverse inference instruction; striking pleadings; prohibiting the 'disobedient' party from making specific claims or introducing certain matters into evidence; dismissing a claim or the entire action or granting default judgment against the disobedient party; or entering an order of contempt." *Doug's Word Clocks.com Pty Ltd. v. Princess Int'l Inc.*, 323 F.R.D. 167, 172 (S.D.N.Y. 2017) (citation and internal quotation marks omitted). "Pursuant to Rule 37(c)(1), preclusion of evidence . . . not identified in initial disclosures under Rule 26(a)(1)(A)(iii) or supplemental disclosures under Rule 26(e)(1)(A) or another listed sanction is automatic unless the non-disclosure was substantially justified or harmless." *Vaccaro v. Waterfront Homes Marina,* No. 10 Civ. 4288(NRB), 2011 U.S. Dist. LEXIS 137036, 2011 WL 5980997 (citing *Design Strategy, Inc. v. Davis,* 469 F.3d 284, 297-98 (2d Cir. 2006)). Substantial justification is a "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Preuss v. Kolmar Laboratories, Inc.,* 970 F. Supp. 2d 171, 175 (S.D.N.Y. 2013) (citation and internal quotations omitted). A violation of the Federal Rule's disclosure obligations is harmless within the meaning of Rule 37(c) "when there is no prejudice to the party entitled to the disclosure." *Id.*

During the conference, the Court indicated it felt there was purposeful non-compliance with its orders. However, substantial justification exists here as it did in *Feltenstein* as Defendant explained in his affidavit the documents Plaintiff was asking for were already produced in the mass production of documents that took place earlier in the

case. In fact, our document service provider has given every indication that the documents contained in the hard drive held by the police have already been produced along with the earlier batch considering the fact nothing has been added to the P drive since its retention by the police in 2015. The Dropbox account is also suspected to have nonresponsive documents and duplicates of past productions. Further efforts to reach out to outside custodians have also been made. Between that, and the fact non-party discovery is still outstanding, Plaintiff has suffered no prejudice by the slight delay, and any violation by the Defendant is thereby harmless as indicated by the Court in *Feltenstein*.

## CONCLUSION

WHEREFORE, it is respectfully submitted that the Complaint of the Plaintiff be dismissed in its entirety and for such other and further relief as this Court deems just and proper.

POLIZZOTTO & POLIZZOTTO, LLC

By: _____
Emilio Rodriguez, Esq.
*Attorney for Defendant*
6911 18th Avenue
Brooklyn, New York 11204
(718) 232-1250
erodriguez@polizzotto.com