POLIZZOTTO & POLIZZOTTO, LLC
Emilio Rodriguez, Esq.
6911 18th Avenue
Brooklyn, New York 11204
*Attorneys for Defendant*
Tel. No. (718) 232-1250

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| TYLER ERDMAN,<br><br>                     Plaintiff,<br><br>against<br><br>ADAM VICTOR,<br><br>                     Defendant. | Case No.: 1:20-cv-4162 (LGS)(GWG)<br><br>**REPLY AFFIRMATION OF EMILIO RODRIGUEZ IN OPPOSITION TO SANCTIONS** |

---

Pursuant to 28 U.S.C. §1746, Emilio Rodriguez, declares, under the penalty of perjury, the following to be true:

1. I am associated with POLIZZOTTO & POLIZZOTTO LLC, counsel to Adam Victor ("Defendant"), defendant in the above-captioned action. I submit this Affirmation in opposition to sanctions of the Defendant under FRCP 37(b).

2. The submission of Tyler Erdman ("Plaintiff") is replete with examples of past behavior of the Defendant, behavior that took place years in the past. What matters is what has taken place in the present case. And under that type of scrutiny, sanctions toward the Defendant would be unjust. To reiterate the standard for sanctions under Rule 37(b): " A party's failure to comply with discovery orders may be sanctioned consistent with Rule

37(b)(2)(B), which authorizes courts to impose various sanctions, including the preclusion of evidence. Rule 37(d) extends these sanctioning powers to parties who do not respond to discovery requests. However, the harsher remedies are only "justified . . . when the failure to comply with a court order is due to willfulness or bad faith, or is otherwise culpable." *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991); *see also John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988)(dismissal under Rule 37 is justified where party "fails to comply with the court's discovery orders willfully, in bad faith, or through fault"), *Hart v. Westchester County Dep't of Soc. Servs.*, 160 F.Supp2d 570.

    3.    In the present case, hundreds of thousands of pages have already been produced to the Plaintiff. The present question of whether sanctions are appropriate concern documents ordered to be produced since Your Honor's Order of July 26, 2022. A group of those documents are in the possession of outside custodians, most of whom have received as up to now a third set of emails requesting their production. As was shown from our initial submission on this motion, two of those custodians were law firms who have made their position quite clear on this subject. One custodian has requested we make no further attempts to contact him. Another, Pat Timlin, has informed us to expect whatever documents he has within the next week. Richard Bradish has since informed us he has no documents regarding the Plaintiff, or any responsive to his document requests.

    4.    In terms of documents in the possession of the Defendant, files are being collected from the Dropbox and email accounts mentioned in our initial submission. From what we have been told so far by our document vendor, many of those files are comprised of

video files unresponsive to Plaintiff's document requests, and the documents remaining, prior to about 2018, were already copied to the drives in the possession of the forensics firm, Setec, and hence, already produced. The vendor is presently determining how many documents there are from 2018 to 2022. Few are anticipated that will be responsive, as Plaintiff's employment with the Defendant ended in 2013, the earliest statement that survived the granting of Plaintiff's motion to dismiss in part was dated 2017, and the great majority of documents even mentioning the parties in his document requests were privileged post-2018, which is no surprise after years of litigation between the parties.

5. The District Court has also recognized factors such as substantial justification and possible prejudice to the party entitled to the disclosure. To reiterate their position: "Under Rule 37(c)(1), a court may sanction a party that fails to comply with their Rule 26(a) obligations. The range of sanctions available to a court pursuant to Rule 37 "includes—but is not limited to—orders deeming certain facts established; permitting an adverse inference instruction; striking pleadings; prohibiting the 'disobedient' party from making specific claims or introducing certain matters into evidence; dismissing a claim or the entire action or granting default judgment against the disobedient party; or entering an order of contempt." *Doug's Word Clocks.com Pty Ltd. v. Princess Int'l Inc.*, 323 F.R.D. 167, 172 (S.D.N.Y. 2017) (citation and internal quotation marks omitted). "Pursuant to Rule 37(c)(1), preclusion of evidence . . . not identified in initial disclosures under Rule 26(a)(1)(A)(iii) or supplemental disclosures under Rule 26(e)(1)(A) or another listed sanction is automatic unless the non-disclosure was substantially justified or harmless." *Vaccaro v. Waterfront Homes Marina,* No. 10 Civ. 4288(NRB), 2011 U.S. Dist. LEXIS 137036, 2011 WL 5980997

(citing *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297-98 (2d Cir. 2006)). Substantial justification is a "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Preuss v. Kolmar Laboratories, Inc.*, 970 F. Supp. 2d 171, 175 (S.D.N.Y. 2013) (citation and internal quotations omitted). A violation of the Federal Rule's disclosure obligations is harmless within the meaning of Rule 37(c) "when there is no prejudice to the party entitled to the disclosure." *Id.*

6. Defendant feels what we have listed above, and in our previous submission, is sufficient to establish substantial justification in accordance with the caselaw. In terms of any possible prejudice, the directive in question came from Your Honor's Order dated July 26, 2022. The reason that dispute has lasted almost four months is the delay caused by the personal issue involving my family. The short time that has passed since Your Honor's Order has not affected Plaintiff's case in the slightest way, let alone in a negative manner. Discovery is still ongoing, and third-party discovery has not even begun yet. The time for any dispositive motions will be established sometime next year. Therefore, there has been no prejudicial effect upon the Plaintiff.

**WHEREFORE**, Defendant asks the Court to deny the imposition of any sanctions to the Defendant, and for any and all further relief the Court deems just and proper.

Dated: Brooklyn, New York
November 21, 2022

EMILIO RODRIGUEZ