```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TYLER ERDMAN                                                 :

                Plaintiff,                                   :    ORDER

        -v.-                                                 :    20 Civ. 4162 (LGS) (GWG)

ADAM VICTOR, et al.,                                         :

                Defendants.                                  :
-------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

On July 26, 2022, the Court ordered defendant Adam Victor to "produce all responsive documents within his 'possession, custody, or control,' . . . which shall include documents on defendant's office computers and systems including documents on what plaintiff refers to as the 'P-Drive,' 'office email accounts,' 'any devices that underwent forensic analysis,' and defendant's cell phone." (Docket # 153). On October 28, 2022, the Court ordered defendant to engage in certain discovery tasks and also to "file a sworn statement by November 4, 2022, detailing all efforts, in the past or ongoing, to produce documents responsive to plaintiff's document requests, which shall include any efforts undertaken since July 26, 2022." (Docket #169). The Court ordered defendant's counsel to "explain in a memorandum of law why no sanction should issue pursuant to Fed. R. Civ. P. 37(b) for the failure to conduct the search mandated by the July 26, 2022 Order." Id. Defendant Adam Victor filed an affidavit on November 4, 2022 (Docket # 172) ("Victor Affidavit"), and defense counsel filed a memorandum of law (Docket # 173). On November 11, 2022, plaintiff filed a 25-page single-spaced letter in response. (Docket # 176) ("Erdman Letter"). On November 21, 2022, defendant filed a reply (described on ECF, oddly, as a "related case affirmation"). (Docket # 179) ("Reply"). We address the discovery and sanctions issues in turn.[1]

I.      Discovery

Defendant's affidavit fails to adequately address whether certain of the sources for documents identified in the Court's prior orders were properly searched. First, defendant states that the "P Drive" referenced in the July 26, 2022 Order was "never reconnected to [his] network," and states that he has attempted to retrieve copies of the "P Drive." Victor Affidavit ¶¶ 2-3 (Docket # 172). Defendant does not state whether he has access to the original drive. Second, defendant states that "[t]he only documents in [his cell phone] are contained in apps . . .

---

[1] The Court does not address new discovery issues raised in the parties' briefing inasmuch as they were not raised in accordance with paragraph 2.A of the Court's individual practices.

namely Adobe and Dropbox." Id. ¶ 4.  He acknowledges that the Court's order required him "to check [his] cell phone for any records responsive to [p]laintiff's discovery demands," but indicates only that he "reviewed [his] Adobe account" and forwarded Dropbox passwords to a document servicer.  Id. ¶¶ 4, 5 (emphasis added).  Although defendant refers to a single cell phone, plaintiff professes a belief that defendant possesses multiple such devices.  Erdman Letter at 14 (Docket # 176).

Defendant identifies multiple searches that were ongoing at the time of his affidavit, which he attested would be completed shortly thereafter.  See Victor Affidavit ¶¶ 5-6, 18.  Plaintiff stated that, at the time of his November 14, 2022 filing, he had not received any updates on the status of these searches.  Erdman Letter at 10.  In his November 21, 2022 filing, defendant again represented that he expected certain documents "within the next week."  Reply ¶ 3.

It is clear from defendant's affidavit that his search was insufficient as to the sources identified in the Court's July 26, 2022 Order.  The Court's order instructed defendant to "produce all responsive documents within his 'possession, custody, or control,' . . . including documents on . . . defendant's cell phone."  (Docket # 153).  Defendant's affidavit indicates that he searched his cell phone only for documents kept on his Adobe and Dropbox apps, and did not attempt to identify any responsive text messages or voicemails.  Victor Affidavit ¶¶ 4-5.  Also, as the Court indicated in the October 28, 2022 conference, the July 26, 2022 Order extended to past and present communications pertinent to this case.  (Docket # 170, at 7:2-10).  Defendant is thus ordered to conduct a search of any and all cell phones in his possession, custody, or control, including as to text messages and voicemails as well as any other documents responsive to plaintiff's discovery requests.

Further, defendant is ordered to file a new affidavit by December 22, 2022, reporting on the status of the searches that were allegedly nearing completion as of his November 4 affidavit.  The new affidavit shall also explain whether he has obtained the copies of the "P Drive" referenced in the November 4 affidavit, whether he has access to the original "P Drive," and, if not, when and how access to the original "P Drive" was lost.  Defendant shall also list all cellphones that he used during the relevant period, and indicate what search has been conducted of those cell phones for responsive documents, and whether the search of these devices was limited to Adobe and Dropbox.

If plaintiff still has issues with discovery after reviewing this affidavit, he may make a new application but only following a full discussion of the issues with defendant's counsel in accordance with paragraph 2.A of the Court's Individual Practices.  Also, the briefing on any application shall be limited to 5 pages for any party.

II.     Sanctions

Rule 37(b)(2) provides, in relevant part, that if a party "fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders,"

including "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims," and "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2). The decision whether to impose such sanctions is discretionary. See Funk v. Belneftekhim, 861 F.3d 354, 365 (2d Cir. 2017). "Severe sanctions are justified . . . when the failure to comply with a court order is due to willfulness or bad faith, or is otherwise culpable." Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991). "Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control." Davidson v. Dean, 204 F.R.D. 251, 255 (S.D.N.Y. 2001) (quoting Davis v. Artuz, 2001 WL 50887, at *3 (S.D.N.Y. Jan. 19, 2001)).

While it is clear that defendant failed to comply with the Court's July 26, 2022 Order, the record does not at this point convince the Court that the defendant's failure to obey was willful or in bad faith. The Court will keep the potential for sanctions open pending completion of the discovery process.

The discovery deadline is extended to February 16, 2023. The letter to Judge Schofield required by paragraph 13.b of Docket # 77 shall be filed by February 23, 2023.

SO ORDERED.

Dated: December 7, 2022
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge