UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TYLER ERDMAN,

                *Plaintiff,*

against

ADAM VICTOR,

                *Defendant.*

Case No.: 1:20-cv-04162 (LGS)(GWG)

**AFFIDAVIT OF ADAM VICTOR**

---

STATE OF NEW YORK
                ss:
COUNTY OF NEW YORK

1. I am the Defendant in the abovementioned action and I make this sworn statement in accordance with the Order of the Honorable Gabriel W. Gorenstein dated December 7, 2022 wherein I was directed to enumerate the continued efforts expended in obtaining documents from the custodians and drives listed in Your Honor's Order dated July 26, 2022.

### P Drive Destruction

2. We were able to confirm the "P Drive" was destroyed by the NYPD on June 20, 2017, after it was determined the case was closed. A letter attesting to this from John J. Kelly dated November 7, 2022 of Silverseal, Inc. is attached hereto as Exhibit "A". It is respectfully submitted that the NYPD's destruction of this drive following their decision to close the case and with no prosecution pending does not impact Plaintiff's case, as any defamatory statement or other evidence contained on this drive would have been dated before

June 20, 2017.

### Cell Phones

3. During the relevant time frames, there were two cell phones used by me. The first was an iPhone 12 Pro Max (Model number NG9M3LL/A, Serial Number HH5FP02Z0D49) and the second was an iPhone 14 Pro Max (Model number MQ913LL/A, Serial Number CDPX7XYWD0). (A copy of the screenshot of these phones with their information is attached hereto as Exhibit "B".) The iPhone 12 Pro Max was the predecessor to my current iPhone Pro Max. Upon purchase of the iPhone 14 Pro Max, I retained the iPhone 12 Pro Max as a backup in case of failure of the newer model phone.

4. I have personally checked both of these phones for any records responsive to Plaintiff's discovery demands. With respect to any documents, I use two applications, i.e. Adobe and Dropbox, to store documents. When I reviewed my Adobe and Dropbox applications, I discovered about fifty documents stored on my phone. After review of those documents with my attorney, Mr. Emilio Rodriguez, there were no documents responsive to Plaintiff's discovery demands.

5. I further searched these phones for any text messages and voicemails responsive to Plaintiff's discovery requests and did not discover any such text messages or voicemails on the phones.

6. As stated in my affidavit of November 4, 2022, regarding the Dropbox account, my attorneys forwarded the requisite passwords on November 3, 2022 to my document service provider, TransPerfect, so they could determine how many records were there, and if they were duplicates of documents already part of previous productions.

7. On Thursday, November 3, 2022, TransPerfect was also sent the passwords for the email accounts mentioned in Plaintiff's document requests, namely nazym@tgds.com, yevgeniya@tgds.com; sonja@tgds.com, and tiffany@tgds.com. Between the Dropbox and email accounts, 124,370 records were produced, of which over 48,000 were duplicates. We were then left with 73,769. After running a duplicate script alongside some creative searches, this was pared down further to 63,415. The document provider is currently undertaking another search process called "custom hashing" to eliminate more potentially non-responsive documents and reduce the number of documents that need to be individually reviewed. They also will be applying another software tool called Textual at its highest duplicate detection rates to further reduce the number of reviewable documents, if possible. After that, we will have to undertake a document review involving multiple attorneys, as well as a project manager, which will take approximately five to eight weeks, depending on the number of documents to be reviewed.

### Efforts to obtain third party documents/discovery

8. It was previously stated in my discovery responses that certain persons possessed certain knowledge or responsive documents, i.e. Sonia Bozic, Oksana Chumanenko, Yigal Zohar, Francisco Filho, Steve Ingenito, Richard Bradish, Juan Perez, Ken Lazar, Pat Timlin, Viktor, Gil Kinderland, Louis Freeh, the firm of Schlam Stone, and the firm of Davidoff Hutcher. Additional emails were sent to Steve Ingenito, Ken Lazar, and Gil Kinderland.

9. I reached out to Sonia Bozic through the school she is working at in Belgrade, Serbia. She produced about 12 documents of all she had concerning Tyler Erdman. Four of

the documents are privileged and will be included in the updated privilege log. One is an Affidavit from Greg DeJong which was produced as part of pending litigation between the parties in the Supreme Court of the State of New York, Index No. 158981/14. The rest were non-responsive to the interrogatories and document requests.

10. Oksana Chumanenko was, to the best of my knowledge, living in the Ukraine. She was eight months pregnant when the Russians invaded Europe and she is now a refugee somewhere in Europe. I have no way of reaching her.

11. My attorneys sent a follow up email to Yigal Zohar requesting the documents in question. We received a response yesterday in which he stated he has no documents.

12. My attorneys sent an email to Francisco Filho. The message was returned as "undeliverable". Inasmuch as his e-mail was the only contact I had for him, I am unable to further contact him at the present time. My attorneys attempted to obtain contact information through online databases which were unfruitful and as such I have no way of presently reaching him.

13. My attorneys sent a follow up email to Steve Ingenito requesting the documents in question. We have not received a response at this juncture.

14. My attorneys sent a follow up email to Richard Bradish requesting the documents in question. Today, I spoke to him and he told me the only document in his possession is a voucher from the NYPD Property Clerk for the P drive mentioned above. (A copy of the NYPD voucher is attached hereto as Exhibit "C".)

15. My attorneys reached out to Juan Perez via telephone. He refused to speak to them on the phone. I have no other way of reaching him.

16. I have no current contact information regarding Ken Lazar. My attorneys attempted to obtain contact information through online databases which were unfruitful and as such I have no way of presently reaching him.

17. My attorneys sent a follow up email to Pat Timlin requesting the documents in question. Mr. Timlin to this day has not produced the documents he has in his possession.

18. I have fallen out of touch with Viktor and have no way of presently reaching him.

19. My attorneys sent a follow up email to Gil Kinderland requesting the documents in question. We have not received a response at this juncture.

20. My attorneys also sent an email to Louis Freeh at Alix Partners, an organization of which he is a member, and followed that up with a letter. We received a response from Mr. Freeh in which he stated he did no work for me and, as a result, has no documents in his possession regarding me.

21. The court was already notified by the Plaintiff of the charging lien on my file imposed by Schlam Stone. They have not altered their position on the turnover of any documents.

22. My attorneys reached out to Joshua Krakowsky at Davidoff Hutcher and were told he had already sent all my documents to Jon Silveri, Esq. in September 2020, who then produced them to my current counsel. The documents produced are either privileged and have been included in the privilege log or included in the Setec production. There are no other documents responsive thereto.

ADAM VICTOR

Sworn to before me on
December 22, 2022

NOTARY PUBLIC

ALFRED POLIZZOTTO III
Notary Public, State of New York
No. 02PO4976096
Qualified in Kings County
Commission Expires January 14, 20 23