**VIA ELECTRONIC FILING**                                          February 6th, 2023

The Honorable Gabriel W. Gorenstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

                Re:   Request for Conference Regarding Defendant's Production
                     *Tyler Erdman v. Adam Victor.*, No. 20 Civ. 4162

Dear Judge Gorenstein:

     The Court ordered Defendant to "produce all responsive documents within his 'possession, custody, or control'' on July 26th, 2022 and reiterated that during its October 28th Conference, stating "you created this mess and you're going to have to get yourselves out of it". In the time since, they have failed to provide even a single page.
     I spoke to Mr. Rodriguez on December 28th for approximately 45 minutes, seeking clarity of what was being searched but none was provided beyond a claim that it would take 5-8 weeks to provide a production. This was described as being based on the amount of attorneys and staff hired to work on the production. Defendant had promised four entries to his privilege log since November. When asked if they can be provided prior to the rest of the production, Mr. Rodriguez stated that it would take 5-8 weeks as he needed "time to recover from your wit".
     Plaintiff asked for an update on January 20th and it took two weeks to receive a reply:"Estimate for completion is 3/9/23". Despite 7 extensions of the discovery cutoff (Dkt. 127, 134, 142, 145, 148, 155, 180) that will still be nearly a month past the current February 16th discovery cutoff. Nothing provided has justified this process taking 7 months. As described this would be due to Defendant's own decision to not dedicate enough resources to the efforts.

     At the Court's October 28th, 2022 Conference, it outlined its "grave concerns about the way the defendants are litigating this case" and discussed how "I'm probably going to have people put under oath eventually". Plaintiff requests a conference to do exactly that, as Defendant's lack of detail and misleading statements require clarification. Both Victor and his attorneys have had months in which they should have been deeply involved in providing a document production. They should appear under oath to testify as to what efforts have been undertaken since that prior conference, as I have been unable to obtain those details myself.

     During the parties discussions, the constant impression has been that Mr. Rodriguez has little to no involvement with these efforts. It is always someone else who is doing the review or contacting the forensics firm, never him. One of the only details of the production effort has related to the "deduping" process which is explained as a complex undertaking, when in reality its an primarily automated and simple process. (Dkt 181 at 7) I am an ediscovery analyst by

1

trade, I would expect duplicates and see them as a sign of a proper production that included different custodians and repositories. If he is attempting to dedupe to the highest level he can achieve, the result will be hiding the scope of his production by excluding duplicate documents that would reveal the sources searched. It would appear that Defendant is either getting fleeced by his vendor, exaggerating the efforts of that vendor or is trying to do something out of the ordinary. In any event there is an issue to address that could easily be identified with testimony on the topic.

      Plaintiff has significant concerns regarding what the content of that production will include, which has only become more acute. Mr. Rodriguez has continually failed to answer even basic questions, while the affidavits provided primarily describe things that won't be produced. There is a particular lack of clarity regarding custodians and the efforts undertaken to retrieve documents. Currently those efforts appear to have been limited to sending a single email to custodians in the afternoon before he has to provide an affidavit to the Court.
      Bozic is the only custodian described as having provided documents, yet conveniently Victor claims they are privileged without justification. (Dkt 181 at 9) In regards to Timlin, initially it was claimed that he would be able to produce such documents in a week (Dkt. 172 at 18 & Dkt. 179 at 3), but "to this day has not produced the documents he has in his possession". (Dkt 181 at 17). While Timlin has failed to provide documents, his company has no issue providing a Letter to the Court regarding their efforts in relation to the P-Drive. (Dkt 181-1). Defendant seems very much able to get these documents but chooses not to.

### Rodriguez has failed to investigate as ordered

      At the October 28th Conference the Court inquired about the status of the P-Drive to which Mr. Rodriguez stated that "From what my client told me, everything that would have been on that drive was already on those hard drives were already submitted. That's what he told me. I asked him about that". The Court responded that "it's not enough to just ask your client if a search was performed correctly. One needs to dig more as a lawyer…So I think what we have to do now is you have to do a real investigation. I'm going to try starting with an affidavit. If I don't like what I'm reading, I'm going to have a hearing".
      Victor's claim warrants investigation, as he had previously testified "the New York City Police Department has copies of each hard drive and the P drive and I got my –all the drives back…it's my understanding that New York City Police Department has those hard drives because they have really - at the end of the day Mr. Bradish did not close this case". This appears to be consistent with emails produced in another action show that show Victor retained investigators in 2017 to retrieve the P-Drive and other hard drives from the NYPD. (Dkt 176-13).
      The parties conversations made clear that Mr. Rodriguez has done nothing to investigate as his position has shifted from the P-Drive being included in a prior production, to the NYPD having it, to them destroying it. The invoice he bases his current claim on (Dkt. 172-1 P. 9) states

2

"11/06/2017 DESTROYED/DISPOSED", with its last entry clarifying that "Disposition Completed". As Victor's investigators were working to retrieve it in the weeks leading up to its disposition, the invoice's descriptions would appear consistent with exactly that occurring.

