```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
TYLER ERDMAN,                                         :

                Plaintiff,                            :
                                                              ORDER
        -v.-                                          :
                                                              20 Civ. 4162 (LGS) (GWG)
ADAM VICTOR, et al.,                                  :

                Defendants.                           :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

Plaintiff Tyler Erdman has filed a letter with the Court raising various discovery issues, (Docket # 182) ("Erdman Let."), to which defendant has responded (Docket # 183) ("Victor Let."). Plaintiff makes a number of complaints regarding the discovery process but does not in all instances make clear what relief he is seeking (other than a hearing, which the Court deems unnecessary at this time).

We discuss next the issues that we find have been clearly set forth as ripe for review.

Delay in Document Production

Plaintiff notes that despite the February 16, 2023 discovery deadline, defendant has represented that the discovery process will not be completed until March 9, 2023. Erdman Let. at 1. Defendant states that he now expects discovery to be complete on March 2, 2023. Victor Let. at *2. Defendant has acted improperly by not seeking an extension of the discovery deadline as soon as he knew it could not be met instead of waiting for plaintiff to complain about it. See Order, dated Nov. 2, 2021 (Docket # 97), ¶ 5 ("Any application for an extension of the time limitations with respect to any deadlines in this matter must be made as soon as the cause for the extension becomes known to the party making the application and must be made in accordance with ¶ 1.E of the Court's Individual Practices."). Defendant's responsive letter does not even bother to offer an excuse for the failure to seek an extension. Nonetheless, in light of defendant's representation that the discovery process will be completed by March 2, and given the scope of discovery in this case, we will extend the discovery deadline to March 2, 2023, solely for the purpose of allowing defendant to produce the documents.

Documents from Mr. Timlin

Plaintiff also objects that defendant has failed to obtain documents from a third-party custodian identified as "Mr. Timlin," stating that "[d]efendant seems very much able to get these

documents, but chooses not to." Erdman Let. at 2. Defendant avers that "Mr. Timlin and his office have indicated more than once [that] they would be sending the documents in their possession but have yet to do so, despite the additional requests we have made." Victor Let. at *3. At this point, there is no evidence that defendant has the ability to produce the documents held by Timlin or that defendant is responsible for Timlin's unresponsiveness. On the other hand, plaintiff is entitled to know what the defendant's relationship is to Timlin, when requests were made to produce documents, and what follow-up was done. Accordingly, defendant shall supply plaintiff with a sworn statement on these matters (or a detailed letter from counsel) on or before February 21, 2023.

<u>Adequacy of Search</u>

Plaintiff contests the adequacy of defendant's search of his cell phones. Erdman Let. at 3-4. Plaintiff first states that defendant "refused to share" what time frame was searched, <u>id.</u> at 3, despite the Court's clarification that the Order "extended to past and present communications." <u>See</u> Order, dated Dec. 7, 2022 (Docket # 180), at 2. Plaintiff further argues that defendant has failed to produce specific responsive records that plaintiff knows to exist, including text message data that defendant "used . . . as trial exhibits" in a separate action. Erdman Let. at 3. In response, defendant fails to meaningfully engage with these contentions, stating only that defendant "has excluded no documents from any searches on any basis[,] . . . [and] has already indicated his search of any records from his cell phones and [that] it resulted in no responsive documents found." Victor Let. at *3. This Court's December 7 Order instructed defendant to "conduct a search of any and all cell phones in his possession, custody, or control, including as to text messages and voicemails, as well as any other documents responsive to plaintiff's discovery requests." Order at 2. Defendant is ordered to provide a new affidavit to plaintiff on or before February 21, 2023 giving a detailed description of the search of his cell phones, including dates on which they were searched, who conducted the search, search methods, and any parameters limiting the search, including the time frame. This affidavit must also explain whether responsive documents, such as the text messages identified by plaintiff, have been produced in other litigation but not in the instant action, and if so, how this can be reconciled with defendant's claim that he has found no responsive documents. In the alternative, a detailed letter from counsel addressing these topics is acceptable.

Finally, plaintiff takes issue with defendant's efforts relating to the "P-Drive," stating that "[t]he parties conversations made clear that [defendant] has done nothing to investigate" the "P-Drive," and requesting a hearing at which "Defendant should be ordered to explain how he believes he has fulfilled his obligations to investigate." Erdman Let. at 2-3. Defendant states that he has attempted to retrieve the P-Drive from a third-party and found that it was destroyed. Victor Let. at *3. This is consistent with defendant's December 22, 2022 affidavit, which is accompanied by a property receipt noting that the drive was destroyed. <u>See</u> Affidavit, filed Dec. 22, 2022 (Docket # 181), ¶ 2. However, neither defendant's letter nor his earlier affidavit specifies "whether he has access to the original 'P-Drive,' and, if not, when and how access to

the original 'P-Drive' was lost," as required by the December 7 Order. As a result, defendant is ordered to include this missing information in an affidavit filed by February 21, 2023.

The discovery deadline is extended to March 2, 2023. The letter to Judge Schofield required by paragraph 13.b of Docket # 77 shall be filed by March 16, 2023.

SO ORDERED.

Dated: February 10, 2023
         New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge