**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

TYLER ERDMAN,

                   *Plaintiff,*

        against

ADAM VICTOR,

                   *Defendant.*

Case No.: 1:20-cv-04162
(LGS)(GWG)

**AFFIDAVIT**

---

STATE OF NEW YORK

                  ss:

COUNTY OF NEW YORK

1.      I am the Defendant in the abovementioned action and I make this affidavit in accordance with the Order of the Court dated February 10, 2023.

**Search of Cell Phones**

2.      As per Your Honor's Order, I was to provide a detailed description of the search, including dates on which they were searched, who conducted the search, search methods, and any parameters limiting the search, including time frame. It is also to explain whether responsive documents, such as the text messages identified by the Plaintiff, have been produced in other litigation but not in the instant action.

3.      I utilized a Blackberry as my primary phone at the time I first knew the Plaintiff, and Blackberries are not conducive to having their information transferred to an

iPhone. To that end, my previous counsel reviewed my Blackberries, and provided all relevant texts to Mr. Erdman's counsel at that time, John Brennan, in a previous document production. In fact, one such text was used during a trial on January 10, 2023 in a case down in Washington D.C. in which Ms. Yevgeniya Khatskevich, a former employee, and I were the parties. Mr. Brennan was her counsel in that case. The text could not have been used in that case had it not been already produced to Mr. Erdman and/or Ms. Khatskevich, therefore he is already in possession of the text messages he is requesting.

4.     My iPhones sync to my Mac computers and, as such, all emails, Dropbox files and the like were reviewed and turned over during the initial production in this case. The only files different on my iPhone from those files already turned over are text messages since the previous production and my Acrobat files. The Acrobat files are comprised of a few PowerPoint presentations, as well as personal information such as copies of my COVID and booster shoots, my COVID test, my Medicare card, my Health Insurance card, and my Driver's License. No files among the approximately 50 Acrobat files reviewed were responsive to document requests. I manually searched my iPhone within a week of being asked to search it by my attorney. I searched neither the emails nor Dropbox because they were synced to my Mac computer and as such, were all turned over to our document vendor to be reviewed and included in the upcoming document production. I reviewed all texts and found none that were responsive to requests.

**P-Drive**

5.     Your Honor's Order also asked me to provide information as to whether I

have access to the original P-Drive and, if not, when and how access to the original P-Drive was lost. In 2014 I hired a forensic expert to look at another employee's computer, again Yevgeniya Khatskevich, who had left in 2013 and sued me in 2014. The expert found the computer was used 18 times, via 8 different USB devices, to improperly download my files. Based on that, I filed a complaint with the NYPD in early 2015. The Police came and took possession of the computer but told me that in order to have a more effective investigation, they needed to take the P Drive hard-drives as well. I let them take both the computer and the hard-drives from the P Drive. After reviewing them the NYPD cloned them and returned the clones to me. They told me that 700 files were deleted, and forwarded the results of their investigation to the District Attorney's office who declined to file Class A felony charges. I then hired Pat Timlin, the former Chief of Patrol of the NYPD and Deputy Police Commissioner, as my lawyer in 2015 to see why no one was charged with a felony. After the NYPD took my P Drive hard drives, I started using Dropbox, as it was then becoming common to switch to Cloud-based data storage systems. When the clones were returned, I wasn't sure how to reconnect them, and since I was using Dropbox anyway, I did not use them again. I stored those hard drives clones until I turned them over to SETEC for forensic analysis. The clones were turned over to SETEC, because the NYPD either or lost or destroyed the original hard drives. Any files in their possession were turned over to our document production vendor and, subsequently, previously produced to the Plaintiff.

**Timlin documents**

6.      As stated before, Patrick Timlin is an attorney that I retained in 2015 to advise

me regarding the files appropriated from my office.  After recently reaching out to him, he produced the documents that were in his possession to my attorneys on February 8, 2023. The few documents he sent that were responsive to Plaintiff's document requests are being added to the privilege log that is soon to be produced to the Plaintiff.


Dated: New York, New York
       February 20, 2023

ADAM VICTOR

Sworn to before me on
February 20, 2023

NOTARY PUBLIC

EMILIO RODRIGUEZ
Notary Public, State of New York
Registration No. 02RO6321688
Qualified in Queens County
Commission Expires July 30, 2023