**tyler@Erdman.it**

| | |
|---|---|
| **From:** | Tyler Erdman |
| **Sent:** | Friday, July 21, 2023 3:29 PM |
| **To:** | Emilio Rodriguez |
| **Subject:** | Doc Production Issues |

Hi Emilio,

  I'm following up on our Wednesday phone call. I'll be filling for an extension shortly. As I mentioned it looks like there are issues as to what was searched and produced.

  To start it doesn't look like a search has been conducted to the present day. If you review the latest log you will see that there are 144 eDocs all dated as 11/11/2022, one from 11/9/22, one from 5/9/2019 then it cuts off until 10/16/2018. A review of the production shows that other than emails that appear to be from Eve or Nazym's email accounts, there are only 24 items between 2020 and the present day.

  From what was provided it appears that the search was incomplete as it appears to omit emails from the production and log such as some between myself and Victor that I would imagine would be high on the list of things you were looking for during a review. This might be partially because Victor has around 25 email accounts in his custody and control beyond accounts that he may have to employees or others. Those do not appear to have been searched.

  Text messages also do not appear to have been produced despite Victor having admitted earlier that they were in his custody and control. Victor's explanation that they might have been produced to my former lawyer in another action but couldn't even describe if they were produced in response to my own document requests or Khatskevich's does not negate his responsibility to search for and produce them in this action. Beyond those particular messages, there are messages described by Victor in testimony and emails such as some between himself and Richard Bradish, there is no sign of those nor any others. If texts were produced and I was unable to find them, please point me in the right direction.

  There is also the matter of forensics and hard drives. Victor has at least a dozen hard drives or usb drives that should have been produced. I can see invoices for forensic images being created but they were not provided. I believe that you stated that data had been turned over to your vendor for production, that doesn't appear to be correct. As I recall you had reached out to SETEC, was that ever successful?

  From what was produced the metadata is bare bones and insufficient. It doesn't include any information as to file path, what repository or custodian it came from, or who authored a document. Whatever metadata was captured by your vendor should be produced particularly as this case revolves so heavily around when files were accessed or copied.

  Native files were also only provided for a small subset of the production, mainly for Excel files. As I requested native files, please provide them for all the documents produced. There are also issues with the text files produced where there are OCR errors that make searching more difficult. This should also resolve that.

  You had also told the Court that you were "deduping" documents for review. While I can see the logic of doing so to expedite a privilege review, every copy of such documents should have been produced. For instance if there is an email to Adam, Eve and Nazym, I was only given one copy with minimal metadata which makes it impossible to determine what mailbox it was produced from, I should have been provided with each copy you may have along with custodian or repository information. All of the custodian values for the documents say "Victor, Adam" rather than designating whose account it may have come from.

  In summary, I believe the best path to resolving these issues would be if you provide:

1. A list of repositories that were searched such as details as to email accounts, hard drives, phones etc.
2. Dates of when those repositories were collected for review such as when emails were exported from accounts, when data was taken from devices etc.

3. Custodian information that details where files came from such as what repository they came from such as what email accounts or hard drives. This was done on your prior production.
4. A native file overlay for documents that have been produced.
5. A metadata overlay to include any metadata captured such as file path, author information etc.
6. Any responsive documents that were removed or excluded from the production as part of the "deduping" procedure that you had described to the Court.

    I believe that most if not all of that list should be trivial for your vendor to do since they likely already have all the data and just need to include it when exporting. If you believe I'm misinterpreting anything, I'd be happy to discuss it. Lastly if you can provide those items on a rolling basis as it is available, I would much appreciate it.

    Thanks,

    Tyler