

# THE LAW OFFICES OF
# POLIZZOTTO & POLIZZOTTO, LLC

**6911 18TH AVENUE**
**BROOKLYN, NEW YORK 11204**
**TELEPHONE (718) 232-1250**
**FAX (718) 256-0966**

ALFRED POLIZZOTTO (1935-2001)
ALFRED POLIZZOTTO III*

EMILIO RODRIGUEZ

*(ADMITTED NEW YORK, NEW JERSEY)

LONG ISLAND OFFICE
1129 Northern Boulevard, Ste 404
Manhasset, New York 11030

**VIA ELECTRONIC FILING**                                   **August 10, 2023**
The Honorable Gabriel W. Gorenstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

        Re:    **Response to letter dated August 10, 2023**
             *Tyler Erdman v. Adam Victor, et al.*, **No. 20 Civ. 4162**

Dear Judge Gorenstein,

      This letter is written as a response to Plaintiff's letter dated August 10, 2023.

      A frequent tactic employed by the Plaintiff is to engage me in conversation for the purpose of taking my comments out of context. I am constantly quoted as 'predicting' or "knowing" how the Court will respond in certain situations, thereby showing me as an attorney attempting to coerce the Plaintiff by giving him some sort of legal wisdom to the unrepresented Plaintiff. First, it is an easy matter to take fragments of a conversation and realign them however one may choose. Second, I would never presume to know, or say I know, how the court will feel or act, in a given situation. I realize it is to be accepted somewhat, given that, as an officer of the court, I time to time deal with parties who are representing themselves, and, therefore, need to deal with them differently than I would another lawyer. However, it would admittedly be gratifying to see myself quoted correctly instead of constantly out of context in an attempt to gain favor with the court.

I have attached email communications I have had with the Plaintiff since January. They show that for six months, communications were minimal between the parties. Even though my client has already detailed the extent to which he has satisfied the directions of the court while undergoing the latest production earlier this year, and also in response to past attempts to find him in contempt, Plaintiff now insists that, after six months of practically no contact, and for which we were thanked by him, his schedule has been violated somehow and now we are to be compelled to respond to his satisfaction.

In past submissions to the court, we have explained the efforts we have undertaken to satisfy his document requests. If anything, we provided more than was necessary in response to his requests. Attached is an Affidavit executed by my client in November detailing the extent to which searches were undertaken. This Affidavit answers the first question posed by Plaintiff on July 12, during which he asked which custodians were searched for the latest production. I am in the process of finding out what can be done to provide more metadata while incurring as little cost to my client as possible, a cost which has already been substantial.

In answer to the second question, SETEC has already provided everything it has, which is more than was responsive to Plaintiff's discovery requests. And finally, in answer to his third question, the repositories were all searched to the present day as directed by the court.

As a result, we respectfully ask the court to deny all the relief Plaintiff requests in his letter dated August 10, 2023, and for any and all further relief just and proper.

Yours faithfully
**Polizzotto & Polizzotto, LLC**

Emilio Rodriguez