```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
TYLER ERDMAN,                                       :

                Plaintiff,                          :    ORDER

        -v.-                                        :    20 Civ. 4162 (LGS) (GWG)

ADAM VICTOR, et al.,                                :

                Defendants.                         :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

On August 10, 2023, plaintiff filed a letter seeking relief relating to document discovery disputes, see Docket # 198 ("Erdman Let."), which defendant opposes, see Docket # 199 ("Rodriguez Let.").

We address each issue that has been clearly set forth as ripe for review.

Privilege Log

Plaintiff asserts that the privilege log provided by defendant is incomplete. Erdman Let. at 2-3. As evidence, plaintiff states that "[t]he latest privilege log does not have a single email in it dated after [October 16, 2018] whereas the prior [log] ended on [August 14, 2019]." Id. at 2. He also states that "[n]o entries [in the privilege log] relate to [Victor's] current counsel" despite defense counsel's statement that "the great majority of documents even mentioning the parties in [Erdman's] document request were privileged post-2018." Id. at 2-3 (citing Docket # 179 ¶ 4). Defendant does not respond to Erdman's allegation regarding the privilege log, nor does he attempt to explain the apparent absence of privileged documents despite counsel's previous attestation to their existence. See Rodriguez Let.

Plaintiff has articulated a credible basis for his belief that the privilege log produced by defendant is incomplete, and defendant has offered no explanation at all for the apparent contradiction between counsel's prior statements and the privilege log produced. Accordingly, defendant is ordered to file an affidavit on or before September 6, 2023, explaining the discrepancy identified by plaintiff.

Metadata

Plaintiff asserts that metadata, including "custodians, file information, and . . . native files," has been removed from the most recent production, despite previous productions that included "at least some identifying information." Erdman Let. at 3. Plaintiff argues that the

exclusion of this information "only serve[s] to conceal the extent of the search" conducted by defendant.  Id.  Defendant responds that he is "in the process of finding out what can be done to provide more metadata while incurring as little cost . . . as possible."  Rodriguez Let. at 2.

Defendant is ordered to produce metadata for all documents on or before September 13, 2023.

### Repositories Searched

Plaintiff asserts that the recent production "does not reflect a thorough review of Victor's repositories," and defendant has not "been able to provide a list of what was searched."  Erdman Let. at 3.  Specifically, Erdman alleges that several email accounts "were clearly not searched," while others "have not been updated in years."  Id.  Although defendant has produced a set of text messages, plaintiff appears to be dubious that these messages — exclusively between Victor and one other individual — reflect the whole of the relevant documents available to defendant.  See id. at 4.  Defendant responds that "the repositories were all searched to the present day," and avers that SETEC, defendant's discovery servicer, "has already provided everything it has."  Rodriguez Let. at 2.

It is not clear to the Court whether any repositories identified in prior orders have been overlooked or any documents therein omitted.  However, defendant's spare response fails to specify what searches have actually been made.  Accordingly, any person with personal knowledge of the custodians or repositories searched shall provide an affidavit filed on or before September 6, 2023, that describes in full what repositories or custodians were searched.  For each such repository or custodian, the affidavit shall describe: (1) the nature of the search, including what devices were searched, who specifically conducted the search and what methodology was employed for conducting the search (including the time period of documents searched for); (2) when the search took place; (3) what documents resulted from the search (described by Bates number); and (4) when those documents were produced.  Any such affidavit may not incorporate by reference any past orders or affidavits in this case.

### Missing Documents

Finally, plaintiff asserts that certain documents are missing from the production which should have been included and thus concludes that "it seems that someone is cherry picking documents from the production."  Erdman Let. at 4.  In particular, plaintiff identifies an email concerning Erdman, the attachment to which Victor once "used to justify a complaint to law enforcement" regarding Erdman.  Id.  Erdman avers that the production "includes other emails from the same account both the day before and after the email, with no explanation as to why the email was omitted."  Id.  Defendant offers no response to this claim.  See Rodriguez Let.

Plaintiff has once again identified a credible basis for his assertion that responsive documents have been omitted from the production, with absolutely no response offered by

defendant. Defendant is thus ordered to provide an affidavit from someone with personal knowledge by September 6, 2023, as to why the document identified by plaintiff was not included in the production. Defendant is ordered to provide the document in question if it is in his possession, and, if not, to explain why he is unable to produce the document.

Conclusion

Defendant's affidavit or affidavits regarding the foregoing matters shall be filed on or before September 6, 2023. Defendant shall produce metadata on or before September 13, 2023.

SO ORDERED.

Dated: August 25, 2023
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge