VIA ELECTRONIC FILING                                                                             Dec 4, 2023
The Honorable Gabriel W. Gorenstein
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street                              Re: Request to compel Defendant to provide discovery
New York, NY 10007                            Tyler Erdman v. Adam Victor, et al., No. 20 Civ. 4162

Judge Gorenstein,

   The Defendant has provided affidavits and data related to his latest production. It showed that he has entirely failed to even search the most basic repositories.
   The parties held a discussion on October 23rd for approximately 20 minutes about how Defendant had ignored several questions he was ordered to answer and, more broadly, demonstrated his failure to conduct a diligent search. Defendant's position was that he has complied with the Court's order mainly relying on stating that he produced everything he had despite Plaintiff's findings that having done so is impossible. He failed to provide credible explanations regarding issues the Court ordered to be addressed and was unable to provide much of any detail about what he has done in regards to the production. Plaintiff informed Defendant that he would be moving as the parties views were irreconcilable.

<u>Defendant's Own Data Reveals The Deficiencies Of His Search.</u>

   Defendant did not file a an excel "tracker" referenced as part of his September 6th submission, however he did provide it to Plaintiff directly. It was presented as a list of everything searched and produced by TransPerfect, Defendant's eDiscovery vendor. It lists three entries for Dropbox accounts being adam@tgds.com, adamvictor@tgds.com and 77@77av.cc, two email being yevgeniya@tgds.com and nazym@tgds.com, and a hard drive "GDrive 2".

| Location | Custodian Information | | Evidence | | | Collection | |
|---|---|---|---|---|---|---|---|
| Location | Last | First | Evidence Number | Collection Type | Description | Tech | Date |
| New York, NY | Victor | Adam | 073-0001 | Network Data Collection | GDrive 2 (S/N: YAHE1HWT) | A. Tappeto | 7/8/2021 |
| New York, NY | Victor | Adam | 087-0001 | Email Collection | yevgeniya@tgds.com | S. Caballero | 11/9/2022 |
| New York, NY | Victor | Adam | 087-0002 | Email Collection | nazym@tgds.com | S. Caballero | 11/9/2022 |
| New York, NY | Victor | Adam | 087-0003 | Network Data Collection | DropBox Collection (adam@tgds.com) | S. Caballero | 11/9/2022 |
| New York, NY | Victor | Adam | 087-0004 | Network Data Collection | DropBox Collection (adamvictor@tgds.com) | S. Caballero | 11/9/2022 |
| New York, NY | Victor | Adam | 087-0005 | Network Data Collection | DropBox Collection (77@77av.cc) | S. Caballero | 11/10/2022 |

Case number: C2028453 / DM0246451. NOTE: Edit the case number, name & DM on this page, & it will autofill the rest of the pages with the Case & DM information

   It includes sheets for "Hard Drive Collection", "Mobile Device Collection", "Remote Email Collection", "DF Extractions", "ESI Extractions", "Additional Sources" all of which are blank indicating that none of those types of repositories were searched.
   The overlay provided file paths that showed files as having been sourced from either Dropbox or the two TGDS email accounts listed in the tracker. It does not show production of files from the "GDrive 2". Neither the overlay nor tracker indicated to me that a search was performed of Victor's own email accounts, documents from other custodians or anything else one would expect from a good faith search.

<u>Victor's Affidavit Shows His Continuing Contempt Of The Court's Orders</u>

Victor's affidavit discusses how he had given TransPerfect passwords for the 3 Dropbox accounts and 2 email accounts on the tracker. Notably absent is record of Victor's own email accounts despite Plaintiff's prior application citing a document showing Victor had over 25 email accounts (See Dkt. 198-2). Even that count is incomplete as it fails to include accounts Victor provided to employees such as karla@tgds.com or baysideenergy@aol.com.

Victor claims that sonja@tgds.com and tiffany@tgds.com "were replaced by newer accounts over time". This phrasing appears intended to imply he doesn't have the data without saying as much. Victor had earlier misrepresented to the New York Supreme Court that he did not have access to the Khatskevich and Toktassynova accounts which he now managed to find. His current affidavit appears to constitute a similar misrepresentation to this Court.

Victor's affidavit admits he only searched his phone for "documents" that were in "Adobe and Dropbox" rather than text messages or any other documents one would find a phone, Plaintiff had discussed this in a prior application. It clearly was not a sufficient search.

Victor claims that a "production was made after a review by a team of attorneys". He does not specify which attorneys but apparently not either of the two appearing in this action.

