

6911 18TH AVENUE
BROOKLYN, NEW YORK 11204
TELEPHONE (718) 232-1250
FAX (718) 256-0966

ALFRED POLIZZOTTO (1935-2001)
ALFRED POLIZZOTTO III*

EMILIO RODRIGUEZ

*(ADMITTED NEW YORK, NEW JERSEY)

LONG ISLAND OFFICE
1129 Northern Boulevard, Ste 404
Manhasset, New York 11030

**VIA ELECTRONIC FILING**                                                  **December 5, 2023**
The Honorable Gabriel W. Gorenstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

                      Re:      **Response to Erdman Letter dated December 4, 2023**
                               *Tyler Erdman v. Adam Victor, et al.*, **No. 20 Civ. 4162**

Dear Judge Gorenstein,

       This letter is written in response to the letter filed by the Plaintiff dated December 4, 2023. We oppose his request to compel Defendant to provide discovery and join his request for an extension of the deadline to complete discovery and the deadline for the letter to Judge Schofield, from September 4, 2023 and September 11, 2023 to February 5, 2024 and February 20, 2024 respectively.

       Plaintiff erroneously claims that searches were not performed for certain repositories yet does not present evidence sufficient to support his claims. Our eDiscovery vendor actually performed those searches more than once. We even supplemented our previous privilege log submission as recently as mid-September at the request of the Plaintiff. Along with that submission, we have also filed with the court affidavits executed by the Defendant, attesting to and describing the searches made for the emails requested.

Plaintiff describes issues he has found with the searches conducted by the Defendant. Said issues are erroneous and merely serve to waste the Court's time. As cited by the Plaintiff, an affidavit of the Defendant describes searches made on his cell phone in the only places such documents were located on his phone. If other locations containing documents on his phone existed, Defendant would have searched them. He searched the only ones that contained the emails requested. To find fault with the Defendant for searching the only places where these documents were located borders on the absurd. In fact, as stated in our previous submissions, the searches only produced documents that had been part of the sizeable initial production of documents held by SETEC, the forensics firm hired by Defendant. Those submissions also describe the extensive efforts to which Defendant has complied with the orders of the Court from the conference in October 2022. Whereas I have been the main liaison with the eDiscovery vendor, and the lead person in charge of those efforts, Mr. Polizzotto has been apprised of and involved with each step of the discovery process. Considering the extent to which Defendant has complied with all requests, it would be unjust to demand any separate submission on Mr. Polizzotto's part. Any such submission would serve only to distract from Plaintiff's inability to strengthen his case from the many documents produced.

Defendant refers to his previous submissions on the issue of the custodians, specifically his affidavits dated November 4, 2022, February 20, 2023 and September 6, 2023. In those submissions, he has described the efforts undertaken to reach each of them and their results. The few documents produced by Sonia Bozic that were responsive were privileged and added to the privilege log. Custodian Timlin eventually produced four emails, all of which are privileged, and need to be added to the privilege log.

Plaintiff then refers to the Order of the Court dated August 25, 2023 directing affidavits and affirmations responsive to the directions of the Court to be filed, as well as metadata to be produced. An affidavit on the part of the Defendant was submitted on September 6, 2023, as referenced above, and an affirmation from myself, both delineating the efforts made to comply with the directives of the court. All metadata was submitted by September 13, 2023, as required by the order. If the Court wishes, I can submit an affidavit from the eDiscovery vendor laying out how the metadata requested was submitted and therefore, the Order of the Court was complied with. Contrary to the assertions of the Plaintiff, I described in my Affirmation dated September 6, 2023 how Defendant complied with the metadata requests of the Plaintiff, as well as discussing how the "deduping" process, one commonly used in eDiscovery, was utilized by the vendor to further achieve our goal.

Defendant's previous Affidavits also describe the efforts made regarding the "P-Drive", as well as SETEC's involvement in the entire process. If anything, Defendant has overproduced and gone above and beyond in satisfying the requests of the Plaintiff. In his letter of December

4, 2023, Plaintiff alleges the inadequacy of efforts of the Defendant in terms of them taking place over a certain period. Plaintiff underwent a period earlier in the year during which he was dealing with health issues. Defendant accommodated him during this time without protest. In fact, other than when he made the application regarding metadata in August, and requests for extension of discovery, he communicated sporadically the entire year regarding our case. The communications had with this office at the beginning of the year involved a Utah subpoena in other litigation between the parties. The only email communications we received from him regarding discovery issues was around the time of the request he made in August, and our email communications in September regarding the metadata. After September, we did not communicate regarding production issues other than a couple of minutes on the phone about metadata.

Defendant has been extremely cooperative regarding discovery and extensions of discovery, especially since Plaintiff is representing himself. However, it has now gotten to the point where his tactics have become dilatory to distract from the inadequacy of his case. And whereas we join with him in his request for an extension of discovery, it is our hope the court put an end to his dilatory behavior, as well any further requests to hold the Defendant in contempt, so we can truly proceed with this case.

Therefore, the Defendant opposes Plaintiff's request to compel Defendant to provide discovery and joins in his request for an extension of the deadline to complete discovery and the deadline for the letter to Judge Schofield, from September 4, 2023 and September 11, 2023 to February 5, 2024 and February 20, 2024 respectively.

Yours faithfully
**Polizzotto & Polizzotto, LLC**

Emilio Rodriguez