VIA ELECTRONIC FILING Jan 2, 2024
**The Honorable Gabriel W. Gorenstein**
**Daniel Patrick Moynihan United States Courthouse**
**500 Pearl Street**
**New York, NY 10007**

 **Re: Request to compel privilege log entries**
 **Tyler Erdman v. Adam Victor, et al., No. 20 Civ. 4162**

Judge Gorenstein,

 Defendant has failed to produce privilege log entries relating to two custodians, Bozic and Timlin as ordered at the December 21st Conference.

 Defendant had previously stated:

 "The few documents produced by Sonia Bozic that were responsive were privileged and added to the privilege log. Custodian Timlin eventually produced four emails, all of which are privileged, and need to be added to the privilege log." (See Dkt. 210)

 Defendant had told Plaintiff that he would provide control numbers for those entries but did not. There was no intention of doing so since they admittedly did not exist. At the December 21st Conference, he admitted his statement to be false as he had never made those entities as he had yet to decide if he would do so or if his vendor would. The Court ordered that Defendant provide an updated log within a week, which Defendant did not do.

 Defendant made no mention of his inability to do so until Plaintiff contacted him on Dec 29th. The parties conducted a brief phone call to discuss this issue. Mr. Rodriguez stated that he had a personal matter involving a family member that he would rather avoid detailing in a public filing. Plaintiff has no desire to know such details nor wish to force Mr. Rodriguez to work if personal matters require his attention. However, he isn't the only attorney in this action.

 The Court had previously addressed made clear that as counsel of record Mr. Polizzotto is responsible to follow the Court's orders if Mr. Rodriguez is unable to do so due personal issues. Mr. Polizzotto demonstrated that he has had time to attend to Defendant's matters as he spent his time on the 29th attempting to serve two Utah subpoenas on Plaintiff for him to be deposed as a third-party witness in other actions. There are two attorneys in this action, one's personal matters does not excuse the other who clearly have had time to prepare a handful of privilege log entries.

 Defendant has submitted yet another false statement to the Court, mislead Plaintiff about the same, ignored another Court order, violated another deadline without seeking an extension, all the while having time to try and get discovery from Plaintiff in other actions. Given the subterfuge it appears likely that the claimed document review didn't occur but rather used an excuse to entirely hide what was received from custodians.

Defendant was resistant to provide a date in which he could provide such entries but eventually agreed to do so by January 5th. In the past such assurances often result in nothing other than another request for an extension, as such Plaintiff requests that Defendant be ordered to respond to this letter on January 5th and that the privilege entries be filled along with it.

Plaintiff requests that counsel explain their false statement, why they failed to seek an extension and why Mr. Polizzotto failed to comply with the Court's order if Mr. Rodriquez was unable to do so.

On the 29th Plaintiff requested that Defendant provide proposed dates for the ordered conference, and it was entirely ignored. In the absence of a deadline to comply it does not appear likely that dates will be provided "forthwith". Plaintiff requests that Defendant be ordered to provide proposed dates for a conference by January 5th as well as details of his efforts to arrange that conference since the December 21st Conference.

Lastly Plaintiff also requests clarification regarding the definition of vendor as described in the December 21st Order:

> "As stated at the conference held today, the defendant shall arrange forthwith a conference at which the defendant, both of defendant's attorneys and any vendor involved in the production process shall be present to answer questions from plaintiff."

Defendant's interpretation is that TransPerfect is the sole vendor that was involved in the production. Plaintiff believes that SETAC, the forensic firm who provided "everything" to TransPerfect should also be considered a vendor as they were the primary collectors of data that was eventually produced by TransPerfect. The scope of what was collected is one of the most important issues to be addressed at the ordered conference and is clearly part of the "production process". Without SETAC's participation its likely to leave unanswered questions that require another conference or separate deposition.

Respectfully submitted,

/s/Tyler Erdman

Tyler Erdman
917-301-0401
tyler@erdman.it