UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TYLER ERDMAN,                                        :

            Plaintiff,            :            ORDER TO SHOW CAUSE

  -v.-                                                      :            20 Civ. 4162 (LGS) (GWG)

ADAM VICTOR,                                         :

            Defendant.         :
------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      At the December 21, 2023 discovery conference, the Court ordered that defendant produce certain privilege log entries "within one week."  See Transcript, filed Jan. 2, 2024 (Docket # 213), at 25:3.  The deadline for the production of those entries thus expired on December 28, 2023.

      One of defendant's attorneys, Emilio Rodriguez, admits in a letter, see Letter, filed Jan. 3, 2024 (Docket # 216), that he failed to comply with this Court-ordered deadline.  Mr. Rodriguez seems to labor under the misimpression that any failure on his part was rendered moot by plaintiff's "grant[ing]" of an extension of the deadline.  See id.  Unlike the deadline for a request for production of documents, however, which may be extended by agreement of the parties, see Fed. R. Civ. P. 34(b)(2)(A), there is no provision for parties to agree to a violation of a Court order.  Thus, the fact that plaintiff may have agreed to an extension had no effect on the Court-ordered obligation.  Further, defendant does not contradict plaintiff's assertion that this conversation occurred when plaintiff contacted Mr. Rodriguez on December 29, 2023 — after the Court-ordered deadline of December 28, 2023.

      While it should hardly have been necessary, the Court specifically pointed out this obligation in a prior and similar circumstance where the Court wrote: "There are two attorneys on this case and if a court order cannot be complied with, all counsel are responsible for seeking an extension rather than violating the Court's order."  See Memorandum Endorsement, filed Aug. 23, 2022 (Docket # 159) ("Aug. 2022 Order").

      Mr. Rodriguez suggests that he required additional time due to a "family matter."  Perhaps there was good reason to grant an extension, but defendant was required to make the application to the Court and to do so prior to the deadline.  If Mr. Rodriguez was unable to make the application, co-counsel Alfred Polizzotto should have made the application.  It simply was not an option for the attorneys to ignore a Court order.

This is not the first time that defendant's attorneys have failed in their obligations to this case and to the Court.  See, e.g., Aug. 2022 Order.  Accordingly, Mr. Rodriguez and Mr. Polizzotto are each ORDERED TO SHOW CAUSE why they should not be sanctioned pursuant to Fed. R. Civ. P. 16(f)(1)(C) for failing to comply with a Court order and failing to timely apply to extend the Court-ordered deadline.  Such showing shall be made by affidavit (one from each of the attorneys) and a memorandum of law compliant with Local Civil Rule 7.1(a)(2) filed on or before January 12, 2024.  If there is a claim by Mr. Rodriguez that he was unable to make a timely application, both attorney affidavits must include a disclosure of any efforts by the attorney signatory to communicate with the other attorney regarding the Court-ordered deadline and the need to obtain an extension.

Plaintiff may file any response by January 19, 2024.  The Court will thereafter issue a written order in the event a sanction is imposed.

SO ORDERED.

Dated: January 4, 2024
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge