VIA ELECTRONIC FILING                                                                                          Jan 10, 2024
**The Honorable Gabriel W. Gorenstein**
**Daniel Patrick Moynihan United States Courthouse**
**500 Pearl Street**
**New York, NY 10007**

<u>Re: Request for conference deadlines</u>
<u>Tyler Erdman v. Adam Victor, et al., No. 20 Civ. 4162</u>

Judge Gorenstein,

      Defendant had contacted Plaintiff on January 4th seeking an extension of both the time to provide privilege log entries (which he has since provided), as well as the time required to arrange for and hold a conference. Defendant has failed to ask the Court for an extension relating to the conference. This appears to be a deliberate attempt to delay the conference as he couldn't even be bothered to call SETAC.

      The Court's January 4th Order stated that Defendant was to arrange a date for the conference by January 5th and it was to take place by January 12th.  During the party's January 4th conversation, Defendant was reluctant to provide dates or even a timeline to hold the ordered Conference. The parties held a 20 minute conference today, and Defendant explained that he didn't believe he had needed to seek an extension for the January 5th date to "arrange the date for the conference" since he spoke to Plaintiff about his inability to provide those dates and he believed the only court ordered deadline was the cut off date to hold the conference. He indicated that was planning on requesting such an extension tomorrow as he needs to do so one day prior to the deadline. This appears to be part of a strategy to create delay.

      Around 7:30 PM after the Court's January 4th order was issued, Defendant called Plaintiff to explain that he was unable to provide dates for a conference nor his log because his point of contact at TransPerfect had to attend to his wife who was having surgery. The deadline ordered should not have been a surprise as it was the date Defendant had agreed to on the week before, and he didn't raise this issue in his January 3rd letter. It seems unlikely his contact only realized after the Order was issued that his wife was scheduled for surgery the next day. The more likely scenario is Defendant had done nothing and had no intention of producing just as he ignored the Court's prior deadline. He waited until there was a Court ordered deadline, immediately asked for an extension for the log entitles, then didn't seek an extension relating to the conference since it would saddle him with a firm deadline.

      Plaintiff had agreed to give Defendant a reasonable amount of time to seek SETAC and TransPerfect's availability, as TransPerfect's contact was out of the office. That time has not been put to good use. Yesterday Defendant stated that TransPerfect "has a decently open schedule over the next couple of weeks", but Todd Stefan of SETAC has not responded to him. Defendant explained that he had emailed Stefan and did not receive a response. He did not attempt to call

him. The Court had already explained to Defendant that sending an email and sitting on it did not constitute the effort required to follow its orders. Yet he did it again.

To see if Defendant was being diligent, Plaintiff attempted to call Stefan earlier today and he picked up on the first ring. I gave Stefan a summary of the Court's order and he explained that he was not aware of any of Defendant's attempts to reach him, nor did he even know who Mr. Rodriguez is. This raises further questions as to how Defendant made a production where "everything" was provided by SETAC but they had never even spoke to them.

On the parties January 4th call, Plaintiff raised the idea of a separate conference with SETAC if they are going to cause a delay, despite it being less efficient. Defendant stated that we cannot do so because the order says all the vendors must be on the phone call and that he wanted to follow the order to the letter. This strict adherence to Court orders seems uncharacteristic given his complete lack of regard to any dates contained in them. It would appear that he wanted to do the bare minimum of sending an email or two to SETAC so he delay the conference claiming that he wants to have it immediately, but his hands are tied by SETAC.

Plaintiff requests that Defendant be ordered to provide proposed dates for the conference the day after the Court is able to issue an order relating to this letter, and that the conference be held no latter then January 22nd, giving Defendant a month since originally been ordered to arrange it.

Defendant should explain what he has done since the January 4th Order to reach out to SETAC and why he did not attempt to call them if they wouldn't respond to his emails. He should also detail his efforts to communicate with TransPerfect since the December 21st Conference.

Victor has a habit of leaving his lawyers and vendors unpaid[1], including SETAC. SETAC invoiced Victor in October 2018 for over $6,200 of work relating to Plaintiff. Victor contested it, arguing "This amount does not effect the reality of the situation" since their work didn't result in Plaintiff's criminal prosecution. That balance remained unpaid until at least January 2019 and Plaintiff has not received any documents indicating that it was paid. Defendant should attest as to whether Victor or his entities have an outstanding balance due to SETAC, and if such a balance would prevent SETAC from attending the conference their plan on resolving it.

Respectfully submitted,

/s/Tyler Erdman

Tyler Erdman
917-301-0401
tyler@erdman.it

---

[1] See NY Supreme Court: DLA PIPER LLP v. VICTOR 650374/2012, DAVIDOFF HUTCHER & CITRON LLP v. VICTOR 651717/2018, SCHLAM STONE & DOLAN LLP v. VICTOR 655235/2020
EconLit LLC v. Transnational Management Systems LLC, 2:18-cv-01001, (D. Ariz.)