VIA ELECTRONIC FILING                                                                    Jan 11, 2024
The Honorable Gabriel W. Gorenstein
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re: Response to Defendant's Jan 11th Letter**
**Tyler Erdman v. Adam Victor, et al., No. 20 Civ. 4162**

Judge Gorenstein,

    Defendant's January 11th Letter is yet another instance of unjustified accusations against Plaintiff and misleading statements. The Court in August of 2022 already dealt with this exact scenario of Defendant trying to justify his own failures by attacking Plaintiff rather than involving Mr. Polizzotto.

> "The court sympathizes with Mr. Rodriguez's personal circumstances. However, the accusatory tone of this letter is mystifying. There are two attorneys on this case and if a court order cannot be complied with, all counsel are responsible…if, Mr. Rodriguez had the time to discuss the extension with plaintiff, he had the time either to seek an extension of the court-ordered deadline if no agreement could be reached or to simply ask co-counsel, Alfred J. Polizzotto, III, to do so. As an attorney of record, Mr. Polizzotto is in fact responsible for compliance with court orders in this case." See Dkt. 159

    Defendant was ordered to contact SETAC by the Court on January 4th. The parties spoke after the order was issued, and Defendant did not mention he would be waiting five days to send an email. Plaintiff's impression was that an email was sent or would be sent that day. During that phone call Defendant stated that he was unable to comply with the order because of his document vendor being unavailable until the following Tuesday and unable to provide the log or his availability. Now he says, "due to my family matter, I did not reach out to anyone at Setac until the early evening on January 9th."

    Plaintiff emailed Defendant about the vendor's availably on January 9th at 4:58 PM, which Defendant responded to at 6 PM stating: "Still need to hear back from Todd Stefan.  Let's hope his availability will not be much of an issue." It would appear that Defendant only reached out in the "early evening" because Plaintiff asked for an update, and he wanted to say he didn't hear back likely after sending the email shortly before making that statement.

    Defendant's January 10th Letter states "I sent an email to Todd Stefan…with no response…He has yet to return any of my calls". Defendant has made clear that he sent "an" email to Stefan and that he made no attempt to call Stefan prior to Plaintiff doing so. Defendant lists the two numbers he tried to call, neither of which is 323-243-9928. It was produced to Plaintiff and was the obvious direct number to reach Stefan. Plaintiff offered to it Defendant, but he declined saying he already had it. Defendant's description of spending "most of January 10

and 11 in contact" with Setac seems ridiculous as of filing his letter on the 10th he had gotten no response from them whatsoever.

Beyond the misleading nature of Defendant's descriptions, he yet again fails to explain why Mr. Polizzotto is still unable to help him when personal issues arise. Mr. Rodriguez didn't have an issue contacting Plaintiff for an extension on the 4th, then did nothing for days only to try and mislead Plaintiff to buy himself more time to do nothing. Defendant should explain how he failed to have Mr. Polizzotto seek a timely extension relating to the conference and why he did not take any action to comply with the Court's order.

Defendant should also provide a copy of his single email to Setac to show what time in the "early evening" it was sent.

Defendant wants to complain about Plaintiff being "inappropriate" by calling the person the Court ordered to be on the conference after Defendant had portrayed them as being totally unresponsive. Plaintiff didn't seek information from Stefan beyond asking if he was aware of the Court's order, this action or Mr. Rodriguez in any capacity. The answers to which were all no. Plaintiff didn't try and conceal this from Defendant but instead immediately called him to explain exactly what the conversation entailed. Now yet again Defendant wants to cast aspersions about Plaintiff because he got caught misleading both Plaintiff and this Court again.

Similarly Defendant tries to write a revisionist history of this action, and his production claiming Plaintiff "could not even articulate to the Court…what the exact issues were with the production". Plaintiff has submitted letter after letter of very detailed allegations about Defendant's production to which Defendant responds in the vaguest terms possible. The exact issues could not be determined at the conference because Defendant has continually failed to explain what he has actually done beyond saying he produced "everything" from Setac whom he has never spoken to. As an example Plaintiff pointed to a specific document that appeared to have been cherry picked from Defendant's production that he was ordered to explain and produce. He has done neither.

Defendant's letter still fails to address Plaintiff's January 10th letter as ordered. Plaintiff raised the issue of Defendant's habit of not paying his vendors and attorneys, including a specific example of Defendant not paying one of Setac's bills. If he has spent the last two days focusing on talking to Setac this would seem like one of the main topics of discussion. He should answer the simple question of if he does or does not owe Setac money. His lack of response make it clear that the answer is likely yes.

Respectfully submitted,

/s/Tyler Erdman

Tyler Erdman
917-301-0401
tyler@erdman.it