Case No. CV-20-4162 (LGS)(GWG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TYLER ERDMAN,

                        Plaintiff,

            against

ADAM VICTOR,

                        Defendant.

---

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO SANCTIONS
PURSUANT TO FRCP 16(f)(1)(C) and 37(B)**

**POLIZZOTTO & POLIZZOTTO, LLC**
*Attorneys for Defendants*
6911 18th Avenue
Brooklyn, New York 11204
(718) 232-1250

# **TABLE OF CONTENTS**

TABLE OF CONTENTS…………………………………………………………………………i

TABLE OF AUTHORITIES……………………………………………………………………ii

PRELIMINARY STATEMENT……………………………………………………………...…1

ARGUMENT…………………………………………………………………………………….2

A DISTRICT COURT'S IMPOSITION OF SANCTIONS UNDER RULE 37 IS REVIEWED FOR VARIOUS FACTORS……………………………………………………2

CONCLUSION………………………………………………………………………………….3

# **TABLE OF AUTHORITIES**

**Cases**

*Daval Steel Prods. V. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991)..........................2

*Hart v. Westchester County Dep't of Soc. Servs.*, 160 F.Supp.2d 570................................2

*John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988)......2

**Statutes**

Fed. R. Civ. P. 16(f)(1)(C)...............................................................................2

Fed. R. Civ. P. 37(b)......................................................................................2

## **PRELIMINARY STATEMENT**

Attorneys Rodriguez and Polizzotto, in their role as attorneys for the Defendant Adam Victor ("Defendant"), respectfully submit this Memorandum of Law in support of their opposition to sanctions pursuant to Fed. R. Civ. P. 16(f)(1)(C) and 37(b).

On December 21, 2023, a conference was held before the Honorable Gabriel W. Gorenstein regarding issues that had arisen issued with the document production of the Defendant. After the conference, the court issued an order directing a vendor conference be held between the parties and all custodians of Defendant's documents. The court extended the deadlines for discovery and the letter to Judge Schofield as required by paragraph 13.b of Docket #77. The court also ordered Defendant to provide an amended privilege log by December 28, 2023.

As a result of letters exchanged between the parties, specifically Docket #215 and 216, the Court issued an order on January 4, 2024, directing that Defendant produce the privilege log entries by January 5, 2024, and for the parties to speak and arrange a date for the vendors conference to be held no later than January 12, 2024.

On January 5, 2024, an application was made to the Court to extend the deadline for submission of the amended privilege log from January 5, 2024 to January 9, 2024. This application was granted by the Court and the amended privilege log was timely submitted. The vendors conference has yet to be held and there is a pending request to extend its deadline.

# ARGUMENT

## POINT I

### A DISTRICT COURT'S IMPOSITION OF SANCTIONS UNDER RULE 37 IS REVIEWED FOR VARIOUS FACTORS

The Southern District, via the Second Circuit, indicated the proper standard of review in the case of <u>Hart v. Westchester County Dep't of Soc. Servs.</u>, 160 F.Supp.2d 570: " A party's failure to comply with discovery orders may be sanctioned consistent with <u>Rule 37(b)(2)(B)</u>, which authorizes courts to impose various sanctions, including the preclusion of evidence. <u>Rule</u>37(d) extends these sanctioning powers to parties who do not respond to discovery requests. However, the harsher remedies are only "justified . . . when the failure to comply with a court order is due to willfulness or bad faith, or is otherwise culpable." <u>Daval Steel Prods. v. M/V Fakredine,</u> 951 F.2d 1357, 1365 (2d Cir. 1991); *see also John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.,* 845 F.2d 1172, 1176 (2d Cir. 1988)(dismissal under <u>Rule 37</u> is justified where party "fails to comply with the court's discovery orders willfully, in bad faith, or through fault").

Just as in the *Hart* case, the same lack of culpability and bad faith exists as to attorneys Rodriguez and Polizzotto. As stated in the Affidavit of Alfred Polizzotto dated January 12, 2024: "Mr. Rodriguez had a good faith belief that he would be able to comply with the statements made during the Court conference of December 21, 2023. Unfortunately, as detailed in his affidavit, he experienced an unanticipated family emergency which jeopardized the safety of his immediate family lasting from Christmas Eve and continuing through the deadline of December 28, 2023." (Polizzotto Aff. ¶2.) In fact, it continues to

this day, although it is being dealt with better now that it is out in the open within the firm.

As also described in his Affidavit, Mr. Polizzotto correctly points out how attorney Rodriguez still managed to not ignore or willfully disregard his obligations to the Plaintiff and Court's deadline. He then correctly discusses the provision of the amended privilege log and that "the failure to adhere to the Court directive and failure to seek an extension thereof is excusable as it did not substantially prejudice the ability of the Plaintiff to continue the prosecution of this action and resulted in a minimal delay in the production of the required material to the Plaintiff." (Polizzotto Aff. ¶5.) In fact, as stated by attorney Rodriguez in his Affidavit dated January 12, 2024 " the extension of the deadlines for submission of the privilege log resulted in a delay of only 12 days, with the vendors conference to occur soon afterwards. That means Plaintiff will have six weeks within which to continue his review of my client's documents, a review which was begun fifteen months ago. Considering the fact the deadline for party discovery is March 4, 2024, and that Plaintiff has already had fifteen months to search through the produced documents, the delay has been minimal and does not merit the imposition of sanctions." (Rodriguez Aff. ¶10.)

## CONCLUSION

WHEREFORE, it is respectfully submitted that the Court deny the imposition of sanctions against attorneys Rodriguez and Polizzotto, and for such other and further relief as this Court deems just and proper.

**POLIZZOTTO & POLIZZOTTO, LLC**

By: _____
Emilio Rodriguez, Esq.
*Attorney for Defendant*
6911 18th Avenue
Brooklyn, New York 11204
(718) 232-1250
erodriguez@polizzotto.com