

**6911 18ᵀᴴ AVENUE**
**BROOKLYN, NEW YORK 11204**
**TELEPHONE (718) 232-1250**
**FAX (718) 256-0966**

ALFRED POLIZZOTTO (1935-2001)
ALFRED POLIZZOTTO III*

EMILIO RODRIGUEZ

*(ADMITTED NEW YORK, NEW JERSEY)

LONG ISLAND OFFICE
1129 Northern Boulevard, Ste 404
Manhasset, New York 11030

**VIA ELECTRONIC FILING**                                March 19, 2024
The Honorable Gabriel W. Gorenstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

        Re:    **Response to Erdman letter dated March 18, 2024**
                <u>*Tyler Erdman v. Adam Victor, et al.*, No. 20 Civ. 4162</u>

Dear Judge Gorenstein,

      This letter is written in response to the letter of the Plaintiff dated March 18, 2024. The letter of Plaintiff goes to great length to attempt to detail alleged misstatements and lies surrounding document production and the relationship between Adam Victor and the firm of Schlam Stone and Dolan ("SSD").

      As this Court is aware, SSD represented Adam Victor in litigation prior to this firm's representation of Mr. Victor in various matters and had possession of ESI and, upon information and belief, may have possession of documentary evidence. In a fee dispute between SSD and Adam Victor, SSD asserted both a retaining lien and a charging lien on the contents of its files in the matters litigated on behalf of Mr. Victor. As evidenced by the documentary evidence attached to the Plaintiff's letter, those liens are being asserted to this date.

      In February 2019, a collection of two hard drives and a separate thumb drive of data which contains ESI of Mr. Victor was produced to the TransPerfect by SSD. In addition to supplying these storage devices to TransPerfect, SSD exported to TransPerfect searches for

*PLEASE RESPOND TO BROOKLYN OFFICE*

documents in other litigations in which Adam Victor was represented by the firm of Braverman Greenspun in or about April and/or July 2020. TransPerfect had compiled and produced a history of data collected on behalf of Mr. Victor by them.

During the vendors' conference held on January 29, 2024, the hard drives exported to TransPerfect in this action in July 2021 were discussed. At the time, to the best of our recollection, we mistakenly stated that SSD had sent the drives to this firm and that we forwarded them to the document vendor. After a search of our records, we found evidence comprised of a cover letter, dated June 2021, from Todd Stefan of Setec, indicating that he was sending us "devices" belonging to the defendant which consisted of three hard drives. A Federal Express airbill was attached showing we had subsequently sent those drives to TransPerfect, from which they show to have downloaded the data into their system in July 2021. As a result of this evidence from Setec, we were able to refresh our memories to recall we had spoken numerous times with Setec in June 2021, and received the three hard drives they had belonging to the defendant in their possession, and then we sent them on to TransPerfect. This evidence was forwarded to the Plaintiff in February 2024 as soon as it was discovered to rectify the misstatement.

This firm has been diligently trying to provide the Plaintiff with the discovery requested in accordance with the FRCP and the directions of this Court and all information provided to TransPerfect for their compilation and production to the Plaintiff. As evidence thereof, in November 2022, defendant's phone, and the devices in his office, as per the order of this Court, were searched for emails and any other documents found responding to the requests of the Plaintiff. These were sent to the vendor. Documents from custodians Sonia Bozic and Mike Timlin were sent to us, in December 2022 and March 2023, via PDF and were forwarded to TransPerfect. Finally, documents from Timlin and Bozic were sent in January 2024, and these were forwarded to the vendor.

The searches and collections discussed above are the source of all the documents held by our document vendor for the defendant, Adam Victor. All this information has been provided to the Plaintiff.

In addition to the foregoing, it has also been explained to the Plaintiff by this firm and directly by SSD, how SSD, to this day, still exerts a charging and retaining lien on any documents belonging to the defendant remaining in their possession. SSD has not disclosed nor does Mr. Victor have any independent knowledge of any documents which SSD may have that were not already included on the ESI provided to the Plaintiff.

      Plaintiff refers to additional work discussed by Mr. Victor performed by SSD for him in the conference on discovery. The services performed by SSD recently on behalf of the defendant was a single closed-end transactional matter unrelated to this case, for which Mr. Victor was required to pay in full at the start, for them to proceed. Their requested fee was paid prior to the initiation of services by SSD and upon completion, the attorney-client relationship concluded. SSD made a business decision to perform work before this Court while having a retaining and charging lien on a different matter.

      There are no other potential sources or repositories of information known to this firm nor any documents or ESI in our possession. We have attempted to gather all discovery as both required to do so by the FRCP and this Court's prior directive. Discovery in this matter needs to come to a conclusion and it is urged that Defendants or this firm not be ordered to comply with the Plaintiff's unreasonable demands.

Yours faithfully
**Polizzotto & Polizzotto, LLC**

_____
Emilio Rodriguez

_____
Alfred Polizzotto III