# BRAVERMAN | GREENSPUN

### A PROFESSIONAL CORPORATION

September 3, 2019

***Via NYSCEF and Hand Delivery***

The Hon. Schlomo S. Hagler
New York Supreme Court, New York County
60 Centre Street, Room, Room 335
New York, New York 10007

**Re:    Davidoff Hutcher & Citron, LLP v. Adam Victor, et al.
        NYS Supreme Court, New York County Index No. 651717/2018**

Dear Judge Hagler:

The undersigned represents the Defendant, Adam Victor, in the above-referenced action (on the main claims asserted against him by the Plaintiff). As Your Honor may recall, the parties appeared before Your Honor on July 24, 2019 during which time Your Honor considered the parties' respective discovery motions – motion sequence numbers 3 and 4. *See* NYSCEF Nos. 56-72 and 73-89. Upon consideration of the motions, Your Honor required (1) Plaintiff to produce documents responsive to the Defendants' document demands, at the Defendants' expense, and (2) that Adam Victor produce an affidavit of due diligence within thirty days. As of the date of this letter, the transcript of the July 24, 2019 proceeding has not yet been received by this office to submit to Your Honor with this correspondence.

Plaintiff subsequently granted our office additional time, through September 12, 2019, to produce additional documents, if any additional documents were identified which might be responsive to discovery. At that time, we did not know what was produced on behalf of Mr. Victor; the extent to which Mr. Victor's then-counsel had reviewed Mr. Victor's records to respond to the Plaintiff's demands; whether there would, in fact, be any additional documents, which may be responsive to the Plaintiff's demands; and, if there were more documents to produce, how many more documents there may be. Shortly after the parties' appearance on July 24, 2019, Mr. Victor's counsel, Conrad Jordan, Esq., was relieved as counsel and a substitution of counsel was filed on August 15, 2019, with Jon Silveri, Esq. entering an appearance on behalf of the corporate defendants in the main action and all counterclaimants on the counterclaims. *See* NYSCEF No. 95.

In keeping with Your Honor's order, Mr. Victor's affidavit was filed on August 26, 2019, which outlines his efforts to comply with discovery. A copy of the affidavit is attached for Your Honor's convenience as Exhibit A. *See also* NYSCEF No. 96.

110 EAST 42ND STREET,  17TH FLOOR,  NEW YORK, NEW YORK 10017
(212) 682-2900  FAX: (212) 682-7718  WWW.BRAVERLAW.NET

The Hon. Schlomo S. Hagler
New York Supreme Court, New York County
September 3, 2019
P a g e | 2

Neither Mr. Victor nor the undersigned can confirm what information was produced to the Plaintiff by prior counsel because the original documents have not been returned to Mr. Victor. Moreover, the documents served upon the Plaintiffs on Mr. Victor's behalf and the other defendants have not been provided to our office by either Plaintiff or Mr. Victor's prior counsel, despite our requests for the same. These circumstances place the undersigned in the unenviable position of essentially starting over.

As stated in Mr. Victor's affidavit, he gave our office access to his ESI and we engaged an electronic discovery consultant to collect the same and it has been preserved. The amount of the ESI is very large, consisting of over 900,000 documents. *See id.* at ¶ 8. We do not believe that all these records are responsive to the Plaintiff's demands, however, a conservative estimate of the ESI that may be responsive to the Plaintiff's demands is roughly 222,342 documents. *See id.* at ¶¶ 9-10. This estimate may also change once search terms are agreed upon. The ESI also contains privileged and highly sensitive and confidential information. *Id.* Needless to say, all these records must be reviewed for responsiveness, privilege and confidentiality before production. *See id.* at ¶ 10.

By letter dated August 26, 2019, attached as Exhibit B, the undersigned:

(1)     Asked the Plaintiff to provide search terms which may help the parties' further narrow the scope of Mr. Victor's supplemental production;

(2)     Proposed that the parties execute a stipulation that outlines a protocol for production of ESI;

(3)     Advised counsel that the September 12, 2019 date for production of additional documents is not feasible given the amount of records that stand to be reviewed before production, and that once we have Plaintiff's search terms that we would be able to better estimate how much time will be required to produce the additional documents; and

(4)     Insofar as Your Honor ordered that Plaintiff's production be done at the defendants' expense, it was proposed that it is only fair and reasonable for Plaintiff to bear the cost of the defendants' production, or in the alternative, that the responding party bear the cost of searching for, retrieving and producing ESI and physical documents that may have been requested as part of discovery consistent with the policy adopted by the First Appellate Department in *U.S. Bank Nat'l Ass'n v. GreenPoint Mortgage Funding, Inc.*, 94 A.D.3d 58, 62 (1st Dep't 2012).

