

**6911 18TH AVENUE**
**BROOKLYN, NEW YORK 11204**
**TELEPHONE (718) 232-1250**
**FAX (718) 256-0966**

ALFRED POLIZZOTTO (1935-2001)
ALFRED POLIZZOTTO III*

EMILIO RODRIGUEZ

*(ADMITTED NEW YORK, NEW JERSEY)

LONG ISLAND OFFICE
1129 Northern Boulevard, Ste 404
Manhasset, New York  11030

**VIA ELECTRONIC FILING**                                   April 1, 2024
The Honorable Gabriel W. Gorenstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

                Re:    **Response required by Orders dated March 27, 2024 and March 29, 2024**
                          *Tyler Erdman v. Adam Victor, et al.*, **No. 20 Civ. 4162**

Dear Judge Gorenstein,

      This letter is written as required by the Orders of the Court dated March 27, 2024 and March 29, 2024, directing us to explain why 1) the relief requested in Docket #238 should not be granted on default and why some additional sanction should not issue personally against us or the defendant, Adam Victor, in light of the two separate failures to respond; and 2) responding to the substance of all issues raised in Docket #238. As part of its response, Defendant wishes to submit its own request for a conference regarding its own motion to compel.

      The reason we did not respond to Docket #238 was due to an innocent mistake on both of our parts. Docket #236 was filed by the Plaintiff on March 18, 2024. We then filed our response, Docket #237, the next day, as has been usual throughout the life the case. The Plaintiff then proceeded to file another letter, namely Docket #238, on March 21, 2024, before the Court had an opportunity to reply to the issues raised in #236. Because of that, Mr. Polizzotto and I mistakenly deemed Docket #238 to be a "reply letter" to our opposition. When the Order of the Court (Docket #239) came down later that day after Docket #238, and contained detailed

instructions, we concluded it also conveyed the Court's thoughts on all the matters contained in Dockets #236, 237 and 238. Again, we now see this was in error.

*The Vendor Conference*

Plaintiff indicates in Docket #238 that "No one on the Defendant's side was able to explain much despite having a month to prepare and Plaintiff giving them an outline of questions in advance". Our view of the conference was very different from the Plaintiff's. During the conference, we reinforced our position that we have made all efforts to undertake as complete a production as is possible for the Defendant. We described in detail the sources of all the documents involved in the production. These sources were laid out and discussed in our letter to the court dated March 19, 2024 which has been attached as an exhibit. The representative from Setec, Mr. Kunkel, was the gentleman who worked most with Mr. Victor regarding the productions involving his previous attorneys, Schlam Stone and the Braverman firm. If the conference lasted an hour and forty minutes, only five of them were spent asking Mr. Kunkel about Setec's involvement in the production, and then he was even allowed to leave the conference before it ended.

*The Deficiencies of Victor's Document Collection and Search*

*2019-Reproduced Documents*

*2020-Braverman Document Collection*

Plaintiff then goes on to discuss issues with the tracker provided by the document vendor, TransPerfect. Mr. Stephen Kaludis painstakingly identifies and describes how they came into the possession of all documents and ESI belonging to Mr. Victor. From 2019 to 2020, they received documents from Schlam Stone, which included exports from litigation during which Mr. Victor was represented by the Braverman firm. In July 2021, they received a collection of network data, and three hard drives from our firm that were sent to us by Setec. From 2022 onward, they received more documents through email and data collections, and documents received by us from two third-party custodians. The ESI and other data collected by TransPerfect is, indeed, everything Mr Victor had in his possession. We then made the decision to produce it all to the Plaintiff, minus any privileged documents, in accordance with the FRCP.

*2021-SETEC Hard Drives*

In referring to the tracker provided by TransPerfect, it is unknown why Plaintiff says, "Although four drives are listed, Defendant only produced documents from one drive and has not provided any explanation for the discrepancy." These hard drives contained different types of files such as movies recorded by the defendant (movies as in general release films) and photographs. These were not produced, namely because none of them were about or included anything having to do with anyone listed in Mr. Erdman's document requests. Duplicates were certainly removed. Finally, documents that were included in the privilege log were not produced. Aside from those examples, every document on those drives was produced to the Plaintiff.

He then refers to certain repositories. The "P-Drive" consisted of a group of hard drives that were turned over to the New York Police Department years ago due to allegations on the part of the defendant that Mr. Erdman, prior to leaving Mr. Victor's employ, improperly and illegally removed these files from his offices. We have documented in previous submissions to the court how the NYPD was approached to return those drives, and we were informed they no longer had them. As a result, the defendant began using Dropbox to assist with the retention of documents. Even were we to have access to the "P Drive", this group of hard drives would contain documents with a date range well before 2019. Any documents from before June 1, 2019, a year before he filed his complaint, would be useless for his cause of action.

In terms of Mr. Victor's personal desktop, it has been searched for documents numerous times – by his attorneys at Davidoff Hutcher, Schlam Stone, and most recently by our firm during the production late in 2022 when he was ordered to search his devices by an order of this court.

