<u>**VIA ELECTRONIC FILING**</u>                                                                April 8th, 2024

The Honorable Gabriel W. Gorenstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:    Counsel's Behavior**
**Tyler Erdman v. Adam Victor, et al., No. 20 Civ. 4162**

Dear Judge Gorenstein,

  I write in relation to Defendant's counsels' recent behavior and the Court's consideration of possible sanctions. Defendant's counsel appears to have a conflict with their client that has likely compromised their ability to properly comply with this Court's orders. Plaintiff believes that the Court may wish to determine whether their continued representation is warranted as part of any sanctions it may order.
  As the Court is well aware Defendant's counsel is seemly unable to follow the Court's most simple and straight forward orders. Most recently, they have decided that The Court's 2(A) rules don't apply to them if they don't want to discuss a topic.

## The parties' discussions

  The parties last conversation was on March 15th. Mr. Rodriguez had requested a conference the day before, when it occurred Mr. Polizzotto was too busy to attend. A later time was agreed to but ended with the same result. When the call when forward the next day, Defendant wished to discuss his proposed motion to compel and had little interest in discussing Plaintiff's issues. Instead, they tried to take the position that Plaintiff should just do what he is going to do, and discussion was pointless.
  Eventually Plaintiff was able to discuss how he anticipated requesting sanctions. Mr. Polizzotto tried not to discuss the issue. After Plaintiff explained his position, Mr. Polizzotto stated that if Plaintiff made a sanction application, he would seek sanctions as part of his motion to compel. Plaintiff asked how he could move for sanctions along with his first application to compel, and he did not provide a coherent basis. Mr. Polizzotto wished Plaintiff "good luck" on his application and the call ended.
  This weekend Plaintiff discovered what appears likely to become an issue that will make Counsel's continued representation untenable. Plaintiff explained that he was going to make an application regarding it and requested a conference.  Mr. Polizzotto responded: "I have no intention if discussing that case or the claims made therein with you…" and that Plaintiff should "Be guided according". Plaintiff reminded him that he is violating the Court's 2(A) rules by not holding a conference. He replied:"…I'm not responding to you or your comments/questions. You may certainly take whatever steps you feel are appropriate".

## **Counsel's Conflict**

Late last year an action was brought against Victor by an investor claiming to have been defrauded by Victor[1]. They allege that the entirety their $1.5 million investment was spent by Victor or transferred to his other entities within weeks. Victor directed the investment to an entitiy that had accused Plaintiff of theft rather than the one the investment was intended.

Statements show that the first half of the investment was received on 7/13/21 and within a day Victor had transferred $100,000 to his personal trust and $65,000 to Polizzotto. The second half was received on 10/22/2021. Polizzotto received another $35,000 shortly thereafter. By the end of 2021 nearly all of the funds were spent. $1,099,127.25 was transferred to Victor or his other entities. It also managed to spend $19,163.62 on "office supplies" among other things.

Despite the funds having been exhausted, Polizzotto on April 28, 2023 told the Investor that "Almost all of [Plainitiffs'] money is still in there [in the Company]".

The investor requested records they were entitled to from Polizzotto who never provided them. A petition was made, Polizzotto asked for an adjournment on the last day. When the agreed upon date came, Polizzotto did not respond. It was eventually granted. Polizzotto produced a series of tax returns they were dated after the request for documents and mostly blank. Financial reports and a bank statement were provided from another of Victor's entities, but nothing from the company to which the investment was to fund.

The investor brought his suit and subpoenaed Polizzotto and Victor's accountant, Abruzzo who received $25,000 of the investment. Neither complied or objected.

Abruzzo was contacted to resolve the issue. He stated that Polizzotto told him to ignore it because he would get "rid of it". When that did not occur, Abruzzo told the investor that he wasn't going to respond, and they should "do what you got to do". The investor has since moved to compel documents, and Victor has moved for a stay of discovery to protect Polizzotto and Abruzzo from having to produce.

## **Effect on this case**

The financial documents produced in that lawsuit show a $3,000 payment being made to Silver Seal on November 15th, 2021. They are one of the investigative firms that Victor had retained to target Plaintiff and from whom they recently produced documents.

As described in one of the sections Defendant deleted from the "Joint" letter, the latest privilege log provided primarily relates to Silver Seal. It shows a gap between May 9th, 2019 and August 27th, 2022. Entries both before and after the cutoff indicate they were working on matters relating to Plaintiff during that period. Defendant had claimed that "maybe there's nothing responsive after May 2019". The existence of a $3,000 payment

---

[1] *Mcwilliams et al v. Empire Agricultural Systems, LLC et al*. Index No. 655727-2023 (N.Y. Sup. Ct.) https://bit.ly/EmpireAg

demonstrates there are likely documents that are being purposefully withheld that are within the limitations period.

Defendant has gone out of his way to avoid providing a more innocent explanation for this gap, instead deleting questions about it. Given his unwillingness to even have a phone call to discuss the matter, it should be assumed the truth is damming.

Had Defendant produced such documents, it likely would show that the $3,000 of invested money was used to target Plaintiff rather than for business purpose for which it was intended. Similarly, it may also show that invested money that was paid to Polizzotto for the same purpose. The John Does listed as Defendants make it rather obvious that one of them will be Polizzotto. Counsel has an interest in withholding such information so as not to strengthen claims that may be brought against them. Mr. Polizzotto, a Certified Financial Planner ("CFP"), also would risk disclosing information proving violations of several parts of the CFP Standards of Conduct.[2]

## Summary

The Court had ordered that Counsel had a duty to investigate claims made by their client, which they appear to have entirely failed to do or are acting ignorant to protect themselves. They repeat claims regarding their production regardless of the evidence against them. They cannot be trusted with the production, nor have them demonstrated any ability to do much of anything the Court has asked of them.

If the Court is considering granting the relief Plaintiff requested in Dkt #238, namely that Defendant start his production from scratch, there is no reason to believe Mr. Polizzotto nor Mr. Rodriguez can be trusted to do so. Their representation is unlikely to continue for much longer, they will be joining the long list of attorneys formerly representing Victor. If they are to withdraw at a later date that would only further delay a proper production. It would be best for them to do so now.

The Court has previously mentioned how monetary sanctions may be warranted in the future. Given the much higher stakes of the $1.5 million of investment alleged to have been taken, this Court's sanctions are going to be far less damaging. The coercive value of the sanctions would be diminished as a result, they will likely be worth enduring compared to the alterative of actually providing a production. Production is the ultimate sanction.

Coupled with the Defendant's disregard for this Court's orders and rules, Plaintiff believes it best if the Court considers if their continued appearance in this action, and the Southern District overall is warranted. They have failed to rein in their client's worst impulses nor their own. The Court should not continue to suffer for it.

Respectfully submitted,
/s/Tyler Erdman
Plaintiff Pro Se
917-301-0401
Tyler@Erdman.it

---

[2] https://www.cfp.net/ethics/code-of-ethics-and-standards-of-conduct