<u>**VIA ELECTRONIC FILING**</u>　　　　　　　　　　　　　　　　July 18th, 2024

The Honorable Gabriel W. Gorenstein
Daniel Patrick Moynihan　　　　　　　　　　　　**MEMORANDUM ENDORSED**
United States Courthouse
500 Pearl Street
New York, NY 10007

<u>Re:　　Request for Extension</u>
**Tyler Erdman v. Adam Victor, et al., No. 20 Civ. 4162**

Dear Judge Gorenstein,

　　This letter is written to request an extension of the discovery deadline, presently set for July 18, 2024, and for an extension of the time to provide a letter to Judge Schofield as required by Paragraph 13.b of Docket #77 set for July 25, 2024. Plaintiff requests that they be extended to September 18th and September 25th respectively.

　　This is the 15th request for an extension of the discovery deadline. Plaintiff believes that this is necessary to allow the Court to address applications regarding false statements in Defedant's latest affidavit and to compel production of documents as well as time for any such orders to be followed. Plaintiff has filed one application and the other will be made forthwith.

　　Plaintiff requests this extension as he has spent significant amounts of time reviewing Defendant's production and his description of it (Dkt. 266). The Court expected 50 pages of details about the production and Defendant submitted less then 8. What was described has been largely inconsistent with statements made and documents produced. Determining the facts of the production and preparing applications to the Court has been more difficult than anticipated.

　　In the time since the last extension was granted Plaintiff has been conducting a review of Defendant's document production and privilege log in this action as well as four others including 6 productions from third parties. Issues with my eDiscovery vendor delayed that process. I also reviewed the dockets of 20 actions in which Victor is a party to research statements made by Victor regarding discovery issues in those actions.

　　Plaintiff has discussed issues with Defendant, and they have not been forthcoming with details which has complicated this process greatly. In one such example Plaintiff explained that their affidavit was insufficient, and they requested a week to investigate issues and speak to Victor. When the scheduled time for the call came, Mr. Polizzotto was unavailable and required a week delay. The next week, rather than address the substance of Plaintiff's concerns they just pointed to their affidavit which Plaintiff explained previously as being insufficient.

　　In regards to another issue Plaintiff raised with approximately 1000 privilege log entries. Defendant claimed to be conducting a review for weeks only to state that all the documents were outside a time frame they wouldn't describe so they would not be taking any further action. During the party's discussion, Defendant wouldn't discuss the time frame they asserted and pushed for Plaintiff to agree to a shorter time frame then ordered. With that unresolved, Plaintiff prepared an application and spoke to them again. They changed position that would review those entries, seeming to think they already had emailed Plaintiff about it long ago. They now require

1

time to review their review and respond to Plaintiff. They also claim to be investigating other issues Plaintiff has raised multiple times such as Victor's failure to search his own email accounts.

Plaintiff, Mr. Rodriguez and Mr. Polizzotto spoke on July 17th at 1 PM for approximately 15 minutes. Plaintiff requested a conference on the 12th but Mr. Polizzotto's availably was limited. Defendant didn't express an opposition to this application but also indicated that he believed it was Plaintiff's application rather than a joint one.

To comply with the Court's order in Dkt. 235 requiring "sworn statements from each side" I requested that Defendant provide one. Defendant's position was that as it was my request for an extension, they need not provide a sworn statement. My attempts to convince them otherwise were unsuccessful.

In lieu of their statement, Plaintiff attaches as Exhibit 1 the weekly letters from Defendant they have been ordered to provide detailing their efforts to provide discovery from April 19th to the present. There is no mention of them having interacted with their client or any vendors or any much of any efforts to further discovery beyond summarizing phone calls. Plaintiff believes they did not wish to provide a statement detailing what they have done because they haven't done much of anything.

Plaintiff apologizes for not being able to file prior to midnight on July 17th.

Respectfully submitted,

Defendants shall file the sworn statement required by Docket # 235 on or before July 22, 2024.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge
July 18, 2024

I affirm this 18th day of July, 2024 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document will be filed in an action in a court of law.

_____
Plaintiff Pro Se
917-301-0401
Tyler@Erdman.it

2