

**6911 18TH AVENUE**
**BROOKLYN, NEW YORK 11204**
**TELEPHONE (718) 232-1250**
**FAX (718) 256-0966**

ALFRED POLIZZOTTO (1935-2001)
ALFRED POLIZZOTTO III*
_____
EMILIO RODRIGUEZ
_____
*(ADMITTED NEW YORK, NEW JERSEY)

LONG ISLAND OFFICE
1129 Northern Boulevard, Ste 404
Manhasset, New York  11030

<u>**VIA ELECTRONIC FILING**</u>                                                                                July 31, 2024

The Honorable Gabriel W. Gorenstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

                        Re:      **Response to Erdman ltr dated July 17, 2024**
                                  <u>***Tyler Erdman v. Adam Victor, et al.*, No. 20 Civ. 4162**</u>

Dear Judge Gorenstein,

      This letter is written in response to the letter of the Plaintiff dated July 17, 2024, in which he requests sanctions against the defendant for contempt and for alleged false statements to the Court.

      Initially, Plaintiff raises issues with the parties' efforts to meet and confer, specifically an inability of Mr. Polizzotto to meet on or around June 11, 2024.  On that date he had an appearance in the Surrogate's Court of Kings County.   On June 12, 13 and 18, he attended hearings in divorce cases in the Supreme Court of Kings County, with days full of appointments in between, as well as time needed to prepare for those hearings.  Mr. Erdman tends to request meetings upon 24 hours' notice, which can be problematic for busy attorneys.  His letter also describes how there was no meeting held between June 20 and July 17, mostly because we heard nothing from him during that time.

      *The Sources Victor Searched for Production*

*PLEASE RESPOND TO BROOKLYN OFFICE*

As indicated in our Affidavit of May 1, 2024, ordered by the court (Docket #266), which has been attached as Exhibit A, Mr. Victor stored his files originally on an iMac computer, which was replaced by an iMac laptop. All the files which were on the desktop were transferred to the laptop. Servers where employee files were stored were known as the "P Drives". As shown on the trackers attached to Docket #266, the hard drives from the laptop were uploaded to the document vendor. Two other law firms which had previously represented Mr. Victor, Davidoff Hutcher and Schlam Stone, also uploaded documents to the document vendor in their possession. The source of these documents was the iMac mentioned above.

The P Drives mentioned previously were removed by the NYPD, who retained possession of those drives. Our Affidavit of May 1, 2024 states this was done as a result of an investigation into whether the Plaintiff and others had hacked into Mr. Victor's computers. Clones of these drives were made by Setec, the forensics firm employed by the defendant, and sent to our firm in June 2021. Upon receipt, we forwarded them to our document vendor.

Another source of documents was Mr. Victor's Dropbox account, as also described in Docket #266. The collection of documents, as well as its size and scope, is best described in the section labelled "Document Collections" in our Affidavit of May 1, 2024.

*REQUEST FOR SANCTIONS*

The Southern District indicated the proper standard of review in the case of *Hart v. Westchester County Dep't of Soc. Servs.*, 160 F.Supp.2d 570: " A party's failure to comply with discovery orders may be sanctioned consistent with Rule 37(b)(2)(B), which authorizes courts to impose various sanctions, including the preclusion of evidence. Rule37(d) extends these sanctioning powers to parties who do not respond to discovery requests. However, the harsher remedies are only "justified . . . when the failure to comply with a court order is due to willfulness or bad faith, or is otherwise culpable." *Daval Steel Prods. v. M/V Fakredine,* 951 F.2d 1357, 1365 (2d Cir. 1991); *see also John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988)(dismissal under Rule 37 is justified where party "fails to comply with the court's discovery orders willfully, in bad faith, or through fault").

