UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| TYLER ERDMAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 20 Civ. 4162 (LGS) |
| ADAM VICTOR | ) |
| Defendant. | ) |

_____)

**Plaintiff's Request for Production of Documents**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Pro Se, requests that Defendant produce for inspection and copying the originals of the following documents at Plaintiff's office, within 30 days of service.

**Definitions and Instructions**

1. This request incorporates the definitions and rules of construction as set forth in paragraphs C and D of the Local Civil Rule 26.3.
2. The "SAC" shall mean the Plaintiff's Second Amended Complaint.
3. "Person(s)" means or refers to any individual, corporation, partnership, joint venture, association, board committee, organization and any other entity of all types and natures.
4. "Erdman" means or refers to Plaintiff Tyler Erdman, his affiliates, agents and/or entities that he owns or controls.
5. "Khatskevich" means or refers to Yevgeniya Khatskevich.
6. "Toktassynova" means or refers to Nazym Toktassynova.
7. "Victor" means or refers to Defendant Adam H. Victor, his affiliates, agents and/or entities that he owns or controls and in addition, shall include any alias that Adam H. Victor uses or has used.
8. "Victor Entities" means or refers to TransGas Energy Systems LLC, TransGas Development Systems LLC, Gas Alternative Systems, Inc., Project Orange Associates LLC, Gas Orange Development, Inc., Transnational Energy LLC, Transnational Management Systems, LLC, Transnational Management Systems II, LLC, Adam Victor & Son Stable LLC and Adam Victor Grantor Trust, and all affiliates, predecessors, successors, and all present and former officers, directors, agents, attorneys, employees or other Persons acting or purporting on behalf of any of them.
9. "MPC" means or refers to Manhattan Place Condominium and its agents, employees, officers, board members, unit owners and affiliates.
10. "Government" means or refers to Federal, State, and Local Government.

1

11. "Private investigators" means or refers to any civilian person or entity conducting investigations, background searches, surveillance, research, interviews, forensic examination and similar services.
12. "May 31, 2019 Letter" means or refers to the Letter sent by Victor regarding Plaintiff on May 31, 2019.
13. "Victor FEC Cases" means or refers to the cases filed before the Federal Election Commission and styled Erdman v. Victor, et al., MUR No. 7005 (FEC)(Jan. 29, 2016), Erdman v. Victor, et al., MUR No. 7056 (FEC)(Apr. 20, 2016) and Erdman v. Victor, et al., MUR No. 7308 (FEC)(Jan. 3, 2013).
14. "Payment" means or refers to the action or process of paying a person or entity, encompassing all forms of payment, including, without limitation, payments in-kind and the reimbursement of a person or entity for expenses that person incurred.
15. "Computer(s)" means or refers to an electronic device designed to accept data, perform logical operations, and display the results of these operations, including, without limitation, mainframes, desktop computers, servers, laptop computers, tablets and smartphones.
16. "Electronic Communications Device(s)" means or refers to any device that operates, in whole or in part, as a Computer, personal digital assistant, cellular telephone, iPhone, Blackberry, digital camera or camcorder, pager, two-way radio, or other device designed to facilitate or enable communications (whether written, oral or otherwise) between or among individuals.
17. The term "Communication(s)," or any variant thereof, shall mean or refer to any and all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, correspondence, e-mails, voice mails, texts, notes, telegrams, advertisements, memoranda or any and all other forms of information exchange, whether oral or written.
18. As used herein, the term "Document" is to be construed to the fullest extent under New York law and shall include all written or graphic material (including video and picture images) of every kind and description however produced or reproduced, whether draft or final, original or reproduction and all tangible things, including, without limitation, all information in computer storage and all electronically stored data. "Document" includes, without limitation, e-mails, both sent and received, whether internally or externally; audio recordings; all word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; all presentation data or slide shows produced by presentation software (such as Microsoft PowerPoint); all graphs, charts and other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management and Personal Information Management (PIM) software (such as Microsoft Outlook or Lotus Notes); all data created with the use of Personal Data Assistants (PDAs) or Smart Phones, such as an iPhone, Palm Pilot, Blackberry, or other Windows CE-based or Pocket PC devices; all data created with the use of management software; and any and all other files generated by users through the use of computers and/or telecommunications, including but not limited to voice mail. The term "Document" shall also be construed to include any document

