MEMORANDUM ENDORSED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TYLER ERDMAN,

     *Plaintiff*,

  against

ADAM VICTOR,

     *Defendant*.

Case No.: 1:20-cv-04162 (LGS)(GWG)

**AFFIDAVIT**

---

STATE OF NEW YORK
      ss:
COUNTY OF KINGS

  1. I am counsel for the Defendant in the abovementioned action and we make this Affidavit as required by the Order of the Court dated March 4, 2024 (Dkt #235).

  2. At the conference held on April 17, 2024, we were directed to comprehensively describe our document production efforts in an Affidavit due on May 1, 2024. On April 19, 2024, a conference was held between the parties to discuss how big of a time period would be encompassed by the document production. After spending numerous hours compiling this and other information, this Affidavit was filed timely on May 1, 2024.

  3. We attempted but could not schedule another meeting together until June 5, 2024, partly due to issues Mr. Erdman had with his e-vendor. During that meeting, Plaintiff made inquiries regarding certain computers in the Defendant's office. After conferring with our client, we obtained the requisite answers and relayed them to the Plaintiff. The subject was further discussed during a follow-up meeting on June 18, 2024. After much discussion, it was agreed Mr. Erdman would put together a list of particularized questions to not only

submit to Setec, but to also be answered by our client.

4.  The next few weeks then passed with no questions received from the Plaintiff. In fact, we did not hear from him until July 12, 2024, when an email was received from him at 7:48 pm requesting a phone call the next Monday. That meeting could not be held until July 17, 2024, during which he informed us he would not be submitting a list of questions but instead would opt for asking Setec directly as part of the third-party discovery process. Inquiries were made whether certain email accounts had been searched, and regarding certain documents marked privileged that he felt did not merit that designation. We are in the process of providing those answers at some point in the next two weeks. Due to the fact these inquiries were made on the 17th, it was impossible to meet the court-ordered deadline.

5.  Our responses to the inquiries were sent soon afterwards. Plaintiff, having issues with our responses, submitted a letter to the court on August 13, 2024, as a request to compel us to search the email accounts in question again and produce the results. We submitted our opposition to this application on August 21, 2024. As a result of the letters filed with the court, a conference was ordered on September 6, 2024. During this conference, it was ordered we were to conduct a new search of 29 email accounts belonging to the defendant, the results of which are due on September 20, 2024.

6.  A review of these accounts has produced about 1,500 emails. Their production will take us past the current deadline for discovery. Therefore, an extension of the deadline is needed from September 18, 2024 to November 18, 2024, and the letter to Judge Schofield from September 25, 2024 to November 25, 2024.

Dated: Brooklyn, New York
       September 17, 2024

_____
EMILIO RODRIGUEZ

Sworn to before me on
September 17, 2024

_____
NOTARY PUBLIC
Alfred Polizzotto III
Notary Public, State of New York
No. 02PO4976096
Qualified in Kings County
Commission Expires January 14, 2027

Application denied for failure to comply with paragraph 1.E of the Court's Individual Practices.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge
September 18, 2024