<u>**VIA ELECTRONIC FILING**</u>                                             **September 24th, 2024**

The Honorable Gabriel W. Gorenstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

<u>Re:     Defendant's September 20th Requests</u>
**Tyler Erdman v. Adam Victor, et al., No. 20 Civ. 4162**

Dear Judge Gorenstein,

  I write in response to Defendant's September 20th requests for extension to the discovery schedule and for his time to comply with the Court's order regarding the production of emails.

**<u>Defendant's failure to comply with 1.E and 2.A</u>**

  Defendant yet again violated the Court's Individual Practices 1.E. and 2.A. The rules require him to confer with Platinff, but he made no such attempt regarding either request.

  Defendant failed to provide a weekly letter regarding his efforts to provide discovery and comply with deadlines on September 13th. Plaintiff had to prod him to do so on September 16 and 17th. Only after that did Defendant mention his efforts to extend the discovery schedule at 4 PM on the 17th. He provided a backdated letter at 9:22 PM and moved at 10:09 PM. He didn't even disclose the length of the extension we was seeking before moving.

  Defendant's September 17th letter made vague claims about a search of email accounts "based on the parameters established by the court at the conference" and the need for an extension. Platinff requested details about how a search was done, to which Defendant explained he didn't conduct a new search as ordered but rather emails were found "during the original search…I will supply details in a later email.". No additional details were provided until 7:20 PM on September 20th along with him stating he was going to make his request which he did less than 2 hours later.

  Defendant now complains that I "was asked numerous times if he consents to the extension and has refused to answer". Plaintiff tried to have Defendant provide details as to why he needed the extension and got nothing of substance. When he provided even minor details, it was accompanied with an ultimatum that he was going to disregard the Court's rules.

**<u>Defendant has done nothing to comply with the Court's order</u>**

  That September 20th email explained that he did nothing other than login to email accounts, and that they would hire a vendor to collect emails or to teach them how. By their own explanation, in the last two weeks they have done nothing other than confirm they could login to the email accounts their client already told them he uses every day.

He hasn't searched his emails, collected them or seemed to have done anything that would even put him in the position of knowing the scope of what he is dealing with. He seems to have no plan as to how to even get started. He must be ordered to provide concrete steps of how he is going to comply with orders.

Defendant agreed to produce emails in two weeks, and the Court ordered it. What was ordered is easily accomplished in that time frame but there is nothing to show for it. He should not be permitted long extensions without justification.

### **Conclusion**

Platinff requests that if Defendant be given an extension it be conditioned on him providing a detailed plan on how he plans to comply with the Court's order. He cannot be allowed to continue to wait until a deadline to suddenly find he hasn't been able to accomplish anything. He has requested a month of additional time; he should define how it is going to be used. He should describe the steps that will be taken, whom will be doing it and when each step will be completed. When those dates come, he should have to confirm that it has been completed as planned. If it is not, he should explain why they failed to do so, how they plan on resolving the issue and a revised schedule.

Plaintiff also requests that the Court order that the weekly letters to the Court include the time spent on tasks described in those letters. If he claims to have been working on searching emails, he should explain how much effort he has put towards doing so. As Defendant has continually failed to provide details about what he is doing, detailing the time spent would provide at least some indication as to how seriously they are working on complying with their discovery obligations.

Platinff consents to the Defendant's requests if they are accompanied by the requested details and whatever other details the Court deems appropriate.

Respectfully submitted,

/s/Tyler Erdman
Plaintiff Pro Se
917-301-0401
Tyler@Erdman.it