POLIZZOTTO & POLIZZOTTO, LLC
Alfred Polizzotto, III, Esq.
6911 18th Avenue
Brooklyn, New York 11204
*Attorneys for Defendant*
Tel. No. (718) 232-1250

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TYLER ERDMAN,

          *Plaintiff,*

against

ADAM VICTOR,

          *Defendant.*

---

Case No.: 1:20-cv-4162
(LGS)(GWG)

**AFFIDAVIT OF ALFRED POLIZZOTTO, III**

Pursuant to 28 U.S.C. §1746, Alfred Polizzotto, III, declares, under the penalty of perjury, the following to be true:

1. I am associated with POLIZZOTTO & POLIZZOTTO LLC, counsel to Adam Victor ("Defendant"), defendant in the above-captioned action. I submit this Affirmation as required by the Order of the Court dated September 25, 2024.

2. The Order directed a sworn statement explaining all efforts that have been made to comply with the Court's September 6, 2024, order regarding production and provide a date for each act alleged to have been undertaken and a full description of the act.

3. Following the Court appearance on September 6, 2024, I contacted the Defendant Adam Victor on September 7, 2024 to obtain the passwords to the following e-

mail accounts: tnallc@aol.com, adam@tgds.com, adamvictor@tgds.com, adamvictor@transgasdevelopment.com, adamvictor@transgasenergy.com, adam@777.aero, adam@gasalternativesystems.com, adam@gasdevelopmentsystems.com. These were the emails identified in the Court conference together with an additional e-mail account that after conferring with Mr. Victor was identified as one being used during the relevant timeframe of one year prior to the filing of the Complaint.

4. On September 7, 2024, I then attempted to access these accounts and was required to speak with my client for access as these accounts had two-factor authentication attached to them.

5. On September 8, 2024, I was able to access the e-mail accounts and upon doing so ascertained that there were a gross number of over 1,000 e-mails found many of which appeared to be privileged communications with Defendant's counsel. I immediately determined that a vendor would be required to provide the Plaintiff with the information and the metadata that would certainly be requested by the Plaintiff.

6. On September 8, 2024 and September 9, 2024, I researched third-party vendors to provide these services as I would not be able to use the previously used vendor which supplied production to the Plaintiff. I was able to narrow the search of vendors to RelativityOne and Logikcull and on September 9, 2024, I contacted both companies via their contact forms on their website to obtain information from them on their services.

7. On September 9, 2024, the first meeting was scheduled with me and RelativityOne for September 13, 2024 at 2pm for one hour for a demonstration of their software and services. The first meeting with vendor Logikcull and me was scheduled for

September 18, 2024 but ultimately held on September 20, 2024.

8. During my meeting with Logikcull on September 20, 2024 at 3:30pm, I had agreed with them to proceed with using their services. During this meeting, I obtained a reference to a company known as Percipient which would be able to have the required e-mails pulled from the e-mail accounts previously identified in paragraph 3 above enabling them to be migrated to the Logikcull platform for review and production.

9. On September 20, 2024, immediately following my conference with Logikcull, I e-mailed Percipient to commence retaining their services to have the data pulled from the e-mail accounts of the Defendant.

10. On September 22, 2024, after e-mailing Percipient to obtain more detailed information on the logistics of having the data transferred, I requested the forms required by them to commence work.

11. On September 23, 2024, I received an email response from Percipient with a form to be completed and sent to them for a conflicts check and for the company to set up their platform for the data retrieval.

12. On September 26, 2024, I activated the Logikcull platform and executed the required forms for retention of their services and instructed Emilio Rodriguez who had previously been in contact with the Defendant to attempt to download the e-mails from the Defendant to upload same to the Logickull platform for review and production while awaiting Percipient's conflict check and activation hoping to speed up the production and review process.

13. On September 26, 2024, the attempted upload was unsuccessful by my office

and on September 27, 2024, I instructed Emilio Rodriguez, Jr. to follow up with Percipient for them to obtain the required e-mail data.

14. On September 27, 2024, I was informed that Percipient was able to obtain e-mail data from the Defendant's e-mail accounts and the remaining step of importing that data into Logikcull was the only step remaining in order to commence review.

Dated: Brooklyn, New York
September 27, 2024

_____
ALFRED POLIZZOTTO, III

Sworn to before me this
27th day of September, 2024

EMILIO RODRIGUEZ
Notary Public, State of New York
Registration No. 02RO6321688
Qualified in Queens County
Commission Expires 7/30/27