**VIA ELECTRONIC FILING**                                          **September 29th, 2024**

The Honorable Gabriel W. Gorenstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:     Response to Defendant's September 27th Letters**
**Tyler Erdman v. Adam Victor, et al., No. 20 Civ. 4162**

Dear Judge Gorenstein,

      I write in response to the Defendant's submission dated September 27th. They were directed to explain the "fastest possible timeframe to comply with the Court's Order" and provide details on how they would implement that plan. Instead of offering an expedited solution, the Defendant now seeks an additional week on top of the month already requested. What was ordered to be completed in two weeks will now take seven. Even with that delay, Defendant has failed to provide sufficient details regarding how they plan to complete their review.

**Timeline and Delays**

      Defendant's new vendor, Logikcull, is a platform with which I am highly familiar, having used it for years and being certified as a Logikcull "Certified Pro." Based on my experience, there is no reason for the Defendant's request for an additional month.

      The Defendant mentions that the review will begin after Logikcull completes its "de-duplication process and prepares the emails for the next stage", which is entirely automated. For context, when I used Logikcull, this process took just an hour for 17,000 emails. It is highly likely this process was completed by the time of Defendant's filing.

      The only remaining task is to select the responsive documents for export and provide them. There is no reason this should take another month. The Defendant raised no concerns when the Court initially ordered the production to be completed in two weeks. Given that three weeks have already passed, further extensions should not be granted. If Defendant believe it could have been done in two weeks, he surely could do so now that the documents have been uploaded. The only factor will be if Defendant devotes enough of his time towards complying.

**Review Process**

      The Defendant claims that emails "will be reviewed for responsiveness as well as privilege." This is a departure from their previous representations, which they now use to justify additional delay. Defendant has consistently stated that they were producing "everything" they had, regardless of responsiveness, and that they were not asserting privilege on emails dated after August 2019.

      The Court may recall that Defendant claimed they would not be providing written to Plaintiff's document requests and would instead produce "everything." They maintained this position even after the Court explained how improper that approach was, and I agreed to receive production in that manner, despite the additional burden it placed on me to review irrelevant documents.

Now, the Defendant suddenly asserts the need to review documents for responsiveness without explaining how they plan to do so. They have not detailed what they consider to be responsive, whether they will use search terms, or how they will approach this review. This lack of transparency should not be allowed after they were ordered to specifically detail what they planned to do.

Defendant should be held to their original stance of producing "everything" and should not be permitted to alter their approach at this stage, especially when doing so will only result in more delays. He was happy to produce "everything" when he knew the documents to be outside the limitations period, he should not be allowed to take a more advantageous position with documents he knows to be within it. They should produce "everything" as they have been claiming they have been.

## Privilege

Similarly, the Defendant has repeatedly told the Court that they are not asserting privilege on emails beyond those listed in their privilege log, which cuts off after August 2019:

- "Our privilege log contains no documents past 2019 because there are no documents we choose to protect after the last document in our log." (Dkt. 281)
- "The last document on the log is the last document we're claiming privilege on, period." (Transcript p. 47, lines 9-11)

Yet, in their latest filing, the Defendant now claims:
- "On September 8, 2024, I was able to access the e-mail accounts and, upon doing so, ascertained that there were a gross number of over 1,000 e-mails, many of which appeared to be privileged communications with Defendant's counsel." (Dkt. 294 at 5)

This is a clear reversal of their previous position. The Defendant cannot now be surprised that they "found" their own emails after repeatedly asserting to the Court that they had already searched these accounts and waived privilege on emails beyond August 2019. On multiple occasions, I had pointed out to them how their privilege log did not include current counsel. Rather than take the opportunity to find a good faith explanation as to why that was, they waived privilege instead. Their waiver was purposeful and with full knowledge that it would have extended to communication with current counsel that was clearly not logged. They should be held to their previous waiver of privilege and produce "everything" rather than creating further delay.

## Failure to Comply with the Court's Order

In the three weeks since the Court's order, the Defendant was done nothing beyond getting themselves in the position to being a review while not even defining what that review will entail. They don't explain how many emails they have to review beyond "thousands" or even explain a single keyword they may use.

The Defendant was ordered to produce emails within two weeks. This task, as they describe it, is easily achievable within that timeframe. They should not be given time beyond it.

**Conclusion**

The Defendant's production is now overdue by a week, and they are requesting a full month to complete a task that should have already been done. They have failed to present a clear plan or explain how they will complete the review. Their vague reference to "thousands" of emails, without any specifics, suggests they are not taking this task seriously or dedicating sufficient resources to it.

Given the Defendant's previous claim of producing "everything" and their stated waiver of privilege beyond August 2019, they should be ordered to adhere to that approach and produce the documents without delay. Allowing them to alter their position now would only reward their lack of diligence and further delay this case.

I respectfully request that the Court enforce its original two-week deadline and require the Defendant to produce all documents, as previously agreed, without further delay.

Further Defendant should have to provide more specificity as to how emails were exported from each account, the import process and the processes to be used to select emails for production. He should also be ordered to define the number of emails collected, and that his weekly letters detail the number of hours spent on trying to produce documents each week to ensure proper compliance.

Respectfully submitted,


Respectfully submitted,

/s/Tyler Erdman
Plaintiff Pro Se
917-301-0401
Tyler@Erdman.it