UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TYLER ERDMAN,

                Plaintiff,

against

ADAM VICTOR,

                Defendant.

Case No.: 1:20-cv-04162 (LGS)(GWG)

**AFFIDAVIT**

---

STATE OF NEW YORK
              ss:
COUNTY OF KINGS

    1.    I am counsel for the Defendant in the abovementioned action and I make this Affidavit as required by the Order to Show Cause issued by the Court dated October 18, 2024 (Dkt #301).

    2.    The Southern District indicated the proper standard of review in the case of *Hart v. Westchester County Dep't of Soc. Servs.*, 160 F.Supp.2d 570: " A party's failure to comply with discovery orders may be sanctioned consistent with Rule 37(b)(2)(B), which authorizes courts to impose various sanctions, including the preclusion of evidence. Rule37(d) extends these sanctioning powers to parties who do not respond to discovery requests. However, the harsher remedies are only "justified . . . when the failure to comply with a court order is due to willfulness or bad faith, or is otherwise culpable." *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991); *see also John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988)(dismissal under Rule

37 is justified where party "fails to comply with the court's discovery orders willfully, in bad faith, or through fault").

The *Hart* case dealt with a discovery request for records documenting the food stamps and housing payments made on Hart's behalf from 1989 through 1996. Hart complained the WCDSS only responded with records for 1995 and 1996. WCDSS responded that it provided all records relating to this request still in its possession, and that records prior to 1995 had been purged pursuant to department policy. The court held that Defendant did not merit sanctions for not preserving records for the three years before the complaint was filed and, notably, that Defendant did not act in the culpable manner necessary for sanctions.

       3.       The same lack of culpability and bad faith exists in the instant case. When I read your Order dated October 2, 2024, due to the fact there was a big space below the paragraph where the discovery deadline was extended, I failed to see the footnote provided by the Court. Therefore, I attempted to follow the procedure indicated in Your Honor's Individual Practices regarding requests for extensions. It was as simple as that, and I apologize to the court for the error. It also proved impossible to meet the original deadline due to the fact upload of the emails was not completed due to technical difficulties until Sunday, October 20.

       4.       In order to comply with the footnote contained in the Court's Order, I will now recount my efforts to comply with the order of the court since September 27, 2024. On that day, I spent 2.75 hours on phone calls with my client to export the emails. After many efforts of attempting to walk him through it, we tried again the next day for 1.75 hours,

where ultimately it was determined our efforts were inadequate and help was needed.

5. On September 30, 2024, I called the company we hired to export and prepare the data for upload to our production platform. After communicating with Mr. Joseph Eliya at Percipent, and the client for 1.7 hours, it was concluded they would get together to conduct the upload of his emails.

6. Due to my client's schedule, he could not connect with Mr. Eliya until October 2. I spent 2.3 hours that communicating with them. After the instructions provided to my client by Percipient did not work, due to the fact my client uses a Mac computer, we arranged a video conference call for October 3, where Mr. Victor would be guided through the process. Communication with everyone, and the video conference call, consumed 2.4 hours. Exportation of the Gmail accounts began that night and continued until it was completed on October 11.

7. My review of the documents contained in the Gmail accounts began on October 11. After de-duplication and the proper searches were made, it was determined 5,046 documents needed to be reviewed. That day, I spent 2.7 hours reviewing 850 documents.

8. On October 14, I spent 4.5 hours reviewing 1150 documents.

9. On October 15, I spent 4 hours reviewing 620 documents.

10. On October 16, I spent 4 hours reviewing 560 documents.

11. On October 17, I spent 4.4 hours reviewing 671 documents.

12. On October 18, I spent 3.5 hours reviewing 1195 documents.

13. The AOL account presented Mr. Eliya with great difficulty throughout the

week, and due to various technical issues he did not complete the upload of the AOL documents until Sunday, October 20. That account accounted for 1,451 documents after de-duplication was conducted and searches were made.

14. On October 20, I spent 6.5 hours reviewing 700 documents.

15. On October 21, I spent 6.5 hours reviewing 751 documents, and completed the initial review.

16. Compliance with the original deadline was impossible due to technical difficulties out of our control. The AOL documents were not even ready for review until last night. Even with that, we have completed the review and what remains is merely some quality control review of the documents collected. A total of six (6) responsive documents were found and will be produced alongside the privilege log after it is prepared.

17. Therefore, between the sworn statement provided by Mr. Polizzotto, and mine, we believe the efforts we have undertaken to comply with the Court's September 6, 2024 order regarding production were conducted in good faith, in as expeditious a manner as possible, and because of same, do not merit the imposition of sanctions.

Dated: Brooklyn, New York
October 21, 2024

EMILIO RODRIGUEZ

Sworn to before me on
October 21, 2024

NOTARY PUBLIC
Alfred Polizzotto III
Notary Public, State of New York
No. 02PO4976096
Qualified in Kings County
Commission Expires January 14, 2027