<u>**VIA ELECTRONIC FILING**</u>                                            October 24th, 2024

The Honorable Gabriel W. Gorenstein

Daniel Patrick Moynihan                              MEMORANDUM ENDORSED

United States Courthouse

500 Pearl Street

New York, NY 10007

      Re:     <u>Response to Defendant's October 21st Submissions</u>

      **Tyler Erdman v. Adam Victor, et al., No. 20 Civ. 4162**

Dear Judge Gorenstein,

      I submit this letter in response to the Defendant's Order to Show Cause and his letter to the Court dated October 23, 2024. The Defendant has failed to demonstrate that he has made genuine efforts to comply with the Court's orders or discovery obligations.

      The case law Mr. Rodriguez cites is reused from his past motions as to why he should not be sanctioned. Claiming sanctions should not be issued because of the lack of "willfulness or bad faith" would be a better argument if it wasn't already used in Dkt. 173, 179, 229, 277 and now 303.

      Mr. Rodriguez's excuse for not reading the Court's order due to a 'big space below the paragraph' is insufficient. Mr. Polizzotto, has been repeatedly instructed on his responsibility to adhere to orders yet he failed to even read the Court's two-page order. He should have known 'The Court will likely not extend this deadline.' His total expenditure of only 4.1 hours toward complying with his obligations demonstrates complete indifference. He does not even claim to have reviewed a single document or done anything beyond being involved in trying to collect emails. Mr. Rodiguez has constantly demonstrated he cannot be left to his own devices, yet Mr. Polizzotto does not care. Sanctions are required to punish them for their continued violation of the Court's orders and hopefully deter future violations.

      Their applications demonstrate that the Court cannot rely on their statements. On September 27, 2024, Defendant requested an extension, stating that 'emails were finally collected on September 26, 2024,' and were ready to be sent to the vendor the next day. They now admit that "exportation" was not completed until October 11, 2024.

      Their October 17, 2024 request for another extension failed to adhere to the Court's 2.A. rules. Defendant claimed that "Plaintiff was consulted today but did not provide an answer before the letter was due". That consultation consisted of an email sent

at 8:45 PM, just before filing the extension at 10:31 PM, hardly a meaningful attempt to confer.

Despite the Court ordering Defendant to provide weekly updates on his efforts to produce discovery, these updates have been inadequate and often late. Each letter contains vague language without substantive information on progress. They failed to even mention that they began their review. For example:

- In the October 4, 2024 letter, Defendant claims the data was being prepared for upload to Logikcull but fails to specify any substantial progress. (Exh. A)

-In an October 15th letter, dated October 11, 2024, Defendant's vendor had supposedly completed quality control for the data, yet no significant document review had begun, and the AOL account remained unsearched. (Exh. B)

-In a October 21st letter, dated October 18th, he claimed the AOL account with 70,000 emails had still not been fully uploaded, and the Defendant did not complete proper searches. (Exh. C)

Yesterday Defendant provided his production, despite having 70,000 emails to review just a couple days before. The production consists of 6 documents, none of which are relevant to the main allegations. They are:

- One email from an attorney instructing Mr. Victor to read an unproduced two-page document.

- Another is an email Victor sent to himself, titled 'Tyler Pervert,' listing his supporting evidence such as 'asked about smell,' 'virgin,' and 'autistic.' Two other emails relate to an error when he attempted to send that email to himself.

- The remaining two emails are Victor forwarding a news story about the 2008 Obama campaign.

This minimal production does not meet the standard for good faith discovery and raises serious concerns about Defendant's compliance.

On September 24, 2024, I asked the Defendant to explain the search parameters he was using, including keywords and date ranges, but received no response. Only after the Defendant produced documents yesterday, did he clarify the keywords used, those being 'Private AND Investigator,' 'Forensics,' and 'FEC,' along with eight names. These keywords do not relate to the core allegations of the case, such as theft, hacking, or law enforcement. Instead, they appear designed to produce nothing.

Upon comparing the latest document production to previous productions from the same email accounts, I found a significant discrepancy. There is a three-month overlap in

the time frame that should have resulted in similar numbers of responsive documents. However, the current production is missing over a thousand documents that were included in the earlier productions. Many of these missing documents would have been clearly responsive, even with the inadequate search terms that were used. This raises serious doubts about whether the Defendant's production was conducted in good faith.

Defendant send his production and filed a letter with the Court just minutes later, which appears to be an attempt to create the impression that he had complied with the Court's order when, in fact, he had not. I will address this issue with the Defendant as soon as he is available for discussion.

The Defendant's repeated failure to comply with Court orders, provide meaningful discovery, and follow proper procedures demonstrates bad faith and neglect. Sanctions are necessary to prevent further delays and ensure compliance with the Court's directives.

Defendant's failure to abide by the Court's prior sanctions requiring weekly status letters has yet again resulted in him failing to disclose information about his production and caused yet more delays. As part of any sanctions issued, Platinff requests that the Court reiterate Defendant's obligation to provide those letters on a timely basis, that they include copious details of what is being done and that they include details of time spent on any task they describe. Platinff also requests that Defendant be reminded of his obligation to provide detailed answers to questions about his discovery efforts, not to ignore inquiries that he finds inconvenient.

Obviously, defendant's attorneys must immediately investigate why their search terms did not produce the documents that, according to plaintiff, were produced earlier from the same account.  The Court will hold off for now on ruling on the sanctions issue to allow the parties to discuss search terms to be re-run on the new emails.  The defendants are directed to agree to all reasonable terms.  If the parties cannot agree, plaintiff has leave to make an application on this point compliant with paragraph 2.A of the Court's Individual Practices.

Respectfully submitted,

/s/Tyler Erdman
Plaintiff Pro Se
917-301-0401
Tyler@Erdman.it

Defendant's attorneys are warned that if they fail to strictly comply with Docket #233, they may be sanctioned.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge
October 25, 2024