MEMORANDUM ENDORSED



**6911 18TH AVENUE**
**BROOKLYN, NEW YORK 11204**
**TELEPHONE (718) 232-1250**
**FAX (718) 256-0966**

removeALFRED POLIZZOTTO (1935-2001)
ALFRED POLIZZOTTO III*
_____

EMILIO RODRIGUEZ, JR.
_____
*(ADMITTED NEW YORK, NEW JERSEY)

LONG ISLAND OFFICE
1129 Northern Boulevard Ste 404
Manhasset, New York  11030

June 13, 2025

Honorable Lorna G. Schofield
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:    *Erdman v. Victor,* 20-CV-04162-LGS

Dear Judge Schofield:

This firm represents Defendant Adam Victor in the above-captioned defamation action brought by *Pro Se* Plaintiff Tyler Erdman. And this letter is written jointly with the Plaintiff, pursuant to ¶¶ 13(b) of your Civil Case Management Plan and Scheduling Order and §III(D)(3) of your Individual Rules and Procedures for Civil Cases.

1.      **What Discovery Has Taken Place**

The parties issued their interrogatories and requests for documents in October 2021.  Responses to these requests took the form of the production of over one million pages of documents in February 2022, by the Defendant, and thousands of pages by the Plaintiff electronically in November 2021.

The parties have just closed party discovery and were in the process of beginning third-party discovery when Magistrate Gorenstein issued an Order dated May 28, 2025, declaring all discovery to be completed.  Numerous conferences were held with Magistrate Gorenstein due to the fact there were issues between the parties regarding document productions.  It was well understood that the court was looking to resolve those issues before having the parties move onto

*PLEASE RESPOND TO BROOKLYN OFFICE*

third-party discovery. This unsurety regarding discovery affects the deadlines for the requesting of pre-dispositive motion conferences and all other subsequent deadlines leading to trial. The parties are therefore making a joint request for clarification and guidance as to how they can continue with third-party discovery as planned and properly request any dispositive motions at the proper time.

## 2. Procedural History of the Case to Date

Plaintiff filed the instant action on June 1, 2020. A Notice of Appearance was filed by the Defendant on September 9, 2020. Plaintiff then went on to file an Amended Complaint on October 26, 2020. A motion to dismiss the Amended Complaint was filed on November 9, 2020. Plaintiff then filed a First Amended Complaint on May 3, 2021. Defendant's motion to dismiss the Amended Complaint was granted on June 17, 2021 with leave to replead via letter by July 7, 2021. Plaintiff filed for an extension of time to replead on July 2, 2021 which was granted. A Second Amended Complaint was filed on August 18, 2021. Defendant followed with a motion to dismiss the Second Amended Complaint on September 23, 2021. An Opinion and Order was issued by the court on November 17, 2021 granting the motion to dismiss in part and denying it in part.

There are no motions currently pending.

## 3. Conclusion

Magistrate Gorenstein's order dated May 28, 2025 indicated June 13, 2025 as the last day to seek permission to make a motion for summary judgment as required by section 4.A of Judge Schofield's "Special Rules & Practices in Civil Pro Se Cases." Whereas both parties intend on making such a motion, we believe it is premature at this stage due to the fact discovery has not truly been completed. Therefore, we reiterate our joint request for clarification and guidance as to how we can continue with third-party discovery as planned and properly request any dispositive motions at the proper time.

Yours faithfully
**Polizzotto & Polizzotto, LLC**

*Emilio Rodriguez*
_____
**Emilio Rodriguez**


*Tyler Erdman*
_____
**Tyler Erdman**
**Pro Se**


On March 25, 2025, the Court ordered that "discovery" would end in this case on May 12, 2025. (Docket # 312). The Court specifically stated that there "[n]o further extensions will be granted absent a detailed sworn statement from any party requesting an extension describing all efforts that party has made to comply with the Court-ordered deadlines and showing that extraordinary circumstances prevented the party from meeting those deadlines." It appears from this letter that the parties believed that this deadline did not apply to "third party discovery." While the Court long ago directed the parties to conduct party discovery before nonparty discovery, the Court's orders setting deadlines for discovery never stated that they applied only to party discovery. Certainly, the Court's intention in setting discovery deadlines has been that the deadline would apply to <u>all</u> discovery, both fact and expert and regardless of the source of the discovery. Indeed, that should have been obvious from the fact that the Court set a deadline for a post-discovery letter to Judge Schofield just 7 days after the end of the discovery period. <u>See</u> Docket # 312. The parties simply ignored this deadline.

This letter does not justify extending the Court's discovery deadline. That being said, the Court will deny the application herein without prejudice to a new application, filed on or before June 23, 2025, that (1) shows good cause for extending the discovery deadline; and (2) specifies exactly what discovery requests the party seeks to make, (3) to what nonparty the request would be made, (4) what information the nonparty is believed to have about the claims and defenses in this case: (5) what information the request is expected to generate, and (6) how that information is relevant to a claim or defense in this case. If the Court does extend the deadline, it will only be for specific discovery requests.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge
June 16, 2025