MEMORANDUM ENDORSED

**VIA ELECTRONIC FILING**  June 27th, 2025

The Honorable Gabriel W. Gorenstein

Daniel Patrick Moynihan

United States Courthouse

500 Pearl Street

New York, NY 10007

    Re: **Request for leave to make Motion for Sanctions**

    **Tyler Erdman v. Adam Victor, et al., No. 20 Civ. 4162**

Dear Judge Gorenstein,

  Plaintiff had been working to prepare the list of third-party discovery per the Court's latest orders, and instead requests that he be permitted to make an application as outlined in Docket 278:

"Once discovery is completed, plaintiff may request permission to file a motion for sanctions. Plaintiff will be free to raise all past conduct at that time."

  Plaintiff was ultimately unsuccessful in getting discovery Defendant was ordered to produce. Defendant did not heed the Court's warnings over the potential consequences but instead hoped yet again they could avoid them.

  Defendant's last production, drawn from only a few select accounts while omitting a multitude of accounts containing responsive documents Defendant was known to have and use. Defendant produced only a subset of those emails, claiming to have done a responsiveness review that was clearly used to try and hide further emails. The emails produced show a clear attempt to hide documents – particularly those within the limitations period -- in order to bolster a statute of limitations defense for himself.

  Defendant improperly claimed that privilege over documents. Rather than produce them, they stiffed their document vendor so he could claim to be unable to do so.

  Defendant could not explain the origins of his productions nor explain what they searched as again they claimed their vendor would be uncooperative. Plaintiff proposed a meeting to review the physical devices the vendor searched to try and surmise what was done. Since the vendor was unpaid that was also made impossible.

Defendant has spent years passing his supposedly only copies of documents to his agents and then made sure to not pay them so they would be adverse and uncooperative. Even if subpoenaed those entities no longer employ the persons involved at the time to even speak as to what they did.

Despite the sanctions previously levied by the Court, and the Court's admonishments to Defendant and his counsel to correct their production, they have not done so.

Plaintiff requests permission to make a sanctions application as previously directed, seeking punishment for Defendant's behavior, including his spoilation of documents and other efforts to conceal them from production.

The alternative of third-party discovery would involve a multitude of party almost all of which are highly skilled attorneys in multiple states that were seemly picked to complicate efforts at discovery. Such as the NYPD detective whom Victor claimed would be a trial witness. Victor is a friend of both the NYPD PBA's President and its general counsel, attempting to get discovery from someone who them represent would likely be an exercise in futility. Trying to pursue discovery from the scores of attorneys who Victor has left unpaid and uncooperative is likely to turn out to be incredibly burdensome for Plaintiff and more importantly the Court. If discovery is conducted with vendors, they no longer employee people with knowledge to know what was searched or what work was done. Even trying to get emails would involve multiple providers, one of which markets itself as being unresponsive to legal requests.

Victor should suffer for his own behavior rather than dragging in a multitude of parties who he is largely already in debt to. He should also be prevented from trying to benefit from the lapses in his production. Victor has made clear that he plans on making a motion for summary judgement at least in part based on a statue of limitation, that motion should not be permitted if he went out of his way to avoid discovery within the limitations period.

Plaintiff and Mr. Rodriguez discussed this motion on July 13th, Mr. Polizzotto was unavailable.

Respectfully submitted,

/s/Tyler Erdman
Plaintiff Pro Se
917-301-0401
Tyler@Erdman.it

The Court's pre-motion conference requirement is waived. Plaintiff's motion shall be filed on or before July 15, 2025. Any opposition shall be filed by July 29, 2025. Any reply shall be filed by August 5, 2025. The papers must comply with the Federal Rules of Civil Procedure, the SDNY Local Rules and the Court's Individual Practices. The parties are reminded in particular that paragraph 2.D of those Practices requires that any factual statement in a memorandum of law must followed by a citation that provides evidentiary support for that statement (normally to a sworn statement or other documents in the record). Any factual statement unaccompanied by such a citation will not be considered. In addition, the memorandum of law must contain a fact section that describes all pertinent facts. No documents may be incorporated by reference. After the Court decides the sanctions motion, the Court will set a deadline for letters to Judge Schofield seeking permission to make a summary judgment motion.

So Ordered.

GABRIEL W. GORENSTEIN
United States Magistrate Judge
July 1, 2025