POLIZZOTTO & POLIZZOTTO, LLC
Emilio Rodriguez, Esq.
6911 18th Avenue
Brooklyn, New York 11204
*Attorneys for Defendant*
Tel. No. (718) 232-1250

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

TYLER ERDMAN,

               *Plaintiff*,

      against

ADAM VICTOR,

               *Defendant*.

---

Case No.: 1:20-cv-04162 (LGS)(GWG)

**<u>AFFIRMATION IN OPPOSITION TO MOTION FOR SANCTIONS</u>**

Pursuant to 28 U.S.C. §1746, Emilio Rodriguez, declares, under the penalty of perjury, the following to be true:

1.      I am associated with POLIZZOTTO & POLIZZOTTO LLC, counsel to Adam Victor ("Victor"), defendant in the above-captioned action. I submit this Affirmation in opposition to Plaintiff's motion for sanctions.

2.      I make this Affirmation based upon my personal knowledge, my review of the file maintained by my office, and information provided to me by Defendant and/or co-counsel, except where stated to be upon information and belief, and as to those matters I believe them to be true.

3.      Plaintiff's Motion should be denied in its entirety because (a) it is procedurally

improper and substantively duplicative of Plaintiff's prior sanctions applications, (b) it fails to establish any willful violation of a discovery order or bad-faith conduct warranting sanctions, (c) it seeks sanctions as a substitute for the proper remedy Plaintiff has been directed to pursue - namely, a spoliation motion - and (d) it ignores the extensive discovery record, including the substantial production already made and the sworn statements and explanations previously provided to the Court.

4.      This Affirmation also incorporates by reference, and relies upon, the arguments and positions previously advanced by Defendant and defense counsel in opposition to Plaintiff's earlier applications for sanctions, including the submissions addressing Defendant's efforts to locate and produce documents and the reasons sanctions were not warranted under Fed. R. Civ. P. 37(b) in the prior proceedings.

5.      Plaintiff's Motion is the latest in a series of sanctions requests concerning the same general subject matter: Plaintiff's contention that additional documents should exist and should be produced, and Plaintiff's disagreement with Defendant's explanations regarding the scope of Defendant's possession, custody, or control and the efforts undertaken to obtain materials from third parties.

6.      The Court previously ordered Defendant to produce all responsive documents within his 'possession, custody, or control,' including specified categories such as office computers and systems, office email accounts, devices that underwent forensic analysis, and Defendant's cell phone.

7.      The Court later directed Defendant to file sworn statements detailing efforts to produce responsive documents and directed defense counsel to explain in a memorandum of

law why sanctions should not issue under Rule 37(b) for an alleged failure to conduct the search mandated by the July 26, 2022 Order.  Attached as Exhibits A, B. C and D are the orders dated July 26, 2022 and October 28, 2022 indicating the same, and the accompanying sworn statements.

8.    Defendant complied with the Court's directive to provide sworn statements describing his efforts, including explaining that documents in his actual possession had been included in prior productions and identifying efforts to contact individuals identified as possible custodians.

9.    In addition, Defendant's submissions explained that a subset of the documents Plaintiff sought were in the possession of outside custodians, including law firms that had made their positions clear, and that repeated outreach had been made to custodians to obtain any responsive materials.

10.    Defendant's submissions further reflected that at least one custodian requested no further contact, another indicated documents would be provided within a week, and another stated he had no documents regarding Plaintiff or responsive to Plaintiff's requests.

11.    Plaintiff previously responded to Defendant's sworn statement and counsel's opposition by asserting that Defendant's efforts were inadequate, and Defendant's counsel responded explaining Defendant's position that the efforts undertaken were appropriate and sufficient.

12.    Plaintiff's present Motion does not materially advance the record beyond these prior disputes; instead, it repackages Plaintiff's disagreement with Defendant's prior

explanations and efforts as a renewed request for sanctions.

**<u>REQUEST FOR SANCTIONS</u>**

13.    The Southern District indicated the proper standard of review in the case of

<u>*Hart v. Westchester County Dep't of Soc. Servs.*</u>, 160 F.Supp.2d 570: "A party's failure to

comply with discovery orders may be sanctioned consistent with <u>Rule 37(b)(2)(B)</u>, which

authorizes courts to impose various sanctions, including the preclusion of evidence. <u>Rule</u>

37(d) extends these sanctioning powers to parties who do not respond to discovery requests.

