**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TYLER ERDMAN,

*Plaintiff,*                          Case No. 20-cv-4162

v.                                    (LGS)(GWG)

ADAM VICTOR and the BOARD
OF MANAGERS OF MANHATTAN
PLACE CONDOMINIUM

*Defendant.*

---

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S**
**MOTION FOR SANCTIONS**

**POLIZZOTTO & POLIZZOTTO LLC**

Emilio Rodriguez
69-11 18th Avenue
Brooklyn, NY 11204
Phone: (718) 232-1250
Fax: (718) 256-0966
erodriguez@polizzotto.com

*Attorneys for Defendant Adam Victor*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES…………………………………………………………..II

PRELIMINARY STATEMENT……………………………………………………….1

STATEMENT OF FACTS……………………………………………………………..1

ARGUMENT………………………………………………………………………...5

I.      LEGAL STANDARDS GOVERNING SANCTIONS MOTIONS………………5
II.     SANCTIONS NOT WARRANTED WHERE NON-DISCLOSURE
        WAS SUBSTANTIALLY JUSTIFIED OR HARMLESS………………………..6
III.    THE COURT'S INDICATION THAT PLAINTIFF'S REMEDY IS A
        SPOLATION MOTION, NOT ANOTHER ONE FOR SANCTIONS…………...8
IV.     DEFENDANT HAS SUBSTANTIALLY COMPLIED WITH DISCOVERY
        OBLIGATIONS………………………………………………………………...9
V.      PLAINTIFF HAS FAILED TO DEMONSTRATE WILLFUL MISCONDUCT,
        BAD FAITH OR PREJUDICE………………………………………………..10
VI.     SUBSTANTIAL JUSTIFICATION AND HARMLESSNESS SUPPORT
        DENYING SANCTIONS……………………………………………………..11
VII.    PLAINTIFF HAS FAILED TO PURSUE THE COURT'S INDICATED
        SOLUTION……………………………………………………………………12

CONCLUSION…………………………………………………………………..14

TABLE OF AUTHORITIES

<u>Cases</u>

*Charlestown Cap. Advisors, LLC v. Acero Junction, Inc.*, 337 F.R.D. 47, 59 (S.D.N.Y. 2020)….3

*Daval Steel Prods. v. M/V Fakredine,* 951 F.2d 1357, 1365 (2d Cir. 1991)……………………...5

<u>*Design Strategy, Inc. v. Davis*,</u> 469 F.3d 284, 297-98 (2d Cir. 2006)…………………………….6

*Doug's Word Clocks.com Pty Ltd. v. Princess Int'l Inc.*, 323 F.R.D. 167, 172 (S.D.N.Y. 2017)...6

*Feltenstein v. City of New Rochelle*, 2018 U.S.Dist. LEXIS 138393…………………………….6

*John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988)…..5

*Ottoson v. SMBC Leasing & Fin., Inc.*, 268 F. Supp. 3d 570, 580 (S.D.N.Y. 2017)……………..4

<u>*Preuss v. Kolmar Laboratories, Inc.*,</u> 970 F. Supp. 2d 171, 175 (S.D.N.Y. 2013)……………….7

*Vaccaro v. Waterfront Homes Marina*, No. 10 Civ. 4288(NRB), 2011 U.S. Dist. LEXIS 137036, 2011 WL 5980997………………………………………………………………….6

*West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)………………………...3

<u>Statutes</u>

Fed. Rules Civ. P. 37………………………………………………………………………………16

**PRELIMINARY STATEMENT**

Defendant Adam Victor, by and through his undersigned counsel Emilio Rodriguez, Esq. of Polizzotto & Polizzotto LLC, and hereby respectfully submits this Memorandum of Law in Opposition to Plaintiff Tyler Erdman's Motion for Sanctions filed February 17, 2026.  This Court should deny Plaintiff's motion in its entirety because: (1) Plaintiff's motion is duplicative of prior sanctions applications that have been addressed through the Court's case management orders; (2) the appropriate remedy for Plaintiff's concerns, as indicated by the Court during court conferences, is a spoliation motion rather than another sanctions motion; (3) Defendant has substantially complied with discovery obligations and produced over 438,000 files comprising more than one million pages; (4) Plaintiff has failed to demonstrate the willful misconduct, bad faith, or prejudice required to warrant sanctions.