When pressed with these facts, Rodriguez took the position that the investigator said the drive was destroyed so it must be regardless of evidence to the contrary. He flat out refused to consider the possibility that the NYPD did not destroy the drives and that his client has had them. As the affidavits provided appear to be incorrect, Defendant should be ordered to explain how he believes he has fulfilled his obligations to investigate.

### **Defendant lack of understanding the time frame**

Defendant claims to have searched the cell phones in use by Victor during the "relevant time frames", resulting in no responsive documents. When asked what time frame was used Mr. Rodriguez would only say that he knew it but refused to share it. Regardless of his position, the Court's October 28th Order, stated that "a search be conducted of all documents sources for response documents through the present". Per my document requests that period would be "from the period of January 1, 2012 to the present".

Victor's claim that he has no responsive documents is also dubious as last month he used text messages from 2013 as trial exhibits in a Defamation action he brought against Khatskevich. Those messages would be responsive to requests in this action, and appear to have been generated by a third party using exported data from his cell phone. He should explain how he managed not to find any responsive information at all on his cell phones during the "relevant time frame", if they are otherwise available to him. Mr. Rodriguez's position is that all repositories are being searched, which appears to be incorrect.

In that same trial, Victor continued to testify claiming that I had stolen documents from his P-Drive and that a "forensic expert came back and said it was massive amounts of files". In this action he claims the P-Drive is irrelevant because of the time frame, an argument the Court already found untimely. (See Dkt 181 at 2)  It is still very much a part of Victor's defamatory conduct. Emails outline how Victor wanted to get deposition testimony from me regarding the P-Drive that he wanted to send to law enforcement in the hopes they would arrest me for perjury. He enacted that plan at a deposition he took on November 17, 2022 where the questions asked followed the outline Victor believed would be most enticing to law enforcement.[1]

Victor should testify as to whether documents have been excluded from searches or the production on the bases of a time frame, and describe his efforts to search cell phone records.

---

[1] Transcript available at: https://1drv.ms/b/s!AqemLyDN1awaqvIUpak_XH1sR0Sf0Q?e=oH3idM

3

**Conclusion**

Per the Court's December 7th, 2022 Order, Defendant was to:

- "adequately address whether certain of the sources for documents identified in the Court's prior orders were properly searched". He has failed to do so.

- The Court also noted that "Defendant claimed that searches would be "completed shortly thereafter…defendant again represented that he expected certain documents "within the next week"". It has been months with nothing to show for those efforts if they did occur.

- Victor was to detail how access to "the original P Drive was lost". The explanation provided is entirely at odds with Victor's own testimony and documents, and Rodriguez has refused to investigate the issue.

- Victor was to search "any and all cell phones in his possession, custody, or control". Victor instead invented a time frame for that search, and omitted responsive documents he has demonstrated are in his possession.

Defendant previously stated "Defendant does not possess any responsive documents on any device or drive outside the ones previously stated and produced, even up to the present day." (Dkt 162). That statements and others have been provably false, and unexplained by Victor or his attorneys. Defendant admitted 14 weeks ago that he never conducted a search despite having been given months to do so. In the time since, it appears to be a repeat of the exact same behavior. He must justify why he has still failed to provide a single new page of discovery.

Plaintiff requests that the Court conduct a hearing and seek clarification on these issues from Victor and his attorneys under oath as proposed during its October 28th Conference.

In preparation for this conference, Plaintiff requests that Defendant be ordered to provide a detailed inventory of the repositories that are being searched, as well as details as to the efforts taken to comply with their obligations since the prior conference, including invoices related to them. Mr. Rodriguez had previously volunteered invoices from his ediscovery vendor as a way to show he was in fact working on the production, but has not done so.

Respectfully submitted,
/s/Tyler Erdman
Plaintiff Pro Se
917-301-0401
Tyler@Erdman.it

4