They also should compelled to: (1) Provide a briefing as to why they are not in contempt of the Court's orders similar to the one ordered at the October 2022 conference. It should explain how they believe the small amount of responsories in the "tracker" would constitute a good faith search to the present day. If they are basing their argument on their client's claims that such repositories constituted all of those in his custody and control to what extent then investigated those claims as previously ordered by the Court. (2) conduct a diligent search for all repositories under the Defendant's custody and control including all email accounts listed in Dkt. 198-2 ,and file a detailed inventory of such accounts, computers, hard drives, cell phones and any other devices. If any repositories are no longer accessible, the date and reasons they became so should be explained. (3) That Defendant be ordered to provide those responsories for search and production either to Plaintiff directly or to a third party vendor picked by Plaintiff whom Defendant will be responsible for all costs incurred.

<u>Mr. Rodriguez's Affidavit Simply Confirms Victor's Contempt</u>

Mr. Rodriguez's affidavit lists the repositories searched from the "tracker", clarifying that Victor's phone was only partially searched "only apps on his phone which contained documents, namely Adobe and Dropbox". He also now seeks to belatedly argue against providing the "deduped" documents. He had asserted to the Court that the deduplication was an enormous task, but now admits that all he did was use a "allmailparties" field that was "amalgamation of the to, from, cc, bcc fields" which resulted in tens of thousand of documents being withheld.

Defendant had claimed that he had "deduped" documents as industry standard practice after Plaintiff explained it would hide the extent of the search. Now he claims that "edfolder' and "edpath" data provided would details as to where documents came from (See Dkt. 202 at 5). It only gives information for the produced document but nothing for those "deduped". Typically, custodian information reflects all the sources of a document but instead the data only

lists Victor, while the tracker shows that none of Victor's email accounts were even searched. The information provided appears to be designed to obfuscate rather than disclose. Having failed to search any of Victor's email accounts as part of the production, Defendant cannot unilaterally decide that "there is no need to produce duplicates of documents already produced" while hiding the data to prove the process was done in good faith. (4) It is trivial for him to produce those extra documents as they are duplicates of documents already reviewed, and he should be ordered to do so.

Noticeably the Rodriguez Aff. fails to explain much of anything he has actually done to comply with the Court's October 2022 order. After a year there is seemingly nothing to talk about. He provides the tracker, which he has no first-hand knowledge about, and points to Victor's affidavit. There is no further discussion of anything he did. The Court had previously reminded Mr. Polizotto that as counsel of record he is responsible for abiding by the Court's orders. (5) As Mr. Rodriguez has been unable to provide sufficient details, Plaintiff requests that Mr. Polizotto provide a detailed affidavit as to what efforts his firm was taken to comply with the Court's discovery order including a summary of time spent to do so. As Mr. Rodriguez appears unable to speak to the details and ignored specific orders to explain himself, Mr. Polizotto should either explain how he has been leading the efforts or that neither of them did much of anything to further discovery in this action.

<u>Defendant Has Produced Nothing From The Custodians</u>

Defendant had been ordered to reach out to his agents to retrieve documents. Requests sought documents relating to his attempts to collect documents from custodians and, despite an agreement to produce them, none have been produced nor logged. Victor does not offer any excuse for the non-production. During discussions Defendant became very defense when Plaintiff inquired as to why no documents were produced. Defendant previously filed emails that showed he would wait weeks only to reach out to custodians just hours before he submitted affidavits to the Court claiming they didn't get back to him. The lack of production and push back towards producing emails clearly in counsels' production would appear to indicate the record would not reflect positively on their efforts.

Defendant previously told the Court that he would either be logging or receiving documents from custodians, for example, Timlin and Bozic. Now there is no evidence of anything having been accomplished in either affidavit, tracker or documents produced. Nor is there been any justification provided as to why Victor believes those custodians to have documents he does not when he didn't even search his own documents.

Accordingly, Plaintiff requests that (6) Defendant provide any documents relating to his efforts to retrieve documents including emails, phone records of calls, contact information of custodians, and descriptions of what Defendant believes they possess. (7) As Defendant's efforts have failed to get custodians to volunteer documents that Plaintiff be allowed to pursue discovery directly from custodians with Defendant being ordered to bear all costs relating to those efforts and waiving any objections to those efforts.

Victor's Deficient Privilege Log

The Court's August 25th Order stated, "Plaintiff has articulated a credible basis for his belief that the privilege log produced by defendant is incomplete" in part because of no privileged emails having been logged after October 16, 2018 such any emails involving counsel, counsel stating that there are privileged emails "post-2018", and those claims not being responded to by the Defendant.