On August 28, 2019, the parties' counsel participated in a telephone conference during which time we discussed how discovery may be potentially be narrowed so as to limit the cost of ESI discovery and how to protect from disclosure privileged and confidential information. Thereafter, a proposed stipulation outlining a protocol for discovery related to ESI and a proposed confidentiality order were circulated. Search terms were also exchanged. While it appears that the concepts of an ESI protocol and confidentiality order were generally agreed to, the devil remains in the details, and the parties have not finalized either document or reached a consensus on the search terms.

The Hon. Schlomo S. Hagler
New York Supreme Court, New York County
September 3, 2019
P a g e | 3

While Mr. Victor intends to comply with Your Honor's order and his discovery obligations and will produce documents that may be responsive to the Plaintiff's demands, additional time is respectfully requested to review and produce the information.  It also is respectfully submitted that the cost of the parties' production be further addressed by Your Honor.

Insofar as the parties are scheduled to appear for a status conference on September 12, 2019 at 10:00 a.m., it is respectfully requested that the date for any supplemental production by Mr. Victor be held in abeyance so that Your Honor may further address these issues with the parties at that time.

Respectfully submitted,

Manu Leia Davidson

cc:     Counsel of Record *via NYSCEF*
        Joshua Krakowsky, Esq.
        John Silveri, Esq.

4821-4517-6994, v. 1

# EXHIBIT A

FILED: NEW YORK COUNTY CLERK 08/26/2019 04:56 PM          INDEX NO. 651717/2018
NYSCEF DOC. NO. 96                                RECEIVED NYSCEF: 08/26/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
DAVIDOFF HUTCHER & CITRON LLP,

    Plaintiff,

    -against-                                 Index No.: 651717/2018

ADAM VICTOR, TRANSGAS ENERGY SYSTEMS,
LLC, TRANSGAS ENERGY SYSTEMS               **AFFIDAVIT OF ADAM**
CORPORATION, TRANSGAS DEVELOPMENT          **VICTOR**
SYSTEMS LLC, GAS ALTERNATIVE SYSTEMS, INC.,
PROJECT ORANGE ASSOCIATES, LLC, G.A.S.
ORANGE DEVELOPMENT, INC., TRANSNATIONAL
ENERGY L.L.C., TRANSNATIONAL MANAGEMENT
SYSTEMS, LLC, TRANSNATIONAL MANAGEMENT
SYSTEMS II, LLC, BOARD OF MANAGERS OF
MANHATTAN PLACE CONDOMINIUM ADAM
VICTOR& SON STABLES LLC, ADAM VICTOR
GRANTOR TRUST, and G.A.S. ORANGE PARTNERS,
L.P.,

    Defendants.
-------------------------------------------------------------------X

STATE OF NEW YORK    )
                        ):ss
COUNTY OF NEW YORK  )

    Adam Victor, being duly sworn, deposes and says:

    1.    I am a defendant in the above-captioned action and submit this affidavit in furtherance of the Court's order of June 26, 2019 (the "Order") and do so upon my personal knowledge.

    2.    Earlier in the course of this litigation, I provided my prior counsel with access to all documents in my possession, custody, or control for the purposes of responding to the discovery demands served by the Plaintiff.

    3.    Specifically, in addition to providing prior counsel with access to documents that he requested in connection with responding to Plaintiff's discovery demands, I do not recall my prior

Case 1:20-cv-04162-LGS-GWG   Document 238-2   Filed 03/21/24   Page 6 of 25

counsel asking for electronically stored information ("ESI") that may be responsive to said demands. If he asked, I would have done so.

4.    I did, however, provide my prior counsel with original paper copies of documents that he requested, which were in my possession, custody and control (it was a large binder, which has not been returned).

5.    A copy of Defendants' Responses to the Plaintiff's Initial Document Demands and Interrogatories, prepared by my prior counsel and served in the action, is attached hereto as **Exhibit A.** I am unaware of the contents of the document production served to the Plaintiff by my prior counsel, nor am I aware of the extent to which my prior counsel reviewed or produced ESI records.