Plaintiff also mentions the hard drives from the defendant's replaced computer located in his 30C office. These are the drives mentioned earlier in Docket #238 that he says he sent to Setec in 2018. Again, any documents from this time period could not be used by him in his defamation case against our client.

The last repository mentioned by Plaintiff in this section is the laptop used by Evgeniya Khatskevich during the time she worked with Mr. Victor. This laptop was last used in 2014, when she left Mr. Victor's employ. It was handed over to defendant's lawyers at the time, Davidoff Hutcher, who then produced them to the forensics firm Mr. Victor was using at the time, RVSM. To the best of defendant's recollection, RVSM sent what they had to Setec. The files were also turned over to John Brennan, Plaintiff's lawyer in state litigation pending between the parties. Same as before, it does Plaintiff no good to be finding issue with documents from repositories that were last used in 2014. His cause of action limits the documents he can use for his case.

*2022-Defendant's Latest Production*

*Keywords*

Plaintiff again reiterates issues he has had with the 2022 production involving the search of defendant's email and Dropbox accounts. Again, we refer to previous submissions to the court, including the attached letter dated March 19, 2024, in which we describe the process by which Mr Victor searched his phone and the other devices in his office. We have even listed the search terms utilized during that process; terms that were generated to produce documents responsive to Plaintiff's document requests.

*Summary of Production*

In his letter, Plaintiff says: Plaintiff should not be the one having to explain how they made their own production." It is our position we have never needed him to explain it. We have done more than enough, through meetings and conferences held, and the information provided, to fully explain what our production has been comprised of and how we went about it. The tracker issued by our document provider, and the information we have disseminated, show what has been compiled, by whom, when it was compiled, the size of the compilations (except for the entry in the tracker for the network data collection that took place in July 2021), and who may still be in possession of documents belonging to the defendant.

*Party Conversations*

Mr. Erdman makes reference to conversations we have had concerning information that could only be provided by TransPerfect. The person who has worked on the Victor productions since our firm has been involved with the defendant has been unable to supply an answer to this issue due to the fact he has been on sick leave undergoing chemotherapy. This gentleman attempted to return to work a little over a week ago, partly because he knew we had items that were due, but unfortunately had a relapse and returned to sick leave. We have, understandably, been reluctant to inquire of him why he needs chemotherapy. He says he will make his best effort to supply us with the information we are requesting by this week. Plaintiff was informed of his situation via email on March 25, 2024.

*Request for Relief*

Despite all our efforts, Plaintiff's letter of March 21, 2024, indicates here: "This action needs its own production, not the scraps from others." We have supplied everything in Mr. Victor's possession, except for privileged documents, and described all efforts expended in doing so. Considering the relevant time period of the case, June 1, 2019 to the present, as indicated by the Court during the conference held on December 21, 2023, the great majority of the documents produced have fallen outside of that range. Due to the transparency of our efforts, we feel there is no need to hold a conference to discuss how the defendant should supplement his numerous submissions. We and Mr. Victor have already supplied all the information we have concerning our document production. Therefore, we ask the Court deny any request for relief made by the Plaintiff.

*Our Motion to Compel*

On February 3, 2024, we served timely post-EBT demands on the Plaintiff, seeking the production of five documents utilized by him in his Second Amended Complaint that were the sources of the five allegedly defamatory remarks which survived the partial grant of our motion to dismiss, as indicated in the Opinion and Order of Judge Schofield dated November 17, 2021. Plaintiff served a response on March 4, 2024 objecting to the production. During a phone call with him last month, we discussed his objections. He saw no reason why he should have to produce the documents requested, one of the reasons being they were, according to him, "in our possession". We have the right to develop our case, whether for dispositive motion purposes or at trial, and to do so properly, we are entitled to the exact documents containing the remarks claimed to have caused him damages. Due to the nature of the description of the documents that were the sources of the remarks, it is possible we may possess some of the documents he used. However, we cannot properly present our defense if he is able to deny we have the actual document he used for his complaint, during motion practice or at trial.

Also, we are not in the possession of some of the documents listed in our post-EBT demand. Therefore, due to his continued refusal to produce the documents in question, we request a conference to discuss the matter, and to discuss our own motion to compel him to respond to our post-EBT demands.

Therefore, we ask that the Court 1) deny the relief requested in Docket #238, especially on default, and deem any additional sanction not issue personally against us or the defendant, Adam Victor, in light of the two separate failures to respond; and 2) deem our response to the substance of all issues raised in Docket #238 sufficient. We also ask the Court establish a date for a conference to discuss our motion to compel, for the reasons cited above. Finally, we apologize again for the innocent error where we mischaracterized Docket #238 as a "reply

letter", mistakenly thought it was addressed in the order of the court that came down later in the day on March 21, 2024, and therefore neither responded nor requested an extension to reply.

Yours faithfully
**Polizzotto & Polizzotto, LLC**

_____
Emilio Rodriguez

_____
Alfred Polizzotto III