The *Hart* case dealt with a discovery request for records documenting the food stamps and housing payments made on Hart's behalf from 1989 through 1996. Hart complained the WCDSS only responded with records for 1995 and 1996. WCDSS responded that it provided all records relating to this request still in its possession, and that records prior to 1995 had been purged pursuant to department policy. The court held that Defendant did not merit sanctions for not preserving records for the three years before the complaint was filed and, notably, that Defendant did not act in the culpable manner necessary for sanctions.

The same lack of culpability and bad faith exists in the instant case. Defendant has produced hundreds of thousands of pages to the Plaintiff, as well as providing complete and supplementary document responses indicating the possible custodians of all documents responsive to Plaintiff's requests, as well as the sources, especially as indicated in the Affidavit of May 1, 2024.

*SANCTIONS ARE NOT WARRANTED WHERE NON-DISCLOSURE WAS SUBSTANTIALLY JUSTIFIED OR HARMLESS*

The District Court also indicated in <u>Feltenstein v. City of New Rochelle</u>, 2018 U.S.Dist. LEXIS 138393: **"**Under <u>Rule 37(c)(1)</u>, a court may sanction a party that fails to comply with their <u>Rule 26(a)</u> obligations. The range of sanctions available to a court pursuant to <u>Rule 37</u> "includes—but is not limited to—orders deeming certain facts established; permitting an adverse inference instruction; striking pleadings; prohibiting the 'disobedient' party from making specific claims or introducing certain matters into evidence; dismissing a claim or the entire action or granting default judgment against the disobedient party; or entering an order of contempt." <u>Doug's Word Clocks.com Pty Ltd. v. Princess Int'l Inc.</u>, 323 F.R.D. 167, 172 (S.D.N.Y. 2017) (citation and internal quotation marks omitted). "Pursuant to <u>Rule 37(c)(1)</u>, preclusion of evidence . . . not identified in initial disclosures under <u>Rule 26(a)(1)(A)(iii)</u> or supplemental disclosures under <u>Rule 26(e)(1)(A)</u> or another listed sanction is automatic unless the non-disclosure was substantially justified or harmless." <u>Vaccaro v. Waterfront Homes Marina</u>, No. 10 Civ. 4288(NRB), 2011 U.S. Dist. LEXIS 137036, 2011 WL 5980997 (citing <u>Design Strategy, Inc. v. Davis</u>, 469 F.3d 284, 297-98 (2d Cir. 2006)). Substantial justification is a "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." <u>Preuss v. Kolmar Laboratories, Inc.</u>, 970 F. Supp. 2d 171, 175 (S.D.N.Y. 2013) (citation and internal quotations omitted). A violation of the Federal Rule's disclosure obligations is harmless within the meaning of <u>Rule 37(c)</u> "when there is no prejudice to the party entitled to the disclosure." *Id.*

During the conferences had with the Court, it was indicated there may have been purposeful non-compliance with its orders. However, any non-compliance that has occurred has been shown to be lacking in bad faith and has had no prejudicial effect upon Plaintiff's case. Discovery was recently extended until September 18, 2024, and Mr. Erdman has been reviewing documents since 2021. In fact, if there is any party who has had no opportunity to review the other party's document responses it is the defendant. Mr. Erdman sent us a link to his document production that expired soon afterwards and has failed to send us a new link. Hence, we have never had an opportunity to review any documents requested by my client and have been denied the right to do so since 2021.

*CONCLUSION*

      Therefore, we ask that the Court 1) deny the relief requested in his letter dated July 17, 2024 (Docket #269), especially any request for remuneration of vendor costs, and 2) deem our response to the substance of all issues raised in Docket #269 sufficient.  We also ask the Court direct Plaintiff to supplement his document production with a valid link so we can finally have an opportunity to review his responses to our document requests served in 2021, and for any and all relief the Court deems just and proper.

Yours faithfully
**Polizzotto & Polizzotto, LLC**

*/s/ Emilio Rodriguez*
Emilio Rodriguez

*/s/ Alfred Polizzotto III*
Alfred Polizzotto III