reflecting "Communications." Any draft of a document or non-identical copy of a document is a separate "Document."
19. The terms "concern" or "relate to," including their various forms, shall mean: assess, contain, consist of, constitute, discuss, embody, evidence, mention, negate, record, refer to, relate to, reflect, show, support, underlie, or be in any way legally, logically or factually connected with the matter discussed.
20. The terms "and" as well as "or" are to be construed either disjunctively or conjunctively so as to bring within the scope of the request any matters that otherwise might be construed outside its scope. In addition, whenever appropriate, the singular form of a word should be interpreted as plural, the use of a masculine form of a pronoun shall be construed also to include within its meaning the feminine form of the pronoun and vice versa, and the use of any tense of a verb shall be construed to also include within its meaning all other tenses of the verb so used.
21. If you withhold any Document requested herein, in whole or in part, on the basis of any assertion of any privilege or other immunity from discovery, you shall comply with the requirements of Federal Rules of Civil Procedure 34(b)(2)(c), and at minimum, provide the following with respect to that Document: (a) its approximate date; (b) the type of Document involved (e.g., letter, memorandum, etc.); (c) the author or creator and all recipients; (d) a general description of the subject matter of the Document; and (e) the privilege asserted and basis for the claim.
22. These document requests call for all responsive Documents and information in the knowledge, possession, custody or control of you including, without limitation, information in the knowledge, possession, custody or control of any of your officers, directors, employees, agents, representatives, accountants, attorneys or any other Persons acting on your behalf.
23. Unless otherwise indicated, the relevant time period for answering these requests from the period of January 1, 2012 until the present.
24. Each Document that is identified or produced in response to these document requests must be produced in its entirety, including all attachments, even if only a portion of the Document is related to the specific subject matter. This means that you shall produce all appendices, tables or other attachments to any Document. If an appendix, table or other attachment is not presented with the original but is attached to a copy thereof, or is otherwise available, it should be clearly identified to indicate the Document to which it corresponds.
25. If, in responding to these document requests, you claim that any document request, definition or instruction applicable thereto, is ambiguous, do not use such claim as a basis for refusing to respond, but rather to set forth as part of the response the language you claim is ambiguous and the interpretation you have used to respond to the individual document request.
26. Documents produced shall be Bates-stamped or otherwise numbered sequentially.
27. The fact that any particular paragraph hereof is more specific than any other paragraph is not intended to, nor does it, have the effect of limiting any other paragraph.

28. Each document request herein shall be deemed to be continuing and shall thus be construed to include all responsive Documents that are later discovered by you or that otherwise come into your possession, custody or control.
29. The foregoing Definitions and Instructions are incorporated into each of the below Requests.

**Documents to Be Produced**

1. Any documents or communications regarding Plaintiff.
2. Any documents or communications regarding Khatskevich or Toktassynova.
3. Any documents or communications relating to the allegations in the SAC.
4. Any documents or communications relating to May 31, 2019 Letter or the allegations therein.
5. Any documents, or drafts thereof, relating to litigation against Plaintiff, Khatsekvich or Toktassynova.
6. Any documents, or drafts thereof, submitted to any governmental entity relating to Plaintiff, Khatskevich or Toktassynova.
7. All documents and communications, by or on behalf of Victor, or any of his Entities, with any department or agency of the Government concerning Plaintiff, Khatskevich or Toktassynova.
8. Any documents and communications between Victor or his agents and any law enforcement agency, petitioning them to investigate, question or take action against any individual including but not limited to Plaintiff, Khatsekvich or Toktassynova.
9. All documents relating to retaliation or adverse actions taken against Plaintiff by Victor or his agents.
10. Any communications to and documents relating to Richard Bradish.
11. All documents relating to claims of criminal acts including, but not limited to, theft, extortion, perjury, and fraud relating to Plaintiff, Khatskevich or Toktassynova.
12. Any documents or communications between Victor and others regarding the possibility, existence or status of any Government investigation into Plaintiff, Khatskevich or Toktassynova.
13. Any documents or communications between Victor and others regarding the possibility, existence or status of any litigation involving Plaintiff, Khatskevich or Toktassynova.
14. All documents and communications by or on behalf of Victor, or any of his Entities, with private investigators including but not limited to investigative findings, background checks, surveillance reports, and other analysis done by such entities.
15. All documents and communications concerning forensic examinations of computer, hard drives and other electronic devices relating to Plaintiff, Khatskevich, and or Toktassynova including, but not limited to, any reports, invoices, bills, statements or payments.
16. All documents or communications relating to claims of stolen or misappropriated hard drives, data, computers, or electronic communication devices relating to Plaintiff, Khatskevich, or Toktassynova.
17. Copies of data extracted, reports, and discussion of findings resulting as part of any forensic examination relating to Plaintiff, Khatskevich or Toktassynova.