However, the harsher remedies are only "justified . . . when the failure to comply with a court

order is due to willfulness or bad faith, or is otherwise culpable." <u>*Daval Steel Prods. v. M/V*</u>

<u>*Fakredine,*</u> 951 F.2d 1357, 1365 (2d Cir. 1991); *see also John B. Hull, Inc. v. Waterbury*

*Petroleum Prods., Inc.,* 845 F.2d 1172, 1176 (2d Cir. 1988)(dismissal under <u>Rule 37</u> is

justified where party "fails to comply with the court's discovery orders willfully, in bad faith,

or through fault").

14.    The *Hart* case dealt with a discovery request for records documenting the food

stamps and housing payments made on Hart's behalf from 1989 through 1996.  Hart

complained the WCDSS only responded with records for 1995 and 1996.  WCDSS

responded that it provided all records relating to this request still in its possession, and that

records prior to 1995 had been purged pursuant to department policy.  The court held that

Defendant did not merit sanctions for not preserving records for the three years before the

complaint was filed and, notably, that Defendant did not act in the culpable manner necessary

for sanctions.

15.    The same lack of culpability and bad faith exists in the instant case.

Defendant has produced hundreds of thousands of pages to the Plaintiff, as well as providing complete and supplementary document responses indicating the possible custodians of all documents responsive to Plaintiff's requests, as well as the sources.

### SANCTIONS ARE NOT WARRANTED WHERE NON-DISCLOSURE WAS SUBSTANTIALLY JUSTIFIED OR HARMLESS

16.     The District Court also indicated in *Feltenstein v. City of New Rochelle*, 2018 U.S.Dist. LEXIS 138393: "Under Rule 37(c)(1), a court may sanction a party that fails to comply with their Rule 26(a) obligations. The range of sanctions available to a court pursuant to Rule 37 "includes—but is not limited to—orders deeming certain facts established; permitting an adverse inference instruction; striking pleadings; prohibiting the 'disobedient' party from making specific claims or introducing certain matters into evidence; dismissing a claim or the entire action or granting default judgment against the disobedient party; or entering an order of contempt." *Doug's Word Clocks.com Pty Ltd. v. Princess Int'l Inc.*, 323 F.R.D. 167, 172 (S.D.N.Y. 2017) (citation and internal quotation marks omitted). "Pursuant to Rule 37(c)(1), preclusion of evidence . . . not identified in initial disclosures under Rule 26(a)(1)(A)(iii) or supplemental disclosures under Rule 26(e)(1)(A) or another listed sanction is automatic unless the non-disclosure was substantially justified or harmless." *Vaccaro v. Waterfront Homes Marina,* No. 10 Civ. 4288(NRB), 2011 U.S. Dist. LEXIS 137036, 2011 WL 5980997 (citing *Design Strategy, Inc. v. Davis,* 469 F.3d 284, 297-98 (2d Cir. 2006)). Substantial justification is a "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Preuss v. Kolmar Laboratories, Inc.,* 970 F. Supp. 2d 171, 175 (S.D.N.Y.

2013) (citation and internal quotations omitted). A violation of the Federal Rule's disclosure obligations is harmless within the meaning of Rule 37(c) "when there is no prejudice to the party entitled to the disclosure." *Id.*

17.     Any alleged non-compliance that occurred has been shown to be lacking in bad faith and has had no prejudicial effect upon Plaintiff's case.  Plaintiff's Motion should be denied because sanctions are an extraordinary remedy and require a showing of willfulness, bad faith, or comparable culpability, and Plaintiff's Motion does not make that showing on this record.

18.     Plaintiff's Motion should also be denied because it seeks sanctions as a substitute for the proper procedural vehicle to address Plaintiff's theory that documents were destroyed or are unavailable due to alleged spoliation.

19.     During prior proceedings, the Court addressed discovery and sanctions issues and made clear that the appropriate remedy for Plaintiff's theory of missing evidence was a spoliation motion, not serial sanctions applications. (Court conference September 6, 2024 at 15:6; 15:13; 15:19-20; 15:24-25; 16:3-4; 19:12-14; 20:12-16; 20:17; 21:2-5). A copy of the transcript has been attached as Exhibit E.