**STATEMENT OF FACTS**

**Procedural Background**

This action arises from defamation claims brought by Plaintiff Tyler Erdman against Defendant Adam Victor in the United States District Court for the Southern District of New York, Case No. 20-cv-4162. The parties have engaged in extensive discovery disputes spanning

multiple years, with Plaintiff filing numerous motions for sanctions alleging discovery misconduct and spoliation.

**Discovery Orders and Compliance Efforts**

On July 26, 2022, this Court ordered Defendant to produce all responsive documents within his possession, custody, or control, including documents on office computers, the P-Drive, office email accounts, devices subjected to forensic analysis, and Defendant's cell phone. On October 28, 2022, the Court ordered Defendant to file a sworn statement by November 4, 2022, detailing all efforts to produce responsive documents. The four documents have been attached as Exhibits A, B, C and D, respectively.

On November 4, 2022, Defendant filed a comprehensive affidavit through counsel detailing extensive efforts to locate and produce responsive documents. The affidavit explained that all documents in Defendant's direct custody and control were contained on hard drives held by forensic firm Setec and had already been produced to Plaintiff. The affidavit further detailed efforts to contact multiple custodians and third parties, including Sonia Bozic, Oksana Chumanenko, Francisco Filho, Juan Perez, Ken Lazar, Viktor, Louis Freeh, and law firms Schlam Stone and Davidoff Hutcher. This affidavit has been attached as Exhibit E.

**Extensive Document Production**

Defendant has produced over 438,000 files comprising more than one million pages and hundreds of gigabytes of data. This production spans a multi-year period from 1996 to 2022 and includes data from Defendant's computers, employee accounts, Dropbox, and other sources. The production included materials from Davidoff Hutcher and Citron, as well as data from prior counsel and other firms.

The document collection process involved multiple vendors, including TransPerfect, Setec Forensics, and others, who tracked and processed electronically stored information through documented workflows. The production was comprehensive and included careful culling of duplicates and non-responsive materials to ensure relevance and proportionality.

**Court Conferences and Spoliation Remedy Discussion**

During prior proceedings, the Court addressed discovery and sanctions issues and made clear that the appropriate remedy for Plaintiff's theory of missing evidence was a spoliation motion, not serial sanctions applications. (Court conference September 6, 2024 at 15:6; 15:13; 15:19-20; 15:24-25; 16:3-4; 19:12-14; 20:12-16; 20:17; 21:2-5). A copy of the transcript has been attached as Exhibit F.

The 2nd Circuit has indicated "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999).

It went on to further state in the *West* case, under Fed. R. Civ. P.37(e), a court must engage in a three-part inquiry. *First*, the court must "decide if the rule applies at all — that is, if a party failed to take reasonable steps to preserve [ESI] that should have been preserved in the anticipation or conduct of litigation." *Charlestown Cap. Advisors, LLC v. Acero Junction, Inc.*, 337 F.R.D. 47, 59 (S.D.N.Y. 2020) (internal quotation marks omitted). *Second*, the court must determine whether "there has been prejudice to another party from loss of the information, in which case the [c]ourt may order measures no greater than necessary to cure the prejudice." *Id.* (internal quotation marks omitted). *Third*, the court must consider - "regardless of prejudice to any other party" - "whether the destroying party acted with the intent to deprive

another party of the information's use in the litigation, in which event a court may consider whether to impose the most severe" sanctions of an adverse-inference instruction or the entry of a default judgment. *Id.* (internal quotation marks omitted). The party seeking spoliation sanctions has the burden of establishing each of these elements by a preponderance of the evidence. *See Ottoson v. SMBC Leasing & Fin., Inc.*, 268 F. Supp. 3d 570, 580 (S.D.N.Y. 2017).