He failed to explain the "discrepancy identified by Plaintiff" as ordered. After having squandered two opportunities to explain himself, Defendant has failed to meet the burden required to assert privilege. (8) Accordingly, Plaintiff requests Defendant be ordered to file a motion explaining if he is willingly waiving privilege of any documents that was not logged, or if he now claims to assert privilege that he explains his failure to log and how his actions haven't constituted a waiver of privilege.

Victor Has Not Addressed The Missing Documents

The Court found that Defendant provided "absolutely no response" relating to Plaintiff's claims of missing documents. He was to submit an affidavit explaining why a missing document was not produced then produce it or explain why he is unable to. He has done nothing to comply with the Court's order. Plaintiff respectfully request that (9) Victor explain his lack of compliance and to provide an explanation as previously ordered. (10) That the Court find that Defendant is willfully withholding responsive documents. (11) That the Court order that Defendant provide repositories directly to Plaintiff or third party picked by Plaintiff and paid by Defendant to conduct a search and production without the Defendant being given the opportunity to cherry pick documents from his production.

Victor's Elusive P-Drive

As the Court will recall Plaintiff had previously raised issues relating to the "P-Drive" which is one of the primary repositories used by Defendant as well as being central to many of his claims to law enforcement. Victor offered various diverting stories about who had the P-Drive before finally admitting that he had it all along. The Court order that he produce responsive documents from it.  Once again, he did not. (12) Plaintiff requests that Victor explain how the tracker does not reflect a search of the P-Drive or copies of it and (13) that the P-Drive be turned over directly to Plaintiff or a third party for search and production.

Forensics

Defendant has stymied production of any forensic analysis he has done regarding the hard drives and devices that he claimed to bolster his accusations to law enforcement. Defendant claims everything that SETEC, his forensic experts, have was turned over to TransPerfect, but there is no evidence to support that claim nor is there mention of other firms efforts such as RVM or Silver Seal. Plaintiff's document requests seek copies of the hard drives and devices so that Plaintiff can conduct his own review to prove the falsity of the Defendant's claims. The copies of the actual devices bear more on the falsity of Defendant's claims of "hacking" than the actual documents themselves. Defendant has claimed to be producing from "everything" SETEC has which would include such copies. (14) Defendant should explain how

such data was not part of his production, (15) provide an affidavit detailing what data or devices the forensic firms were given access to and what ultimately happened to it, (16) allow Plaintiff to seek documents and data directly from those firms with Victor providing consent as well as bearing any related costs.

## Summary

Defendant has blatantly disregarded the Court's orders and failed to explain major issues with his production. The data he provided has shown that he never conducted a search to the present day, instead he tries to point to large page counts to insist he conducted one.  This Court has already warned Defendant his actions were contemptuous and gave him opportunities to come into compliance. He instead has decided contempt is preferable to production, a striking of defenses or adverse inferences appears to be a cost he is willing to bear as he has shown in other actions. As production appears to be the thing he fears most, he should be ordered to do so, and Plaintiff is willing to devote as much time as it takes to ensure he complies. With truth as his best defense, his lack of disclosure is telling. He hopes to play the Court system with a war of attrition as he has done so many times before. It should not be tolerated. He has needs to come into compliance with this Court's orders and produce.

Defendant has told the Court:
> "It takes a great deal of time to conduct searches, image the documents, generate metadata, isolate privileged and confidential documents, properly label them, and provide all of that in a package accessible by the Plaintiff… It is unfortunate he concludes that there must be some type of subterfuge or obfuscation on our part; it is simply the reality of a document production of this size" (Dkt 104 filled Nov, 12, 2021).

Defendant has been playing this same game for years. He needs to explain how so much time has been wasted despite his claims of diligence. Without searching a single one of Victor's over 20 email accounts, it's clear he never intended to provide a proper production. Nor can he be trusted to do so, as he has hidden "deduped" documents or just withholds responsive ones. He should be forced to provide devices and data either to Plaintiff or a different third-party vendor to produce without him having the ability to interfere. As custodians don't appear willing to volunteer their documents to Victor, Plaintiff should be permitted to subpoena them and get them directly.

The parties agreed to extend the discovery deadlines. Plaintiff requests that the discovery deadline be extended to February 5th and the letter to Judge Schofield as required by paragraph 13.b of Docket #77 be filled by February 20th.

Respectfully submitted,

Tyler Erdman
917-301-0401
tyler@erdman.it