6.    My prior counsel has not returned to me the original paper documents, which I gave to him.

7.    My prior counsel has since been relieved from this case and substitute counsel, John M. Silveri, Esq., also has entered an appearance to represent the other defendants in the main action and the defendants asserting counterclaims against the Plaintiff.

8.    Upon receipt of the Order, I gave my current counsel, Braverman Greenspun, P.C., access to all my ESI. Though not all the ESI is responsive to Plaintiff's demands, it is extremely voluminous and exceeds 900,000 pages of documents. It also includes information that is privileged, confidential and highly sensitive.

9.    To ensure that all relevant documents may be reviewed and produced in accordance with the Order, Braverman Greenspun, P.C. engaged the services of an electric discovery consultant to assist with locating ESI, which may be responsive to Plaintiff's demands.

10.    A conservative estimate of the number of pages of ESI that may be responsive to Plaintiff's demands is roughly 222,342. This information will need to be reviewed for responsiveness, for privilege and confidentiality before it is produced.

4836-4740-3930, v. 1                                 2

FILED: NEW YORK COUNTY CLERK 08/26/2019 04:56 PM          INDEX NO. 651717/2018
NYSCEF DOC. NO. 96                                         RECEIVED NYSCEF: 08/26/2019

11.  Due to the large quantity of the materials to be uploaded to an electronic discovery review

platform for review by my attorneys, it is submitted that the Plaintiff provide search terms in order

to better understand the amount of ESI which may be subject to disclosure and so that the

information may be searched and reviewed for responsiveness and privilege and production to

Plaintiff.

_____

Adam Victor

Executed as of the 23rd day of August 2019.

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )

On the 23rd day of August in the year 2019, before me, the undersigned, a Notary Public
in and for said State, personally appeared Adam Victor, personally known to me or proved to me
on the basis of satisfactory evidence to be the individual whose name is subscribed to the within
instrument and acknowledged to me that he executed the same in his capacity, and that by his
signature on the instrument, the individual acted, executed the instrument.

_____

Notary Public

MANU LEILA DAVIDSON
Notary Public, State of New York
No. 02DA6352488
Qualified in New York County
Commission Expires December 27, 2020

4836-4740-3930, v. 1                    3

FILED: NEW YORK COUNTY CLERK 08/26/2019 04:56 PM   INDEX NO. 651717/2018

NYSCEF DOC. NO. 96                                                      RECEIVED NYSCEF: 08/26/2019

# EXHIBIT A

FILED: NEW YORK COUNTY CLERK 08/26/2019 04:56 PM   INDEX NO. 651717/2018
NYSCEF DOC. NO. 36                                  RECEIVED NYSCEF: 08/26/2019

FILED: NEW YORK COUNTY CLERK 05/07/2019 03:06 PM   INDEX NO. 651717/2018
NYSCEF DOC. NO. 66                                  RECEIVED NYSCEF: 05/07/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
DAVIDOFF HUTCHER & CITRON, LLP

                 Plaintiff,

          -against-

ADAM VICTOR, et al,

                Defendants
-------------------------------------------------------------------x

Hon. Shlomo S. Hagler
IAS Part 17

**DEFENDANTS' RESPONSES
TO PLAINTIFF'S INITIAL
DOCUMENT DEMANDS &
INTERROGATORIES**

      Defendants, by their attorneys, JORDAN & LEVERRIER, P.C, hereby respond to the

Plaintiff's initial Document Demands and Interrogatories, while reserving the right to supplement

said responses, which are listed below with a "D" for document demand and an "I" for

interrogatory; and an "R" for a response to either.

**Document Demands**

1.     D - A Copy of the Retainer/Engagement letter between Defs and DHC

       R - Defendants have not located to date

2.     D - Drafts/Correspondence. re: Retainer/Engagement letter between Defs and DHC

       R - Defendants have not located to date

3.     D - Copies of All DHC invoices

       R - Defendants have copies of DHC invoices, monthly since 6/27/14 until 4/18/17, with

           the exceptions of:  Sept. of 2014; Feb, May, Sept, Nov of 2016; Jan and Mar of

           2017.  Also have copies of invoices of 7/13/17 and 12/28/17.  Due to volume of

           documents believed to be in defendants' possession, production declined at this

           time as needlessly burdensome but can be made available for inspection or

           compared with electronic copies produced by plaintiff and confirmed as same.