18. All documents that concern any forensic examination, including, without limitation, any examination undertaken for the purpose of obtaining fingerprints involving Plaintiff or involving correspondence addressed to any person residing at MPC.
19. Any financial records involving Plaintiff, Khatskevich, or Toktassynova including but not limited to canceled checks, accounting records, banking statements, and credit card statements.
20. All communications or documents related to the Victor FEC actions including but not limited to statements made that reference Plaintiff and communications between Victor and other respondents of such actions.
21. All documents concerning the examination, preservation or deletion of email accounts under the control of Victor or the Victor entities, including but not limited to the addresses nazym@tgds.com, yevgeniya@tgds.com, sonja@tgds.com, tiffany@tgds.com.
22. Any documents related to efforts to retrieve documents responsive to document requests in any litigation in which Victor had claimed were in the possession of his agents such as a former attorney.
23. Any documents or communications discussing any litigations involving Victor and or his entities in relation to meetings of the Board of Managers of MPC including but not limited to meeting minutes and notes.
24. Any documents, communications or financial records relating to payments made by MPC to Victor, Victor's entities, or any persons or entities who had also performed work for Victor or his entities.
25. Any documents or communications related to the disclosure or discussion of litigation involving Plaintiff, Khatskevich, or Toktassynova with MPC including Board Members, Managing Agents, Unit Owners and insurance companies.
26. Any documents or communications regarding any offers or agreements to indemnify MPC in litigation made by Victor including but not limited to indemnity agreement referenced in the March 26, 2015 letter from Davidoff Hutcher & Citron LLP to PKF O'Connor Davis.
27. Any documents or communications with MPC relating to work performed by or proposed by Victor, Victor's entities, or affiliated persons or entities, including but not limited to Plaintiff, Khatskevich, Toktassynova, Len Shapiro, Marta Dani, Heinrich Kirschner, or Louis Castelar.
28. Any documents or communications with insurance companies, brokers and related entities regarding litigation in which Victor is a party including but not limited to any claim submissions, denials of coverage, reservations of rights, investigation of claims, and investigations relating to the validity of claims.
29. Any documents or communications between Victor and employees of MPC including but not limited to Michael Rothschild, Greg DeJong and James Kellog relating to Plaintiff, Khatskevich, Toktassynova or any other litigation in which Victor is a party.
30. Any documents or communications related to the retention, storage, moving, removal or destruction of hard copy and electronic documents or records from MPC.
31. Any documents or communications regarding Victor's net worth, including but not limited to net worth statements, and similar valuations provided to third parties.

32. Any documents or communications related to calculations of damages incurred by Victor and his entities relating to Plaintiff, Khatskevich, and or Toktassynova.
33. Any documents or communications relating to the immigration status of any person conducting work for Victor or his entities.
34. Documents identifying employees, interns or contractors providing services for Victor and his entities from the period of January 1, 2013 to the present.
35. Any financial records relating to Len Shapiro, Nozomi Nakashima, Sonja Bozic, and Karla Castelar.
36. All communications relating to Plaintiff, Khatskevich or Toktassynova between Victor and Sonja Bozic, Leonard Abruzzo, Len Shappiro, and Tiffany Takter.
37. All documents and communications relating to affidavits drafted, executed or planned relating to Leonard Abruzzo, Sonja Bozic, Greg DeJong, Alia Victor, Nozomi Nakashima, Nana Yoshioko, Marta Dani, Karla Castelar, and Len Shapiro.
38. Any documents or communications relating to offers of financial compensation or offsets relating to testimony, affidavits or cooperation as it relates to litigation or Government action in which Victor is a party.
39. Documents and communications related to legal expenses paid by Victor or the Victor entities for litigation in which they were not parties including but not limited to James Kellogg, Karla Castelar, and Louis Castelar.

Dated: Salt Lake City, Utah
October 4, 2021

/s/ Tyler Erdman
Tyler Erdman
Plaintiff Pro Se
917-301-0401
tyler@erdman.it