20.     The 2nd Circuit has indicated "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999).

21.     It went on to further state in the *West* case, under Fed. R. Civ. P.37(e), a court must engage in a three-part inquiry. *First*, the court must "decide if the rule applies at all —

that is, if a party failed to take reasonable steps to preserve [ESI] that should have been preserved in the anticipation or conduct of litigation." *Charlestown Cap. Advisors, LLC v. Acero Junction, Inc.*, 337 F.R.D. 47, 59 (S.D.N.Y. 2020) (internal quotation marks omitted). *Second*, the court must determine whether "there has been prejudice to another party from loss of the information, in which case the [c]ourt may order measures no greater than necessary to cure the prejudice." *Id.* (internal quotation marks omitted). *Third*, the court must consider - "regardless of prejudice to any other party" - "whether the destroying party acted with the intent to deprive another party of the information's use in the litigation, in which event a court may consider whether to impose the most severe" sanctions of an adverse-inference instruction or the entry of a default judgment. *Id.* (internal quotation marks omitted). The party seeking spoliation sanctions has the burden of establishing each of these elements by a preponderance of the evidence. *See Ottoson v. SMBC Leasing & Fin., Inc.*, 268 F. Supp. 3d 570, 580 (S.D.N.Y. 2017).

22.    In the present case, defendant went above and beyond in producing a voluminous amount of pages and documents to the Plaintiff.  Defendant decided to produce everything he had in his repositories, which is allowed under the Federal Rules of Civil Procedure.  He held nothing back.  Quite the opposite, in fact.

23.    Due to his having produced everything, it is difficult to conclude Plaintiff was somehow prejudiced by this voluminous production.  Subsequently, Plaintiff fails to satisfy the third part of the test, that by producing everything he had Defendant acted to deprive the Plaintiff of the use of the information he sought.  By doing so, he in fact removed all barriers for Plaintiff to avail himself of all information in Defendant's possession. As stated by the

Court, it is Plaintiff's burden to establish each of these elements and he has failed to do so yet again.

24.    His solution is to nevertheless file yet another motion for sanctions rather than pursuing the remedy the Court indicated was appropriate, with the same allegations as before, with no new information proffered as evidence.  Therefore, the Motion should be denied on that basis as well.

25.    To the extent Plaintiff seeks contempt or sanctions based on alleged false statements to the Court, Defendant has previously opposed such requests and denied the premise of Plaintiff's accusations.

26.    Plaintiff's Motion also ignores the scope and volume of discovery already produced, which has been described in prior submissions as hundreds of thousands of pages produced to Plaintiff.

27.     Plaintiff's Motion further fails to grapple with the reality that certain materials Plaintiff seeks are not within Defendant's possession, custody, or control, and that Defendant's efforts have included repeated outreach to third-party custodians.

28.    To the extent Plaintiff argues that Defendant's computer or devices were not adequately searched, Defendant has previously represented that Defendant's computer was searched numerous times by former attorneys and later by counsel's firm during production in late 2022 when Defendant was ordered to search his devices.

29.     Plaintiff's Motion should also be denied to the extent it attempts to relitigate issues previously addressed by the Court in connection with the July 26, 2022 Order and subsequent proceedings, including the sworn statement and memorandum of law submissions

and the Court's consideration of the parties' positions.

30.    Plaintiff's Motion should be denied to the extent it seeks sanctions against counsel based on generalized complaints about discovery management, because the record reflects that the Court's prior concerns about deadlines and compliance were addressed in the context of specific orders and directives, and Plaintiff's present Motion does not establish a current, willful violation warranting sanctions.

31.    In any event, Plaintiff's Motion does not identify a specific, presently-violated discovery order, a specific category of documents within Defendant's possession, custody, or control that Defendant is refusing to produce, and competent evidence of willfulness sufficient to justify the relief sought.

32.    Plaintiff's Motion should be denied because it is not a proper mechanism to obtain the relief Plaintiff actually seeks-namely, an inference or other remedy based on alleged unavailability of evidence-which is addressed, if at all, through a spoliation motion supported by the required factual and legal showing.

33.    Following our Court conference in 2024, this office engaged Percipient LLC to collect email data from Mr. Victor's iPhone and computer ($3,050 paid invoice 10/15/24/ and then again on 11/15/24 for $1,148).  These have been followed by monthly invoices of $1,647.25 from November 2024 until the present day to store that information and make it available for his searches.  This was all done in an attempt to recreate the searches we did not have access to under TransPerfect (as discussed at the court conferences dated December 20, 2023 and September 6, 2024) and for Plaintiff to determine with his search terms if any missing information was not produced.  No substantive additional information was

discovered as a result.

34.     Defendant respectfully requests that the Court deny Plaintiff's Motion in its

entirety, together with such other and further relief as the Court deems just and proper.

Dated:  Brooklyn, New York
        March 16, 2026

_Emilio Rodriguez_
EMILIO RODRIGUEZ