In the present case, defendant went above and beyond in producing a voluminous amount of pages and documents to the Plaintiff. Defendant decided to produce everything he had in his repositories, which is allowed under the Federal Rules of Civil Procedure. He held nothing back. Quite the opposite, in fact.

Due to Defendant having produced everything he had, it is difficult to conclude Plaintiff was somehow prejudiced by this voluminous production. Subsequently, Plaintiff fails to satisfy the third part of the test, that by producing everything he had Defendant acted to deprive the Plaintiff of the use of the information he sought. By doing so, he in fact removed all barriers for Plaintiff to avail himself of all information in Defendant's possession. As stated by the Court, it is Plaintiff's burden to establish each of these elements and he has failed to do so yet again.

**Prior Sanctions Proceedings**

On January 25, 2024, this Court issued an order imposing non-monetary sanctions under Fed R. Civ. P. 16 on defense counsel for failure to timely produce privilege logs. The Court found a pattern of delay and noncompliance but elected to impose tailored, non-monetary sanctions rather than monetary penalties. The Court ordered both defense attorneys to attend all future court conferences and to transmit joint weekly status letters describing all ongoing discovery efforts.

On August 25, 2023, the Court issued orders directing Defendant to provide enhanced metadata, detailed affidavits describing custodians and repositories, and explanations for any missing documents. These orders were designed to address specific discovery concerns through targeted remedial measures rather than broad sanctions.

**Current Motion**

Plaintiff filed his most recent motion for sanctions on February 17, 2026, seeking to strike Defendant's affirmative defenses, establish designated facts as proven, impose monetary sanctions, and obtain other relief. This motion represents yet another in a series of sanctions applications that have been repeatedly addressed through the Court's case management orders and targeted remedial directives.

**Argument**

**I.      Legal Standards Governing Sanctions Motions**

The Southern District indicated the proper standard of review in the case of *Hart v. Westchester County Dep't of Soc. Servs.*, 160 F.Supp.2d 570: "A party's failure to comply with discovery orders may be sanctioned consistent with Rule 37(b)(2)(B), which authorizes courts to impose various sanctions, including the preclusion of evidence. Rule 37(d) extends these sanctioning powers to parties who do not respond to discovery requests. However, the harsher remedies are only "justified . . . when the failure to comply with a court order is due to willfulness or bad faith, or is otherwise culpable." *Daval Steel Prods. v. M/V Fakredine,* 951 F.2d 1357, 1365 (2d Cir. 1991); *see also John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988)(dismissal under Rule 37 is justified where party "fails to comply with the court's discovery orders willfully, in bad faith, or through fault").

The *Hart* case dealt with a discovery request for records documenting the food stamps and housing payments made on Hart's behalf from 1989 through 1996. Hart complained the WCDSS only responded with records for 1995 and 1996. WCDSS responded that it provided all records relating to this request still in its possession, and that records prior to 1995 had been purged pursuant to department policy. The court held that Defendant did not merit sanctions for not preserving records for the three years before the complaint was filed and, notably, that Defendant did not act in the culpable manner necessary for sanctions.

The same lack of culpability and bad faith exists in the instant case. Defendant has produced hundreds of thousands of pages to the Plaintiff, as well as providing complete and supplementary document responses indicating the possible custodians of all documents responsive to Plaintiff's requests, as well as the sources.