FILED: NEW YORK COUNTY CLERK 08/26/2019 04:56 PM          INDEX NO. 651717/2018

FILED: NEW YORK COUNTY CLERK 05/07/2019 03:06 PM          RECEIVED NYSCEF: 05/07/2019

NYSCEF DOC. NO. 66                                        RECEIVED NYSCEF: 05/07/2019

4.    D - All correspondence between DHC and defendants

R - Objected to as palpably and improperly burdensome and overbroad

5.    D - Documents concerning complaints/negative communications by defendants re: DHC

billing

R - Objected to as vague; notwithstanding objection, no such documents located to date

6.    D - All documents concerning alleged "ethically dubious" conduct by DHC

R - Objected to as palpably and improperly vague; notwithstanding said objection, the

following is included herein as responsive:

Exh. A: Documents related to alleged 'witness tampering' by DHC re: Carcione:

including: Krakowsky 4/29/15 email; Pegasus motion to disqualify; Transnational opposition;

Pegasus Reply; DHC Notice of Withdrawal; Transcript of 7/28/16 hearing; Notice of Ruling;

Excerpts from Appellate briefs; Excerpt from NY motion papers.

Exh. B: Documents related to Derby Capital loan, including Loan and Escrow

Agreements/drafts.

7.    D - All documents related to alleged "overbilling"

R - Objected to as palpably and improperly overbroad and burdensome; notwithstanding

said objection, see #3 above.

8.    D - All documents related to alleged "lack of zeal"

R - Objected to as palpably and improperly overbroad and vague given that the lack of

zeal pertained to multiple litigations.

9.    D - All documents related to alleged "heavy-handed and deceptive billing practices"

FILED: NEW YORK COUNTY CLERK 08/26/2019 04:56 PM   INDEX NO. 651717/2018

FILED: NEW YORK COUNTY CLERK 05/07/2019 03:06 PM   RECEIVED NYSCEF: 08/26/2019

NYSCEF DOC. NO. 66   RECEIVED NYSCEF: 05/07/2019

R - Objected to as palpably and improperly overbroad and burdensome; notwithstanding said objection, see #3 above; see also Exh. C: Sessler attorneys' fees; Exh. D: DLA Piper fees; Exh. E: Jet Edge fees

10.   D - All documents related to an arbitrator determining DHC billed "double what was reasonable":

R - See Exh. C

11.   D - All documents related to finding of "excessive billing" per counterclaim par. 221

R - See Exh. C

12.   D - All communications between defendants and anyone else regarding whether an insurance policy would cover actions alleged in counterclaim paragraph 226

R - Objected to as palpably and improperly overbroad, burdensome, immaterial and privileged, inclusive of attorney-client

13.   D - Copy of any insurance policy alleged in counterclaim par. 226

R - All or some of two insurance policies, each providing $2 million in coverage for a year during the period June 2012 to June 2014, will provided upon an appropriate confidentiality agreement with plaintiff.

14.   D - All documents related to DHC "completely acquiesced" per counterclaim par. 245

R - See Exh. A, including DHC Notice of Withdrawal

15.   D - All documents related to counterclaim par. 247

R - See Exh. A, including Appellate excerpts

16.   D - All documents related to "excessive" Sessler billing per counterclaim par. 218

R - Objected to as palpably and improperly overbroad and burdensome; notwithstanding objection, see Exh.C

FILED: NEW YORK COUNTY CLERK 08/26/2019 04:56 PM          INDEX NO. 651717/2018
FILED: NEW YORK COUNTY CLERK 05/07/2019 03:06 PM          RECEIVED NYSCEF: 05/07/2019
NYSCEF DOC. NO. 66                                        RECEIVED NYSCEF: 05/07/2019

17.    D - All documents related to "prejudice" alleged in counterclaim par. 250

     R - Objected to as palpably and improperly overbroad and burdensome; notwithstanding objection, see Exh.A

18.    D - Documents sufficient to demonstrate payment of "substantial legal fees" alleged in counterclaim par. 251

     R - Objected to as palpably and improperly burdensome and calling for production of privileged matter between defendants and other counsels; notwithstanding objection, see Exh A and #3 above

19.    D - Documents sufficient to demonstrate what you paid to DHC and when

     R - While reiterating reservations of right to supplement this response, see Exh. F containing checks to DHC totaling more than $47,000, reflecting only some of what was paid to DHC, and which does not include monies DHC paid itself in matters related to defendants, including DLA Piper, Jet Edge, Sessler, Potomac Funding, Derby Capital loan.