## II.    Sanctions Are Not Warranted Where Non-Disclosure Was Substantially Justified or Harmless

The District Court also indicated in *Feltenstein v. City of New Rochelle*, 2018 U.S.Dist. LEXIS 138393: "Under Rule 37(c)(1), a court may sanction a party that fails to comply with their Rule 26(a) obligations. The range of sanctions available to a court pursuant to Rule 37 "includes—but is not limited to—orders deeming certain facts established; permitting an adverse inference instruction; striking pleadings; prohibiting the 'disobedient' party from making specific claims or introducing certain matters into evidence; dismissing a claim or the entire action or granting default judgment against the disobedient party; or entering an order of contempt." *Doug's Word Clocks.com Pty Ltd. v. Princess Int'l Inc.*, 323 F.R.D. 167, 172 (S.D.N.Y. 2017) (citation and internal quotation marks omitted). "Pursuant to Rule 37(c)(1), preclusion of evidence . . . not identified in initial disclosures under Rule 26(a)(1)(A)(iii) or

supplemental disclosures under Rule 26(e)(1)(A) or another listed sanction is automatic unless the non-disclosure was substantially justified or harmless." *Vaccaro v. Waterfront Homes Marina,* No. 10 Civ. 4288(NRB), 2011 U.S. Dist. LEXIS 137036, 2011 WL 5980997 (citing *Design Strategy, Inc. v. Davis,* 469 F.3d 284, 297-98 (2d Cir. 2006)). Substantial justification is a "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Preuss v. Kolmar Laboratories, Inc.,* 970 F. Supp. 2d 171, 175 (S.D.N.Y. 2013) (citation and internal quotations omitted). A violation of the Federal Rule's disclosure obligations is harmless within the meaning of Rule 37(c) "when there is no prejudice to the party entitled to the disclosure." *Id.*

Any alleged non-compliance that occurred has been shown to be lacking in bad faith and has had no prejudicial effect upon Plaintiff's case. Plaintiff's Motion should be denied because sanctions are an extraordinary remedy and require a showing of willfulness, bad faith, or comparable culpability, and Plaintiff's Motion does not make that showing on this record.

Plaintiff's Motion should also be denied because it seeks sanctions as a substitute for the proper procedural vehicle to address Plaintiff's theory that documents were destroyed or are unavailable due to alleged spoliation.

Plaintiff's February 17, 2026 motion for sanctions is duplicative of prior sanctions applications that have been repeatedly addressed by this Court through case management orders and targeted remedial directives. Plaintiff has filed numerous sanctions motions throughout this litigation, each seeking similar relief based on overlapping allegations of discovery misconduct.

This Court has consistently addressed Plaintiff's concerns through measured, proportional remedies rather than the severe sanctions Plaintiff seeks. The January 25, 2024 order imposed non-monetary sanctions on defense counsel, requiring weekly status letters and enhanced accountability. The August 25, 2023 orders directed specific affidavits, metadata production, and custodian descriptions to cure identified deficiencies.

Plaintiff's current motion does not present new, material facts or legal arguments that would warrant revisiting these prior determinations. Instead, Plaintiff seeks to relitigate issues that have been resolved through the Court's ongoing case management and to escalate to severe sanctions without demonstrating the willful misconduct or prejudice required.

III.    **The Court's Indication That Plaintiff's Remedy Is a Spoliation Motion, Not Another Sanctions Motion**

During court conferences, Judge Gorenstein explicitly indicated that Plaintiff's remedy for alleged discovery issues should be pursued through a spoliation motion rather than another sanctions motion. This distinction is legally significant and procedurally critical.

Spoliation concerns arise when a party destroys or fails to preserve relevant evidence with the intent to deprive the opposing party of its use in litigation. The remedy for spoliation focuses on preventing prejudice from lost evidence and typically involves adverse inferences, preservation orders, or other curative measures designed to restore the evidentiary balance.

In contrast, sanctions under Fed. R. Civ. P. 37 target misconduct for failure to obey discovery orders and are designed to punish noncompliance and compel future compliance. The standards, burdens of proof, and available remedies differ significantly between spoliation and sanctions.

Judge Gorenstein's guidance reflects a recognition that Plaintiff's allegations center on potential spoliation issues-alleged destruction or withholding of evidence-rather than simple noncompliance with discovery orders. By repeatedly filing sanctions motions instead of pursuing a spoliation remedy, Plaintiff mischaracterizes the nature of his claims and seeks relief under an improper legal framework.