20.    D - All documents related to any grievance committee filings against DHC attorneys by defendants.

     R - N/A

21.    D - All documents concerning "unilateral, aggressive, deceptive and coercive actions" alleged in counterclaim par. 271

     R - Objected to as palpably and improperly overbroad, burdensome and vague as documents "concerning" "actions" lacks rational parameters; also as duplicative of prior demands.

22.    D - All documents related to "use of aircraft" alleged in counterclaim par. 290

FILED: NEW YORK COUNTY CLERK 08/26/2019 04:56 PM          INDEX NO. 651717/2018
NYSCEF DOC. NO. 66                                          RECEIVED NYSCEF: 08/26/2019

FILED: NEW YORK COUNTY CLERK 05/07/2019 03:06 PM          INDEX NO. 651717/2018
NYSCEF DOC. NO. 66                                          RECEIVED NYSCEF: 05/07/2019

R - None currently located in defendants' possession; upon information and belief, such documents are in the possession of Larry Hutcher and third-parties;

23.   D - To the extent not produced in response to other demands, all documents on which defendants intend to rely in support of defenses or affirmative defenses.

R - Objected to as palpably and improperly overbroad, burdensome, vague and premature.

24.   D - To the extent not produced in response to other demands, all documents on which defendants intend to rely on to defend the claims in the Complaint.

R - See # 23 for objections; also objected to as duplicative of demand #23

25.   D -- All documents concerning statements taken or obtained from DHC by defendants

R -- Objected to as palpably and improperly vague as the issues herein involve innumerable communications between the parties; notwithstanding said objection, defendants are not aware of any "statements" of DHC in this matter other than those sent in connection with requests for payment, most or all of which occurred after the termination of representation and could be construed as communications potentially related to settlement.

JORDAN & LEVERRIER, P.C.

By: _____
Conrad Jordan
*Attorneys for Defendants*
257 Pantigo Rd.
East Hampton, NY 11937
(631) 329-9700

 

# NYSCEF - New York County Supreme Court
# Confirmation Notice

The NYSCEF website has received an electronic filing on 08/26/2019 04:56 PM. Please keep this notice as a confirmation of this filing.

**651717/2018**
**Davidoff Hutcher & Citron LLP - v. - Adam Victor et al**
**Assigned Judge: Shlomo Hagler**

## Documents Received on   08/26/2019 04:56 PM

**Doc #**      **Document Type**
96              AFFIDAVIT
                Affidavit of Adam Victor

## Filing User

Manu Leila Davidson | mdavidson@braverlaw.net | 212-682-2900

110 East 42 Street, 17th Floor, New York, NY 10017

## E-mail Notifications

An email regarding this filing has been sent to the following on 08/26/2019 04:56 PM:

**MANU L. DAVIDSON - mdavidson@braverlaw.net**

**GARY S. EHRLICH - gehrlich@boydlawgroup.com**

**P C. JORDAN - conradjordan@msn.com**

**JOSHUA S. KRAKOWSKY - jsk@dmlegal.com**

**DIANNE K. LEVERRIER - dkl@jlattorneyspc.com**

**JON M. SILVERI - Jsilveri@frontiernet.net**

**NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of**

**Hon. Milton A. Tingling, New York County Clerk and Clerk of the Supreme Court**
Phone: 646-386-5956      Website: http://www.nycourts.gov/courts/1jd/supctmanh/county_clerk_operations.shtml

**NYSCEF Resource Center, EFile@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

Page 1 of 1

# EXHIBIT B

# BRAVERMAN | GREENSPUN

### A PROFESSIONAL CORPORATION

August 26, 2019

**Via E-mail and U.S. Mail**
Joshua Krakowsky, Esq.
Davidoff Hutcher & Citron LLP
605 Third Avenue
New York, NY 10158
jsk@dhclegal.com

> Re: **Davidoff Hutcher & Citron LLP v. Adam Victor, et al.**
> **NYS Supreme Court, NY County Index No. 657171-2018**

Dear Mr. Krakowsky:

Per the Court's June 26, 2019 order, I enclose for your records a copy of Adam Victor's affidavit of due diligence. The amount of potentially responsive electronically stored information ("ESI") is extensive and may include information, which is confidential and highly sensitive. I, therefore, request that you provide search terms and further propose that the parties enter into a stipulation that will outline production of ESI. In addition, given the amount of information which we will be required to sift through for responsiveness and privilege, we will be unable to produce documents by September 12, the date which we had previously agreed to. Once we have your search terms and a stipulation in place, I believe that we will have a better understanding of how much additional information there may be to provide and be able to better estimate how much time will be required to produce the information. Also, insofar as the Court has ordered that DHC's production be done at the defendants' expense, we likewise believe that it is only fair that Plaintiff bear the cost of production of any additional documents or, in the alternative, the parties bear the cost of production, as would ordinarily be the case. We can further discuss these issues when we speak.

Finally, I am re-iterating my request that you provide us with copies unredacted copies of the various papers, which were made part of the Court file. I anticipate that the parties will be required to discuss the foregoing with the Court at the September 12 conference.

Please call my office should you wish to discuss these matters further. I am scheduled to be in court on August 26 and expect to be out for most, if not all of the day, and will not be in the office on August 30. I can otherwise make myself available to speak with you.

Very truly yours,

Mara Leila Davidson, Esq.

MLD
Encl.

cc: John Silveri, Esq. (via e-mail and U.S. Mail w/enclosure)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

DAVIDOFF HUTCHER & CITRON LLP,

Plaintiff,

-against-

Index No.: 651717/2018

ADAM VICTOR, TRANSGAS ENERGY SYSTEMS,
LLC, TRANSGAS ENERGY SYSTEMS
CORPORATION, TRANSGAS DEVELOPMENT
SYSTEMS LLC, GAS ALTERNATIVE SYSTEMS, INC.,
PROJECT ORANGE ASSOCIATES, LLC, G.A.S.
ORANGE DEVELOPMENT, INC., TRANSNATIONAL
ENERGY L.L.C., TRANSNATIONAL MANAGEMENT
SYSTEMS, LLC, TRANSNATIONAL MANAGEMENT
SYSTEMS II, LLC, BOARD OF MANAGERS OF
MANHATTAN PLACE CONDOMINIUM ADAM
VICTOR& SON STABLES LLC, ADAM VICTOR
GRANTOR TRUST, and G.A.S. ORANGE PARTNERS,
L.P.,

**AFFIDAVIT OF ADAM VICTOR**

Defendants.
-------------------------------------------------------------------X

STATE OF NEW YORK    )
                     ):ss
COUNTY OF NEW YORK   )

Adam Victor, being duly sworn, deposes and says:

1.   I am a defendant in the above-captioned action and submit this affidavit in furtherance of the Court's order of June 26, 2019 (the "Order") and do so upon my personal knowledge.

2.   Earlier in the course of this litigation, I provided my prior counsel with access to all documents in my possession, custody, or control for the purposes of responding to the discovery demands served by the Plaintiff.

3.   Specifically, in addition to providing prior counsel with access to documents that he requested in connection with responding to Plaintiff's discovery demands, I do not recall my prior

counsel asking for electronically stored information ("ESI") that may be responsive to said demands. If he asked, I would have done so.

4.    I did, however, provide my prior counsel with original paper copies of documents that he requested, which were in my possession, custody and control (it was a large binder, which has not been returned).

5.    A copy of Defendants' Responses to the Plaintiff's Initial Document Demands and Interrogatories, prepared by my prior counsel and served in the action, is attached hereto as **Exhibit A**. I am unaware of the contents of the document production served to the Plaintiff by my prior counsel, nor am I aware of the extent to which my prior counsel reviewed or produced ESI records.

6.    My prior counsel has not returned to me the original paper documents, which I gave to him.

7.    My prior counsel has since been relieved from this case and substitute counsel, John M. Silveri, Esq., also has entered an appearance to represent the other defendants in the main action and the defendants asserting counterclaims against the Plaintiff.

8.    Upon receipt of the Order, I gave my current counsel, Braverman Greenspun, P.C., access to all my ESI. Though not all the ESI is responsive to Plaintiff's demands, it is extremely voluminous and exceeds 900,000 pages of documents. It also includes information that is privileged, confidential and highly sensitive.