The Court's December 21, 2023 conference emphasized the need for a live, collaborative discovery session with the e-discovery vendor and Defendant to clarify search processes, data provenance, and repository coverage. This approach reflects the Court's preference for fact-specific, non-punitive remedies to resolve discovery disputes rather than broad sanctions.

## IV.    Defendant Has Substantially Complied with Discovery Obligations

The record demonstrates substantial compliance with this Court's discovery orders. Defendant has produced over 438,000 files comprising more than one million pages and hundreds of gigabytes of data spanning from 1996 to 2022. This extensive production includes data from multiple sources: Defendant's computers, employee accounts, Dropbox, forensic images, and materials from prior counsel.

The document collection process involved multiple vendors with documented workflows and chain-of-custody tracking. TransPerfect and Setec Forensics processed electronically stored information through structured methodologies, including de-duplication, search term application, and privilege review. The production was carefully curated to ensure relevance and proportionality consistent with Fed. R. Civ. P. 26.

Defendant's November 4, 2022 affidavit detailed extensive efforts to contact multiple custodians and third parties, including individuals located overseas and those who were unresponsive. Sonia Bozic in Belgrade, Serbia, produced approximately twelve documents. Oksana Chumanenko could not be reached due to the Russian invasion of Ukraine. Francisco Filho's email was undeliverable. Juan Perez refused phone contact. These circumstances demonstrate good-faith efforts to comply despite practical obstacles beyond Defendant's control.

The May 1, 2024 affidavit provided comprehensive documentation of document sources and collection methods, including the transition from iMac to laptop, the P-Drives stored on employee files, uploads to document vendors, and Defendant's Dropbox account. This level of detail and transparency reflects substantial compliance with the Court's directives for comprehensive disclosure of search methodologies and data sources.

## V.    Plaintiff Has Failed to Demonstrate Willful Misconduct, Bad Faith, or Prejudice

Sanctions require clear and convincing evidence of willful misconduct, bad faith, or culpable conduct causing substantial prejudice. Plaintiff has failed to meet this burden. The record shows complex discovery disputes involving multiple custodians, vendors, and data repositories spanning decades, but does not establish deliberate concealment or intentional destruction of evidence.

Any gaps or delays in production are attributable to legitimate issues: contested searches, evolving custodian lists, disputes about privilege, technical difficulties with data retrieval, and practical obstacles in contacting third-party custodians. These circumstances reflect the ordinary challenges of complex litigation discovery, not sanctionable misconduct.

The Court's January 25, 2024 order found a pattern of delay by defense counsel but imposed non-monetary sanctions designed to improve compliance rather than punitive measures. This determination reflects the Court's recognition that the conduct, while requiring correction, did not rise to the level warranting severe sanctions such as striking defenses or establishing facts as proven.

Plaintiff has not demonstrated concrete prejudice beyond the general burdens inherent in complex civil litigation. The extensive production already provided over 438,000 files and more than one million pages-gives Plaintiff access to substantial documentary evidence. Any remaining gaps can be addressed through targeted remedial measures such as additional depositions, vendor conferences, or supplemental productions, rather than the draconian sanctions Plaintiff seeks.

### VI.    Substantial Justification and Harmlessness Support Denying Sanctions

Under Fed. R. Civ. P. 37, non-disclosure is excused if substantially justified or harmless. Substantial justification exists where reasonable minds could differ on whether a party was obligated to comply. The record demonstrates substantial justification for any alleged non-disclosures.

The scope of custodial control over certain repositories remains disputed. The P-Drive was removed by the NYPD in 2015 and was not reconnected to Defendant's network due to non-functionality. Efforts to retrieve copies from the NYPD Property Clerk were ongoing as of November 2022. These circumstances present legitimate questions about possession, custody, and control that reasonable minds could resolve differently.