9.    To ensure that all relevant documents may be reviewed and produced in accordance with the Order, Braverman Greenspun, P.C. engaged the services of an electric discovery consultant to assist with locating ESI, which may be responsive to Plaintiff's demands.

10.    A conservative estimate of the number of pages of ESI that may be responsive to Plaintiff's demands is roughly 222,342. This information will need to be reviewed for responsiveness, for privilege and confidentiality before it is produced.

11.   Due to the large quantity of the materials to be uploaded to an electronic discovery review platform for review by my attorneys, it is submitted that the Plaintiff provide search terms in order to better understand the amount of ESI which may be subject to disclosure and so that the information may be searched and reviewed for responsiveness and privilege and production to Plaintiff.

_____
Adam Victor

Executed as of the 23rd day of August 2019.

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )

On the 23rd day of August in the year 2019, before me, the undersigned, a Notary Public in and for said State, personally appeared Adam Victor, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual acted, executed the instrument.

_____
Notary Public

MANU LEILA DAVIDSON
Notary Public, State of New York
No. 02DA6352488
Qualified in New York County
Commission Expires December 27, 2020

# EXHIBIT A

**FILED: NEW YORK COUNTY CLERK 05/07/2019 03:06 PM**

NYSCEF DOC. NO. 66

INDEX NO. 651717/2018

RECEIVED NYSCEF: 05/07/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
DAVIDOFF HUTCHER & CITRON, LLP

                       Plaintiff,

              -against-

ADAM VICTOR, et al,

                    Defendants
-------------------------------------------------------------------x

Hon. Shlomo S. Hagler
IAS Part 17

**DEFENDANTS' RESPONSES
TO PLAINTIFF'S INITIAL
DOCUMENT DEMANDS &
INTERROGATORIES**

       Defendants, by their attorneys, JORDAN & LEVERRIER, P.C, hereby respond to the Plaintiff's initial Document Demands and Interrogatories, while reserving the right to supplement said responses, which are listed below with a "D" for document demand and an "I" for interrogatory; and an "R" for a response to either.

**Document Demands**

1.     D - A Copy of the Retainer/Engagement letter between Defs and DHC

        R - Defendants have not located to date

2.     D - Drafts/Correspondence. re: Retainer/Engagement letter between Defs and DHC

        R - Defendants have not located to date

3.     D - Copies of All DHC invoices

        R - Defendants have copies of DHC invoices, monthly since 6/27/14 until 4/18/17, with the exceptions of: Sept. of 2014; Feb, May, Sept, Nov of 2016; Jan and Mar of 2017. Also have copies of invoices of 7/13/17 and 12/28/17. Due to volume of documents believed to be in defendants' possession, production declined at this time as needlessly burdensome but can be made available for inspection or compared with electronic copies produced by plaintiff and confirmed as same.

FILED: NEW YORK COUNTY CLERK 05/07/2019 03:06 PM

NYSCEF DOC. NO. 66

INDEX NO. 651717/2018

RECEIVED NYSCEF: 05/07/2019

4.      D - All correspondence between DHC and defendants

         R - Objected to as palpably and improperly burdensome and overbroad

5.      D - Documents concerning complaints/negative communications by defendants re: DHC

                  billing

         R - Objected to as vague; notwithstanding objection, no such documents located to date

6.      D - All documents concerning alleged "ethically dubious" conduct by DHC

         R - Objected to as palpably and improperly vague; notwithstanding said objection, the

following is included herein as responsive:

         Exh. A: Documents related to alleged 'witness tampering' by DHC re: Carcione:

including: Krakowsky 4/29/15 email; Pegasus motion to disqualify; Transnational opposition;

Pegasus Reply; DHC Notice of Withdrawal; Transcript of 7/28/16 hearing; Notice of Ruling;

Excerpts from Appellate briefs; Excerpt from NY motion papers.

         Exh. B: Documents related to Derby Capital loan, including Loan and Escrow

Agreements/drafts.

7.      D - All documents related to alleged "overbilling"

         R - Objected to as palpably and improperly overbroad and burdensome; notwithstanding

said objection, see #3 above.

8.      D - All documents related to alleged "lack of zeal"

         R - Objected to as palpably and improperly overbroad and vague given that the lack of

zeal pertained to multiple litigations.