Multiple third-party custodians have limited cooperation or are unavailable. Law firms Schlam Stone and Davidoff Hutcher provided materials subject to their own retention policies and privilege determinations. Individual custodians overseas or affected by international events could not be reached despite good-faith efforts. These practical obstacles provide substantial justification for any gaps in production.

Any non-disclosure has been harmless given the extensive production already provided. Plaintiff has received over one million pages of documents spanning the relevant time period. The documents produced include materials from the key repositories Plaintiff identifies: Defendant's computers, Dropbox, email accounts, and forensic images. Plaintiff has not demonstrated that any missing documents would materially alter the evidentiary landscape or prejudice his ability to pursue his claims.

## VII.    Plaintiff Has Failed to Pursue the Court's Indicated Solution

His solution is to nevertheless file yet another motion for sanctions rather than pursuing the remedy the Court indicated was appropriate, with the same allegations as before, with no new information proffered as evidence.  Therefore, the Motion should be denied on that basis as well.

To the extent Plaintiff seeks contempt or sanctions based on alleged false statements to the Court, Defendant has previously opposed such requests and denied the premise of Plaintiff's accusations.

Plaintiff's Motion also ignores the scope and volume of discovery already produced, which has been described in prior submissions as hundreds of thousands of pages produced to Plaintiff.

Plaintiff's Motion further fails to grapple with the reality that certain materials Plaintiff seeks are not within Defendant's possession, custody, or control, and that Defendant's efforts have included repeated outreach to third-party custodians.

To the extent Plaintiff argues that Defendant's computer or devices were not adequately searched, Defendant has previously represented that Defendant's computer was searched numerous times by former attorneys and later by counsel's firm during production in late 2022 when Defendant was ordered to search his devices.

Plaintiff's Motion should also be denied to the extent it attempts to relitigate issues previously addressed by the Court in connection with the July 26, 2022 Order and subsequent proceedings, including the sworn statement and memorandum of law submissions and the Court's consideration of the parties' positions.

Plaintiff's Motion should be denied to the extent it seeks sanctions against counsel based on generalized complaints about discovery management, because the record reflects that the Court's prior concerns about deadlines and compliance were addressed in the context of specific orders and directives, and Plaintiff's present Motion does not establish a current, willful violation warranting sanctions.

In any event, Plaintiff's Motion does not identify a specific, presently-violated discovery order, a specific category of documents within Defendant's possession, custody, or control that Defendant is refusing to produce, and competent evidence of willfulness sufficient to justify the relief sought.

Plaintiff's Motion should be denied because it is not a proper mechanism to obtain the relief Plaintiff actually seeks: an inference or other remedy based on alleged unavailability of

evidence-which is addressed, if at all, through a spoliation motion supported by the required factual and legal showing.

Following our Court conference in 2024, this office engaged Percipient LLC to collect email data from Mr. Victor's iPhone and computer ($3,050 paid invoice 10/15/24/ and then again on 11/15/24 for $1,148).  These have been followed by monthly invoices of $1,647.25 from November 2024 until the present day to store that information and make it available for his searches.  This was all done in an attempt to recreate the searches we did not have access to under TransPerfect (as discussed at the court conferences dated December 20, 2023 and September 6, 2024) and for Plaintiff to determine with his search terms if any missing information was not produced.  No substantive additional information was discovered as a result.


**Conclusion**

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's February 17, 2026 motion for sanctions in its entirety. Plaintiff's motion is duplicative of prior applications that have been addressed through the Court's case management orders. The Court has indicated that Plaintiff's proper remedy lies in a spoliation motion rather than another sanctions motion, yet Plaintiff persists in seeking sanctions under an improper legal framework.

Respectfully submitted,
Dated: March 24, 2026

POLIZZOTTO & POLIZZOTTO, LLC

By: _Emilio Rodriguez_

Emilio Rodriguez, Esq.

Attorneys for Defendant Adam Victor

69-11 18th Avenue, Brooklyn NY 11204

718-232-1250