9.      D - All documents related to alleged "heavy-handed and deceptive billing practices"

FILED: NEW YORK COUNTY CLERK 05/07/2019 03:06 PM
NYSCEF DOC. NO. 66

INDEX NO. 651717/2018
RECEIVED NYSCEF: 05/07/2019

R - Objected to as palpably and improperly overbroad and burdensome; notwithstanding said objection, see #3 above; see also Exh. C: Sessler attorneys' fees; Exh. D: DLA Piper fees; Exh. E: Jet Edge fees

10.    D - All documents related to an arbitrator determining DHC billed "double what was reasonable":

R - See Exh. C

11.    D - All documents related to finding of "excessive billing" per counterclaim par. 221

R - See Exh. C

12.    D - All communications between defendants and anyone else regarding whether an insurance policy would cover actions alleged in counterclaim paragraph 226

R - Objected to as palpably and improperly overbroad, burdensome, immaterial and privileged, inclusive of attorney-client

13.    D - Copy of any insurance policy alleged in counterclaim par. 226

R - All or some of two insurance policies, each providing $2 million in coverage for a year during the period June 2012 to June 2014, will provided upon an appropriate confidentiality agreement with plaintiff.

14.    D - All documents related to DHC "completely acquiesced" per counterclaim par. 245

R - See Exh. A, including DHC Notice of Withdrawal

15.    D - All documents related to counterclaim par. 247

R - See Exh. A, including Appellate excerpts

16.    D - All documents related to "excessive" Sessler billing per counterclaim par. 218

R - Objected to as palpably and improperly overbroad and burdensome; notwithstanding objection, see Exh.C

FILED: NEW YORK COUNTY CLERK 05/07/2019 03:06 PM

NYSCEF DOC. NO. 66

INDEX NO. 651717/2018

RECEIVED NYSCEF: 05/07/2019

17.     D - All documents related to "prejudice" alleged in counterclaim par. 250

R - Objected to as palpably and improperly overbroad and burdensome; notwithstanding objection, see Exh.A

18.     D - Documents sufficient to demonstrate payment of "substantial legal fees" alleged in counterclaim par. 251

R - Objected to as palpably and improperly burdensome and calling for production of privileged matter between defendants and other counsels; notwithstanding objection, see Exh A and #3 above

19.     D - Documents sufficient to demonstrate what you paid to DHC and when

R - While reiterating reservations of right to supplement this response, see Exh. F containing checks to DHC totaling more than $47,000, reflecting only some of what was paid to DHC, and which does not include monies DHC paid itself in matters related to defendants, including DLA Piper, Jet Edge, Sessler, Potomac Funding, Derby Capital loan.

20.     D - All documents related to any grievance committee filings against DHC attorneys by defendants.

R - N/A

21.     D - All documents concerning "unilateral, aggressive, deceptive and coercive actions" alleged in counterclaim par. 271

R - Objected to as palpably and improperly overbroad, burdensome and vague as documents "concerning" "actions" lacks rational parameters; also as duplicative of prior demands.

22.     D - All documents related to "use of aircraft" alleged in counterclaim par. 290

FILED: NEW YORK COUNTY CLERK 05/07/2019 03:06 PM
NYSCEF DOC. NO. 66

INDEX NO. 651717/2018
RECEIVED NYSCEF: 05/07/2019

R - None currently located in defendants' possession; upon information and belief, such documents are in the possession of Larry Hutcher and third-parties;

23.   D - To the extent not produced in response to other demands, all documents on which defendants intend to rely in support of defenses or affirmative defenses.

R - Objected to as palpably and improperly overbroad, burdensome, vague and premature.

24.   D - To the extent not produced in response to other demands, all documents on which defendants intend to rely on to defend the claims in the Complaint.

R - See # 23 for objections; also objected to as duplicative of demand #23

25.   D -- All documents concerning statements taken or obtained from DHC by defendants

R -- Objected to as palpably and improperly vague as the issues herein involve innumerable communications between the parties; notwithstanding said objection, defendants are not aware of any "statements" of DHC in this matter other than those sent in connection with requests for payment, most or all of which occurred after the termination of representation and could be construed as communications potentially related to settlement.

JORDAN & LEVERRIER, P.C.

By: _____
Conrad Jordan
*Attorneys for Defendants*
257 Pantigo Rd.
East Hampton, NY 11937
(631) 329-9700